**SEALED**

FILED BY ___KP___ D.C.

OCT 02 2024

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - MIAMI

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

| IN RE: TRIAL SUBPOENA<br>NS 1614-02-TS | Case No. 24-80116-CR-CANNON/MCCABE<br>**Filed Under Seal** |
|---|---|

### APPLICATION FOR ORDER COMMANDING T-MOBILE US, INC. NOT TO NOTIFY ANY PERSON OF THE EXISTENCE OF SUBPOENA

The United States requests that the Court order T-Mobile US, Inc. not to notify any person (including the subscriber or customer of the account listed in the subpoena) of the existence of the attached trial subpoena until one (1) year from the date of the Order.

T-Mobile US, Inc. is a provider of an electronic communication service, as defined in 18 U.S.C. § 2510(15), and/or a remote computing service, as defined in 18 U.S.C. § 2711(2). Pursuant to 18 U.S.C. § 2703, the United States will serve the attached subpoena, which requires T-Mobile US, Inc. to disclose certain records and information to the United States. This Court has authority under 18 U.S.C. § 2705(b) to issue "an order commanding a provider of electronic communications service or remote computing service to whom a warrant, subpoena, or court order is directed, for such period as the court deems appropriate, not to notify any other person of the existence of the warrant, subpoena, or court order." *Id.*

In this case, such an order would be appropriate because the attached subpoena relates to an ongoing criminal investigation that is neither public nor known to all of the targets of the investigation, and its disclosure may alert the targets to the ongoing investigation. Accordingly, there is reason to believe that notification of the existence of the attached subpoena will seriously jeopardize the investigation, including by giving targets an opportunity to flee or continue flight from prosecution, destroy or tamper with evidence, change patterns of behavior, or notify confederates. *See* 18 U.S.C. § 2705(b)(2), (3), (5). Some of the evidence in this investigation is

stored electronically. If alerted to the investigation, the subjects under investigation could destroy that evidence, including information saved to their personal computers.

WHEREFORE, the United States respectfully requests that the Court grant the attached Order directing T-Mobile US, Inc. not to disclose the existence or content of the attached trial subpoena until one (1) year from the date of the Order, except that T-Mobile US, Inc. may disclose the attached subpoena to an attorney for T-Mobile US, Inc. for the purpose of receiving legal advice.

The United States further requests that the Court order that this application and any resulting order be sealed for a period of one (1) year. As explained above, these documents discuss an ongoing criminal investigation that is neither public nor known to all of the targets of the investigation. Accordingly, there is good cause to seal these documents because their premature disclosure may seriously jeopardize that investigation.

Executed on September 30, 2024.

Respectfully submitted,

MARKENZY LAPOINTE
UNITED STATES ATTORNEY

By: /s/ Ajay Alexander
Ajay Alexander
Assistant United States Attorney
Court Id No. A5502506
United States Attorney's Office
99 N.E. 4th Street
Miami, FL 33132
Telephone: 305-961-9347
Email: ajay.alexander@usdoj.gov

AO 89  (Rev. 08/09) Subpoena to Testify at a Hearing or Trial in a Criminal Case                         Ft. Pierce

# UNITED STATES DISTRICT COURT
for the
Southern District of Florida

| United States of America | ) |
|---|---|
| v. | ) |
|  | ) Case No. 24-80116-CR-Cannon/McCabe |
| Ryan Wesley Routh, | ) |
| Defendant | ) |

## SUBPOENA TO TESTIFY AT A HEARING OR TRIAL IN A CRIMINAL CASE

To: T-Mobile US, Inc.
Subpoena Compliance
4 Sylvan Way Parsippany, NJ 07054
lerinbound@T-mobile.com

**YOU ARE COMMANDED** to appear in the United States district court at the time, date, and place shown below to testify in this criminal case. When you arrive, you must remain at the court until the judge or a court officer allows you to leave.

| Place of Appearance: United States District Court 101 South U.S. Hwy. 1 Fort Pierce, Florida 34950 | Courtroom No.: Chambers 4044 |
|---|---|
| | Date and Time: 10/11/2024 9:00 am |

You must also bring with you the following documents, electronically stored information, or objects *(blank if not applicable)*:
Control No. NS 1614-02-TS

In lieu of appearance, please produce the items and records specified in the attachment to this subpoena to: Special Agent Gary Paci, FBI, 505 S. Flagler Drive, West Palm Beach, FL 33401; Email: gpaci@fbi.gov, Tel: 561-822-5125.

NOTE: Pursuant to the policy of the United States District Court for the Southern District of Florida, all electronic devices, including but not limited to cellphones, pagers, PDAs, laptops, and tape recorders, are prohibited from entering any federal courthouse facility within the Southern District of Florida.  Prospective jurors, seated jurors, and witnesses with a subpoena are exempt from this policy only as it pertains to cellphones, with or without cameras, and E-book readers.

(SEAL)

Date: 09/30/2024



CLERK OF COURT

_Signature of Clerk or Deputy Clerk_
Angela E. Noble

The name, address, e-mail, and telephone number of the attorney representing *(name of party)* United States of America, who requests this subpoena, are:

Ajay J. Alexander
Assistant United States Attorney
U.S. Attorney's Office
99 N.E. 4th Street
Miami, FL 33132
Tel: 305-961-9347
Email: ajay.alexander@usdoj.gov

AO 89  (Rev. 08/09) Subpoena to Testify at a Hearing or Trial in a Criminal Case (Page 2)

Case No. 24-80116-CR-Cannon/McC;

# PROOF OF SERVICE

This subpoena for *(name of individual and title, if any)* _____
was received by me on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

Save As...

T-Mobile US, Inc.
Subpoena Compliance
4 Sylvan Way Parsippany, NJ 07054
lerinbound@T-mobile.com

### SUBPOENA ATTACHMENT – NS 1614-02-TS

Please provide the below records for the following account from **January 1, 2019 to present:**

Customer or subscriber name, address of service, and billing address; Local and long distance telephone connection records (examples include: incoming and outgoing calls, push-to-talk, and SMS/MMS connection records); Means and source of payment (including any credit card or bank account number); Records of session times and duration for Internet connectivity; Telephone or Instrument number (including IMEI, IMSI, UFMI, and ESN) and/or other customer/subscriber number(s) used to identify customer/subscriber, including any temporarily assigned network address (including Internet Protocol addresses); Types of service used (e.g. push-to-talk, text, three-way calling, email services, cloud computing, gaming services, etc.)

808-620-7153

Please provide the information requested in electronic format.

In lieu of personal appearance, you may mail or email the requested documents and materials to MM_CP@fbi.gov in care of the Federal Bureau of Investigation. Any questions pertaining to the records under this subpoena should be directed to FoA Nestor Mascarell. Documents provided pursuant to this subpoena should be made available to the following:

Special Agent Gary Paci
FBI-Miami
505 S. Flagler Drive, West Palm Beach, FL 33401
PH: 561-822-5125
**Email: gpaci@fbi.gov**

AND

U.S. Attorney's Office Critical Incident Response Team:
**USAFLS.SubpoenasCIRTeam@usdoj.gov**