UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.   <u>24-80116-CR-CANNON/McCabe</u>

UNITED STATES OF AMERICA

vs.

RYAN WESLEY ROUTH,

      **Defendant.**

      _____/

## PROTECTIVE ORDER

The United States has filed a motion for a protective order [ECF No. 43] ("Motion"). In the Motion, the United States asks the Court to regulate the disclosure to defense counsel of the discovery materials in this criminal matter. <u>Id.</u> Having found good cause, the Court hereby **ORDERS** and **ADJUDGES** as follows:

1) The Motion [ECF No. 43] is **GRANTED.**

2) The United States shall disclose those materials responsive to the Standing Discovery Order to defense counsel.

3) Counsel for the defense shall possess the material responsive to the Standing Discovery Order only as necessary for counsel to prepare the case.

4) Members of the defense team – which include cocounsel, paralegals, legal assistants, expert witnesses, and investigators, but exclude defendant Ryan Wesley Routh ("the Defendant") – shall possess the material responsive to the Standing Discovery Order only as necessary to prepare the case.

5) Counsel for the defendant shall ensure that the Defendant and any third party that obtains access to the material responsive to the Standing Discovery Order, are provided a copy of this Order. Third parties who obtain access to, or possession of, the material responsive to the Standing Discovery Order shall not retain such access or possession unless authorized

by this Order. Any third party who obtains access to, or possession of, the material responsive to the Standing Discovery Order shall promptly destroy or return the materials once the third party no longer requires access to, or possession of, the material responsive to the Standing Discovery Order to assist in the preparation of the case.

6) The Defendant shall not maintain discovery materials at the Federal Detention Center or other jail facility without defense counsel present to prevent the purposeful or unintentional dissemination of discovery. Should the Defendant wish to review discovery materials without defense counsel present, defense counsel should provide the Defendant with properly redacted copies of requested document(s) only after consultation with and approval from the United States.

7) Defense counsel agrees that, when this case is over, it will destroy (or return to the United States) the discovery it received.[1]

8) Counsel for the United States and for the defendant shall promptly report any known violations of the Court's order to the Court. Disclosure or use of the material contained in the discovery for purposes other than to prepare this case shall constitute a violation of this Order.

**DONE** and **ORDERED** in Fort Pierce, Florida this _____ of October 2024.

_____
AILEEN M. CANNON
UNITED STATES DISTRICT JUDGE

cc:     All Counsel of Record

---

[1] The case will be considered over at the conclusion of any appellate and § 2255 proceedings or, if the Defendant doesn't appeal or file a habeas petition, when the period for appealing or filing a habeas petition has expired.