**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**WEST PALM BEACH DIVISION**

**CASE NO. 24-80116-CR-CANNON**

**UNITED STATES OF AMERICA**,

     Plaintiff,

v.

**RYAN WESLEY ROUTH**,

     Defendant.

_____/

**ORDER GRANTING IN PART UNITED STATES' INITIAL MOTION FOR**
**PROTECTIVE ORDER AND ENTERING REVISED CONSENT PROTECTIVE ORDER**

     **THIS CAUSE** comes before the Court upon the United States' Motion for Protective Order ("Motion") [ECF No. 43], filed on October 16, 2024.  The Court has reviewed the Motion, Defendant's Response in Opposition [ECF No. 63], and the United States' revised Motion following conferral by the parties [ECF No. 67-1].  Upon review of the Revised Protective Order and the parties' agreement to same as expressed in a subsequent Status Report [ECF No. 67], it is hereby **ORDERED** and **ADJUDGED** as follows:

1. The United States' Initial Motion for Protective Order [ECF No. 43] is **GRANTED IN PART** as set forth below.

2. The United States shall disclose material responsive to the Standing Discovery Order ("discovery material") to defense counsel.

3. Counsel for the defense and members of the defense team—which means paralegals, legal assistants, expert witnesses, and investigators—may possess discovery material only as necessary for counsel to prepare the case and may not disseminate, share, display, distribute, or show any discovery material or information contained therein

except as necessary to prepare the case.   Counsel for the defense and members of the defense team shall not possess for any purpose discovery material that contains Child Sexual Abuse Material (CSAM); alternative arrangements will be made for reviewing such discovery.

4. Defendant may possess discovery material but only as necessary to prepare the case. Defendant may not disseminate, share, display, distribute, or show any discovery material or information contained therein to any person who is not a member of the defense team.

5. Defendant shall not possess at the Federal Detention Center or other jail facility without defense counsel present discovery material (including copies of electronic devices) that contains sexually explicit content or other material prohibited by the jail facility to which he is assigned.   The United States shall identify these items separately for defense counsel.

6. Counsel for Defendant shall ensure that Defendant and any third party that obtains access to discovery material is provided a copy of this Order.   Third parties who obtain access to, or possession of, discovery material shall not retain such access or possession unless authorized by this Order.   Any third party who obtains access to, or possession of, discovery material shall promptly destroy or return the materials once the third party no longer requires access to, or possession of, the material responsive to the Standing Discovery Order to assist in the preparation of the case.

7. Defense counsel shall, when this case is over, destroy (or return to the United States) the discovery material it received, including any copies provided to Defendant.

8. Counsel for the United States and defense counsel shall promptly report any known

CASE NO. 24-80116-CR-CANNON

violations of the Court's order to the Court.   Disclosure or use of discovery material for purposes other than to prepare this case shall constitute a violation of this Order. Should Defendant violate the terms of this Order, he may be subject to sanctions, including but not limited to sentencing enhancements, criminal penalties, contempt of court proceedings, or modification of this Order.

9. This Order applies only to discovery material that is case-related.   The parties must mutually agree that an item of discovery material is not case related for it to be exempt from this Order, or receive an order from the Court that it is exempt.   This Order also does not apply to materials the defense obtains by means other than discovery.

10. To the extent any party seeks to quote from or attach any item subject to this Order in any public filing with the Court prior to trial, the parties shall first confer in a good faith effort to agree on an approach for handling potential public disclosure of that item.   If the parties are unable to agree, counsel may raise the issue with the Court.

11. **The parties are reminded to fully comply with the Court's instructions related to sealing, as set forth in the Court's Order Setting Trial** [ECF No. 29].

**DONE AND ORDERED** in Chambers in Fort Pierce, Florida, this 10th day of November 2024.

**AILEEN M. CANNON**
**UNITED STATES DISTRICT JUDGE**

cc:       counsel of record

3