UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. <u>24-80116-CR-CANNON/McCabe</u>

**UNITED STATES OF AMERICA**

vs.

**RYAN WESLEY ROUTH,**

      **Defendant.**

_____/

**UNITED STATES NOTICE REGARDING CLASSIFIED INFORMATION
PROCEDURES ACT AND UNOPPOSED MOTION TO APPOINT
<u>CLASSIFIED INFORMATION SECURITY OFFICER</u>**

The United States of America, by and through its attorneys, files this Notice related to the Classified Information Procedures Act ("CIPA"), 18 U.S.C. App. 3, and Memorandum of Law regarding CIPA to apprise the Court of its applicability to matters relating to classified information that may arise in connection with the above-captioned matter, both before and during trial. The government herein provides the Court with a description of some of the procedures mandated by the CIPA statute for protecting such classified information that may be applicable in this case. At this time, the government is not seeking a pre-trial conference under CIPA Section 2. Should the Court require further information, a hearing could be held as provided under Section 2 of CIPA.[1] Finally, the United States moves the Court to designate a Classified Information Security Officer ("CISO") in this matter.

---

[1] The pre-trial conference could be held at the scheduled status conference on March 7, 2025, that the court set in its Scheduling Order dated December 23, 2024 ([ECF No. 91]).

## **OVERVIEW OF CIPA**

The United States files the instant notice to provide the Court and the Defendant with initial guidance on potentially relevant CIPA procedures. As in all cases that may implicate classified information, the United States provides a description of CIPA's procedures, which allow the Court and the parties to protect classified information relating to this case. As the court is aware, CIPA contains a set of procedures by which federal district courts rule on pretrial and trial matters concerning the discovery, admissibility, and use of classified information in criminal cases. *See United States v. Baptista-Rodriguez*, 17 F.3d 1354, 1363 (11th Cir. 1994). CIPA's fundamental purpose is to "harmonize a defendant's right to obtain and present exculpatory material [at] trial and the government's right to protect classified material in the national interest." *United States v. Pappas*, 94 F.3d 795, 799 (2d Cir. 1996). CIPA "evidence[s] Congress's intent to protect classified information from unnecessary disclosure at any stage of a criminal trial." *United States v. Apperson*, 441 F.3d 1162, 1193 n.8 (10th Cir. 2006).

The Supreme Court has acknowledged the importance of protecting the nation's secrets from disclosure: "The Government has a compelling interest in protecting both the secrecy of information important to our national security and the appearance of confidentiality so essential to the effective operation of our foreign intelligence service." *CIA v. Sims*, 471 U.S. 159, 175 (1985) (quoting *Snepp v. United States*, 444 U.S. 507, 509 n.3 (1980) (*per curiam*)); *accord Chicago & Southern Air Lines, Inc. v. Waterman S.S. Corp.*, 333 U.S. 103, 111 (1948) ("The [executive branch] has available intelligence services whose reports are not and ought not to be published to the world."). Federal courts have long recognized that "[i]t is not in the national interest for revelation of either the existence or the product of [foreign intelligence operations and information]

2

to extend beyond the narrowest limits compatible with the assurance that no injustice is done to the criminal defendant." *United States v. Lemonakis*, 485 F.2d 941, 963 (D.C. Cir. 1973).

CIPA neither creates any new right of discovery nor expands the rules governing the admissibility of evidence. *See United States v. Johnson*, 139 F.3d 1359, 1365 (11th Cir. 1998) ("CIPA has no substantive impact on the admissibility or relevance of probative evidence."); *accord United States v. Dumeisi*, 424 F.3d 566, 578 (7th Cir. 2005) ("CIPA does not create any discovery rights for the defendant."); *United States v. Smith*, 780 F.2d 1102, 1106 (4th Cir. 1985) (*en banc*). Rather, CIPA applies preexisting discovery rules in criminal cases to classified information and restricts discovery of classified information to protect the United States' national-security interests. *See Baptista-Rodriguez*, 17 F.3d at 1363-64; *United States v. Klimavicius-Viloria*, 144 F.3d 1249, 1261 (9th Cir. 1998).

The United States produces discoverable information to the defense in cases involving classified information. But the discovery of classified information must be actually "helpful to the defense of the accused." *United States v. Yunis*, 867 F.2d 617, 621 (D.C. Cir. 1989) (stating "classified information is not discoverable on a mere showing of theoretical relevance in the face of the government's classified information privilege, but that the threshold for discovery in this context further requires that a defendant seeking classified information . . . is entitled only to information that is at least 'helpful to the defense of [the] accused,'"). "While CIPA creates no new rule of evidence regarding admissibility, the procedures it mandates protect a government privilege in classified information similar to the informant's privilege . . . ." *Id.* at 623[2]; *see also*

---

[2] The D.C. Circuit recognized that the United States' privilege concerns not merely the content of any particular conversation, but the privilege often involves the United States' ability to collect the information:

*United States v. Amawi*, 695 F.3d 457, 475 (6th Cir. 2012) (quoting *Yunis* and finding the classified information at issue not "relevant and helpful to the defense."); *United States v. Hanna,* 661 F.3d 271, 295 (6th Cir. 2011) (affirming the trial court's *ex parte* and *in camera* decision that classified information was not actually helpful to the defense).

CIPA does not "expand the traditional rules of discovery under which the government is not required to provide criminal defendants with information that is neither exculpatory nor, in some way, helpful to the defense." *United States v. Varca*, 896 F.2d 900, 905 (5th Cir. 1990); *accord United States v. McVeigh*, 923 F. Supp. 1310, 1314 (D. Colo. 1996) ("CIPA does not enlarge the scope of discovery or of *Brady*."). Nor does CIPA provide that the admissibility of classified information be governed by anything other than the well-established standards set forth in the Federal Rules of Evidence. *See Baptista-Rodriguez*, 17 F.3d at 1364.

A. Section 1—Definitions

For the purpose of CIPA, "classified information" includes any information or material determined by the United States Government to require protection against unauthorized disclosure for reasons of national security. 18 U.S.C. App. III § 1(a). "National security" means the national

---

> [T]he government's security interest in the conversation lies not so much in the contents of the conversations, as in the time, place, and nature of the government's ability to intercept the conversations at all. Things that did not make sense to the District Judge would make all too much sense to a foreign counter-intelligence specialist who could learn much about this nation's intelligence-gathering capabilities from what these documents revealed about sources and methods. Implicit in the whole concept of an informant-type privilege is the necessity that information-gathering agencies protect from compromise "intelligence sources and methods." The Supreme Court has expressly recognized the legitimacy of this concern in construing the National Security Act of 1947, 61 Stat. 498, 50 U.S.C. § 403(d)(3), in *CIA v. Sims*, 471 U.S. 159, 105 S.Ct. 1881 (1985).

*Yunis*, 867 F.2d 617, 623 (D.C. Cir. 1989). Thus, courts understand the need to protect the sources and methods of collecting information as well as the information itself.

defense and foreign relations of the United States. *Id.* § 1(b); *see also* Executive Order 13526 (defining classified information).

CIPA applies equally to classified testimony and classified documents. *See United States v. Lee*, 90 F. Supp. 2d 1324, 1326 n.1 (D.N.M. 2000) (citing *United States v. North*, 708 F. Supp. 399, 399-400 (D.D.C. 1988)); *Kasi v. Angelone*, 200 F. Supp. 2d 585, 596-97 (E.D. Va. 2002) (applying CIPA to classified testimony).

B.  Section 2—Pretrial Conference

Section 2 of CIPA provides that "[a]t any time after the filing of the indictment or information, any party may move for a pretrial conference to consider matters relating to classified information that may arise in connection with the prosecution." 18 U.S.C. App. 3 at § 2. After a Section 2 motion is filed, the Court "shall promptly hold a pretrial conference to establish the timing of requests for discovery. . . ." *Id*.

During the pretrial conference, district courts generally establish the trial schedule for the case, including the timing of (1) discovery requests by the defense, among other things. In addition, the Court may consider any matters relating to classified information, or any matters that promote a fair and expeditious trial. *Id*. No substantive issues concerning the use, relevance, or admissibility of classified information are to be decided during the CIPA Section 2 pretrial conference. *See* S. Rep. No. 96-823, at 5-6, *reprinted in* 1980 U.S.C.C.A.N. 4294, 4298-99 (96th Cong. 2d Sess.).

To foster open discussions at the pretrial conference, Section 2 provides that no admission made by the Defendant, or his attorneys, at the pretrial conference may be used against the Defendant unless the admission is in writing and signed by both the defendant and his attorney. 18 U.S.C. App. III § 2.

However, as discussed further below, the government is not seeking a Section 2 pretrial conference at this time.

C.     Section 3—Protective Order

CIPA Section 3 mandates that federal district courts issue a protective order upon motion by the United States to protect against the improper disclosure of any classified information produced by the government to the defense. *Id*. § 3. Section 3 was intended "to codify the well-established practice, based on the inherent authority of federal courts, to issue protective orders," *Pappas*, 94 F.3d at 801, as well as to supplement the Court's authority under Federal Rule of Criminal Procedure 16(d)(1) to issue protective orders in connection with the discovery process. In contrast to Rule 16(d)(1)'s discretionary authority, however, Section 3 "makes it clear that protective orders are to be issued, if requested, whenever the government discloses classified information to a defendant in connection with a prosecution, *e.g.* Brady and Jencks material." *Id*.

D.     Section 4—Protection of Classified Information During Discovery

Section 4 of the CIPA authorizes federal district courts to deny, or otherwise restrict, discovery of classified documents and information in the possession, custody, or control of the United States. 18 U.S.C. App. III § 4; *see, e.g.*, *United States v. Rezaq*, 134 F.3d 1121, 1142 (D.C. Cir. 1998); *Yunis*, 867 F. 2d at 619-625.[3] Similarly, the Federal Rules of Criminal Procedure

---

[3]     The Second Circuit held the *Rovario*/*Yunis* "relevant and helpful" standard applies to the discovery of classified information.

> We therefore adopt the *Roviaro* standard for determining when the Government's privilege must give way in a CIPA case. Other circuits agree. *See* Klimavicius-Viloria, 144 F.3d at 1261; *United States v. Varca*, 896 F.2d 900, 905 (5th Cir.1990); *United States v. Yunis*, 867 F.2d 617, 623 (D.C.Cir.1989); *United States v. Smith*, 780 F.2d 1102, 1107-10 (4th Cir.1985) (*en banc*); *United States v. Pringle*, 751 F.2d 419, 427-28 (1st Cir. 1984).

provide, in pertinent part, that district courts "may, for good cause, deny, restrict, or defer discovery or inspection, or grant other appropriate relief." Fed. R. Crim. P. 16(d)(1). The legislative history of CIPA makes clear that Section 4 was intended to clarify the district court's power under Rule 16(d)(1) to deny, or restrict, discovery to protect national security. *See* S. Rep. No. 96-823 at 6, 1980 U.S.C.C.A.N. at 4299-4300; *see also United States v. Aref*, 533 F.3d 72, 78-79 (2nd Cir. 2008); *United States v. Smith*, 780 F.2d 1102, 1110 (4th Cir. 1985) (holding the defendant's right to discovery must be balanced against public's interest in nondisclosure); *United States v. Pringle*, 751 F. 2d 419, 427 (1st Cir. 1985).

Section 4 provides that a district court:

> upon a sufficient showing may authorize the United States to delete specified items of classified information from documents to be made available to the defendant through discovery under the Federal Rules of Criminal Procedure, to substitute a summary of the information for such classified documents, or to substitute a statement admitting relevant facts that the classified information would tend to prove. The Court may permit the United States to make a request for such authorization in the form of a written statement to be inspected by the court alone.

18 U.S.C. App. III § 4. Like Federal Rule of Criminal Procedure 16(d)(1), Section 4 provides the government may demonstrate the use of alternatives to be warranted through an *in camera*, *ex parte* submission to the court. *Id.*; *see also United States v. Abu-Jihaad*, 630 F.3d 102, 140 (2nd Cir. 2010); *Aref*, 533 F.3d at 81; *Yunis*, 867 F.2d 617, 622-23 (D.C. Cir. 1989); *United States v. Sarkissian*, 841 F.2d 959, 965 (9th Cir. 1988); *Pringle*, 751 F.2d 419, 427 (1st Cir. 1984).

In essence, Section 4 allows the government to request *ex parte* and *in camera* review of its decisions regarding the discoverability of classified information and, if determined to be discoverable, whether government-proposed summaries, or substitutions, would place the

---

*Aref*, 533 F.3d at 80.

7

defendant in substantially the same position as the underlying classified information. *See*, *e.g.*, *Amawi*, 695 F.3d at 472 (stating "every court that has considered this issue has held that CIPA permits *ex parte* hearings."). If so, district courts issue orders approving of the government-proposed summaries and substitutions, which the government then would produce to the defense.[4] For example, the government may request that the Court approve of the government's decision to deny discovery of a classified document in its entirety pursuant to Section 4 because the document is not discoverable under the relevant legal standard. *Amawi*, 695 F.3d at 472-73; *Hanna*, 661 F.3d at 295-96. In the alternative, the government may file a motion under Section 4 to delete specific classified information from a document that otherwise contains discoverable information, or to substitute an unclassified summary, in lieu of the underlying classified document. *See Amawi*, 695 F.3d at 472-473 (6th Cir. 2012); *Hanna*, 661 F.3d at 295. The government's Section 4 filings, including all attachments, must remain *ex parte* and *in camera*, under seal, and preserved in the record to be made available to the appellate court in the event of an appeal. 18 U.S.C. App. III § 4.

The United States anticipates invoking Section 4 in this case and will file any such motion by April 7, 2025, the date the court has set for filing of pre-trial motions.

E.  Section 7—Interlocutory Appeal

Section 7 permits the United States to take an expedited interlocutory appeal to the appellate court if the district court (a) authorizes the disclosure of classified information, (b)

---

[4] The United States' discovery review of classified information is consistent with Rule 16, *Brady v. Maryland*, (373 U.S. 83 (1963)), *Giglio v. United States* (405 U.S. 150 (1972)), the Jencks Act, and other discovery requirements. The United States will produce in original form, or through an appropriate summary or substitution, any information that is relevant and actually helpful to the material preparation of the defense. *See*, *e.g.*, *Amawi*, 695 F.3d at 472-473 (6th Cir. 2012); *Hanna*, 661 F.3d at 295.

imposes sanctions for nondisclosure of classified information, or (c) refuses to issue a protective order sought by the United States to prevent the disclosure of classified information. *Id*. § 7. If an appeal is taken, a court must not commence the trial until the appeal is resolved. *Id*. Such an appeal and decision does not affect the defendant's right to lodge a subsequent appeal upon conviction (if any) of an adverse ruling by the trial court. *Id*. § 7(b).

F.      Section 9—Security Procedures

Section 9 requires the Chief Justice of the United States, in consultation with other executive branch officials, to prescribe rules establishing procedures to protect classified information in the custody of federal courts from unauthorized disclosure. 18 U.S.C. App. III § 9(a). Security Procedures established pursuant to this provision are codified directly following Section 9 of the CIPA.

G.      Section 9A—Coordination Requirement

Section 9A requires an official of the Department of Justice and the appropriate United States Attorney to provide timely briefings of the fact and status of a prosecution involving classified information to a senior official of the agency in which the classified information originated. *Id*. § 9A(a).

## APPLICATION OF CIPA TO THIS CASE

The defendant is charged with attempting to assassinate a then major presidential candidate and now President Donald J. Trump, in violation of Title 18 United States Code, Section 351(c), among other charges. Due to the nature of the charges, the United States anticipates the need to file a motion for a protective order, *ex parte*, *in camera*, and under seal, pursuant to Section 4 of CIPA. That *ex parte*, *in camera*, under seal motion would refer to, relate to, or otherwise involve classified information.

9

If the court wishes to conduct a CIPA Section 2 pre-trial conference, the United States respectfully suggests that the Court hold the pre-trial conference as part of or after the March 7, 2025, status hearing. To the extent that the Court anticipates engaging in a discussion about the classified information at issue, the United States further requests that the Court provide notice sufficiently in advance to allow the CISO to take whatever steps necessary to ensure adequate protections are in place to conduct a classified, *ex parte*, *in camera*, hearing.

## MOTION TO APPOINT CLASSIFIED INFORMATION SECURITY OFFICER

In anticipation of the issues that may be raised in this case, the government requests that the Court designate a Classified Information Security Officer (CISO) pursuant to Section 2 of the Revised Security Procedures established under Pub. L. 96-456, 94 Stat. 2025, by the Chief Justice of the United States and promulgated pursuant to Section 9 of CIPA. That section provides that:

> In any proceeding in a criminal case or appeal therefrom in which classified information is within, or is reasonably expected to be within, the custody of the court, the court will designate a 'classified information security officer.' The Attorney General or the Department of Justice Security Officer will recommend to the court a person qualified to serve as a classified information security officer. This individual will be selected from the Litigation Security Group, Security and Emergency Planning Staff, Department of Justice, to be detailed to the court to serve in a neutral capacity.

Revised Security Procedures established under Pub. L. 96-456, 94 Stat. 2025 § 2. Classified Information Security Officers designated pursuant to this process are responsible for the security of all classified information in the court's custody and assist the court with appropriate security clearances for court staff as well as the handling and storage of any classified materials including any pleadings or other filings related to CIPA proceedings. *Id*.

As set forth in the attached proposed order, the government recommends that the Court designate Daniella M. Medel as the CISO for this case, to perform the duties and responsibilities

prescribed for CISO's in the Security Procedures promulgated by the Chief Justice. Ms. Medel is an employee of the Litigation Security Group of the U.S. Department of Justice with demonstrated competence in security matters. The Department of Justice Security Officer will certify that Ms. Medel holds all proper security clearances by separate written correspondence officially nominating Ms. Medel as CISO. Ms. Medel has previously served as CISO in other matters. The government further requests that the Court designate the following persons as alternate CISOs, to serve in the event Ms. Medel is unavailable: Jennifer H. Campbell, Daniel O. Hartenstine, Aleksandr Kurtov, Matthew W. Mullery, William S. Noble, and Winfield S. "Scooter" Slade. Each of these alternate CISOs are also from the Litigation Security Group of the Department of Justice and hold appropriate security clearances. Government counsel has conferred with Defendant's counsel who have no objection to the motion to appoint a CISO in this matter.

[remainder of page intentionally left blank]

## **CONCLUSION**

In sum, the United States has already produced, and will continue to produce, discoverable unclassified information to the defense on a rolling basis. The United States will file any motion under CIPA Section 4 on or before April 7, 2025, the date pre-trial motions are due. Finally, the United States requests that the Court appoint a CISO.

Respectfully submitted,

HAYDEN P. O'BYRNE
UNITED STATES ATTORNEY

By: */s/ John Shipley*
John C. Shipley
Florida Bar No. 69670
Christopher B. Browne
Florida Bar No. 91337
Mark Dispoto
Court Id. Number A5501143
Assistant United States Attorneys

U.S. Attorney's Office
Southern District of Florida
99 Northeast 4th Street, 8th Floor
Miami, Florida 33132-2111
Telephone: (305) 961-9111
E-mail: John.Shipley@usdoj.gov

DEVIN A. DEBACKER
SUPERVISORY OFFICIAL FOR THE
NATIONAL SECURITY DIVISION

By: */s/ David C. Smith*
David C. Smith, Trial Attorney
Court ID No. A5503278
Department of Justice, National Security Division
950 Pennsylvania Avenue, NW
Washington, DC 20530
Telephone: (202) 514-0849
Email: David.Smith5@usdoj.gov

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on February 12, 2025, I electronically filed the foregoing document with the Clerk of the Court via CM/ECF.

By: */s/ David C. Smith*
David C. Smith, Trial Attorney
Court ID No. A5503278
Department of Justice, National Security Division
950 Pennsylvania Avenue, NW
Washington, DC 20530
Telephone: (202) 514-0849
Email: David.Smith5@usdoj.gov