UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

CASE NO. 24-80116-CR-CANNON

UNITED STATES OF AMERICA,

    Plaintiff,

v.

RYAN WESLEY ROUTH

    Defendant.
_____/

ORDER FOLLOWING STATUS CONFERENCE AND
SETTING ADDITIONAL PRE-TRIAL DEADLINES AND INSTRUCTIONS

**THIS CAUSE** comes before the Court following a Status Conference held on March 7, 2025 [ECF No. 107]. The Court has reviewed the parties' positions as articulated during the conference, the United States' Discovery Status Report [ECF No. 103], Defendant's Response to the United States' Report [ECF No. 104], and the full record. Upon such review, and to facilitate timely adherence to the Court's Scheduling Order in light of the parties' arguments [ECF No. 91], it is hereby **ORDERED AND ADJUDGED** as follows:

1. On or before **March 28, 2025**, Defendant must serve written notice on the United States of any intended alibi defense. Fed. R. Crim. P. 12.1(a)(2). Defendant's notice must state: (A) each specific place where the defendant claims to have been at the time of the alleged offense(s); and (B) the name, address, and telephone number of each alibi witness on whom Defendant intends to rely. *Id.* Defendant's suggestion at the status conference that he cannot comply with the requirements set forth in Rule 12.1 until counsel receives a detailed synthesis and analysis of cellular

location information from the United States' cellular expert is not a reasonable argument [ECF No. 107 p. 37].[1]  In light of Defendant's failure to timely comply with Rule 12.1, a deadline must be set for compliance, nor is there any dispute that the United States properly made a demand under the rule [ECF No. 107 p. 36].

2. Any defense motion to compel live-fire testing or related review of any firearms or firearms parts/ammunition is due on or before **March 28**, **2025**, and must include any specific examples in federal court of any such court-ordered testing, along with any applicable authorities.  Prior to filing the motion, defense counsel shall meaningfully confer with the United States and determine any areas of potential agreement.  Any opposition to such motion is due on or before **April 4**, **2025**.  Any reply in support is due on or before **April 9**, **2025**.  The parties may attach supporting affidavits, declarations, or exhibits to their respective filing(s) as appropriate.  Defendant is advised to delineate with specificity the relief sought in the motion and the particular mechanics/logistics underlying the request.  **A hearing is set for this anticipated motion to compel on April 15, 2025, at 11 a.m. in the Fort Pierce Division**, to be cancelled if no motion is filed or if the Court determines that no hearing is warranted.

3. On or before **April 11, 2025,** Defendant shall provide to the United States a final list of all physical evidence in the United States' posession which Defendant wishes to review prior to trial, with proposed dates for such review in accordance with this Order.  The parties shall then meaningfully confer and complete a final, in-person

---

[1] The United States timely provided all of the underlying cellular location information to Defendant [ECF No. 107 p. 11].

review of such items by **April 18**, **2025**, with a joint notice of compliance on this topic due on or before **April 21**, **2025**. Any items subject to the anticipated motion(s) to compel as described in par. 2 above are exempt from this Order except as agreed to by the parties.

4. All case-in-chief discovery is due by the United States to Defendant no later than **May 23**, **2025**. Material not produced to Defendant by that deadline will not be permissible evidence in the United States' case-in-chief absent a showing of extraordinary circumstances.[2] Nothing in this Order should be construed to dilute the United States' continuing discovery obligations [*see* ECF No. 8]. The Court finds this deadline warranted to provide ample additional time for the United States to complete any pending investigatory work and/or to receive outstanding information already requested, while also balancing Defendant's need to prepare for trial in accordance with the Court's Scheduling Order [ECF No. 91].

5. On or before **May 23**, **2025**, the United States shall produce to Defendant the completed analysis and/or summary trial-exhibit(s) to be used by its cellular analysis expert. The Court maintains its finding, made in its December 23, 2025, Order, that the United States has complied with its discovery obligations [ECF No. 91 p. 4] but sets this earlier deadline to accommodate Defendant's concerns with respect to assimilating the underlying cellular data prior to trial on September 8, 2025. Reasonable adjustments by the United States to the subject

---

[2] Material generated by Defendant himself, such as jail recordings or other communications, are not subject to this requirement.

CASE NO. 24-80116-CR-CANNON

trial exhibit(s) will be permitted prior to calendar call, as previously allowed [ECF No. 29 p. 3; ECF No. 51 ¶ 6].

6. Any *Daubert* motions are due on or before **April 29, 2025**, with responses/replies due in accordance with the Local Rules.

7. Any motions in limine are due on or before **July 8, 2025**, with responses/replies due in accordance with the Local Rules.[3]

8. **A final hearing on any unresolved *Daubert* or motions in limine will be conducted at 10 a.m. on July 25, 2025, in the Fort Pierce Division**.

9. The **April 7, 2025**, deadline for the filing of pretrial motions remains in effect except as specifically superseded by this Order for *Daubert* and in limine motions [ECF No. 91 p. 6]. All other deadlines/hearings in the Court's December 23, 2025, Order remain in effect.

10. Finally, the parties are directed to file under seal the anticipated juror questionnaire and proposed voir dire questions, adhering to the Court's prior instructions for the preparation of such materials [*see* ECF No. 91 p. 7].

11. Defendant shall appear for all court hearings set in this case.

**ORDERED** in Chambers at Fort Pierce, Florida, this 21st day of March 2025.

_____
**AILEEN M. CANNON
UNITED STATES DISTRICT JUDGE**

cc:   counsel of record

---

[3] The United States' anticipated Rule 404(b) motion remains due as originally ordered by April 7, 2025 [*see* ECF No. 107 p. 16].