UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 16-CR-80170- ROSENBERG



UNITED STATES OF AMERICA,

    Plaintiff,

v.

EDWIN CRAWFORD,

    Defendant.
_____/

## JOINT ORDER TO PERMIT CONFIDENTIAL AND INDEPENDENT EXAMINATION

**THIS CAUSE** came before the court on Defendant's Motion to Order the Government to Mail the Alleged Silencers to Michigan for Independent Expert Testing [DE 36] and on Defendant's Motion to Permit, Confidential, Independent Examination of the Alleged Silencers [DE 50]. Both motions were granted on the record during the hearing held on May 17, 2017. The Court, having reviewed the pleadings, heard argument of counsel, and reviewed counsels' Proposed Joint Order to Permit Confidential and Independent Examination, orders as follows:

1. The defendant may conduct a confidential, independent examination of the evidence. The independent examination shall be conducted by the defense expert, Steven Howard, in Ann Arbor, Michigan.

2. The defense expert will be permitted to inspect the items, disassemble and measure parts, test fire, photograph, and otherwise test and examine the items in order to verify or refute the Government's expert's findings.

3. The Government shall transport the five alleged silencers and silencer parts to the Bureau of Alcohol, Tobacco, Firearms, and Explosives ("ATF") Ann Arbor, Michigan field office within fourteen (14) days of this order. The evidence will then be made available to

the defense expert for testing by the Ann Arbor Field Office within 14 days of receipt of the devices from the Southern District of Florida.

4. The specific items that must be made available by the government for testing are: (i) the alleged silencers and silencer parts seized from Defendant by the Palm Beach County Sheriff's Office, which were then tested by ATF as part of its federal criminal investigation and (ii) two (2) firearms, including a Phoenix Arms, Model HP22A, .22 caliber pistol, serial number 4422139 and a Ruger, Model SR22P, .22 LR caliber pistol, serial number 360-52457.

5. The defense expert shall supply all necessary materials, items and equipment needed for testing. This includes any ammunition that will be used to conduct the testing. The expert will have the option of using the same ammunition as the ATF's expert's testing, CCI .22 LR caliber ammunition, and the option of using one other widely commercially available ammunition such as the Winchester, Federal Premium, or Huntington brands. Such ammunition may also be supplied by ATF, at the discretion of the Ann Arbor Field Office.

6. The independent examination shall be conducted outside the presence of the assigned Assistant United States Attorney, the ATF Case Agent, and any other agent or officer that is part of the prosecution team. The government may designate the proper ATF agent or evidence custodian to oversee the examination. This designated person should act as a "wall" between the Defendant's work product and the prosecution in this case. Therefore, the supervising agent or evidence custodian must not provide any records related to the independent testing, notes, reports or otherwise share any information from the testing, with the assigned Assistant United States Attorney, the ATF Case Agent, and any other agent or officer that is part of the prosecution team. There may be an exception of

advising when the testing is complete, advising that the evidence remains secure, and documenting any chain of custody forms. The supervising agent or evidence custodian must not audio or video record the independent testing. Additionally, the government may not seek to obtain any recordings of the testing from any private entity (such as the shooting range), should such a recording exist.

7. The defense expert will execute a waiver of liability as to ATF upon ATF's request.

8. The Federal Public Defender's Office for the Southern District of Florida shall pay for the shipping of the devices and firearms and any other costs incurred in testing the devices, such as any range fees, equipment fees, or other similar costs incurred by ATF.

DONE AND ORDERED at West Palm Beach, Florida, this 14th day of July, 2017.

Copies provided to:
all counsel of record

HONORABLE ROBIN L. ROSENBERG
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA




DEFENDANT'S EXHIBIT 2a

# Electronically Certified Court Record

This is to certify that this is a true and correct copy of the original document, which may have redactions as required by law.

## DOCUMENT INFORMATION

| | |
|---|---|
| **Agency Name:** | Clerk of the Circuit Court & Comptroller, Palm Beach County |
| **Clerk of the Circuit Court:** | The Honorable Joseph Abruzzo |
| **Date Issued:** | 3/21/2025 11:22:12 AM |
| **Unique Reference Number:** | CAA-CACCBEADBHECBG-BCAJJ-CABFEFJCH-BBDHDCG-E |
| **Case Number:** | 502022CF002246AXXXMB |
| **Case Docket:** | AMENDED ORDER; (AGREED) PERMITTING RELEASE OF EVIDENCE FOR INDE |
| **Requesting Party Code:** | 20221403174216 |

## CERTIFICATION

Pursuant to Sections 90.955(1) and 90.902(1), Florida Statutes, and Federal Rules of Evidence 901(a), 901(b)(7), and 902(1), the attached document is electronically certified by The Honorable Joseph Abruzzo, Clerk of the Circuit Court & Comptroller, Palm Beach County, to be a true and correct copy of an official record or document authorized by law to be recorded or filed and actually recorded or filed in the office of the Clerk of the Circuit Court & Comptroller, Palm Beach County. The document may have redactions as required by law.

## HOW TO VERIFY THIS DOCUMENT

This electronically certified document contains a unique electronic reference number for identification printed on each page. This document is delivered in PDF format and contains a digital signature identifying the certifier and tamper-evident seal validating this document as a true and accurate copy of the original recorded. To view the tamper-evident seal and verify the certifier's digital signature, open this document with Adobe Reader software. Instructions for verifying this instrument are available <u>for customers in the USA and Canada</u> and <u>for customers in other countries.</u>

**The web address shown above contains an embedded link to the verification page for this particular document.



Filing # 163159426 E-Filed 12/15/2022 04:56:21 PM

IN THE CIRCUIT COURT OF THE FIFTEENTH JUDICIAL CIRCUIT,
IN AND FOR PALM BEACH COUNTY, FLORIDA.
CRIMINAL DIVISION: "S"

CASE NO.   22CF002246AMB

STATE OF FLORIDA,
    Plaintiff,

vs.

Wareno Belizaire,
    Defendant.
_____/

## AMENDED AGREED ORDER PERMITTING RELEASE OF EVIDENCE FOR INDEPENDENT TESTING

THIS CAUSE having come before the Court, and, pursuant to an agreement between the State and counsel for the defense, it is hereby ORDERED AND ADJUDGED as follows:

1. The below-listed evidence submissions, which are in the possession of the Palm Beach County Sheriff's Office (hereinafter "PBSO") under case number 21-108913, shall be sent directly to Christopher Robinson Forensics located at 100 Bloomfield Way, Sharpsburg, GA 30277 via an appropriate shipping method for independent examination and testing:

    a. Palm Beach County Sheriff's Office Case No. 21-108913

        i. Submission 21:

            1. 40 S&W caliber Glock model 23 Gen4 semiautomatic pistol, serial number ZDK574

            2. Magazine

        ii. Submission 24:

            1. Two (2) fired 40 S&W caliber cartridge cases (24-3, 24-4)

        iii. Submission 46:

I HEREBY CERTIFY THAT THIS DOCUMENT IS A TRUE AND CORRECT COPY OF A DOCUMENT THAT WAS FILED AS A COURT RECORD WITH THE CLERK OF THE CIRCUIT COURT & COMPTROLLER, PALM BEACH COUNTY.
VISIT https://appsgp.mypalmbeachclerk.com/Services/EcertifyService/Helper/VerifyImage.html TO VALIDATE THIS DOCUMENT

Digitally signed by Joseph Abruzzo
Date: 2025.03.21 11:23:04 -04:00
Clerk of the Circuit Court & Comptroller, Palm Beach County
Location: 205 N. Dixie Highway, West Palm Beach, FL 33401

Case 9:24-cr-80116-AMC   Document 114-1   Entered on FLSD Docket 03/28/2025   Page 6 of 20

State of Florida v. Wareno Belizaire
Case No. 22CF002246AMB
Amended Agreed Order Permitting Release of Evidence for Independent Testing
Page 2 of 3

    1. One (1) fired 40 caliber projectile (Projectile from neck of decedent)

  iv. Submission 157:

    1. (4) Test fires from submission 021

  v. Submission 159:

    1. (4) Test fires from submission 021

2. Upon receipt of the evidence, Christopher Robinson Forensics shall photograph each item of evidence, as received.

3. Christopher Robinson Forensics shall photograph each item of evidence after removing its packaging and prior to any independent testing.

4. Christopher Robinson Forensics shall photograph each item of evidence after any independent testing and prior to repackaging the evidence.

5. Christopher Robinson Forensics shall photograph each item of evidence after it has been repackaged.

6. The photographs referenced in paragraphs 2-5, above, shall remain confidential defense work product unless this Court, upon showing of good cause by the State of Florida, orders the defense to produce such photographs.

7. The Parties agree that Christopher Robinson Forensics shall be permitted to test-fire Submission #21.

8. At the conclusion of its testing, Christopher Robinson Forensics shall return the evidence to PBSO via an appropriate shipping method agreed upon by the PBSO and Christopher Robinson Forensics.

9. The defendant agrees to waive any objections to chain of custody stemming from the

Unique Code : CAA-CACCBEADBHECBG-BCAJJ-CABFEFJCH-BBDHDCG-E Page 2 of 3

State of Florida v. Wareno Belizaire
Case No. 22CF002246AMB
Amended Agreed Order Permitting Release of Evidence for Independent Testing
Page 3 of 3

period of time Christopher Robinson Forensics is examining the evidence. The defendant is not waiving any objections to chain of custody issues that occurred before or after the defense examination of the evidence.

DONE AND ORDERED in Palm Beach County, West Palm Beach, Florida.



502022CF002246AXXXMB   12/15/2022
Daliah H. Weiss
Circuit Judge

Copies furnished:

Courtney Behar, Assistant State Attorney, Division S, 401 N. Dixie Highway, West Palm Beach, FL 33401, Email: FELDIVS@SA15.ORG.
Andrew Benson, Assistant Public Defender, Division S, 421 3rd Street, West Palm Beach, FL 33401, Email: FELDIVS@PD15.ORG.





DEFENDANT'S
EXHIBIT
2.b

# Electronically Certified Court Record

This is to certify that this is a true and correct copy of the original document, which may have redactions as required by law.

## DOCUMENT INFORMATION

| | |
|---|---|
| **Agency Name:** | Clerk of the Circuit Court & Comptroller, Palm Beach County |
| **Clerk of the Circuit Court:** | The Honorable Joseph Abruzzo |
| **Date Issued:** | 3/21/2025 11:25:21 AM |
| **Unique Reference Number:** | CAA-CACCBEADBHECBG-BCAJJ-BJFEEAABB-BBDHDDD-J |
| **Case Number:** | 502021CF007822AXXXMB |
| **Case Docket:** | AGREED ORDER PERMITTING RELEASE OF EVIDENCE FOR INDEPENDENT TES |
| **Requesting Party Code:** | 20221403174216 |

## CERTIFICATION

Pursuant to Sections 90.955(1) and 90.902(1), Florida Statutes, and Federal Rules of Evidence 901(a), 901(b)(7), and 902(1), the attached document is electronically certified by The Honorable Joseph Abruzzo, Clerk of the Circuit Court & Comptroller, Palm Beach County, to be a true and correct copy of an official record or document authorized by law to be recorded or filed and actually recorded or filed in the office of the Clerk of the Circuit Court & Comptroller, Palm Beach County. The document may have redactions as required by law.

## HOW TO VERIFY THIS DOCUMENT

This electronically certified document contains a unique electronic reference number for identification printed on each page. This document is delivered in PDF format and contains a digital signature identifying the certifier and tamper-evident seal validating this document as a true and accurate copy of the original recorded. To view the tamper-evident seal and verify the certifier's digital signature, open this document with Adobe Reader software. Instructions for verifying this instrument are available <u>for customers in the USA and Canada</u> and <u>for customers in other countries.</u>

**The web address shown above contains an embedded link to the verification page for this particular document.



Filing # 146200227 E-Filed 03/22/2022 03:44:28 PM

IN THE CIRCUIT COURT OF THE FIFTEENTH JUDICIAL CIRCUIT,
IN AND FOR PALM BEACH COUNTY, FLORIDA.
CRIMINAL DIVISION: "S"

CASE NO.   21CF007822AMB

STATE OF FLORIDA,
    Plaintiff,

vs.

Jeremy Kirkwood,
    Defendant.
_____/

### AGREED ORDER PERMITTING RELEASE OF EVIDENCE FOR INDEPENDENT TESTING

THIS CAUSE having come before the Court, and, pursuant to an agreement between the State and counsel for the defense, it is hereby ORDERED AND ADJUDGED as follows:

1. The below-listed evidence submissions, which are in the possession of the Delray Beach Police Department (hereinafter "DBPD") under case number 21-009966, shall be sent directly to Christopher Robinson Forensics located at 100 Bloomfield Way, Sharpsburg, GA 30277 via an appropriate shipping method for independent examination and testing:

    a. Delray Beach Police Department Case No. 21-009966

        i. Submission 11: 9MM FCC-Roadway

        ii. Submission 12: Projectile – Pantry

        iii. Submission 14: 9MM Ammunition Cartridge

        iv. Submission 19: 9MM FCC-Brasstrax

        v. Submission 25: Projectile – from Chair

        vi. Submission 27: Projectile Right Chest

        vii. Submission 28: Projectile Right Arm

        viii. Submission 29: Projectile Left Arm

Unique Code : CAA-CACCBEADBHECBG-BCAJJ-BJFEEAABB-BBDHDDD-J Page 1 of 2

I HEREBY CERTIFY THAT THIS DOCUMENT IS A TRUE AND CORRECT COPY OF A DOCUMENT THAT WAS FILED AS A COURT RECORD WITH THE CLERK OF THE CIRCUIT COURT & COMPTROLLER, PALM BEACH COUNTY.

Digitally signed by Joseph Abruzzo
Date: 2025.03.21 11:26:14 -04:00
Clerk of the Circuit Court & Comptroller, Palm Beach County
Location: 205 N Dixie Highway, West Palm Beach, FL 33401

FILED: PALM BEACH COUNTY, FL  JOSEPH ABRUZZO, CLERK  03/22/2022 03:44:28 PM

Unique Code : CAA-CACCBEADBHECBG-BCAJJ-BJFEEAABB-BBDHDDD-J  Page 2 of 2

    ix. Submission 40: Smith and Wesson M+P Shield

    x. Submission 41: Magazine

    xi. Submission 56: M+P Shield Brasstrax TF

    xii. Submission 68: Test Fires

2.   The Parties agree that Christopher Robinson Forensics shall be permitted to test-fire Submission #40 using Submission #41.

3.   At the conclusion of its testing, Christopher Robinson Forensics shall return the evidence to DBPD via an appropriate shipping method agreed upon by the DBPD and Christopher Robinson Forensics.

4.   The defendant agrees to waive any objections to chain of custody stemming from the period of time Christopher Robinson Forensics is examining the evidence. The defendant is not waiving any objections to chain of custody issues that occurred before or after the defense examination of the evidence.

DONE AND ORDERED in West Palm Beach, Palm Beach County, West Palm Beach, Florida.



502021CF007822AXXXMB 03/22/2022
Daliah H. Weiss
Circuit Judge

Copies furnished:

Courtney Behar, Assistant State Attorney, Division S, 401 N. Dixie Highway, West Palm Beach, FL 33401, Email: FELDIVS@SA15.ORG.
Andrew Benson, Assistant Public Defender, Division S, 421 3rd Street, West Palm Beach, FL 33401, Email: FELDIVS@PD15.ORG.




DEFENDANT'S EXHIBIT 2c

# Electronically Certified Court Record

This is to certify that this is a true and correct copy of the original document, which may have redactions as required by law.

## DOCUMENT INFORMATION

| | |
|---|---|
| **Agency Name:** | Clerk of the Circuit Court & Comptroller, Palm Beach County |
| **Clerk of the Circuit Court:** | The Honorable Joseph Abruzzo |
| **Date Issued:** | 3/21/2025 11:28:45 AM |
| **Unique Reference Number:** | CAA-CACCBEADBHECBG-BCAJJ-BJEFGCHGJ-BBDHDDI-E |
| **Case Number:** | 502017CF011929AXXXMB |
| **Case Docket:** | AGREED ORDER |
| **Requesting Party Code:** | 20221403174216 |

## CERTIFICATION

Pursuant to Sections 90.955(1) and 90.902(1), Florida Statutes, and Federal Rules of Evidence 901(a), 901(b)(7), and 902(1), the attached document is electronically certified by The Honorable Joseph Abruzzo, Clerk of the Circuit Court & Comptroller, Palm Beach County, to be a true and correct copy of an official record or document authorized by law to be recorded or filed and actually recorded or filed in the office of the Clerk of the Circuit Court & Comptroller, Palm Beach County. The document may have redactions as required by law.

## HOW TO VERIFY THIS DOCUMENT

This electronically certified document contains a unique electronic reference number for identification printed on each page. This document is delivered in PDF format and contains a digital signature identifying the certifier and tamper-evident seal validating this document as a true and accurate copy of the original recorded. To view the tamper-evident seal and verify the certifier's digital signature, open this document with Adobe Reader software. Instructions for verifying this instrument are available <u>for customers in the USA and Canada</u> and <u>for customers in other countries.</u>

**The web address shown above contains an embedded link to the verification page for this particular document.



Filing # 143824413 E-Filed 02/14/2022 08:03:57 AM

IN THE CIRCUIT COURT OF THE FIFTEENTH JUDICIAL CIRCUIT,
IN AND FOR PALM BEACH COUNTY, FLORIDA.
CRIMINAL DIVISION: "S"

CASE NO. 17CF011929AMB

STATE OF FLORIDA,
    Plaintiff,

vs.

JONATHAN SCHULER,
    Defendant.
_____/

## AGREED ORDER PERMITTING RELEASE OF EVIDENCE FOR INDEPENDENT TESTING

THIS CAUSE having come before the Court, and, pursuant to an agreement between the State and counsel for the defense, it is hereby ORDERED AND ADJUDGED as follows:

1. The below-listed evidence submissions, which are in the possession of the Palm Beach County Sheriff's Office (hereinafter "PBSO") under case numbers 17-024154 and 17-034900, shall be sent directly to Christopher Robinson Forensics located at 100 Bloomfield Way, Sharpsburg, GA 30277 via an appropriate shipping method for independent examination and testing:

    a. 17-024154

        i. Submission #010

        ii. Submission #014

        iii. Submission #015

State of Florida v. Jonathan Schuler
Case No. 17CF011929AMB
Agreed Order Permitting Release of Evidence for Independent Testing
Page 2 of 3

        iv. Submission #016

        v. Submission #024

    b. 17-034900

        i. Submission #017

        ii. Submission #024

        iii. Submission #036

        iv. Submission #037

        v. Submission #042

2. The Parties agree that Christopher Robinson Forensics shall be permitted to test-fire Submission #036 (17-034900) using Submission #037 (17-034900).

3. At the conclusion of its testing, Christopher Robinson Forensics shall return the evidence to PBSO via an appropriate shipping method agreed upon by the PBSO and Christopher Robinson Forensics.

4. The defendant agrees to waive any objections to chain of custody stemming from the period of time Christopher Robinson Forensics is examining the evidence. The defendant is not waiving any objections to chain of custody issues that occurred before or after the defense examination of the evidence.

State of Florida v. Jonathan Schuler
Case No. 17CF011929AMB
Agreed Order Permitting Release of Evidence for Independent Testing
Page 3 of 3

DONE AND ORDERED this 14th day of February, 2022, Palm Beach County, West Palm Beach, Florida.



_____
DALIAH H. WEISS
Circuit Judge

Copies Furnished:

Carey Haughwout, Assistant Public Defender, CareyPD@pd15.org
Reid Scott, Assistant State Attorney, rscott@sa15.org
Palm Beach County Sheriff's Office

Unique Code : CAA-CACCBEADBHECBG-BCAJJ-BJEFGCHGJ-BBDHDDI-E Page 3 of 3

THE HONORABLE TANA LIN

**DEFENDANT'S EXHIBIT 3**

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>TROY CECSARINI<br><br>Defendant. | No. CR22-184-TL<br><br>UNOPPOSED MOTION TO CONTINUE TRIAL AND PRETRIAL MOTIONS DEADLINE |

Troy Cecsarini, through counsel Jesse Cantor, respectfully requests a continuance of the trial date, currently set at February 20, 2024, to May 6, 2024. The motion to continue is unopposed by the government, and Mr. Cescarini has signed a speedy trial waiver through June 1, 2024. The reasons for the continuance are set forth below.

Mr. Cecsarini is charged in a three-count indictment charging two counts of unlawful possession of a firearm and one count of smuggling an alleged silencer. In preparation for trial, the defense has retained a firearm expert to test and inspect the alleged silencers that are charged in Count 3—alleging the smuggling of six silencers. The defense expert is based outside of Atlanta, Georgia. Since December 2023, the defense has been working with the government and the lead agents to transfer the necessary exhibits to the defense expert. However, for various logistical and scheduling reasons, the exhibits did not get transferred until early January 2024. Due to the time

UNOPPOSED MOTION TO CONTINUE TRIAL
AND PRETRIAL MOTIONS DEADLINE
(USA v. Cecsarini, CR22-184-TL) - 1

FEDERAL PUBLIC DEFENDER
1601 Fifth Avenue, Suite 700
Seattle, Washington 98101
(206) 553-1100

1  needed to reserve the space and equipment for testing, and to review the data from the
2  testing, the current trial date will need to be moved beyond February 20, 2024. Given
3  the current trial schedules of both the defense and the government, the parties agree that
4  a May 2024 trial will work best.
5       Mr. Cecsarini is out of custody and will not be prejudiced by this three-month
6  extension of time. For these reasons, the parties request the Court find that:
7       (a) taking into account the exercise of due diligence, a failure to grant a
8  continuance would deny counsel for the defendant the reasonable time necessary for
9  effective preparation, due to counsel's need for more time to review the evidence,
10 consider possible defenses, and gather evidence material to the defense, as set forth in
11 18 U.S.C. § 3161(h)(7)(B)(iv); and
12      (b) a failure to grant a continuance would likely result in a miscarriage of justice,
13 as set forth in 18 U.S.C. § 3161(h)(7)(B)(i); and
14      (c) the additional time requested is a reasonable period of delay, as the defendant
15 has requested more time to prepare for trial, to investigate the matter, to gather evidence
16 material to the defense, and to consider possible defenses; and
17      (d) the ends of justice will best be served by a continuance, and the ends of
18 justice outweigh the best interests of the public and the defendant in any speedier trial,
19 as set forth in 18 U.S.C. § 3161(h)(7)(A); and
20      (e) the additional time requested between the current trial date of February 20,
21 2024, and the new trial date is necessary to provide counsel for the defendant
22 reasonable time to prepare for trial considering counsel's schedule together with the
23 facts and representations set forth above.
24      Therefore, counsel respectfully requests a continuance of the trial date to May 6,
25 2024, with a pretrial motions deadline of March 22, 2024. Counsel agrees that the time
26

UNOPPOSED MOTION TO CONTINUE TRIAL
AND PRETRIAL MOTIONS DEADLINE
(*USA v. Cecsarini*, CR22-184-TL) - 2

FEDERAL PUBLIC DEFENDER
1601 Fifth Avenue, Suite 700
Seattle, Washington 98101
(206) 553-1100

1 | period from the date of the Court's order to the new trial date is excluded for purposes
2 | of computing the time limitations imposed by the Speedy Trial Act.
3 |     Dated this 9th day of January 2024.

Respectfully submitted,

s/ *Jesse Cantor*
Assistant Federal Public Defender
Attorney for Troy Cecsarini

UNOPPOSED MOTION TO CONTINUE TRIAL
AND PRETRIAL MOTIONS DEADLINE
(*USA v. Cecsarini*, CR22-184-TL) - 3

**FEDERAL PUBLIC DEFENDER**
1601 Fifth Avenue, Suite 700
Seattle, Washington 98101
(206) 553-1100

DEFENDANT'S EXHIBIT 4

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 24-CR-80116-AMC

UNITED STATES OF AMERICA,

    Plaintiff,

vs.

RYAN WESLEY ROUTH,

    Defendant.
_____/

## PROPOSED ORDER GRANTING DEFENSE MOTION TO COMPEL CONFIDENTIAL AND INDEPENDENT TESTING

THIS CAUSE comes before the Court upon Defense Motion to Compel Confidential and Independent Testing of to Exclude Government's Expert Testimony. The Court has considered the motion and the record, and being fully advised, it is hereby:

**ORDERED** and **ADJUDGED** that the Defense Motion to Compel Confidential and Independent Testing is **GRANTED**.

    i. The defendant may conduct a confidential, independent examination of the Norinco SKS rifle and any items removed from it by the government. The independent examination shall be conducted by the defense experts at either the defense expert's lab near Atlanta, Georgia or at a mutually agreeable federal or state facility.

    ii. The defense expert will be permitted to inspect the items, disassemble and measure parts, test fire, photograph, and otherwise test and examine the items for operability, defect evaluation, and for accuracy and distance.

    iii. The defense expert shall supply all necessary materials, items and equipment needed for testing. This includes any ammunition that will

be used to conduct the testing. The expert will have the option of using the same ammunition as the government's expert's testing or other similar commercially available ammunition of the same cartridge. Such ammunition may also be supplied by the government/FBI, at their discretion.

iv. The independent examination shall be conducted outside the presence of the assigned Assistant United States Attorney prosecution team and any other agent or officer that is involved in the case or part of the prosecution team. The government may designate an agent or evidence custodian to oversee the examination. This designated person should act as a "wall" between the Defendant's work product and the prosecution in this case. Therefore, the supervising agent or evidence custodian must not provide any records related to the independent testing, notes, reports or otherwise share any information from the testing, with the assigned Assistant United States Attorney prosecution team or any other agent or officer that is involved in the prosecution team. The designated person should keep their observations and any notes confidential. There may be an exception for advising when the testing is complete, advising that the evidence remains secure, and documenting any chain of custody forms. The supervising agent or evidence custodian must not audio or video record the independent testing. Additionally, the government may not seek to obtain any recordings of the testing from any private entity (such as the shooting range), should such a recording exist. The government should also not seek to uncover information from the defense testing without a court order.

v. The Federal Public Defender's Office for the Southern District of Florida shall pay for the shipping of the devices and firearms and any other costs incurred in testing the devices, such as any range fees, equipment fees, or other similar costs incurred by the government.

vi. Once in their possession, the defense expert is responsible for safeguarding the evidence and preserving the chain of custody in a manner to faithfully protect its integrity. The defense should photograph the evidence upon its receipt and at the conclusion of any testing. The defendant agrees to waive any objections to chain of custody stemming from the period of time the defense and defense expert is examining the evidence. The defendant is not waiving any objections to chain of custody issues that occurred before or after defense examination of evidence.

**DONE AND ORDERED** in Chambers at Ft. Pierce, Florida, this ___ day of _____ 2025.

_____
HONORABLE AILEEN M. CANNON
UNITED STATES DISTRICT JUDGE

cc:     Counsel of record