UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. <u>24-80116-CR-CANNON/McCabe</u>

**UNITED STATES OF AMERICA**

vs.

**RYAN WESLEY ROUTH,**

    **Defendant.**
    _____/

**GOVERNMENT'S REPLY IN SUPPORT OF ITS MOTION TO PRECLUDE LEGALLY PROHIBITED AND FACTUALLY BASELESS DEFENSES (ECF 119)**

Routh's Response (ECF138) makes granting the Government's motion easier *and* more critical. It makes the Court's task easier because Routh (1) promises that he "will only seek to present a legally permissible defense," (*id.*:7), yet (2) marshals no facts or case law establishing that any of the defenses we addressed in our motion are indeed permissible. He does not refute any of the cases we cited, or provide the Court an evidentiary path by which he could present to a jury defenses that the law otherwise forbids. So this Court can even more readily now grant our motion in its entirety.

But the Response also demonstrates why it is imperative for the Court to rule in advance. Routh's own statements before and after his arrest made the prospect of trial disarray clear enough, which is why we filed the motion in the first place. The Response (*e.g.,* ECF138:3 lines 12-16) removes any doubt about where we are headed unless the Court shuts down improper defense evidence and arguments.

While some topics relating to the conduct of the Defendant must be deferred, the issues we have raised in our motion – fundamentally legal ones – can and should be decided now. The landscape on these obviously flawed defenses will look no different in September than now.

1

**Argument**

Rather than engaging about the specific defenses we flagged, or the reasons we brought them to the Court's attention, Routh mostly makes a series of wider complaints. Absolutely none has merit. His cursory discussions of several specific defenses also lack merit.

**A. The Rules Obviously Do Not Allow Legally and Factually Forbidden Defenses.**

Routh contends that because he is not required by the Federal Rules to provide pre-trial "notice" about defenses such as necessity or justification or abandonment, he cannot be forced to address their availability except at a time of his choosing. Our argument (for these defenses, anyway) is not lack of notice. We are saying that they are legally and/or factually unavailable – period, full-stop, today, and tomorrow in this case.

Our motion (DE119:2-3) cites clear case law, from the Supreme Court and the Eleventh Circuit, requiring district courts to ferret out legally insufficient defenses before trial, or at minimum to insist that before arguing any defense to a jury, the defendant present or proffer evidence sufficient to meet all of the criteria for that defense. For example, in *United States v. Anderson*, 872 F.2d 1508, 1516 & n.12 (11th Cir. 1989), the Eleventh Circuit affirmed the district court's exclusion before trial of evidence supposedly relating to an apparent-authority defense that the district court found impermissible. As the panel explained: "Abundant case authority supports the proposition that a defendant's right to present a full and complete defense is not compromised by the requirement that he comply with the established rules of procedure and evidence. There are necessary limits to this right and it is axiomatic that a defendant's right to present a full defense does not entitle him to place before the jury irrelevant or otherwise inadmissible evidence." *Id.* at 1516 (citations omitted). *See also United States v. Marrero*, 219 F. App'x 892, 898-99 (11th Cir. 2007) ("Before trial commenced, the court informed Marrero that ignorance of the law is not a valid defense and that his counsel would be reprimanded if he violated the law by making that argument. Marrero then proceeded to continually reiterate his invalid defense and the court acted exactly as it forewarned: it informed the jury that Marrero was misrepresenting the law. Thus, the

2

court did not abuse its discretion by prohibiting Marrero from presenting his invalid defense to the jury.").

If Routh's objection is that this is all happening too far in advance of trial for his taste, his objection ignores this Court's detailed scheduling orders and deadlines, which set a reasonable and responsible pretrial plan to streamline this case for trial. The indictment came down eight months ago – Routh has had more than ample time. His preference to delay litigation about legally-impermissible defenses until some future moment of his choosing, whether or not compatible with the pretrial schedule this Court created after careful review of the parties' needs, is unfounded. Tellingly, Routh does not deny that facts in the record supporting the Government's concern *right now* that all of these defenses will indeed make their way to the jury unless the Court intervenes. Our motion is not a hypothetical exercise – Routh and his counsel have made clear already that they may seek to confuse this jury with improper suggestions that Routh's assassination plot was "justified" or hatched under "duress" or can be forgiven because he "abandoned" it when he fled before getting a shot off. This Court undeniably has the ability to preclude improper defenses before trial, and it should do so here.

### B. The Attorney-Client Privilege Has Nothing to Do with the Defenses that Routh Can Permissibly Present at this Trial.

Routh also refers repeatedly to the attorney-client privilege, but never – certainly not persuasively – explains why. The attorney-client privilege is not a cloak that a defendant can use to conceal and then spring legally-impermissible defenses upon a court and jury. Our motion isn't about what information Routh has shared with his counsel. It is about the information and arguments he can lawfully present to a jury publicly at trial. And that is fair game for this Court. He cites no case identifying the attorney-client privilege as a basis for allowing a criminal defendant to make improper arguments to a jury or elicit irrelevant evidence. We also are confident that whatever the boundaries of the attorney-client and work product privileges, they do not accommodate developing nullification strategies to air before the jury. *Compare, e.g., In re United States*, 945 F.3d 616, 622-30 (2nd Cir. 2019) ("[T]here is no difference between improperly

3

permitting defense counsel to argue nullification and admitting evidence for the sole purpose of encouraging nullification. … District courts have a duty to forestall or prevent such conduct." (citing *United States v. Funches*, 135 F.3d 1405 (11th Cir. 1998)).

At best this argument is simply a variation on his theme that the Court should not force him to litigate any potential defenses at this stage. But the Court's scheduling orders require both sides to reveal "work product" earlier than they might like. For example, the Court has directed the Government to file its exhibit list in July – weeks before trial (ECF 29:3; ECF 51: ¶ 6). This Court has broad discretion to require the parties to make disclosures that will facilitate a fair trial and a trial that will avoid needless delays and burden on jurors. It is not intruding upon the attorney-client privilege for a court to exclude before trial defenses that a defendant has already signaled he may pursue despite obvious legal and factual barriers.

### C. Routh's Small Effort to Say Why the Court Should Not Reject Defenses Based Upon the First Amendment, Factual Impossibility, and "Victim Blaming" Fail.

About the eight specific defenses we catalogued in our motion, Routh says very little, making the Court's task of granting our motion that much simpler. He does not engage at all about how a "justification," "necessity," or "duress" defense might be permissible here under any good faith interpretation of the discovery. He does not address in any way our request for a ruling stating up front that diminished capacity evidence (*i.e.*, evidence of any alleged lack of capacity to distinguish right from wrong) will not be allowed given the lack of an insanity defense. He is silent too about the legal inadequacy of arguing to the jury that Routh "abandoned" his already-completed crimes.

He does engage about a potential First Amendment defense. Our motion states precisely what we ask this Court to rule: Routh cannot suggest to the jury that, if it finds the Government has proven the elements of the charged offenses, it may nonetheless acquit somehow due to the First Amendment. Other courts in this District have made exactly such a ruling, including before trial. Routh says "of course" he will not argue the First Amendment is an affirmative defense (ECF 138:6), but then proposes that "[i]t is [] premature to order the omission of any mention of the First

4

Amendment at trial" because the First Amendment "may be relevant to any government introduction of Mr. Routh's letters to the press, his books, his political blog posts, his political social media posts, etc." How could it be, except to confuse the jury about its ability to consider in its deliberations Routh's statements as evidence of his crimes? Simply put, on the basis of the Defendant's concession and the law we have cited, the Court should preclude Routh from arguing that the First Amendment is a defense to the charged crimes. If he nonetheless proposes to bring up the First Amendment at trial, he should proffer beforehand how his evidence or argument will not run afoul of the Court's ruling.

The second defense Routh engages about summarily is factual impossibility. His discussion of that defense is equally off-point. We know from *Duran*, among other decisions, that impossibility is not an escape hatch for a failed assassin who set out to kill his target. *United States v. Duran*, 884 F. Supp. 577, 579-80 (D.D.C. 1995), *aff'd*, 96 F.3d 1495 (D.C. Cir. 1996). Routh does not refute *Duran* or distinguish any case law rejecting factual impossibility as a defense. Instead, he tries to revisit the Court's April 15 Order (ECF 128) rejecting his demand to develop evidence "about the capability of the firearm in question." (ECF 138:6-7). The Court put this subject, and the idea of factual impossibility of any kind as a defense, to bed in its Order, finding that Routh's demands for test-firing beyond a basic inspection for operability were "premised on a legally improper theory of factual impossibility," among other defects. (ECF128:2). Why Routh has returned to this topic is unknown, but the Court has already ruled. Moreover, to be clear, our concerns about a factual impossibility defense do not relate solely to conjectural questions about the range or accuracy of the rifle. They include any defense evidence or argument that Routh should be acquitted because circumstances *outside his knowledge or control* would have prevented the assassination that day. No case stands for the proposition, as Routh writes, that circumstances of impossibility can be relevant to what the accused believes. That is false by definition.

Finally, Routh talks about the defense of "victim-blaming" -- more correctly described, in our motion, as a defense premised on the idea that the supposed fault of third parties excused the Defendant's crimes. Routh professes to disclaim such a defense yet proceeds – most patently at

5

page 3 of his Response – to demonstrate exactly why this Court should exercise its responsibility of keeping this trial focused upon the elements of the charged offenses. We are confident the Court will read this passage authored by defense counsel and see our point. To the extent the defense is legitimately wondering what type of victim-blaming evidence we have in mind for the Court to exclude, they have done our job for us. Our motion also expressly identified other topics, and other potential targets of blame based upon defense counsel's questions at the detention hearing, which Routh cannot cite as an excuse for his own criminal acts. Ultimately, Routh's protestation that he will not be pursuing a "victim-blaming" defense, or any other form of nullification, is totally hollow on this record – the Court should rule up front that it will not allow any evidence or argument to the effect that the supposed fault of others excuses Routh's criminal conduct.

## Conclusion

For all of the foregoing reasons, the Court should grant the Government's motion and rule that all of the defenses we identify in the motion are impermissible, and that evidence and argument relating to them will be excluded. With such an order in hand, the Court and the parties can navigate during trial any particular arguments or items of evidence that the defense nonetheless feels may be allowable.

Respectfully submitted,

HAYDEN P. O'BYRNE
UNITED STATES ATTORNEY

By: /s/ *John Shipley*
John C. Shipley
Florida Bar No. 69670
Christopher B. Browne
Florida Bar No. 91337
Maria K. Medetis Long
Florida Bar No. 1012329
Assistant United States Attorneys

U.S. Attorney's Office
Southern District of Florida
99 Northeast 4th Street, 8th Floor

        Miami, Florida 33132-2111
        Telephone: (305) 961-9111
        E-mail: John.Shipley@usdoj.gov

        SUE BAI
        SUPERVISORY OFFICIAL PERFORMING THE
        DUTIES OF THE ASSISTANT ATTORNEY
        GENERAL FOR THE NATIONAL SECURITY
        DIVISION

By:  */s/ James Donnelly*
    James Donnelly, Trial Attorney
    Court ID No. A5503278
    Department of Justice, National Security Division
    950 Pennsylvania Avenue, NW
    Washington, DC 20530
    Telephone: (202) 514-0849

## **CERTIFICATE OF SERVICE**

The Government filed the foregoing document with the Clerk of the Court using CM/ECF on April 28, 2025.

        */s/ John C. Shipley*
        Assistant United States Attorney