UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 24-80116-CR-CANNON/McCabe

UNITED STATES OF AMERICA

vs.

RYAN WESLEY ROUTH,

    Defendant.
_____/

**PARTIES' JOINT REPORT REGARDING PARTIAL AGREEMENTS ON PENDING PRETRIAL MOTIONS**

Pursuant to the Court's Order (ECF 148), the parties conferred meaningfully in an effort to narrow the outstanding issues in the motions that this Court will address on Wednesday, May 14. We can update the Court as follows:

Government's Motion to Admit Potential Rule 404(b) Evidence (ECF 122):

- The defense will stipulate that Routh, at the time of the charged offenses, was a convicted felon and knew that he was a convicted felon. Due to this stipulation, the Government will not be seeking to introduce (unless the defense otherwise makes them an issue) in our case in chief evidence of Routh's 2010 stolen property convictions, or their underlying facts. The Government still seeks to admit the 2002 WMD conviction and its underlying facts; the defense still opposes this request.

- There was some question, as the Government saw it anyway, regarding what items from the box seized from North Carolina the defense objects to admitting at trial. The defense has now advised us that their objection concerns the alleged destructive device components, ammunition, the IED manual (which did not come from the box), and any similar items. The Court may therefore focus its attention on those items.

- The Defendant's response stated that he had no objection under Rule 404(b) or on relevance grounds to a variety of items, but reserved the right to make other objections. The parties have clarified that the defense is referring to trial objections including but not limited to authenticity and hearsay.

Government's Motion to Exclude Legally Improper and Factually Baseless Defenses (ECF 119)

There are several areas of apparent agreement now between the parties, as set forth below, so the Court may enter an agreed-upon order at least about them.  The Government will provide the defense and the Court with a proposed order reflecting these topics of agreement, as well as the Government's requested language on subjects as to which there is no agreement that the Court must still decide.  The defense has stated that it has the right to make any permissible argument, and introduce any evidence that is relevant and admissible, and its agreements below should not be treated as a waiver of those rights.  We do not dispute the Defendant's right to make permissible arguments and introduce evidence that is relevant and admissible.

- The defense agrees that it will not make any argument, nor offer any evidence relevant only to, a justification, necessity, duress, or excuse defense.  From the Government's perspective, a pretrial order to that effect is satisfactory, and this issue is resolved.

- The defense agrees that it will not make any argument, nor offer any evidence relevant only, to a defense of factual impossibility.  The defense says that this agreement refers to "facts unknown to Mr. Routh, which would make the crime impossible."  From the Government's perspective, a pretrial order to that effect is satisfactory, and this issue is resolved.

- The Government has asked the Court to preclude the defense from arguing, or introducing lay or expert testimony, that Routh lacked the capacity to form the mens rea required by any of the crimes charged in this case.  The defense agrees to this request, but seeks to preserve the right to cross-examine on evidence introduced by the Government about Routh's demeanor or behavior.  The Government doesn't necessarily disagree:  whether a particular defense inquiry or showing  relating to the Defendant's mental condition crosses the line, and relates primarily and impermissibly to the defendant's capacity to form mens rea, has to be decided at the time.  A pretrial order from this Court precluding the defense from arguing, or introducing lay or expert testimony, that he lacked the capacity to form the mens rea required by any of the crimes charged in this case is satisfactory to the Government for now.

- The defense agrees that it shall make no argument that the alleged conduct of the victims in this case excuses the Defendant's otherwise-proven criminal conduct.  The defense does not agree that this order should extend to other third parties (such as, for example, the Secret Service).  The defense also does not agree that this Order should limit the evidence it may offer at trial.  There is, in summary, partial agreement on this issue, but some discussion before the Court remains needed.

Defendant's Motion to Suppress (ECF117)

There is no agreement on this motion, although the parties have agreed to keep referring to civilians only by initials rather than name for now, and respectfully request that the Court do the same.

Defendant's Amended Motion to Dismiss Counts 4 & 5 (ECF123)

The defense agrees that *Rozier* – assuming it remains binding – forecloses an as-applied challenge based upon the particular circumstances of the Defendant's felony convictions.

The parties disagree about what the Defendant can say to the jury about the Second Amendment in the event the defense prevails on its motion to dismiss, but that topic can be deferred unless and until the Court grants the motion.

Finally, the Government wishes to apprise the Court of the following supplemental authority: *United States v. Duarte*, 2025 WL 1352411 (9th Cir. May 9, 2025) (*en banc*) (holding that section 922(g)(1) is not unconstitutional as applied to non-violent felons).

        Respectfully submitted,

        HAYDEN P. O'BYRNE
        UNITED STATES ATTORNEY

By:    /s/ *John Shipley*
        John C. Shipley
        Florida Bar No. 69670
        Christopher B. Browne
        Florida Bar No. 91337
        Maria K. Medetis
        Florida Bar No. 1012329
        Assistant United States Attorneys

        U.S. Attorney's Office
        Southern District of Florida
        99 Northeast 4th Street, 8th Floor
        Miami, Florida 33132-2111
        Telephone: (305) 961-9111
        E-mail: John.Shipley@usdoj.gov

           SUE BAI
           SUPERVISORY OFFICIAL PERFORMING THE
           DUTIES OF THE ASSISTANT ATTORNEY
           GENERAL FOR THE NATIONAL SECURITY
           DIVISION

By:  */s/ James Donnelly*
    James Donnelly, Trial Attorney
    Court ID No. A5503278
    Department of Justice, National Security Division
    950 Pennsylvania Avenue, NW
    Washington, DC 20530
    Telephone: (202) 514-0849

**CERTIFICATE OF CONFERRAL AND SERVICE**

The Government filed the foregoing document with the Clerk of the Court using CM/ECF on May 12, 2025. Defense counsel reviewed this joint filing beforehand.

           */s/ John C. Shipley*
           Assistant United States Attorney