UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. <u>24-80116-CR-CANNON/McCabe</u>

UNITED STATES OF AMERICA

vs.

RYAN WESLEY ROUTH,

      **Defendant.**

_____/

<u>ORDER GRANTING IN PART GOVERNMENT'S MOTION TO PRECLUDE LEGALLY PROHIBITED AND FACTUALLY BASELESS DEFENSES (ECF 119)</u>

**THIS MATTER** comes before the Court upon the United States' Motion to Preclude Legally Prohibited and Factually Baseless Defenses (ECF No. 119). The Defendant opposed this motion (ECF No. 138) and the Government filed a reply (ECF No. 142). The parties subsequently conferred and reached agreement on certain matters. Having reviewed the pleadings, heard oral argument from the parties on May 14, 2025, and being fully advised in the premises, it is hereby **ORDERED** that the motion is **GRANTED IN PART** as set forth below:

1. The Defendant shall make no argument, nor offer any evidence, relevant only to a defense of justification, necessity or duress, or any other defense that seeks to excuse his proven criminal conduct.

2. The Defendant shall not argue that the First Amendment is a defense to the criminal charges in this case, nor argue or seek to elicit testimony that the First Amendment forbids the jury from considering his statements as evidence of the charged offenses. The Court will consider at trial requests from the parties for an appropriate jury instruction regarding the First Amendment.

3. The Defendant shall make no argument, nor offer any evidence, relevant only to a defense of factual impossibility (of facts unknown to the Defendant).

4. The Defendant shall make no argument, nor offer any evidence, that the alleged conduct of any third party, including any victims in this case, excuses the Defendant's otherwise-proven criminal conduct. To the extent the Defendant seeks to make argument about or offer evidence relevant only to the actions of third parties that are not related to the Defendant's alleged criminal acts charged in this Indictment, the Defendant shall seek leave of Court beforehand.

5. The Defendant shall make no argument, nor offer any evidence relevant only to, inspiring the jury to exercise its power of nullification, or argue jury nullification during closing argument. *United States v. Funches*, 135 F.3d 1405, 1408-09 (11th Cir. 1998).

6. The Defendant is prohibited from arguing, or introducing lay or expert testimony, that he lacked the capacity to form the mens rea required by any of the crimes charged in this case. This is required by the defense's decision not to file a notice of insanity defense under Fed. R. Crim. P. 12.2. *See* ECF 91 (requiring the filing of any notice of insanity defense by February 3, 2025). In addition, because the defense decided not to provide notice of any expert testimony relating to the Defendant's mental health, as required by Rule 12.2 and this Court's Order (ECF 91), the Defendant is prohibited from offering at trial expert evidence relating to a mental disease or defect or any other mental condition of the Defendant allegedly bearing upon his guilt.

**DONE AND ORDERED** in Chambers in Fort Pierce, Florida, this ___ day of _____ 2025.

	**HONORABLE AILEEN M. CANNON**
	**UNITED STATES DISTRICT JUDGE**