UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. <u>24-80116-CR-CANNON/McCabe</u>

UNITED STATES OF AMERICA

vs.

RYAN WESLEY ROUTH,

      **Defendant.**
_____/

**PARTIES' JOINT REPORT ON JURY SELECTION PROCEDURES AND PROPOSALS**

      As directed by the Court (ECF No. 91), the parties submit the following Joint Report on Jury Selection Procedures and Proposals. On Wednesday, June 11, the Government provided defense counsel with a detailed list of proposed jury selection procedures. The defense responded by agreeing to most of the proposed procedures with some proposed modifications. Below is an itemized list of the proposed procedures, with defense counsel's proposed modifications noted. Defense counsel has reviewed this Report in advance of filing.

**PROPOSED PROCEDURES**

      1)    The parties jointly request that the Court direct the Clerk's Office to mail jury questionnaires to the prospective jurors, in advance of trial. The Government requests that questionnaires be mailed to 80 prospective jurors; the defense requests that it be mailed at least 100 and not greater than 120 prospective jurors.

      2)    The Government agrees with the Court that the proposed jury questionnaire and ten voir dire questions (*see* ECF No. 91 at 7) should be filed under seal. The defense objects to the filing of the proposed jury questionnaire under seal.

3) The parties request that questionnaires be marked "Confidential." The Government proposes the following language be inserted in the preamble to the questionnaire:

> It is important that you understand that the Court is sensitive to your privacy. The information contained in your answers will be used only by the Court and the parties to select a fair and impartial jury. The parties are under Court order to maintain the confidentiality of any information they learn from reviewing answers to this questionnaire.

4) The parties jointly request that the Court advise prospective jurors at the time of voir dire that their names will be anonymized (*i.e.*, not used in open court during any phase of the trial) and that they will be referred to only by their randomly assigned juror number or some other number assigned by the Court (*see* Eleventh Circuit Pattern Instructions, Criminal Preliminary Instruction No. 2).

5) The parties jointly request that the questionnaires direct the prospective jurors to return the questionnaires to the Clerk's office in advance of trial but no later than Monday August 25.

6) The parties jointly request the opportunity to review the questionnaires in the Fort Pierce Courthouse, or in some other manner as directed by the Court and the Clerk's office, in advance of September 8 jury selection, in which case we anticipate jury selection taking all of Monday and Tuesday. If not feasible, we ask that the Court allow the parties to review the questionnaires the morning of September 8, with jury selection to begin at noon on that day, in which case we anticipate jury selection taking all of Monday and Tuesday and potentially Wednesday morning. The defense additionally proposes a hearing in advance of September 8 to address cause challenges; the Government does not agree and believes cause challenges are better addressed in the presence of the venire, and not based solely on answers provided to the questionnaire.

Additionally, the defense submits that if pretrial publicity is not discussed and disclosed in the jury questionnaire that jury selection in court will likely take at least one full week.

7) The parties will submit by July 28 ten questions for the Court to ask during voir dire (ECF No. 91 at 7).

8) The Government will comply with the Court's order to file the above-referenced ten questions under seal (ECF No. 109 at 4); the defense objects to the filing of these questions under seal.

9) The parties jointly propose that ninety minutes before the start of jury selection, each side orally proposes follow-up questions based on specific jurors' responses or non-responses to questionnaire items and request that these questions be asked by the Court.

10) The parties jointly propose that an attorney from each side be allotted 20 minutes to address any additional follow-up questions based on prospective jurors responses to the ten proposed voir dire questions.

11) The parties jointly propose that the Court empanel 4 alternate jurors.

12) The parties jointly propose that each side be allotted 6 and 10 peremptory challenges, respectively, per Fed. R. Crim. P. 24(b)(2).

Respectfully submitted,

HAYDEN P. O'BYRNE
UNITED STATES ATTORNEY

By: /s/ *Christopher B. Browne*
John C. Shipley

          Florida Bar No. 69670
          Christopher B. Browne
          Florida Bar No. 91337
          Maria K. Medetis
          Florida Bar No. 1012329
          Assistant United States Attorneys

          U.S. Attorney's Office
          Southern District of Florida
          99 Northeast 4th Street, 8th Floor
          Miami, Florida 33132-2111
          Telephone: (305) 961-9111
          E-mail: John.Shipley@usdoj.gov

          SUE BAI
          SUPERVISORY OFFICIAL PERFORMING THE
          DUTIES OF THE ASSISTANT ATTORNEY
          GENERAL FOR THE NATIONAL SECURITY
          DIVISION

     By: */s/ James Donnelly*
          James Donnelly
          Court ID No. A5503331
          Department of Justice, National Security Division
          950 Pennsylvania Avenue, NW
          Washington, DC 20530
          Telephone: (202) 514-0849
          Email: james.donnelly3@usdoj.gov

## **CERTIFICATE OF SERVICE**

  **I HEREBY CERTIFY** that I electronically filed the foregoing document with the Clerk of the Court using CM/ECF on June 13, 2025.

                */s/ Christopher B. Browne*
                Assistant United States Attorney