UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

CASE NO. 24-80116-CR-CANNON

**UNITED STATES OF AMERICA**,

    Plaintiff,

v.

**RYAN WESLEY ROUTH,**

    Defendant.
_____/

## ORDER

**THIS MATTER** comes before the Court upon Defendant's Sealed "Motion to Unseal Docket Entry 168, Motion for Public Proceedings, and Motion for Appearance by Video" [ECF No. 171]. Docket entry 168 is a sealed order issued on June 10, 2025, setting a sealed status conference to take place on June 18, 2025, at 1:00 PM in the Fort Pierce Division [ECF No. 168]. The status conference is scheduled to discuss jury selection procedures in advance of trial beginning on September 8, 2025, including the parties' public jury-selection proposals and sealed joint proposed jury questionnaire [ECF No. 168; *see* ECF No. 172].[1] Separately, on June 13, 2025, Defendant filed, under objection, a Motion to Seal the parties' joint proposed jury questionnaire, acknowledging the Court's prior restriction on public disclosure of the questionnaire itself [ECF No. 175 (referencing ECF No. 109)]. In both pending motions related to sealing, Defendant contends that sealing of any hearing or document/filing related to jury selection "violates his Sixth Amendment right to a public trial and his First Amendment rights" [ECF No. 175 p. 1]. The United

---

[1] Upon defense motion, Defendant Routh will appear at the conference [ECF No. 174].

States opposes unsealing of the questionnaire as well as the Court's Order at docket entry 168 [ECF No. 175 p. 1; ECF No. 171 p. 4].

Upon review of Defendants' pending motions related to sealing, it is **ORDERED AND ADJUDGED** as follows:

1. Defendant's "Motion to Unseal DE 168, Motion for Public Proceedings, and Motion for Appearance by Video" [ECF No. 171] is **GRANTED IN PART** as follows.

    a. The request by Defendant to appear by video at the June 18, 2025, status conference was denied by separate Order [ECF No. 174], to be unsealed as directed herein.

    b. The Clerk is **DIRECTED TO UNSEAL** docket entries 168, 170, 171, and 174.

    c. Subject to continued evaluation as this proceeding continues, the request by Defendant to unseal (on a pre-jury selection basis) all matters and hearings related to jury selection, including the proposed jury questionnaire, is addressed as follows.

    d. Part I of the status conference on June 18, 2025, will take place in an unrestricted, public format, and will consist of a discussion regarding general logistics and proposals related to jury selection as explored in the parties' public Report Regarding Jury Selection Procedures and Proposals [ECF No. 172].

    e. Part II of the status conference will proceed in sealed session and focus on a substantive discussion of the proposed juror questionnaire itself, which the parties filed under seal in accordance with the Court's Order [ECF Nos. 109, 177].

    f. The Court finds, at this juncture, that sealing Part II of the status conference is a necessary and sufficiently tailored means of avoiding the significant risk of tainting the jury pool from pre-trial dissemination of substantive questions proposed for inclusion in a jury questionnaire.[2] In reaching this determination, the Court has balanced Defendant's and the public's strong interest in openness of judicial proceedings against the critical need to ensure a fair, uncontaminated, and impartial jury pool in this case of high public interest. *See Press-Enter. Co. v. Super. Ct. of Cal.*, 464 U.S. 501, 505, 510 (1984); *Presley v. Georgia*, 558 U.S. 209, 212–213 (2010); *United States v. Tsarnaev*, 595 U.S. 302, 313 (2022).

    g. Jury selection will be public, subject to appropriate and tailored limitations as necessary.

    h. Docket entry 177 (Proposed Jury Questionnaire) **SHALL REMAIN SEALED** until the jury has been sworn.

2. Defendant's Motion to Seal Joint Proposed Jury Questionnaire (Over Defense Objection) is **GRANTED** [ECF No. 175]. The Court denies Defendant's embedded

---

[2] *See United States v. Campa*, 459 F.3d 1121, 1149 (11th Cir. 2006) (noting the trial court "comported with the highest standards of fairness and professionalism" when it, among other things, "prevented the media from accessing voir dire questions by sealing them during jury selection"); *United States v. Koubriti*, 252 F. Supp. 2d 424, 429 (E.D. Mich. 2003) (explaining that limited closure of voir dire was needed to "prevent the contamination of [the venire] pool, in order to assure that a fair and impartial jury will be selected"); *United States v. Menendez*, No. 15-cr-155, ECF Nos. 37, 182, 198, 202 & 203 (D.N.J. July 1, 2015; June 21, 2017; Aug. 24, 2017; Aug. 25, 2017 (reflecting no public pre-trial filing of proposed or final jury questionnaire); *United States v. Rodriguez*, No. 2:04-cr-55, 2006 WL 8438023 at *2 (D.N.D. June 29, 2006); *United States v. Nacchio*, No. 05-cr-545, 2007 WL 9723305 at *3 (D. Colo. Jan. 25, 2007).

CASE NO. 24-80116-CR-CANNON

    objection to sealing the jury questionnaire, for the reasons stated in this Order [*see* ECF No. 109 ¶ 10; ECF No. 168].

3. Defendant's Motion to Seal Defendant's Motion at DE171 (over defense objection) is **DENIED AS MOOT** [ECF No. 169]. The embedded objection to sealing the jury questionnaire is denied.

4. No other matter related to sealing is ruled upon in this Order.

5. **This Order shall be filed publicly**.

**ORDERED** in Chambers in Fort Pierce, Florida, this 17th day of June 2025.

**AILEEN M. CANNON**
**UNITED STATES DISTRICT JUDGE**

cc:    counsel of record

4