UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

CASE NO. 24-80116-CR-CANNON

**UNITED STATES OF AMERICA**,

    Plaintiff,

v.

**RYAN WESLEY ROUTH**,

    Defendant.
_____/

**ORDER GRANTING IN PART AND DENYING IN PART UNITED STATES' MOTION TO PRECLUDE LEGALLY PROHIBITED AND FACTUALLY BASELESS DEFENSES**

**THIS MATTER** comes before the Court upon the United States' Motion to Preclude Legally Prohibited and Factually Baseless Defenses (the "Motion") [ECF No. 119]. The Court has considered the Motion, Defendant's Response [ECF No. 138], the United States' Reply [ECF No. 142], and the parties' Joint Revised Proposed Order [ECF No. 159-1]. The Court also held a hearing on the Motion [ECF No. 163]. Fully advised in the premises, the Motion is **GRANTED IN PART** and **DENIED IN PART** in accordance with this Order.

\* \* \*

The United States seeks to preclude Defendant from pursuing the following eight defenses at trial: justification, duress, First Amendment, factual impossibility, victim-blaming, nullification, diminished capacity, and abandonment [ECF No. 119]. After the Motion was fully briefed [ECF Nos. 138, 142], the parties filed a Joint Notice Regarding Partial Agreements on the Motion [ECF No. 150] and aired their views during a hearing [ECF No. 163 pp. 42–71]. The Court ruled on some issues on the record and ordered the parties to confer and submit an updated proposed

order [ECF No. 163 p. 64]. The United States thereafter filed a proposed order, to which Defendant indicated remaining disagreement [ECF Nos. 154, 154-1]. The Court then permitted an additional filing to clarify any contested language [ECF No. 157]—leading ultimately to the most current revised proposal on which this Order is now based [ECF Nos. 159, 159-1 (proposed order)].

Upon review of the full record on the Motion, the Court hereby **ORDERS** and **ADJUDGES** as follows:

1. The United States' Motion [ECF No. 119] is **GRANTED IN PART** and **DENIED IN PART** as set forth below.

2. Defendant shall make no argument, nor offer any evidence, relevant only to a defense of justification, necessity, or duress, or any other defense that seeks to excuse his proven criminal conduct.

3. Defendant shall not argue that the First Amendment is a defense to the criminal charges in this case, nor argue or seek to elicit testimony that the First Amendment forbids the jury from considering his statements as evidence of the charged offenses. The Court will consider at trial requests from the parties for an appropriate jury instruction regarding the First Amendment.

4. Defendant shall make no argument, nor offer any evidence, relevant only to a defense of factual impossibility (of facts unknown to the Defendant).

5. Defendant shall make no argument about, nor offer any evidence relevant only to, the alleged conduct of any third party, including any alleged victims in this case, to excuse Defendant's otherwise-proven criminal conduct. To the extent Defendant seeks to make argument about or offer evidence relevant only to the actions of third parties that

    are not related to Defendant's alleged criminal acts charged in the Indictment [ECF No. 21], Defendant shall seek leave of Court beforehand.

6. Defendant shall make no argument, nor offer any otherwise irrelevant evidence, to inspire the jury to exercise its power of nullification, or argue jury nullification during closing argument. *United States v. Funches*, 135 F.3d 1405, 1408-09 (11th Cir. 1998).

7. Defendant is prohibited from arguing, or introducing lay or expert testimony, that he lacked the capacity to form the mens rea required by any of the crimes charged in this case. The Court's December 23, 2024, Order required Defendant to file a "notice of an insanity defense, notice of expert evidence of a mental condition, or motion for mental competency or for relief related to Defendant's mental condition" on or before February 3, 2025 [ECF No. 91 p. 6 (citing Fed. R. Crim. P. 12.2)]. Defendant did not transmit any such notice by that deadline. Defense counsel acknowledged the absence of any such notice at the March 7, 2025, Status Conference, affirming that Defendant is not relying on an insanity defense or a mental-health defense [ECF No. 107 p. 33]. Defense counsel again agreed at the May 14, 2025, Motion hearing that "[w]e agree not to argue insanity or diminished capacity" [ECF No. 163 p. 66]. In light of Defendant's failure to notice an insanity or mental-health defense in accordance with the Court's Order, Defendant is prohibited from relying on any such defense or introducing any evidence in support of such a defense. *See* Fed. R. Crim. P. 12.2(d). Nothing in this Order shall be construed to limit the defense's ability to cross-examine witnesses on Defendant's demeanor or behavior.

8. In line with the Court's oral ruling at the hearing [ECF No. 163 p. 71], the Court declines at this stage to preclude any defense of abandonment as a matter of law or to

CASE NO. 24-80116-CR-CANNON

exclude proposed evidence or argument relating to a theory of abandonment. Such arguments/objections should be raised via proper motion, consistent with the Court's Scheduling Order, and/or at trial in the context of particularized evidence. Nothing in this Order should be construed as a ruling on the permissibility of an abandonment defense to the charges in this case.

**ORDERED** in Chambers in Fort Pierce, Florida, this 20th day of June 2025.

**AILEEN M. CANNON**
**UNITED STATES DISTRICT JUDGE**

cc: counsel of record