United States District Court
Southern District of Florida

Case NO. 24-80116-CR-CANNON/Mccabe



FILED BY XCA D.C.

JUL 18 2025

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - FT. PIERCE

United States of America

Vs.

Ryan Wesley Routh
defendant


Defendants Response to Motion in Limine

The defendant respectfully moves this court to recognize that the prosecution is making every attempt in this motion to silence the defense in every fashion. One of teh hallmarks of this nation is the first amendment that grants latitude in free speech which should logically transfer to it's most important institution- the courts. Rule 102 on Purpose states that we should ber fair to the end of ascertaining the truth and securing just determination. This seems only possible by giving the jury all of the information and not just cherry-picking that which the prosecution enjoys.

Side-note:
This response is prepared in great hsat haste, as it was just recieved and having just read rule 49, it seems that I cannot file anything electronically yet, so this must go out in a few hours in hopes that it reeie reaches the court when it is due. If the court appointed attorneys have submitted a document that may be used that would be wonderful.

I hope that we can adhere to the first sentence of the second paragraph on page 3 stating-" generally true that evidence should not be excluded in Limine". Just as part of that sentence has been left out you can plaihyysee plainly see that without all the text and information one does not get the full picture.

Arguments-

1- It is simply absurd and illogical to suggest one can pull a sentence or a page from a document and think you can exclude it's context. That is totally unreasonable. Do not use the document if you cannot present it in it entirety as it was meant. Will you be presenting half of the gun, or just a few parts, just segments of your witness testimony that you prefer; just parts of photos, but not all; just half of a photo. In items 1, 2, and 3 you propose to extract just the segment that suits your need and attempt to exclude the balance- I am told that we are using the same suace/sauce for the goöse/goose and teh/the gander- is that not corredt. If you wish to pull just one page from teh Dear World letter how will the jury have any idea how that one page fits, if they cannot read teh/the balance. It is bizarre.

I do suggest that we adhere to the" rule of completeness"--is justice not supposed to ber blind and fair and be presented all of the evidence, not just part. How can my out-of -court statements be inadmissible hearsay--it is not even hearsay--it is direct factual comments from the horses' mouhh/mouth. And why can I not argue state of mind--that is the whole case; would you like for the defense to be totallyy mute; and a self-serving declaration; what type of evidence shall the defense preent/present if it is not self-serving--shall it sever== serve you.
The cases that you cite, I do not see any relevance as you depict- perhaps there is more data available that I do not have, but Ramirez 658 by Patrick White is merely a denial of post conviction relief and says nothing about excluding materials as not relevant. Are we just citing random cases.
Likdwise the reference of the Camejo 929 case--suggesting-"evidence of good conduct is not admissible to negate criminal intent"--only speaks that the courts failure to give theory of defensee instructions to the jury is not a violation of due prosess- that is all. Who did you rely on to pull these cases? Many of the cases I could not even locate.
Howefer Rule 106 plainly states- If a party introduces all or part of a statement, and adverse party may require the introduction at that time of any other part or any other statement -in fairness ought to be considered at the same time. The Adverse party/may do so over hearsay objection.
It seems rule 106 negates all of numbers 1,2,3 andmaybe 4 and 5. And how can one besmirch the Presidents morals when he has none.
3- It would seem that editing or trimming any letter or document for just your need would be illegal such as what was done at 60 minutes on CBS- wasn't that worth 30 or 40 million--goose, gander; you just cry foul/fowl when it suits you.
4- So you wish to die-tag dictate our witnesses; wow; you want ot exclude our sniper expert and now all witnesses- do we even need to show up??? This is a new DOJ, Trump, Bondi, Bove court- oh yes, forgot, revenge, ---why are you so fearful of current events, basic news adn teh truth--is it that painful. You want to exclude the entire outside world-brilliant-childish- what are you afradd of. You might get fired? Just quit. This case is not in a vaccuum. You are in some fantasy if youu think nothing is connected.
If witnesses have valuable information the jusry should hear it. Why not let the jusry/jury decide what they wish to hear.
5-(and 3) Character is the whole of this entire case--there is nothing else. If one argues lack of intent then that totally hinges on character and character alone; to ones brain, to pjne ones thinking and morals and character only- nothing else. Do you not wish to throw open that door- it is so appealing. Come on let's go., Character is all there is--nothing else in teh world matters. If we cannot discuss character then there is nothing to discuss. Character is teh only reason wer are all here- nothing else; if we every one had character we would all be at home right now and happy and on track, but no. So/so yes, we should speak of character. I do not see much issue with numbers 6,8 and 9 at a glance.
7 however seems a little rigid as it again speaks to character and that alone makes it of value, but if I must trade for the whole of character; I will trade 6,7,8,9 for character.    Ryan Routh