UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.   24-80116-CR-CANNON

UNITED STATES OF AMERICA,

    Plaintiff,

vs.

RYAN WESLEY ROUTH,

    Defendant.

_____:

**MOTION FOR TERMINATION OF APPOINTMENT OF COUNSEL**

    The Federal Public Defender, through undersigned counsel, requests this Court terminate its' appointment as counsel for Defendant, Ryan Wesley Routh, because the attorney-client relationship is broken and Mr. Routh will neither meet with undersigned counsel nor speak with undersigned counsel, making it impossible for counsel to fulfill their ethical duties required by the Florida Bar. As such, an actual conflict exists that mandates our request for withdrawal.

    Yesterday, July 22, 2025, undersigned counsel traveled to the Federal Detention Center in Miami to meet with Mr. Routh and discuss various issues, including his recent letter to the Court and the possibility of our continued representation as standby counsel. While undersigned counsel was on the train to Miami, BOP legal staff emailed to advise that Mr. Routh refused our scheduled, in-person legal visit. Undersigned counsel continued our trip to the detention

1

center in Miami and upon arrival asked BOP staff to inform Mr. Routh that his counsel was present, in person, and wished to meet with him. The BOP staff advised that they informed Mr. Routh three times this morning that his counsel was physically present at the detention center and wished to meet with him. The BOP staff advised Mr. Routh refused our legal meeting and has refused all meetings with personnel from our office.

Mr. Routh has now refused six attempts from members of our office/the defense team to meet with Mr. Routh. As a result, undersigned counsel submits that the attorney-client relationship is irreconcilably broken. It is clear that Mr. Routh wishes to represent himself, and he is within his Constitutional rights to make such a demand. As the Supreme Court stated in Faretta:

> it is one thing to hold that every defendant, rich or poor, has the right to the assistance of counsel, and quite another to say that a State may compel a defendant to accept a lawyer he does not want. The value of state-appointed counsel was not unappreciated by the Founders, yet the notion of compulsory counsel was utterly foreign to them. And whatever else may be said of those who wrote the Bill of Rights, surely there can be no doubt that they understood the inestimable worth of free choice.

*Faretta v. California*, 422 U.S. 806, 833-34, 95 S. Ct. 2525, 2540 (1975). While the Court has discretion to appoint our office as standby counsel, the circumstances now present prevent our office from continuing our representation, including in a standby capacity. Our position is that if the Court believes standby counsel should be appointed then the Court should appoint an attorney from the Criminal Justice

Act (CJA) list.

Florida Bar Rule 4-1.16 requires an attorney to withdraw or terminate representation when the continued representation would violate the Florida Bar Rules. Florida Bar Rule 4-1.4 requires attorneys to engage in the following communication:

> **(a) Informing Client of Status of Representation.** A lawyer shall:
>
> (1) promptly inform the client of any decision or circumstance with respect to which the client's informed consent, as defined in terminology, is required by these rules;
>
> (2) reasonably consult with the client about the means by which the client's objectives are to be accomplished;
>
> (3) keep the client reasonably informed about the status of the matter;
>
> (4) promptly comply with reasonable requests for information; and
>
> (5) consult with the client about any relevant limitation on the lawyer's conduct when the lawyer knows or reasonably should know that the client expects assistance not permitted by the Rules of Professional Conduct or other law.
>
> **(b) Duty to Explain Matters to Client.** A lawyer shall explain a matter to the extent reasonably necessary to permit the client to make informed decisions regarding the representation.

Mr. Routh's refusal to meet with counsel has made it impossible for us to fulfill these obligations. Importantly, the commentary to Florida Bar Rule 4-1.2 states that an attorney engaging in limited representation, such as standby counsel, "owes the client all attendant ethical obligations and duties imposed by the Rules Regulating The Florida Bar, including, but not limited to, duties of competence, communication, confidentiality and avoidance of conflicts of interest." Because Mr. Routh will not meet or speak with undersigned counsel, we cannot satisfy our ethical obligations as appointed counsel or standby counsel.

The allegations made in DE 202 also warrant the withdrawal of undersigned counsel pursuant to Florida Bar Rules 4-1.6(b)(2), 1.6(b)(3) and 1.6(b)(5). Because these allegations involve attorney-client privilege, undersigned counsel will not detail these arguments at this time.

Prior to filing this motion undersigned counsel consulted with the Federal Public Defender, Hector Dopico, and with an ethics attorney outside of our office. It is based on these consultations that we are now moving to withdraw from all representation of Mr. Routh. Undersigned counsel respectfully requests the Court set this motion for a hearing on Thursday, July 24, 2025.

On July 22, 2025, undersigned counsel conferred with the government regarding their position on our conflict and motion to withdraw. The government takes no position on the Defense's motion to withdraw, since the Court is addressing Routh's representation generally later this week, including the Public

4

Defender's role as actual or standby counsel. The government still objects to any relief changing the current trial date.

                    Respectfully submitted,

                    HECTOR A. DOPICO
                    Federal Public Defender

                    *s/ Kristy Militello*
                    Kristy Militello
                    Assistant Federal Public Defender
                    Attorney for the Defendant
                    Florida Bar No. 0056366
                    250 South Australian Avenue, Suite 400
                    West Palm Beach, Florida 33401
                    (561) 833-6288 - Telephone
                    Kristy_Militello@fd.org

## CERTIFICATE OF SERVICE

I hereby certify that on July 23, 2025, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

                    *s/ Kristy Militello*
                    Kristy Militello