**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. <u>24-80116-CR-CANNON/McCabe</u>**

**UNITED STATES OF AMERICA**

vs.

**RYAN WESLEY ROUTH,**

    **Defendant.**

    _____/

<u>**GOVERNMENT'S REPLY SUPPORTING ITS MOTION IN LIMINE (ECF No. 191)**</u>

    Both the Defendant acting *pro se* (ECF No. 198), and his former (now standby) appointed counsel (ECF No. 200), have filed responses to the Government's motion in limine (ECF No. 191) ("Motion"). Routh asserts that the Motion should be denied because "the first amendment [] grants latitude in free speech" at trial and because "[i]f we cannot discuss character then there is nothing to discuss" (ECF No. 198:1-2). Counsel make several objections, but primarily resort to the continued refrain (rejected by this Court already) that any pre-trial rulings requiring scrutiny of defense arguments are improper. That is mistaken – so too is the odd claim that the Government has not identified specific pieces of evidence at issue. As outlined below, to the best of our ability lacking a defense exhibit list, we have done so. And our arguments are more persuasive in light of the Defendant's decision to represent himself – this Court has a responsibility to ensure that trial does not become a circus, and that the jury is not burdened and distracted by plainly inadmissible evidence.

    In this reply, we will first address the main arguments of Routh's standby attorneys, and then briefly address Routh's *pro se* response. None of their objections has merit.

I. **The Government's Motion, to the extent possible, focuses on specific items of evidence.**

We have no exhibit list from the defense, and they have refused to inform the Court of matters as simple as whether Routh was at the golf course on September 15, 2024. Against this backdrop, and the July 8, 2025 deadline, we did our best to address particular items of evidence that the Government seeks to introduce, or that we know from the Defendant's discovery index (attached to ECF No. 191-1) that the defense may introduce. To wit, we specifically identified:

- Routh's statements in his self-published "books" and other writings, including those identified in the Defendant's discovery index (ECF Nos. 191:6-7; 191-1)
- Routh's hearsay statements in the "Dear World" letter beyond those the Government will offer (ECF No. 191:7-8)
- Routh's character evidence (essentially the entirety of his defense discovery, ECF Nos. 191:10; 191-1)
- Text messages from Tina Cooper (ECF No. 191:12)
- Routh's attempts to make punishment an issue, as reflected by pre-trial statements we have every reason to think Routh will make at trial if allowed (ECF No. 191:15)

II. **Motions in limine help district judges manage trials and minimize the burden of a trial on jurors.**

The Eleventh Circuit has repeatedly affirmed district courts granting motions in limine of exactly the kind we have filed.[1] The defense's complaint that we seek "advisory" rulings is a canard – every ruling in limine is "advisory" in the sense a court can revisit it during trial. But the whole idea of this exercise – as the Court of Appeals explains – is to reduce the burden on jurors from excessive delays during trial and to keep everyone focused upon the genuine issues. To the extent there are matters a court can address before trial, it is required to do so. "[I]f the court

---

[1] *See* ECF No. 191:2-3; *see also, e.g.*, *United States v. Aguinaga*, 643 F. App'x 858 (11th Cir. 2016) (affirming district court's granting of motion in limine); *United States v. Singletary*, 345 F. App'x 466 (11th Cir. 2009) (same); *United States v. Harrison*, 534 F.3d 1371 (11th Cir. 2008) (same); *United States v. Rice*, 259 F. App'x 300 (11th Cir. 2007) (same); *United States v. Robinson*, 180 F. App'x 92 (11th Cir. 2006) (same).

determines that the defendant's proffered evidence is irrelevant or otherwise inadmissible, it should issue a ruling in limine precluding the introduction of that information at trial." *United States v. Baptista-Rodriguez*, 17 F. 3d 1354, 1363 (11th Cir. 1994).

In addressing the topics raised by the Government's Motion, we propose that the Court ask these questions when addressing items of defense discovery:

- What possible basis exists for admitting the item?  And is that basis legally permissible, including under this Court's prior orders?  If not, it should be excluded.

- Will the jury, the Court, and the parties benefit from a ruling setting boundaries that are required by prior Orders or the case law for a defendant seeking to admit evidence (such as self-serving hearsay)?  If so, the Court should make such rulings in advance even if not focused upon specific items of evidence.

- If the admissibility of an item or argument is unclear, will allowing the defense to refer to the subject in opening statement or witness questioning – or any time before the Court actually rules – let the cat out of the bag in such a way that the damage cannot be undone?  If so, the Court should exercise its discretion to preclude references until the issue is ripe for a decision.

Likewise, in addressing the items of Government evidence as to which we seek a ruling admitting them now, the Court can ask:

- Is there actually a cogent defense objection?

- If so, will the landscape for the issue really be any different during trial, and if not, is it more fair to the jury and the parties, for clarity and efficiency, to tackle the issue now?

Finally, a word about counsel's repeated claim that deciding these topics before trial impinges upon Routh's right to present a defense and upon his standby lawyers' work product: this Court has ordered the Government to make strategic disclosures about its case well in advance of trial, to the point of deciding in advance the admissibility of potential Rule 404(b) evidence. The Court has also directed the Government to provide its exhibit and witness lists approximately two months before trial.  We understand those requirements – because we recognize that the Court

3

correctly wishes to reduce the burden on jurors of a needlessly lengthy trial and to manage what happens in its courtroom. But those requirements cannot be imposed only upon the Government – especially because it is the Defendant's evidence that is most likely to upend this trial by injecting irrelevant and prejudicial facts unrelated to the actual charges.

### III.     Counsel's substantive arguments are unpersuasive.

None of the substantive legal arguments raised by counsel about the Government's in limine requests has merit.

a. <u>Defendant's hearsay (ECF No. 191:3-7)</u>: Counsel accuses us of asking the Court to rule in a vacuum. That is false; our Motion does the best it can at this stage to identify and exclude writings Routh apparently seeks to introduce (such as his discovery materials and excerpts from his books). Most telling is that the defense does not refute any of the Government's legal arguments. This is a situation where the Court can, and should, at minimum set guideposts for when the defense seeks to introduce Routh's own hearsay. They apparently intend to, since the response does not deny that he will offer exactly the kind of statements that we seek to exclude.

To be clear, hearsay is only one of the likely problems with these statements – most or all of them are likely to violate other orders of this Court, such as the Order barring a so-called justification defense (ECF No. 181). But it is proper for the Court to make clear in advance, for the benefit of counsel and Routh himself, that the law does not allow a defendant to introduce his own statements in a way the prosecution may offer them against him.

b. <u>"Dear World" letter (ECF No. 191:7-8)</u>: In a striking about-face, the defense now suggests that this item – which it previously conceded was relevant, if not fully admissible[2] – should

---

[2] At the hearing on the Government's Rule 404(b) motion, the Court asked the following of counsel: "So focusing on the box [seized in North Carolina, also containing the destructive device components], there is nothing else you object to other than the [device components] … plus the loose ammunition; is that correct?" Counsel replied: "--- all of those destructive device components, more generally and the ammunition. Just those two categories." (ECF No. 163:82-83). Counsel later said "we have agreed to the letter because, arguably – and I'm sure the government has an argument – that letter is directly tied to this alleged crime. … We tried to be reasonable in agreeing that the letter might otherwise come in … because I think there is some direct evidence, arguably, to Mr. Routh's intent." (ECF No. 163:85). The Court's subsequent order therefore observed "Defendant does not challenge the United States Motion with respect to the 'Dear World' letter." (ECF No. 182:2 n.3).

4

not be addressed by the Court before the middle of trial. Yet the defense offers no argument at all suggesting that the letter will not come in exactly as they (previously) conceded. And it also does not offer any argument whatsoever about why any portion of the letter might be exculpatory and admissible under Rule 106 beyond what the Government has identified in its Motion. They do not, for example, cite any language from the letter that would make it unfair for the jury to consider Routh's stark admissions of seeking the President's assassination. He does not say in the letter, for example, "and by assassination, I don't mean actual killing." It is therefore entirely ripe for the Court to address this topic now.

Moreover, if the Court were to allow other portions of the letter over our objections, that would effectively jettison the Court's rulings excluding justification evidence – which would be profoundly unfair to do mid-trial, and certainly unfair to jurors for whom trial may be lengthened unexpectedly.

c. <u>Third-party hearsay (ECF No. 191:8-9)</u>: Our hearsay objection to third-party statements we expect the defense to offer rests on the same grounds as our objection to Routh's own, self-serving hearsay. Counsel argues that tackling this issue is premature because the defense may or may not offer such statements. But Routh's defense discovery is replete with news articles about him and other examples – why else would the defense be providing these statements to us if they did not intend to offer them? *Cf.* Fed. R. Crim. P. 16(b)(1)(A)(ii) (defense must produce items if "the defendant intends to use the item in the defendant's case-in-chief"). And here again, the defense does not dispute any of the law we have cited or otherwise defend the admissibility of any particular item that it may introduce from its own discovery materials. So at minimum the Court should reject as inadmissible the third-party statements contained in the defense discovery we have challenged in our Motion.

d. <u>Character evidence (ECF No. 191:9-12)</u>: Counsel complains that the Government "unnecessarily fear[s] a character battle." (ECF No. 200:9). As noted below, that is exactly what their client insists is the <u>*only*</u> issue for trial (ECF No. 198:2).

Substantively, the defense contends that some of the character-related defense discovery may be admissible because it relates to an essential element of Count 1. But they do not cite any authority for the proposition that a defendant's supposed "peacefulness" or "non-violence" is an essential element of a charge of attempting to assassinate a major Presidential candidate – or any federal criminal statute requiring the Government to prove intent to kill. Even if such a character trait were at issue, such that Routh could introduce evidence under FRE 405(b) about specific acts of prior conduct allegedly relating to it, he does not identify any item from his discovery that would be admissible on that basis. We have not located any ourselves.

More broadly, if the defense does indeed introduce character evidence, the Court's rulings preliminarily excluding some of the Government's proposed 404(b) evidence,

including evidence of Routh's criminal conduct and dangerousness, would have to be revised. *See* FRE 404(a)(1) (making an exception to Rule 404(b) when the defense offers evidence of a pertinent character trait – "the prosecution may offer evidence to rebut it"). This is the time – before trial, not during with jurors waiting – to clarify whether the Court's rulings on these topics must be revisited.

e. <u>Tina Cooper's text messages (ECF No. 191:12-13)</u>: Counsel objects to the admission of Cooper's conspiratorial statements for two reasons. Neither is persuasive.

First, they say we cannot show any of the following: "(1) a conspiracy existed; (2) the conspiracy included the declarant and the defendant against whom the statement is offered; and (3) the statement was made during the course and in furtherance of the conspiracy." (ECF No. 200:10) (quoting *United States v. Hasner*, 340 F.3d 1261, 1274 (11th Cir. 2003)). But Cooper already admitted under oath that she "agreed and conspired with Ronnie Jay Oxendine (Oxendine) and Ryan Wesley Routh (Routh) to sell and dispose of a firearm to a prohibited person (Routh)." Case No. 25-CR-97-1, Factual Basis for a Guilty Plea (ECF No. 16) at 1 (M.D.N.C. July 3, 2025).[3] And the text messages identified in the Government's Motion plainly establish their role in furthering that conspiracy (ECF No. 191:12-13). The defense further suggests that Cooper did not plead guilty to a conspiracy charge (ECF No. 200:10). She did. *Compare* Case No. 25-CR-97-1, Indictment (ECF No. 1), at 1-2 (M.D.N.C. July 3, 2025) (alleging in Count 2 that Cooper "did attempt and conspire with [Routh] to" ship, transport, transfer, cause to be transported, and otherwise dispose of a firearm to a prohibited person (Routh), in violation of 18 U.S.C. § 933(a)(1), (a)(3), and (b)) *with* Case No. 25-CR-97-1, Plea Agreement (ECF No. 14), at 1-2 (M.D.N.C. June 16, 2025) (entering plea of guilt on Count 2). *See* also 18 U.S.C. § 933(a)(3) (prohibiting conspiracy to traffic in firearms).

Of course, a declarant need not have been convicted (or even charged with) conspiracy for her statement to be admitted at a co-conspirator's trial under FRE 801(d)(2)(E). *United States v. Holland*, 117 F.4th 1352, 1354 (11th Cir. 2024) ("One need not show that a conspiracy was unlawful to introduce coconspirator statements. So long as those statements were made during and in furtherance of a joint venture that included an opposing party, the statements are admissible."); *United States v. Bowe*, 221 F.3d 1183, 1193 (11th Cir. 2000) ("the conspiracy that forms the basis for admitting a co-conspirator's out of court statements need not be the same conspiracy for which the defendant is charged"). But all that is beside the point. Both Cooper and Oxendine participated in a criminal conspiracy

---

[3] Another co-conspirator, Ronnie Oxendine, also expressly admitted his participation in the conspiracy. Case No. 25-CR-108-1, Factual Basis for a Guilty Plea (ECF No. 10) at 1 (M.D.N.C. May 25, 2025).

6

with Routh to obtain a firearm on his behalf; their statements during and in furtherance of that scheme are admissible.[4]

Defendant's second argument is foreclosed by precedent (ECF No. 200:10-11) (citing *United States v. Underwood*, 446 F.3d 1340, 1347 (11th Cir. 2006)). Cooper's communications with co-conspirators are not in any way within the ambit of *Crawford v. Washington*, 541 U.S. 36 (2004), because "the Confrontation Clause" is concerned only with "the testimonial statements of a witness." *United States v. Caraballo*, 595 F.3d 1214, 1227 (11th Cir. 2010). And "statements in furtherance of a conspiracy" are "by their nature [ ] not testimonial." *Crawford*, 541 U.S. at 56.

That is why, we assume, the defense says: "To preserve this issue for appellate review, Mr. Routh contends that the framing-era evidence doctrine imposed a virtually total ban against using unsworn hearsay evidence to prove a criminal defendant's guilt." (ECF No. 200:12). Binding precedent, for now anyway, forecloses any objection based upon the Confrontation Clause to evidence about a non-testifying witness's non-testimonial statements like those we offer from Cooper. *Bourjaily v. United States*, 483 U.S. 171, 183 (1987) ("the co-conspirator exception to the hearsay rule is steeped in our jurisprudence").

f. Punishment (ECF No. 191:14-17): We appreciate counsel's willingness to keep these topics away from the jury, as the law requires. We also appreciate counsel's candor in telling the Court that: "if he proceeds *pro se*, [Routh] has not agreed to such a stipulation." (ECF No. 200:13). But the law cited by the Government in its Motion is irrefutable, and the Court should enter an in limine ruling preventing Routh from, in any way, informing the jury about his potential punishment or his proposed alternatives (such as being sent to Gaza or Russia or Iran). The Court should also instruct the jury about the irrelevance of punishment issues at the start of proceedings, as we requested (ECF No. 191:14-15). This issue is ripe, not least because Routh apparently does not intend to honor the same limits counsel would respect.

g. Abandonment (ECF No. 191:17): The possibility of abandonment being a theme raised during voir dire is now, it seems, off the table, since the Court is not allowing voir dire directly by the parties *(see* ECF No. 196:5). But it remains imperative for the Court to preclude the defense from misstating the law by suggesting in opening statement that a defendant can escape guilt for a proven attempt by "abandoning" his criminal activity at some later point. That is emphatically not so, and every time the defense seeks to keep this topic alive, it becomes more apparent that they will indeed try to persuade the jury that

---

[4] As noted in our Motion, they are also admissible because Cooper was acting as Routh's agent and employee under Rule 801(d)(2)(D)—an argument the defense does not address (*see* ECF No. 191:12,14).

7

>   Routh somehow "abandoned" his assassination attempt after the Secret Service detected him.
>
>   We are not asking the Court to make any ruling today that any particular item of defense evidence or questioning is inadmissible because it relates only to abandonment. We are simply to preclude both parties from addressing the concept of abandonment in opening statement or witness questioning until the Court has ruled that it is a permissible defense theory. That ask is appropriate, is consistent with district courts' customary handling of opening statements, and is well within the Court's discretion in resolving a motion in limine. (*See* ECF No. 191:3).
>
> h. <u>Presidential security (ECF No. 191:17-20)</u>: As with punishment, counsel agrees "not to seek to introduce or illicit evidence in the public record for the purpose of compromising anyone's safety," but can make no such promise for Routh. This is a live and extremely serious issue, therefore, and fully ripe to address today. The prosecution is certainly prepared to make objections during trial to impermissible questioning in this area, but in our Motion we have identified at least eight very specific subjects (ECF No. 191:18-19) that are plainly inappropriate and should be placed off-limits now, to avoid disruptions during trial and potential jeopardy to the safety of the President and the Secret Service. Practical considerations, as well as the law, compel a ruling in limine on these topics.

## IV.     Routh's *pro se* objections have no merit.

To the extent Routh's filing contains substantive legal arguments, we rely upon the rules and case law cited in our Motion and repeated above. Nothing he says undermines them. At most he quotes the exact language from the rules that we do – he does not address the Government's citations or concerns. Routh complains generally about the fairness of the rules, such as those restricting hearsay and limiting the rule of "completeness" only to narrow situations not present here, but he has agreed on the record to abide by these rules, as he must. (*See* Tr. of July 10, 2025 Hrg. [ECF No. 197] at 35,42).

Portions of Routh's filing do, however, make this Court's pretrial rulings even more critical. Aside from attacking the victim's morals (exactly what the Court has precluded from trial, *see* ECF No. 181), Routh mistakenly insists that the trial is not about the elements of the charged

crimes, but a debate on his "good character" versus the character of others. He writes: "Character is the whole of this entire case – there is nothing else. If one argues lack of intent then that totally hinges on character and character alone; to ones brain, to ones thinking and morals and character only- nothing else. Do you not wish to throw open that door- it is so appealing." (ECF No. 198:2). So it is even more vital today that the Court grant the Government's in limine requests to keep the trial on track. Doing so will be harder, not easier, in the moment, and jurors as well as justice will suffer.

## **CONCLUSION**

Based on the foregoing, the Court should admit now the specific items identified by the Government in its Motion, and preclude irrelevant and impermissible evidence and argument from the defense.

Respectfully submitted,

HAYDEN P. O'BYRNE
UNITED STATES ATTORNEY

By: /s/ *John Shipley*
John C. Shipley
Florida Bar No. 69670
Christopher B. Browne
Florida Bar No. 91337
Maria K. Medetis Long
Florida Bar No. 1012329
Assistant United States Attorneys

U.S. Attorney's Office
Southern District of Florida
99 Northeast 4th Street, 8th Floor
Miami, Florida 33132-2111
Telephone: (305) 961-9111
E-mail: John.Shipley@usdoj.gov

JOHN A. EISENBERG
ASSISTANT ATTORNEY GENERAL FOR THE

NATIONAL SECURITY DIVISION

By:   */s/ James Donnelly*
James Donnelly, Trial Attorney
Court ID No. A5503278
Department of Justice, National Security Division
950 Pennsylvania Avenue, NW
Washington, DC 20530
Telephone: (202) 514-0849

## CERTIFICATE OF SERVICE

The Government filed the foregoing document with the Clerk of the Court using CM/ECF on July 24, 2025.

*/s/ John Shipley*
Assistant United States Attorney