**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION**

**CASE NO. 24-80116-CR-CANNON**

**UNITED STATES OF AMERICA**,

v.

**RYAN WESLEY ROUTH,**

    Defendant.
_____/

**ORDER GRANTING DEFENDANT'S MOTION TO WAIVE APPOINTED COUNSEL;
AUTHORIZING SELF-REPRESENTATION; AND APPOINTING STANDBY COUNSEL**

**THIS MATTER** comes before the Court upon Defendant's *ore tenus* Motion to Waive Appointed Counsel and Proceed *Pro Se*, made in open court during a *Faretta* hearing on July 10, 2025, and later reaffirmed during a follow-up *Faretta* colloquy on July 24, 2025 [ECF Nos. 197, 206].[1] The United States does not oppose Defendant's waiver of appointed counsel and decision to exercise his Sixth Amendment right to self-representation, subject to adherence to the current trial schedule [ECF No. 197 pp. 18–19; *see* ECF No. 189 pp. 1–2; ECF No. 206 pp. 39–40].

For the reasons stated in open Court and reiterated below, and following an extensive *Faretta* colloquy conducted on July 10, 2025, and then supplemented on July 24, 2025, Defendant's Motion to Waive Appointed Counsel and Proceed *Pro Se* is **GRANTED**. The Court has considered the full record in making this determination, including the *Faretta* hearings described above, two *pro se* letters mailed to the Court from Defendant, and a Sealed Forensic

---

[1] The transcript of the July 10, 2025, hearing contains a sealed segment reflecting an *in camera* discussion with Defendant to protect against potentially privileged material, along with a public segment reflecting the Court's *Faretta* inquiry. Citations in this Order to the public transcript from the July 10, 2025, hearing correspond to ECF No. 197. Citations to the follow-up *Faretta* inquiry held on July 24, 2025, correspond to ECF No. 206.

Evaluation Report prepared by Dr. Rodolfo A. Buigas [ECF No. 192 (Sealed Forensic Evaluation); ECF No. 194 (*Pro Se* Letter); ECF No. 202 (Sealed *Pro Se* Letter)]. The Court further **APPOINTS** Kristy Militello and Renee Sihvola of the Office of the Federal Public Defender as standby counsel.[2]

## FACTUAL AND PROCEDURAL BACKGROUND

Trial is set to begin on September 8, 2025 [ECF No. 91]. Defendant is alleged to have committed the following five offenses: (1) attempted assassination of a major presidential candidate, in violation of 18 U.S.C. § 351(c) (Count 1); (2) possession and brandishing of a firearm in furtherance of a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A)(ii) (Count 2); (3) assault of a federal officer, in violation of 18 U.S.C. § 111(a)(1) and (b) (Count 3); (4) felon in possession of a firearm and ammunition, in violation of 18 U.S.C. § 922(g)(1) (Count 4); and (5) possession of a firearm with an obliterated serial number, in violation of 18 U.S.C. § 922(k) (Count 5) [ECF No. 21].

On July 10, 2025, after nine months of active and competent appointed representation by two Assistant Federal Public Defenders, Defendant moved *ore tenus* to waive his right to appointed counsel; he disclaimed any request for appointment of substitute counsel under the Criminal Justice Act; and he asserted his Sixth Amendment right to self-representation [ECF Nos. 9, 13, 189, 197]. *See* U.S. Const. amend. VI. The Court therefore held a full *Faretta* colloquy, *see Faretta v. California*, 422 U.S. 806 (1975), during which Defendant repeatedly and clearly expressed his wish to proceed *pro se* [ECF No. 197]. The Court reserved ruling on the motion

---

[2] An Order denying appointed counsel's Motion to Terminate as standby appointment is **DENIED** by separate order to follow, for the reasons stated in open Court on July 24, 2025 [ECF No. 206].

pending further consideration [ECF No. 197 p. 49].³  Shortly thereafter, following receipt of a *pro se* letter submitted by Defendant, the Court scheduled a follow-up *Faretta* hearing to take place on July 24, 2025 [ECF Nos. 194–195].  That follow-up *Faretta* hearing took place as scheduled, during which Defendant again clearly reaffirmed his request to defend himself personally [ECF No. 195].  After that follow-up colloquy, the Court made findings on the record and granted Defendant's motion for self-representation and appointed standby counsel.  This written order incorporates those oral findings and further memorializes the Court's ruling.

## LEGAL STANDARDS

The Sixth Amendment provides a criminal defendant with both a right to the assistance of counsel along with a corresponding right to self-representation.  U.S. Const. amend. VI; *Faretta*, 422 U.S. at 817–819.  To dispense with appointed counsel and conduct one's own defense, however, a defendant must "knowingly, voluntarily, and intelligently" waive his right to appointed counsel and "clearly and unequivocally" assert the right of self-representation.  *Fitzpatrick v. Wainwright*, 800 F.2d 1057, 1064 (11th Cir. 1986) (citing *Faretta*, 422 U.S. at 817–819); *id.* at 1063 ("In order to satisfy the Sixth Amendment, a defendant's waiver of his right to counsel must be an intentional relinquishment of a known right or privilege.").  "Although a defendant need not himself have the skill and experience of a lawyer in order competently and intelligently to choose self-representation, he should be made aware of the dangers and disadvantages of self-representation, so that the record will establish that 'he knows what he is doing and his choice is made with eyes open.'"  *Faretta*, 422 U.S. at 835 (quoting *Adams v. U.S. ex rel. McCann*, 317 U.S.

---

³ With agreement from Defendant, the Court also directed appointed counsel to file under seal a copy of Dr. Buigas's competency evaluation of Defendant.  That report recommends that Defendant be found competent to stand trial [ECF No. 192-1].  The record also indicates that Defendant was evaluated and determined not to qualify for an insanity defense [ECF No. 197 p. 47].

269, 279 (1942)); *see also United States v. Cash*, 47 F.3d 1083, 1088 (11th Cir. 1995). In the end, if the record establishes that the defendant's decision to represent himself "was made with an understanding of the risks of self-representation, the knowing, intelligent, and voluntary waiver standard of the Sixth Amendment will be satisfied." *Fitzpatrick*, 800 F.2d at 1065.

The "ideal method" of ensuring the validity of a defendant's waiver of appointed counsel is for the trial court to conduct a pretrial hearing, known as a *Faretta* inquiry, during which the court "should inform the defendant of the nature of the charges against him, possible punishments, basic trial procedure and the hazards of representing himself." *United States v. Kimball*, 291 F.3d 726, 730 (11th Cir. 2002) (quoting *Cash*, 47 F.3d at 1088)). Various factors guide a court's evaluation of a defendant's decision to proceed *pro se*, including

> 1) the defendant's age, health, and education; 2) the defendant's contact with lawyers prior to trial; 3) the defendant's knowledge of the nature of the charges and possible defenses and penalties; 4) the defendant's understanding of the rules of evidence, procedure and courtroom decorum; 5) the defendant's experience in criminal trials; 6) whether standby counsel was appointed and, if so, the extent to which standby counsel aided in the trial; 7) any mistreatment or coercion of the defendant; and 8) whether the defendant was attempting to manipulate the trial.

*Id.* at 730–31. Ultimately, the "test for whether there has been a valid waiver of the right to counsel 'is not the trial court's express advice, but rather the defendant's understanding.'" *Cash*, 47 F.3d at 1088 (quoting *United States v. Fant*, 890 F.2d 408, 409 (11th Cir. 1989)).

Notwithstanding a defendant's valid waiver of the right to counsel and invocation of his intent to proceed pro se, the Court retains broad discretion to appoint standby counsel. *Faretta*, 422 U.S. at 834 n.46; *McKaskle v. Wiggins*, 465 U.S. 168, 184 (1984). There exists no constitutional right to the assistance of standby counsel, however, *Faretta*, 422 U.S. at 835; *McKaskle*, 465 U.S. at 183, nor can a *pro se* defendant claim, consequently, that the quality of standby counsel amounted to ineffective assistance of counsel, *see United States v. Oliver*, 630

4

F.3d 397, 414 (5th Cir. 2011); *United States v. Morrison*, 153 F.3d 34, 55 (2d Cir. 1998). More broadly, the guiding principle behind the role of standby counsel is that "participation by standby counsel without the defendant's consent should not be allowed to destroy the jury's perception that the defendant is representing himself." *McKaskle*, 465 U.S. at 178 (underscoring that any participation of standby counsel cannot erode the defendant's right to "preserve actual control over the case").

## DISCUSSION

The Court determines, after two extended colloquies with Defendant, that he knowingly and voluntarily waived his Sixth Amendment right to counsel and clearly and unequivocally asserted his right of self-representation. This conclusion is rooted in the following findings and determinations, all established through Defendant's sworn testimony and the Court's evaluation of the entire record:

- Defendant is 59 years old; he can read and write in English; he received his G.E.D. and completed two years of undergraduate studies, including in the field of engineering; he does not take medication that may impair his judgment; he displayed no cognitive disabilities during either *Faretta* hearing; and his overall physical condition does not indicate any impediment to conducting his own defense [ECF No. 197 pp. 23–24, 44–47].[4]

---

[4] As noted *supra*, the Court has also reviewed Dr. Buigas's forensic evaluation and determination of competency and concludes that no information in that sealed report calls into question Defendant's knowing and intelligent assertion of his right to self-representation [ECF No. 192-1 pp. 1–2]. To the extent the Report references Defendant's mixed personality features, the Court has considered that information and concludes that (1) Defendant is competent to stand trial (as Dr. Buigas recommends); and (2) any such personality features do not impede Defendant's ability to knowingly and voluntarily waive his right to counsel. Defendant has an "adequate factual understanding of the legal process," "a clear understanding of the adversarial nature of the proceedings," an understanding of "the various courtroom roles," "flexibility in weighing various strategies," and "sufficient knowledge consistent with persons determined competent to stand trial by the courts" [ECF No. 192-1 pp. 8–9]. *See United States v. Stanley*, 739 F.3d 633, 647 (11th Cir. 2014)*; United States v. Cobble*, No. 20-13166, 2022 WL 3448354, at *11 (11th Cir. Aug. 17, 2022); *United States v. McKenzie*, 160 F. App'x 821, 827 (11th Cir. 2005). Although the forensic report will remain sealed, the limited and generalized references in this Order to the sealed report are appropriately included in this public order.

- Defendant confirmed his full understanding of the Indictment, all of the associated charges contained therein, and all of the statutory penalties if convicted on those charges, including applicable terms of imprisonment (mandatory and not mandatory), terms of supervised release, consecutive sentences, assessments, and fines [ECF No. 21 (Indictment); ECF No. 197 pp. 25–31; ECF No. 206 pp. 21–24]. After acknowledging his full comprehension of these severe penalties and the dangers of representing himself, Defendant repeatedly reaffirmed his desire to assert his Sixth Amendment right to self-representation [ECF No. 197 pp. 25–31; ECF No. 206 pp. 7, 11, 31].

- The Court reviewed in detail the complexities of conducting the upcoming jury trial without representation by counsel and apprised Defendant of the various requirements associated with conducting his own defense, including submitting proposed jury instructions; conducting voir dire; making opening and closing statements; conducting cross-examination; and making evidentiary objections lest he forfeit any such challenges [ECF No. 197 pp. 37–39; ECF No. 206 pp. 25–32]. Defendant affirmed his understanding of all such issues; confirmed his commitment to perform all such tasks, no matter how challenging for him; reiterated his unequivocal desire to comply with all Court orders and instructions; and clearly evidenced his understanding of the significant disadvantages of dispensing with the assistance of trained attorneys to aid in his defense [ECF No. 197 pp. 37–40; ECF No. 206 pp. 10–12].

- Defendant also demonstrated a strong understanding that the Court could not provide legal advice to him or offer any guidance at all with respect to strategy, witnesses to be called, or legal arguments more generally [ECF No. 197 p. 36; ECF No. 206 pp. 13–14].

- Defendant confirmed his understanding that he would be subject to the same standard rules of evidence, procedure, decorum, and civility in conducting his defense and in interacting with everyone involved, including his standby counsel [ECF No. 197 pp. 31–38]. Defendant expressed basic familiarity with the Federal Rules of Evidence and relevant evidentiary principles, including *Daubert*, and the Federal Rules of Criminal Procedure [ECF No. 197 pp. 22–24; ECF No. 206 pp. 11–13, 16–17].

- Defendant was clear that he was prepared to proceed to trial as scheduled and to present argument on all pending motions [ECF No. 197 p. 36; ECF No. 206 pp. 32–33].

- Defendant also made clear that, notwithstanding the appointment of standby counsel, he was fully in control of his own defense, bearing all consequences and responsibilities flowing therefrom, and could not later claim ineffective assistance on the part of himself or any standby counsel [ECF No. 197 p. 26; ECF No. 206 pp. 27–29].

- Defendant fully indicated that he understood the significance of his decision, which he reiterated he was making on his own accord and not for the benefit of anyone else, the Court included [ECF No. 197 pp. 36–38; ECF No. 206 pp. 8, 25–26].

Based on these findings—along with the entire record developed during both *Faretta* hearings—the Court finds that Defendant knowingly and voluntarily waived his Sixth Amendment right to counsel and unequivocally stated that he wishes to represent himself *pro se*. This decision is made of his own free will, without coercion, pressure, harassment, or undue influence [ECF No. 197 pp. 36–38; ECF No. 206 pp. 25–26].

## CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Defendant's *ore tenus* Motion to Waive Appointed Counsel and Proceed *Pro Se* is **GRANTED**.

    a. Attorneys Kristy Militello and Renee Sihvola shall serve as standby counsel for Defendant to provide him with assistance as requested by Defendant or as directed by the Court, subject to the Court's discretion.

    b. Defendant consents to this appointment of standby counsel as ordered herein, which the Court determines to be reasonable and warranted under the circumstances.

    c. As a general matter, Defendant's core *Faretta* right to self-representation will be protected by virtue of his directing and controlling his own defense; standby counsel may be called upon to assist Defendant, for example, "in overcoming routine procedural or evidentiary obstacles" or "compliance with basic rules of courtroom protocol and procedure." *See McKaskle*, 465 U.S. at 183–84.

    d. To the extent Defendant has lodged accusations and negative allegations against standby counsel, the Court finds no basis in fact for those claims and reaffirms

its oral findings as stated on the record [ECF No. 197 pp. 10–11; ECF No. 206 pp. 5–6, 11–12, 24–25, 41–42].[5]

    e. **Standby counsel shall be present at all Court hearings and trial**.

2. **All prior Court Orders, deadlines, and hearings remain in effect, including the Court's Protective Order [ECF No. 69]**, as detailed further in the Order on Instructions to *Pro Se* Defendant to follow.

**ORDERED** in Chambers in Fort Pierce, Florida, this 24th day of July 2025.

                                                       **AILEEN M. CANNON**
                                                     **UNITED STATES DISTRICT JUDGE**

cc:    counsel of record / standby counsel

        **Ryan W. Routh**, Reg. No. 35967511
        Federal Detention Center
        Inmate Mail/Parcels
        Post Office Box 019120
        Miami, Florida 33101
        *PRO SE*

---

[5] Defendant committed to communicate with standby counsel in a civil and cooperative manner going forward, should he seek their assistance [ECF No. 197 p. 33; ECF No. 206 pp. 15, 43]. As articulated in open court, any roadblocks in communication and/or representation have been caused by Defendant's own stonewalling and refusal to engage in meaningful discussion with his counsel despite their best efforts [ECF No. 197 p. 10; ECF No. 206 p. 12]. Further, both of Defendant's attorneys remain fully capable of serving as standby counsel, particularly given their deep knowledge of this case developed over the last almost eleventh months.