UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

CASE NO. 24-80116-CR-CANNON

**UNITED STATES OF AMERICA**,

v.

**RYAN WESLEY ROUTH**,

    Defendant.

_____/

**ORDER PROVIDING INSTRUCTIONS TO *PRO SE* DEFENDANT**

**THIS MATTER** comes before the Court following the Court's Order Granting Defendant Ryan Wesley Routh's Motion to Proceed *Pro Se* [ECF No. 208]. In accordance with that Order, and consistent with the Court's instructions to Defendant during both *Faretta* hearings [ECF Nos. 197, 206], it is hereby **ORDERED** and **ADJUDGED** as follows:

1. Defendant Routh, *pro se*, shall comply with all Federal Rules of Criminal Procedure, Federal Rules of Evidence, and the Local Rules for the Southern District of Florida. The Local Rules can be obtained from the Clerk of the Court and/or accessed online at https://www.flsd.uscourts.gov/sites/flsd/files/24-11-06%202024%20Local%20Rules%20effective%20120224%20-%20FINAL.pdf. Failure to comply with the federal and local rules may result in the imposition of sanctions. Some of the requirements of these rules are as follows:

    a. Every motion, memorandum, or other paper required and/or permitted to be filed with the Court must be filed directly with the Clerk of the Court.

    b. No letters, motions, or other documents may be sent directly to the District Judge or Magistrate Judge's chambers. Any papers improperly delivered directly to chambers will be returned and disregarded by the Court.

    c. All filings must include the case caption, case number, and appropriate title. The signature block of each submission must also contain the *pro se* litigant's name and address.

    d. All papers filed with the Clerk of Court must also be sent via mail to John Shipley, opposing counsel, at the address listed on the docket.

    e. Defendant and his family, friends, or acquaintances may not call any Judge's chambers for legal advice about the case.

    f. No Court employee can provide legal advice to any litigant, *pro se* or otherwise.

    g. A *pro se* defendant bears responsibility for actively preparing the case for trial and exercising control over his defense, and must obtain any essential discovery, file all necessary pleadings and motions, and comply with all scheduling orders and Court instructions.

    h. Defendant is further warned that no further communications or letters will be sealed from public view or restricted from the United States absent a properly filed motion for leave—with Court approval—justifying deviation from the default presumptions of openness and adversarial testing [ECF No. 201; ECF No. 206 pp. 19–21].

    i. Failure to comply or to engage in any vexatious, obstructionist, or obstreperous behavior or other misconduct may result in an order revoking Defendant's *pro se* status, along with any other sanctions the Court deems appropriate.

2. Defendant is expected to maintain familiarity with the full docket in this case, including all upcoming deadlines and hearings, which include (but are not limited to):

   a. **July 25, 2025**: Hearing on the United States' *Daubert* Motion [ECF No. 167] and the United States' Motion in Limine [ECF No. 191].

   b. **July 28, 2025**: Deadline for the submission of up to ten questions per side (including sub-parts) for the Court's consideration during jury selection [ECF No. 91 p. 7; *see* ECF No. 29 p. 2].

   c. **August 15, 2025**: Deadline for Defendant to submit responses to the United States' Proposed Jury Instructions and any additional proposed instructions [ECF No. 205]. *Defendant shall refer, where possible, to the Eleventh Circuit's pattern jury instructions in preparing his submission, and provide legal authority, where possible, for all suggested instructions. Any disagreements with the United States' proposal must be delineated clearly.*

   d. **August 8, 2025**: Pretrial Conference [ECF No. 91 p. 7]

   e. **September 2, 2025**: Final Pretrial Conference [ECF No. 91 p. 7].

   f. **September 8, 2025 – October 2 or 3, 2025**: Jury Trial [ECF No. 196 p. 4].

3. As instructed at the *Faretta* hearings, Defendant Ryan Routh must comply with **all** Court Orders, even those entered prior to his invocation of the right to self-representation. That includes the Court's Protective Order, which **strictly prohibits Defendant from disseminating, sharing, displaying, or showing any discovery material or information contained therein except as necessary to prepare the case or to any person who is not a member of the defense team [ECF No. 69]**. This also includes, but is not limited to, the Court's Order Granting United States' Motion to

Preclude Alibi Defense [ECF No. 147]; Order Denying Defendant's Amended Motion to Dismiss Counts 4 and 5 of the Indictments under the Second Amendment [ECF No. 160]; Order Denying Defendant's Motion to Suppress Out-of-Court and In-Court Identification [ECF No. 162]; Order Granting in Part and Denying in Part United States' Motion to Preclude Legally Prohibited and Factually Baseless Defenses [ECF No. 181]; and Order Granting in Part and Denying in Part United States' Motion to Admit Potential Rule 404(b) Evidence [ECF No. 182].

4. Kristy Militello and Renee Sihvola of the Office of the Federal Public Defender remain stand-by counsel for Defendant to provide him with assistance as requested by Defendant or as directed by the Court, subject to the Court's discretion and applicable law.

5. Standby counsel shall expeditiously transmit to Defendant all Court filings going forward, consistent with recent practice [*e.g.*, ECF Nos. 195, 201].

**ORDERED** in Chambers in Fort Pierce, Florida, this 24th day of July 2025.

**AILEEN M. CANNON**
**UNITED STATES DISTRICT JUDGE**

cc:   counsel of record / standby counsel

**Ryan W. Routh**, Reg. No. 35967511
Federal Detention Center
Inmate Mail/Parcels
Post Office Box 019120
Miami, Florida 33101
PRO SE