UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

CASE NO. 24-80116-CR-CANNON

**UNITED STATES OF AMERICA**,

v.

**RYAN WESLEY ROUTH,**

    Defendant.
_____/

**ORDER DENYING MOTION FOR TERMINATION
OF APPOINTMENT AS STANDBY COUNSEL**

**THIS MATTER** comes before the Court upon Appointed Counsel's Motion for Termination of Appointment, filed on July 23, 2025 (the "Motion") [ECF No. 203]. Defendant's formerly appointed, now standby counsel, move to terminate their appointment in any capacity [ECF Nos. 203, 208]. The Court denied the Motion in open court on July 24, 2025, and subsequently appointed counsel to serve as standby counsel for the duration of this proceeding [ECF No. 211 pp. 41–42].[1] In accordance with that oral ruling, the Court hereby **DENIES** the Motion [ECF No. 203].

* * *

At the outset, to the extent the Motion seeks termination of counsel's full representation of *pro se* Defendant, it is denied as moot in light of *pro se* Defendant's request to waive appointed counsel and proceed *pro se*, which the Court granted in open Court and in a subsequent written order [ECF No. 197 pp. 3–4; ECF No. 211 pp. 31–32; ECF No. 208]. To the extent the Motion goes further

---

[1] *Pro se* Defendant consented to the appointment of standby counsel [ECF No. 210 p. 33; ECF No. 208 p. 6].

and requests termination of a standby appointment as well, the Court finds an insufficient basis to support such a request, for the reasons stated in open court and further memorialized in this Order.

First, as a factual matter, the evolving record as observed by the Court during multiple hearings does not support a conclusion that the relationship between *pro se* Defendant and standby counsel is irretrievably broken. To be sure, *pro se* Defendant did refuse multiple visits from counsel over the last few weeks [ECF No. 203; Tr. July 10, 2025, *in camera* pp. 12–14], but those refusals were the first of their kind in over nine months of cooperation and arose against the backdrop of Defendant's request to proceed *pro se*, a contextual factor that does somewhat help to explain Defendant's refusal to confer. More importantly, *pro se* Defendant has recently indicated, and subsequently demonstrated, a willingness to communicate and cooperate appropriately with standby counsel to facilitate the role of standby counsel [ECF No. 211 pp. 12, 15–16, 24, 43–44; Tr. July 25, 2025, p. 86 (Defendant agreeing to private consultation with standby counsel)]. Insofar as Defendant made baseless accusations against counsel's purported distaste for him and behaved inappropriately during a contentious meeting with defense counsel, he has subsequently retreated, at least in part, from that obstructionist posture and acknowledged counsel's diligence and overall competence [ECF No. 211 pp. 12, 43–44]. All things considered, the Court does not view this picture as indicative of a complete breakdown of communication. And as repeatedly found by the Court, counsel has acted at all times diligently and zealously and is best suited to continue in a standby posture under the circumstances of this case [ECF No. 211 pp. 11–12, 41–42 (July 24 *Faretta* hearing); ECF No. 197 pp. 10–11 (July 10 *Faretta* hearing)].

Second, it is questionable whether the ethical rules cited by counsel apply with equal force to standby counsel in the categorical manner portrayed in the Motion [ECF No. 203 pp. 3–4]. As a general matter, and as already conveyed by the Court [ECF No. 208 p. 7; ECF No. 209 p. 4], standby counsel should "assist a *pro se* criminally accused person only when the accused requests assistance

and "should not actively participate in the conduct of the defense unless requested by the accused or as directed by the court." ABA Criminal Justice Standards, Defense Function Standard 4-5.3(b); *see* ABA Formal Opinion 07-448 (2007). Properly understood in that narrowed fashion, termination is unwarranted. *Pro se* Defendant may seek the assistance of standby counsel, as he did recently (and without incident) during a hearing, at which point standby counsel would be held to the standard ethical duties as tied to those requests. But *pro se* Defendant at all times maintains full control over his defense, as he has indicated repeatedly that he will do, thus significantly reducing the potential for prospective conflicts or for any issues arising from Defendant's previous refusal to communicate.

Third, even assuming it were conceptually possible (though awkward) to fully overlay an attorney's ethical rules onto the limited framework of standby counsel, Defendant's self-induced refusal to meet with counsel over the past few weeks does not amount to an ethical violation on the part of counsel [ECF No. 203 pp. 1–3]. It is eminently clear to the Court that Defendant's attorneys have consistently honored their obligation to reasonably consult with Defendant. *See* Fla. Bar Rule 4-1.4 (requiring lawyer to "reasonably consult with their client," "keep the client reasonably informed about the status of the matter," and "promptly comply with reasonable requests for information," among similar duties). And they have maintained that duty to the best of their abilities despite Defendant's recent refusal to communicate. Under these circumstances, the Court sees no basis to find an ethical violation warranting termination. *Cf. United States v. Delacruz*, 865 F.3d 1000, 1008 (8th Cir. 2017) ("[D]efendant's stonewalling does not entitle him to new counsel."); *Plumlee v. Masto*, 512 F.3d 1204, 1207 (9th Cir. 2008) ("A defendant's refusal to cooperate with appointed counsel is no basis for a claim of inadequate representation."). Further, to the extent standby counsel is concerned about a potential need in the future to resume full appointed status, that concern is speculative at this point. And for the reasons already stated, any claim of an irreconcilable conflict warranting termination is not support by the current record.

CASE NO. 24-80116-CR-CANNON

## CONCLUSION

For these reasons, based on the Court's full review, it is **ORDERED AND ADJUDGED** as follows:

1. Appointed Counsel's Motion for Termination of Appointment of Standby Counsel [ECF No. 203] is **DENIED**.

2. Appointed counsel Kristy Militello and Renee Sihvola are appointed as standby counsel, in accordance with the Court's Orders [ECF Nos. 208–209].

**ORDERED** in Chambers in Fort Pierce, Florida, this 28th day of July 2025.

**AILEEN M. CANNON**
**UNITED STATES DISTRICT JUDGE**

cc:   counsel of record