## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### CASE NO. <u>24-80116-CR-CANNON/McCabe</u>

**UNITED STATES OF AMERICA**

**vs.**

**RYAN WESLEY ROUTH,**

       **Defendant.**

_____/

### <u>GOVERNMENT'S PROPOSED JURY INSTRUCTIONS</u>

The United States of America, through undersigned counsel, respectfully asks the Court to give the following jury instructions at the close of the case. The United States requests that the Court give at least some version of a limited set of these instructions (especially regarding punishment, the Defendant's self-representation, and the First Amendment) at the start of the case too, either prior to jury selection or as part of the Court's standard preliminary instructions. The United States reserves the right to modify these requests or seek additional instructions based upon events during trial or any forthcoming pre-trial rulings. These proposed instructions are being filed conventionally, served via mail upon the *pro se* Defendant, and e-mailed in Word format to the Court.

                                   Respectfully submitted,

                                   HAYDEN P. O'BYRNE
                                   UNITED STATES ATTORNEY

By:     <u>/s/ *John Shipley*</u>
           John C. Shipley
           Florida Bar No. 69670
           Christopher B. Browne
           Florida Bar No. 91337

Maria K. Medetis Long
Florida Bar No. 1012329
Assistant United States Attorneys

U.S. Attorney's Office
Southern District of Florida
99 Northeast 4th Street, 8th Floor
Miami, Florida 33132-2111
Telephone: (305) 961-9111
E-mail: John.Shipley@usdoj.gov


JOHN A. EISENBERG
ASSISTANT ATTORNEY GENERAL FOR THE
NATIONAL SECURITY DIVISION

By:    */s/ James Donnelly*
       James Donnelly, Trial Attorney
       Court ID No. A5503278
       Department of Justice, National Security Division
       950 Pennsylvania Avenue, NW
       Washington, DC 20530
       Telephone: (202) 514-0849

## <u>CERTIFICATE OF SERVICE</u>

The Government filed the foregoing document with the Clerk of the Court using CM/ECF on July 28, 2025 and also mailed the document to the Defendant *pro se,* at the following address: Ryan Wesley Routh, Reg # 35967-511, FDC Miami, Federal Detention Center, P.O. Box 019120, Miami, FL 33101.

<u>/s/ *John Shipley*</u>
Assistant United States Attorney

COURT'S INSTRUCTIONS
TO THE JURY

Members of the Jury:

It is my duty to instruct you on the rules of law that you must use in deciding this case. After I've completed these instructions, you will go to the jury room and begin your discussions – what we call your deliberations.

You must decide whether the Government has proved the specific facts necessary to find the Defendant guilty beyond a reasonable doubt.

SOURCE:  Eleventh Circuit Pattern Jury Instructions, Criminal Cases, 2024 ("Pattern") B1

Duty To Follow Instructions and the Presumption of Innocence When a Defendant Does Not Testify

Your decision must be based only on the evidence presented here. You must not be influenced in any way by either sympathy for or prejudice against the Defendant or the Government.

You must follow the law as I explain it – even if you do not agree with the law – and you must follow all of my instructions as a whole. You must not single out or disregard any of the Court's instructions on the law.

The indictment or formal charge against a defendant isn't evidence of guilt. The law presumes every defendant is innocent. The Defendant does not have to prove his innocence or produce any evidence at all. A defendant does not have to testify, and you cannot consider in any way the fact that the Defendant did not testify. The Government must prove guilt beyond a reasonable doubt. If it fails to do so, you must find the Defendant not guilty.

SOURCE:  Pattern B2.2 (B2.1 if Defendant testifies)

Definition of "Reasonable Doubt"

The Government's burden of proof is heavy, but it doesn't have to prove a defendant's guilt beyond all <u>possible</u> doubt. The Government's proof only has to exclude any "reasonable doubt" concerning the Defendant's guilt.

A "reasonable doubt" is a real doubt, based on your reason and common sense after you've carefully and impartially considered all the evidence in the case.

"Proof beyond a reasonable doubt" is proof so convincing that you would be willing to rely and act on it without hesitation in the most important of your own affairs. If you are convinced that the Defendant has been proved guilty beyond a reasonable doubt, say so. If you are not convinced, say so.

SOURCE:  Pattern B3 (underline in original)

Consideration of Direct and Circumstantial Evidence;
Argument of Counsel; Comments by the Court

As I said before, you must consider only the evidence that I have admitted in the case. Evidence includes the testimony of witnesses and the exhibits admitted. But, anything the lawyers say is not evidence and isn't binding on you.

You shouldn't assume from anything I've said that I have any opinion about any factual issue in this case. Except for my instructions to you on the law, you should disregard anything I may have said during the trial in arriving at your own decision about the facts.

Your own recollection and interpretation of the evidence is what matters.

In considering the evidence you may use reasoning and common sense to make deductions and reach conclusions. You shouldn't be concerned about whether the evidence is direct or circumstantial.

"Direct evidence" is the testimony of a person who asserts that he or she has actual knowledge of a fact, such as an eyewitness.

"Circumstantial evidence" is proof of a chain of facts and circumstances that tend to prove or disprove a fact. There's no legal difference in the weight you may give to either direct or circumstantial evidence.

SOURCE:  Pattern B4

Defendant's Self-Representation

The Defendant has decided to represent himself in this trial and not to use the services of a lawyer. He has a constitutional right to do that. His decision has no bearing on whether he is guilty or not guilty, and it must not affect your consideration of the case.

Given that the Defendant decided to act as his own lawyer, the Defendant was entitled to speak at various times during the trial. He was allowed to make opening statements and closing arguments; and ask questions of witnesses, make objections, and argue legal issues to the court.

I want to remind you that if the Defendant spoke in these parts of the trial, he was acting as a lawyer in the case, and his words are not evidence. The only evidence in this case comes from witnesses who testify under oath on the witness stand and from exhibits that are admitted.

SOURCE:  There is no Eleventh Circuit pattern instruction on this subject, although courts in this District have given some version of the instruction to juries in *pro se* cases.  *See, e.g., United States v. Grenon*, 21-20242-Cr-Altonaga, ECF No. 184 (S.D. Fla. 2023).  This instruction also accords with Eighth Circuit Pattern Instruction 2.23; Third Circuit Pattern Instruction 1.18; and Ninth Circuit Pattern Instruction 1.15.  A variation of this instruction should be given at the start of jury selection, as it was in *Grenon*, and repeated in some form during the Court's final instructions, as appropriate.  To the extent standby counsel participates at trial, additional language may be added.

Credibility of Witnesses

When I say you must consider all the evidence, I don't mean that you must accept all the evidence as true or accurate. You should decide whether you believe what each witness had to say, and how important that testimony was. In making that decision you may believe or disbelieve any witness, in whole or in part. The number of witnesses testifying concerning a particular point doesn't necessarily matter.

To decide whether you believe any witness I suggest that you ask yourself a few questions:

- Did the witness impress you as one who was telling the truth?

- Did the witness have any particular reason not to tell the truth?

- Did the witness have a personal interest in the outcome of the case?

- Did the witness seem to have a good memory?

- Did the witness have the opportunity and ability to accurately observe the things he or she testified about?

- Did the witness appear to understand the questions clearly and answer them directly?

- Did the witness's testimony differ from other testimony or other evidence?

SOURCE:  Pattern B5

Impeachment of Witnesses Because of Inconsistent Statements or Felony Conviction

You should also ask yourself whether there was evidence that a witness testified falsely about an important fact. And ask whether there was evidence that at some other time a witness said or did something, or didn't say or do something, that was different from the testimony the witness gave during this trial.

To decide whether you believe a witness, you may consider the fact that the witness has been convicted of a felony or a crime involving dishonesty or a false statement. But keep in mind that a simple mistake doesn't mean a witness wasn't telling the truth as he or she remembers it. People naturally tend to forget some things or remember them inaccurately. So, if a witness misstated something, you must decide whether it was because of an innocent lapse in memory or an intentional deception. The significance of the misstatement may depend on whether the misstatement was about an important fact or about an unimportant detail.

SOURCE:  Pattern B6.2 (other instructions from B6.4-B6.7 to be used if Defendant testifies)

Testimony of Accomplice with Plea Agreement

You must consider some witnesses' testimony with more caution than others.

In this case, the Government has made a plea agreement with a witness in exchange for his testimony. Such "plea bargaining," as it is called, provides for the possibility of a lesser sentence than the individual would normally face. Plea bargaining is lawful and proper, and the rules of this court expressly provide for it.

But a witness who hopes to gain more favorable treatment may have a reason to make a false statement in order to strike a good bargain with the Government.

So while a witness of that kind may be entirely truthful when testifying, you should consider that testimony with more caution than the testimony of other witnesses.

And the fact that a witness has pleaded guilty to an offense isn't evidence of the guilt of any other person.

SOURCE:  Pattern S1.2 (modified, since expected witness is not a co-defendant)

Expert Witness

When scientific, technical or other specialized knowledge might be helpful, a person who has special training or experience in that field is allowed to state an opinion about the matter.

But that doesn't mean you must accept the witness's opinion. As with any other witness's testimony, you must decide for yourself whether to rely upon the opinion.

SOURCE:  Pattern B7

On or About a Particular Date

You'll see that the indictment charges that a crime was committed "on or about" a certain date. The Government doesn't have to prove that the offense occurred on an exact date. The Government only has to prove beyond a reasonable doubt that the crime was committed on a date reasonably close to the date alleged.

SOURCE:  Pattern B9.2

Similar Acts Evidence

During the trial, you heard evidence of acts allegedly done by the Defendant on other occasions that may be similar to acts with which the Defendant is currently charged. This evidence is admitted and may be considered by you for the limited purpose of assisting you in determining whether the Defendant had the state of mind or intent necessary to commit the crime charged in the indictment, the Defendant had a motive or the opportunity to commit the acts charged in the indictment, the Defendant acted according to a plan or in preparation to commit a crime, or the Defendant committed the acts charged in the indictment by accident or mistake.

You may not consider this evidence for any other purpose.

The Defendant is currently on trial only for the crimes charged in the indictment. You may not convict a person simply because you believe that person may have committed an act in the past that is not charged in the indictment.

SOURCE:  Pattern S4.1 (language from 4.2 to be added as appropriate)

Evidence of Flight

Intentional flight or concealment by a person during or immediately after a crime has been committed, or after a person is accused of a crime, is not, of course, sufficient in itself to establish the guilt of that person. But intentional flight or concealment under those circumstances is a fact that, if proved, may be considered by the jury in light of all the other evidence in the case in determining the guilt or innocence of that person.

Whether or not the Defendant's conduct constituted flight or concealment is exclusively for you to determine. And if you determine that the Defendant's conduct constituted flight or concealment, whether or not that conduct showed a consciousness of guilt on the Defendant's part is also exclusively for you to determine.

If you find that there was flight or concealment, you should also consider there may be reasons for this conduct that are fully consistent with innocence. These may include fear of being apprehended, unwillingness to confront the police, or reluctance to confront the witness.

And may I also suggest to you that a feeling of guilt does not necessarily reflect actual guilt of a crime that you may be considering.

SOURCE:  Pattern S19

Stipulations

The Government and the Defendant have agreed to certain facts in the form of stipulations read to you during this trial. Since there is no disagreement, there is no need for evidence of these facts apart from the stipulation. You must therefore treat these facts as having been proved.

SOURCE:  There is no Eleventh Circuit pattern on this topic. This proposal is adapted from Ninth Circuit Pattern Jury Instruction 2.2 and First Circuit Pattern Jury Instruction 2.01.

Introduction to Offense Instructions

The indictment charges five separate crimes, called "counts," against the Defendant. Each count has a number. You'll be given a copy of the indictment to refer to during your deliberations.

In summary, Count 1 charges the Defendant with, on or about September 15, 2024, intentionally attempting to kill a then-major Presidential candidate, Donald J. Trump.

Count 2 charges the Defendant with knowingly possessing a firearm in furtherance of a crime of violence, that is the attempted assassination charged in Count 1. Count 2 further charges that the Defendant brandished the firearm.

Count 3 charges the Defendant with, on or about September 15, 2024, assaulting, opposing, impeding, intimidating, and interfering with an officer and employee of the United States, that is a United States Secret Service Agent.

Count 4 charges the Defendant with, on or about September 15, 2024, knowingly possessing a firearm and ammunition in and affecting interstate and foreign commerce, knowing that he had previously been convicted of a crime punishable by imprisonment for a term exceeding one year.

Count 5 charges the Defendant with, on or about September 15, 2024, knowingly possessing a firearm, which has had the importer's and manufacturer's serial number removed, obliterated, and altered, and had, at any time, been shipped and transported in interstate and foreign commerce.

SOURCE:  Pattern B8 (modified to conform to charges)

Conjunctively Charged Counts

Where a statute specifies multiple alternative ways in which an offense may be committed, the <u>indictment</u> may allege the multiple ways in the conjunctive, that is, by using the word "and." If only <u>one</u> of the alternatives is proved beyond a reasonable doubt, that is sufficient for conviction, so long as you agree unanimously as to that alternative.

SOURCE:  Pattern B8.1 (underlines in original)

Count 1:  Attempted Assassination of a Major Presidential Candidate

In some cases, it is a crime to attempt to commit an offense – even if the attempt fails.

In this case, the Defendant is charged in Count 1 with attempting to kill a major Presidential candidate. It is a federal crime to attempt to kill a major Presidential candidate. For you to find the Defendant guilty of that offense, the Government must prove each of the following elements beyond a reasonable doubt:

(1) The Defendant intended to kill a major Presidential candidate, specifically, Donald J. Trump; and

(2) The Defendant's intent was strongly corroborated by his taking a substantial step toward committing the crime.

A major Presidential candidate is a person who was "identified as such by the Secretary of Homeland Security after consultation with an advisory committee consisting of the Speaker of the House of Representatives, the minority leader of the House of Representatives, the majority and minority leaders of the Senate, and one additional member selected by the other members of the committee." The parties have stipulated that Donald J. Trump was a major Presidential candidate on September 15, 2024.  The Government is not required to prove that the Defendant knew that Donald J. Trump was a major Presidential candidate.

A "substantial step" is an important action leading up to committing a crime – not just an inconsequential act. It must be more than preparation. It must be an act that would normally result in committing the offense.

In other words, the Defendant must have committed an act or acts reasonably adapted to accomplish the crime of killing Donald J. Trump while he was a major Presidential candidate. In determining whether the Defendant took a substantial step toward commission of this crime, you

must consider all of the evidence admitted in the case. When deciding whether the Defendant has

taken a substantial step to complete the underlying offense, the focus is on actions already taken

to complete the underlying crime, not on acts that remain uncompleted. The Government is not,

for example, required to prove that the Defendant fired a weapon.

You are also instructed that factual impossibility is not a defense to the crime charged in

Count 1. In other words, it is not a defense that it may have been impossible for the Defendant to

actually kill Donald J. Trump on September 15, 2024 at the Trump International Golf Club.

SOURCE:  There is no Eleventh Circuit Pattern Instruction, or pattern instruction from another circuit, specifically for §351.  This Court in ECF No. 128:2 n.1 cited 18 U.S.C. §351 and Eleventh Circuit Pattern Instruction S11 in summarizing the elements of the offense. Section 351, subsection (c) reads: "Whoever attempts to kill … any individual designated in subsection (a) of this section [a major Presidential or Vice Presidential candidate (as defined in section 3056 of this title)] shall be punished by imprisonment for any term of years or for life." Subsection (h) reads: "In a prosecution for an offense under this section the Government need not prove that the defendant knew that the victim of the offense was an individual protected by this section." Pattern S11 defines generically the elements of an attempt.

The Government's proposal tracks the statutory text and S11, and includes additional language from the district court's instruction in *United States v. Duran*, 884 F. Supp. 566, 94-00447-PLF, DE128 (D.D.C. 1994), *aff'd*, 96 F.3d 1495 (D.C. Cir. 1996), the only prior decision involving the attempted assassination of a President or Presidential candidate. The district court there instructed the jury that it had to find: "First, the Defendant intended to kill [the] President; and Second, that the Defendant took a substantial step towards killing the President. … The Defendant must have committed an act or acts reasonably adapted to accomplish the crime of killing the President. In determining whether the defendant took a substantial step toward commission of this crime, you must consider all of the evidence admitted in the case. However, you are instructed that the fact that it may have been factually impossible to kill the President on the day in question is not a defense to the charge in Count One. In other words, … the fact that it may have been impossible for the Defendant to actually kill President Clinton on October 29, 1994 at the time of the shooting is not a defense to the crime charged in Count One." The Government seeks additional language based upon the D.C. Circuit's opinion affirming Duran's conviction, where the court stressed that the "jury had ample evidence from which to conclude that Duran had already completed the crime of attempted assassination of the President *before he began firing*." 96 F.3d at 1508 (emphasis added).  The Government's proposal also includes language helpful to determining whether a defendant has taken a substantial step from *United States v. Engle*, 676 F.3d 405, 423 (4th Cir. 2012) and *United States v. Sanchez*, 615 F.3d 836, 844 (7th Cir. 2010), which indicate that "the focus is on the actions already taken to complete the underlying crime, *not* on the acts that remain uncompleted" (emphasis in original). *See also United States v. Forbrich*, 758 F.2d 555, 557 (11th Cir. 1985) ("To find that a substantial step was taken, the court must determine that the defendant's

objective acts mark the defendant's conduct as criminal so that the defendant's acts as a whole strongly corroborate the required culpability."); *United States v. Garcia-Barzaga*, 361 F. App'x 109, 116 (11th Cir. 2010) (same).

Count 2:  Possessing a Firearm in Furtherance of a Crime of Violence

It is a separate federal crime to possess a firearm in furtherance of a crime of violence. For you to find the Defendant guilty of Count 2, the Government must prove each of the following elements beyond a reasonable doubt:

(1)     that the Defendant committed the violent crime charged in the indictment; and

(2)     that the Defendant knowingly possessed a firearm in furtherance of that crime, as charged in the indictment.

The applicable federal crime of violence in this case is the attempted killing of a major Presidential candidate, as charged in Count 1.

A "firearm" is any weapon designed to or readily convertible to expel a projectile by the action of an explosive. The term includes the frame or receiver of any such weapon or any firearm muffler or silencer.

To "possess" a firearm is to have direct physical control of the firearm or to have knowledge of the firearm's presence and the ability and intent to later exercise control over the firearm.

Possessing a firearm "in furtherance of" a crime means that the firearm helped, promoted, or advanced the crime in some way.

If you find the Defendant guilty of possessing a firearm in furtherance of a crime of violence, you must also determine if the Defendant brandished a firearm during and in relation to a crime of violence.

To "brandish" a firearm means to show all or part of the firearm to another person, or otherwise make another person aware of the firearm, in order to intimidate that person. The firearm

need not be directly visible to the other person.

SOURCE:  Pattern O35.3 (Patterns O35.2 and O35.8 for "brandishing")

Count 3:  Assaulting a Federal Officer

It is a federal crime to assault a Federal officer while the officer is performing official duties.

The Defendant can be found guilty of this crime only if all the following facts are proved beyond a reasonable doubt:

>    (1)    the Defendant "forcibly assaulted," opposed, impeded, intimidated, or interfered with the person described in the indictment; and

>    (2)    the person was a Federal officer performing an official duty;

The Government must prove beyond a reasonable doubt that the victim was a Federal officer performing an official duty. A Special Agent of the United States Secret Service is a Federal officer and has the official duty to protect a major Presidential candidate. It does not matter whether the Defendant knew at the time that the victim was a Federal officer performing an official duty.

A "forcible assault" is an intentional threat or attempt to cause serious bodily injury when the ability to do so is apparent and immediate. It includes any intentional display of force that would cause a reasonable person to expect immediate and serious bodily harm or death. Though a forcible assault requires an intentional threat or attempt to inflict serious bodily injury, the threat or attempt doesn't have to be carried out and the victim does not have to be injured.  The terms opposed, impeded, intimidated, and interfered with have their ordinary meaning.

If you find the Defendant guilty of this offense, you must also answer two questions.

First, did the Defendant's acts involve the intent to commit another felony?

Second, did the Defendant use a deadly or dangerous weapon?  A "deadly or dangerous weapon" means any object that can cause death or present a danger of serious bodily injury. A

weapon intended to cause death or present a danger of serious bodily injury but that fails to do so by reason of a defective component, still qualifies as a "deadly or dangerous weapon."  To show that such a weapon was "used," the Government must prove that the Defendant possessed the weapon and intentionally displayed it when he "forcibly  assaulted," opposed, impeded, intimidated, or interfered with the person described in the indictment.

SOURCE:  Pattern O1.1 and O1.2 (modified). The pattern instructions have been consolidated and modified to track the indictment, which charges not simply a "forcible assault," but also that the Defendant did "oppose, impede, intimidate, and interfere with" the Secret Service agent, as set forth in 18 U.S.C. §111(a)(1).  The indictment also alleges that the offense was committed "with the intent to commit another felony," 18 U.S.C. §111(a); and alleges further that the Defendant used a deadly or dangerous weapon in the course of committing any of the acts described in subsection (a). 18 U.S.C. §111(b).  The jury does not need to find both of those additional factors affecting the maximum penalty; it may find either of them, both of them, or neither one of them.

Count 4:  Possession of a Firearm or Ammunition by a Convicted Felon

It's a federal crime for anyone who has been convicted of a felony offense to possess a firearm or ammunition in or affecting interstate of foreign commerce. The Defendant can be found guilty of this crime only if all the following facts are proved beyond a reasonable doubt:

(1)   the Defendant knowingly possessed a firearm or ammunition in or affecting interstate or foreign commerce;

(2)   before possessing the firearm or ammunition, the Defendant had been convicted of a felony – a crime punishable by imprisonment for more than one year; and

(3)   at the time the Defendant possessed the firearm or ammunition, the Defendant knew he had previously been convicted of a felony.

As I previously explained, a "firearm" is any weapon designed to or readily convertible to expel a projectile by the action of an explosive. The term includes the frame or receiver of any such weapon or any firearm muffler or silencer.

"Ammunition" means ammunition or cartridge cases, primers, bullets, or propellant powder designed for use in any firearm.

The term "interstate or foreign commerce" includes the movement of a firearm or ammunition from one state to another or between the United States and any foreign country. It's not necessary for the Government to prove that the Defendant knew the firearm or ammunition had moved from one state to another, only that the firearm or ammunition did, in fact, move from one state to another.

SOURCE:  Pattern O34.6 (modified for case)

Definition of Possession

The law recognizes several kinds of possession. A person may have actual possession or constructive possession. And, if a person has actual or constructive possession, he/she may have sole possession or joint possession.

"Actual possession" of a thing occurs if a person knowingly has direct physical control of it.

"Constructive possession" of a thing occurs if a person doesn't have actual possession of it but has both the power and the intention to take control over it later.

"Sole possession" of a thing occurs if a person is the only one to possess it.

"Joint possession" of a thing occurs if two or more people share possession of it. The term "possession" includes actual, constructive, sole, and joint possession.

SOURCE:  Pattern S6

Count 5:  Possessing a Firearm with an Obliterated Serial Number

It is a federal crime to possess a firearm that had the serial number removed, obliterated, or altered. For you to find the Defendant guilty of Count 5, the Government must prove each of the following elements beyond a reasonable doubt:

(1)    the Defendant knowingly possessed a firearm;

(2)    the serial number of the firearm in question had been removed, obliterated, or altered;

(3)    the Defendant knew that the serial number had been removed, obliterated, or altered.  However, the Government is not required to prove that the Defendant himself removed, obliterated, or altered the serial number; and

(4)    the firearm had at some time traveled in interstate commerce.

SOURCE:  Third Circuit Pattern Jury Instructions, Criminal, 6.18.922K. There is no Eleventh Circuit pattern for this offense. The Government reserves the right to seek additional language in this instruction depending upon defense arguments at trial. *See, e.g.*, *United States v. Adams*, 305 F.3d 30, 34 (1st Cir. 2002) (rejecting claim that alteration must be material or make tracing impossible or extraordinarily difficult).

Definition of Knowingly

The word "knowingly" means that an act was done voluntarily and intentionally and not because of a mistake or by accident.

SOURCE:  Pattern B9.1A

No Defense of "Justification"

The Government must prove each of the elements of a charged offense beyond a reasonable doubt, including those elements relating to the Defendant's knowledge or intent. But, if you find that the Defendant had the state of mind necessary to commit the crimes charged in the indictment, then it is not a defense that the Defendant believed that violating the law was religiously, politically, or morally, or otherwise required, or that ultimate good would result.

SOURCE:  ECF No. 181 ("Defendant shall make no argument, nor offer any evidence, relevant only to a defense of justification, necessity, or duress, or any other defense that seeks to excuse his proven criminal conduct."). Virtually identical no-justification instructions reflecting similar pre-trial orders and mirroring the language of the Government's proposed instruction have been given in multiple SDFL cases where defendants suggested that perceived political, moral or religious reasons justified their criminal conduct. *See, e.g., United States v. Grenon*, 21-20242-Cr-Altonaga, ECF No. 184 (S.D. Fla. 2023) (religion); *United States v. Khan*, 11-20331-Cr-Scola, ECF No. 747:16 (S.D. Fla. 2013) (religion, politics, morality), *aff'd*, 794 1288 (11th Cir. 2015); *United States v. Batiste*, 06-20773-Cr-Lenard, ECF No. 1307:29 (S.D. Fla. 2010) (religion, politics, morality), *aff'd*, 661 F.3d 1105 (11th Cir. 2011); *United States v. Padilla et al.*, 04-60001-Cr-Cooke, ECF No. 1189 (S.D. Fla. 2007) (religion, politics, morality), *aff'd*, 657 F.3d 1085 (11th Cir. 2011).  Derived from Eleventh Circuit Pattern Jury Instructions S9 (addressing a good faith defense to willfulness, but additionally including the following language: "Intent and motive must not be confused. 'Motive' is what prompts a person to act. It is why the person acts. 'Intent' refers to the state of mind with which the act is done. If you find beyond a reasonable doubt that the Defendant specifically intended to do something that is against the law and voluntarily committed the acts that make up the crime, then the element of 'willfulness' is satisfied, even if the Defendant believed that violating the law was [religiously, politically, or morally] required or that ultimate good would result." (brackets in original)).

First Amendment/Permissible Use of Evidence

The First Amendment to the United States Constitution establishes certain rights which benefit everyone. The First Amendment provides, in part, that Congress shall make no law abridging the freedom of speech. A person is free to express any point of view. But the First Amendment does not protect the kind of criminal activity charged in this case.

So, having instructed you concerning the rights of the Defendant pursuant to the First Amendment, I also instruct you that the First Amendment is not a defense to the crimes charged in this indictment. If the Government proves all of the elements of those crimes beyond a reasonable doubt, you must return a verdict of guilty, regardless of whether the Defendant's conduct had some connection to a claim of free speech. I instruct you as well that, in deciding whether the Government has met its burden, you may consider the Defendant's statements admitted as evidence during the trial, and give them whatever weight you decide.

SOURCE:  ECF No. 181 ("Defendant shall not argue that the First Amendment is a defense to the criminal charges in this case, nor argue or seek to elicit testimony that the First Amendment forbids the jury from considering his statements as evidence of the charged offenses. The Court will consider at trial requests from the parties for an appropriate jury instruction regarding the First Amendment.") The Government's proposed instruction is adapted from the instruction given in *United States v. Grenon*, 21-20242-Cr-Altonaga, ECF No. 184 (S.D. Fla. 2023), previously approved by *United States v. Hassan*, 742 F.3d 104, 127 (4th Cir. 2014) (reading in full:  "I turn your attention now to the First Amendment to the United States Constitution, which establishes certain rights which accrue to each defendant. The First Amendment provides, in part, that Congress shall make no law respecting an establishment of religion or prohibiting the free exercise thereof or abridging the freedom of speech or of the press or the right of the people to be peaceably assembled. The right of freedom of speech and to engage in peaceful assembly extends to one's religion and one's politics. Having instructed you concerning rights of each defendant pursuant to the First Amendment, I also instruct you that the First Amendment is not a defense to the crimes charged in the indictment."). On the use of defendants' statements, *see, e.g., Hassan*, 742 F.3d at 127 (describing as "entirely consistent with the First Amendment [making] evidentiary use of the appellants' speech to establish the elements of their crimes or to prove motive or intent" (internal citations and punctuation omitted)); *United States v. Amawi*, 695 F.3d 457, 482 (6th Cir. 2012)

(same); *United States v. Padilla, et al.*, 04-60001-Cr-Cooke (S.D. Fla. 2007), ECF No. 1189, *aff'd*, 657 F.3d 1085 (11th Cir. 2011) (same).

No Defense of Abandonment

If the Government proves beyond a reasonable doubt the elements of the charged offenses, it is not a defense that the Defendant later stopped engaging in the charged criminal conduct, or changed his mind, abandoned, or withdrew from that criminal activity. For example, if the Government proves, regarding Count 1, that the Defendant had the intent to kill Donald J. Trump, and took any substantial step toward doing so, he would be guilty of that offense even if, at some time after taking a substantial step, the Defendant changed his mind or abandoned his plan

SOURCE:  ECF No. 119:16-17 (Government's motion to preclude any defense of abandonment to Count 1, citing among other cases *United States v. Young*, 613 F.3d 735, 745 (8th Cir. 2010) ("We hold today that a defendant cannot abandon an attempt once it has been completed. We emphasize that all of our sister circuits that have faced this issue have either held that a defendant cannot abandon a completed attempt or have alluded to such a determination."); *United States v. Shelton*, 30 F.3d 702 (6th Cir. 1994) ("withdrawal, abandonment and renunciation, however characterized, do not provide a defense to an attempt crime"); *United States v. Bussey*, 507 F.2d 1096, 1098 (9th Cir. 1974) ("A voluntary abandonment of an attempt which has proceeded well beyond preparation as here, will not bar a conviction for the attempt."); *Puig v. United States*, 2006 WL 1540260, at *7 (M.D. Fla. May 31, 2006) ("This [Eleventh] Circuit has never held that renunciation is a valid defense.")).

Note-taking

You've been permitted to take notes during the trial. Most of you – perhaps all of you – have taken advantage of that opportunity.

You must use your notes only as a memory aid during deliberations. You must not give your notes priority over your independent recollection of the evidence. And you must not allow yourself to be unduly influenced by the notes of other jurors.

I emphasize that notes are not entitled to any greater weight than your memories or impressions about the testimony.

SOURCE:  Pattern S5

Caution: Punishment

Each count of the indictment charges a separate crime. You must consider each crime and the evidence relating to it separately.

I caution you that the Defendant is on trial only for the specific crimes charged in the indictment. You are here to determine from the evidence in this case whether the Defendant is guilty or not guilty of those specific crimes.

You must never consider punishment in any way to decide whether the Defendant is guilty or not guilty. If you find the Defendant guilty, the punishment is for the Judge alone to decide later.

SOURCE:  Pattern B10.2

Duty to Deliberate

Your verdict, whether guilty or not guilty, must be unanimous – in other words, you must all agree. Your deliberations are secret, and you'll never have to explain your verdict to anyone.

Each of you must decide the case for yourself, but only after fully considering the evidence with the other jurors. So you must discuss the case with one another and try to reach an agreement. While you're discussing the case, don't hesitate to reexamine your own opinion and change your mind if you become convinced that you were wrong. But don't give up your honest beliefs just because others think differently or because you simply want to get the case over with.

Remember that, in a very real way, you're judges – judges of the facts. Your only interest is to seek the truth from the evidence in the case.

SOURCE:  Pattern B11

Verdict

When you get to the jury room, choose one of your members to act as foreperson. The foreperson will direct your deliberations and will speak for you in court.

A verdict form has been prepared for your convenience.

[Explain verdict]

Take the verdict form with you to the jury room. When you've all agreed on the verdict, your foreperson must fill in the form, sign it, date it, and carry it. Then you'll return it to the courtroom.

If you wish to communicate with me at any time, please write down your message or question and give it to the marshal. The marshal will bring it to me and I'll respond as promptly as possible – either in writing or by talking to you in the courtroom. But I caution you not to tell me how many jurors have voted one way or the other at that time.

SOURCE:  Pattern B12

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 24-80116-CR-CANNON**

**UNITED STATES OF AMERICA**

**vs.**

**RYAN WESLEY ROUTH,**

      **Defendant.**
_____/

**<u>VERDICT FORM</u>**

We, the Jury, in the above-captioned case, unanimously find the Defendant **RYAN WESLEY ROUTH**:

1. As to Count One of the Indictment:

   _____ Guilty   _____ Not Guilty

2. As to Count Two of the Indictment:

   _____ Guilty   _____ Not Guilty

*If you find the Defendant guilty of Count 2, please answer Yes or No to the following question:*

Did the Defendant brandish a firearm during and in relation to this offense?

   _____ Yes   _____ No

3. As to Count Three of the Indictment:

   _____ Guilty   _____ Not Guilty

*If you find the Defendant guilty of Count 3, please answer Yes or No to the following two questions:*

Did the Defendant use a deadly or dangerous weapon in the commission of this offense?

   _____ Yes   _____ No

Did the Defendant's acts involve the intent to commit another felony?

_____ Yes      _____ No

4.  As to Count Four of the Indictment:

_____ Guilty      _____ Not Guilty

5.  As to Count Five of the Indictment:

_____ Guilty      _____ Not Guilty


SO SAY WE ALL.


_____
Foreperson's Signature


_____
Foreperson's Printed Name


_____
Date

2