UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. <u>24-80116-CR-CANNON/McCabe</u>

**UNITED STATES OF AMERICA**

vs.

**RYAN WESLEY ROUTH,**

    **Defendant.**

_____/

**GOVERNMENT'S REPLY IN OPPOSITION TO
<u>DEFENDANT'S RESPONSE TO MODIFY THE JURY INSTRUCTIONS (ECF NO. 231)</u>**

In response to the Government's proposed jury instructions, Defendant asks the Court to modify those instructions to make "extremely clear" that the jury must find he intended to kill his victim (Response at 1). The Government's proposal does exactly that.

Specifically, Routh asks that the Court instruct the jury as follows: When Defendant took that step, (he)(she) intended to kill the victim (*id*.). The Government's proposed instruction expressly requires the jury to find Routh intended to kill:

> For you to find the Defendant guilty of that offense, the Government must prove each of the following elements beyond a reasonable doubt:
>
> (1) **<u>The Defendant intended to kill</u>** a major Presidential candidate, specifically, Donald J. Trump; and
>
> (2) The Defendant's intent was strongly corroborated by his taking a substantial step toward committing the crime.

Gov't Proposed Jury Instructions (ECF No. 215 at 19) (emphasis added). In fact, our version puts the "intent" element first, not second. *Cf.* Eleventh Circuit Pattern Jury Instructions, Criminal Cases, 2024 Offense Instruction O47. More importantly, the Government's proposed offense instruction tracks both the statutory text of Section 351 and the Eleventh Circuit's pattern

instruction S11 (Attempt)—both of which this Court cited in summarizing the elements of the offense charged in Count 1 (*see* ECF No. 128 at 2, n.1; ECF No. 215 at 20).

Routh's related request that the offense instruction for Count 2 (possession of a firearm in furtherance of a crime of violence) should likewise adhere to the pattern instruction for an uncharged crime is baseless. The Court should adopt the Government's proposed instructions and deny his requests.

Respectfully submitted,

JASON A. REDING QUIÑONES
UNITED STATES ATTORNEY

By:  /s/ *Christopher B. Browne*
John C. Shipley
Florida Bar No. 69670
Christopher B. Browne
Florida Bar No. 91337
Maria K. Medetis Long
Florida Bar No. 1012329
Assistant United States Attorneys

U.S. Attorney's Office
Southern District of Florida
99 Northeast 4th Street, 8th Floor
Miami, Florida 33132-2111
Telephone: (305) 961-9111
E-mail: John.Shipley@usdoj.gov

JOHN A. EISENBERG
ASSISTANT ATTORNEY GENERAL FOR THE
NATIONAL SECURITY DIVISION

By:  /s/ *James Donnelly*
James Donnelly, Trial Attorney
Court ID No. A5503278
Department of Justice, National Security Division
950 Pennsylvania Avenue, NW
Washington, DC 20530
Telephone: (202) 514-0849

**CERTIFICATE OF SERVICE**

     I HEREBY CERTIFY that on August 15, 2025, I filed the foregoing response with the Clerk of Court using CM/ECF. I FURTHER CERTIFY that a copy of this reply was mailed, via United States mail to *pro se* Defendant Ryan Wesley Routh at the address below.

                                          /s/ *Christopher B. Browne*
                                          Assistant United States Attorney

Ryan Wesley Routh, *pro se*, Reg. No. 35967-511
Federal Detention Center
Inmate Mail/Parcels
P.O. Box 019120
Miami, Florida 33101