UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

CASE NO. 24-80116-CR-CANNON

**UNITED STATES OF AMERICA**,

v.

**RYAN WESLEY ROUTH,**

    Defendant.
_____/

**ORDER DENYING IN PART AND GRANTING IN PART *PRO SE* DEFENDANT'S
MOTION TO SUBPOENA WITNESSES**

**THIS MATTER** comes before the Court upon the "Motion to Subpoena Witness[es] and Pay Travel Expenses" under Federal Rule of Civil Procedure 17(b), filed by *pro se* Defendant Ryan Routh on August 8, 2025 (the "Motion") [ECF No. 226]. In conjunction with the Motion, Defendant provided nine proposed trial subpoenas to the Court [ECF No. 241 pp. 36–37], which since have been filed under seal and *ex parte*, consistent with Fed. R. Crim. P. 17(b) [ECF No. 227]. As reflected in the Motion, Defendant wishes to call these witnesses "to support lack of INTENT, which is the whole of this trial. Each witness will testify to the fact that defendant is not dangerous" [ECF No. 226]. At the Pretrial Conference, the Court conducted a sealed, *ex parte* session to hear from Defendant as to each of the proposed subpoenas and to understand the purported necessity of these witnesses for an adequate defense [ECF No. 241 pp. 37–38 (noting sealed proceeding)]. Upon full review, the Motion is **DENIED IN PART** and **GRANTED IN PART** in accordance with this Order.[1]

---

[1] A sealed *ex parte* supplement to this Order with additional details is filed contemporaneously with this Order.

\* \* \*

"Rule 17(b) allows indigent defendants to subpoena a witness at the government's expense whose presence is a 'necessity' to an 'adequate defense.'" *United States v. Muho*, 978 F.3d 1212, 1219 (11th Cir. 2020) (quoting Fed. Rule Crim. P. 17(b)). "But the Rule places the burden on the defendant: '[A] defendant making a Rule 17(b) request bears the burden of articulating specific facts that show the relevancy and necessity of the requested witness's testimony.'" *Id.* (quoting *United States v. Rinchack*, 820 F.2d 1557, 1566 (11th Cir. 1987)). "Courts considering a Rule 17(b) request may also consider the materiality, competency, and timeliness of the request." *Id.*; *see also Rinchack*, 820 F.2d at 1566 ("The appellate courts have upheld the refusal of district courts to issue a Rule 17(b) subpoena where the request was untimely, the testimony sought was cumulative, or the defendant failed to make a satisfactory showing of indigency or necessity."). "A party in a criminal case does not have unfettered discretion to call witnesses." *United States v. Ross*, 372 F.3d 1097, 1113 (9th Cir. 2004); *see also United States v. Scheffer*, 523 U.S. 303, 308 (1998) ("A defendant's right to present relevant evidence is not unlimited, but rather is subject to reasonable restrictions.").

Defendant has not carried his burden of articulating specific facts to show that all nine of the witnesses in the proposed subpoenas are necessary to his defense. To begin, one of the nine subpoenas does not even list the name of any individual to subpoena, nor is Defendant aware of the witness' name. That particular subpoena therefore does not meet the required level of specificity to issue. This leaves eight subpoenas of individuals whom Defendant claims can offer character-based testimony regarding his asserted "narcissism" and lack of dangerousness. Without wading publicly into the particulars of those individuals, half of them clearly have no discernable or established basis of necessity under Rule 17(b)—both because of the absence of relevance to the alleged crimes in this case and the lack of any reasonable temporal connection. At the very

least, the testimony of this first half of individuals would be cumulative of the character-based testimony Defendant already seeks to introduce through the other four witnesses and other evidence. As to the other four witnesses, they similarly bring dubious value to Defendant's case—and likely open the door to significant evidence adverse to Defendant—but might plausibly offer some opinion/reputation testimony regarding peacefulness or non-violence in accordance with Defendant's stated defense, subject to appropriate objections and the requirements of the Federal Rules of Evidence more broadly.[2][3] For that reason, out of an abundance of caution, and to ensure availability of these individuals at trial if permitted to testify, the Court will permit the issuance of four of the nine proffered subpoenas as further explained below and in the corresponding sealed supplement to this Order.

It is therefore **ORDERED** and **ADJUDGED** as follows:

1. The Motion [ECF No. 226] is **DENIED IN PART** and **GRANTED IN PART** and in accordance with this Order and the accompanying sealed supplement.[4]

2. On or before **August 22**, **2025**, standby counsel shall assist with the final preparation and transmission of the four subpoenas for service by the United States Marshals Service and

---

[2] The Court need not at this point decide whether "narcissism" as explained by Defendant qualifies as a "pertinent" character trait of any of the charged offenses under Fed. R. Evid. 404(a)(2)(A).

[3] The issue of character evidence will be further addressed in a separate order on the United States' pending motion *in limine* [ECF No. 191]. The Court nevertheless reiterates the following settled principle: "if evidence of a person's character or character trait is admissible under Rule 404, it usually must 'be proved by testimony about the person's reputation or by testimony in the form of an opinion,'" whereas "[s]pecific instances of conduct ordinarily may be used only '[w]hen a person's character or character trait is an essential element of the charge.'" *United States v. Ahmed*, 73 F.4th 1363, 1384 (11th Cir. 2023) (quoting Fed. R. Evid. 405(a)).

[4] The Court assumes that the name and address information provided by Defendant in the subpoenas is verifiable [ECF No. 227] and can lead to service by the U.S. Marshals through reasonable efforts.

associated expenses/fees, along with any appropriate writs.[5] The date listed on the subpoenas should not be before **September 23**, **2025**, to avoid unnecessary expenditure of resources during the United States' case-in-chief, which is anticipated to last ten trial days [ECF No. 187 p. 8]. Standby counsel shall file a notice on the docket confirming compliance with this Order.

**ORDERED** in Chambers in Fort Pierce, Florida, this 20th day of August 2025.

**AILEEN M. CANNON**
**UNITED STATES DISTRICT JUDGE**

cc:   counsel of record / standby counsel

Ryan Routh, *pro se* (via standby counsel)

United States Marshals Service

---

[5] The Court determines that preparation of subpoenas for Defendant is an appropriate use of standby counsel [*see* ECF No. 208 p. 7 (directing standby counsel to provide assistance "as requested by Defendant or as directed by the Court, subject to the Court's discretion)]. *See United States v. Johnson*, 24 F.4th 590, 605 (6th Cir. 2022) ("[T]he district court . . . should have directed [standby] counsel to file subpoenas and witness lists on Johnson's behalf."); *United States v. Stanley*, 739 F.3d 633, 641–42 (11th Cir. 2014) (noting that standby counsel "provided [the defendant] with active support by, among other things, assisting with the preparation of witness subpoenas").