UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

CASE NO. 24-80116-CR-CANNON

**UNITED STATES OF AMERICA**,

v.

**RYAN WESLEY ROUTH,**

    Defendant.
_____/

## ORDER DENYING DEFENDANT'S THIRD MOTION
## FOR ISSUANCE OF RULE 17(b) SUBPOENAS

**THIS MATTER** comes before the Court upon *pro se* Defendant's Witness List for Trial, submitted and docketed in connection with a Final Pretrial Conference and Calendar Call on September 2, 2025 [ECF No. 266-1]. Trial is specially set to begin on September 8, 2025 [ECF Nos. 91, 263]. At Calendar Call, the parties exchanged and provided to the Court their respective witness and exhibit lists, as well as marked copies of exhibits intended to be introduced at trial, in accordance with the Court's prior Order [ECF No. 263 (minute entry); ECF No. 240 (Order in Anticipation of Calendar Call); ECF No. 257 (United States' Exhibit List); ECF No. 258 (United States' Witness List); ECF No. 266-1 (Defendant's Witness List); ECF No. 268 (Defendant's Exhibit list)]. As discussed in open Court [Tr. 70–82], Defendant's witness list contains 24 individuals, 13 of whom are proposed for the first time and were not previously disclosed in Defendant's August 8, 2025, prior Motions for Issuance of Rule 17(b) Subpoenas or discussed during the hearing on those prior Motions [ECF Nos. 225–229].[1]

---

[1] The transcript of the Calendar Call is cited using the following convention: "Tr. ___."

For the reasons discussed in open Court on September 2, 2025, and further explained below, Defendant's Witness List—construed for present purposes as a Third Motion for Rule 17(b) Subpoenas—is **DENIED** as untimely and insufficient.

**RELEVANT PROCEDURAL HISTORY**

On August 8, 2025, during an initial pre-trial conference, Defendant presented to the Court two Rule 17(b) Motions: (1) a "Motion to Subpoena [Nine] [Character] Witnesses and Pay Travel Expenses under Rule 17(b)" (along with proposed subpoenas for those nine individuals) [ECF No. 226 (the "Character Subpoena Motion"); ECF No. 227 (proposed subpoenas)]; and (2) a Motion to Subpoena Defense Doctors (Buigas and Holmes) and a Firearms Expert (McClay) [ECF Nos. 228–229].[2] The Court then heard argument from Defendant as to both Motions in open Court and during an *ex parte* sealed session [ECF Nos. 225, 241].[3]

After the August 8, 2025, conference, the Court resolved both Rule 17(b) Motions expeditiously to facilitate the appearance of Defendant's authorized witnesses at the quickly approaching trial. First, on August 20, 2025, the Court issued an Order Granting in Part and Denying in Part Defendant's Character Subpoena Motion [ECF No. 242], along with a Supplement containing additional, specified reasons for the grant or denial of each proposed subpoena [ECF No. 243].[4] In that Order, the Court authorized Rule 17(b) subpoenas at government expense for four of Defendant's nine proposed character witnesses: Oran Alexander Routh (son), Erick Zuniga (former coworker), Atwill Milsun (son's friend and Defendant's mentee), and Marshall Hinshaw (former

---

[2] The proposed subpoenas were originally filed under seal and *ex parte* but have since been unsealed following calendar call [ECF No. 227].

[3] The deadline to file pretrial motions expired on April 7, 2025 [ECF No. 91 p. 6], which Defendant acknowledged at the hearing [ECF No. 241 p.12] and clearly acknowledged when he requested to go *pro se* [ECF Nos. 210 pp. 29–30].

[4] The Supplement was originally filed under sealed and *ex parte* but has since been unsealed [ECF No. 243].

coworker/friend) [ECF Nos. 242–243]. As the Court explained, with hesitation, Defendant's Motion and argument presented at least a plausible showing that each of those four individuals could "offer some opinion/reputation testimony regarding peacefulness or non-violence in accordance with the Defendant's stated defense" [ECF No. 242 p. 3]. The Court observed, however, that introduction of Defendant's proposed character witnesses appeared to bring dubious value to his defense and likely opened the door to adverse evidence against Defendant in the form of additional Rule 404(b) evidence [ECF No. 242 p. 3; *see also* ECF No. 252 p. 8]. As to the other five individuals/proposed subpoenas—Reid Burton Smith, Jr., John Hatfield, Jr., Angel Katona, Tommy Perkins, and "Turkish Owner"—the Court found "no discernable or established basis of necessity under Rule 17(b)" [ECF No. 242 p. 2]. Second, on August 26, 2025, the Court issued an Order Denying Defendant's Motion to Compel Defense Doctor Expert Witnesses [ECF No. 249]. The Court explained the untimeliness of Defendant's request to subpoena and introduce testimony from Drs. Holmes and Buigas; the prejudice to the United States from such a late request; and the questionable admissibility of the doctors' purported character testimony, separate and apart from the cited untimeliness and prejudice [ECF No. 249]. The Court also, via separate Order, granted in part and denied in part Defendant's motion to compel and pay for fees and expenses as to Defendant's only permissible expert, Michael McClay [ECF No. 250 (directing standby counsel "to issue and serve a timely subpoena on McClay"); *see* ECF No. 224 (order denying United States' motion to exclude McClay's expert testimony)].

Defendant filed no additional motions for Rule 17(b) subpoenas in the weeks following the August 8, 2025, conference—but then he chose, during Calendar Call, to make a third Rule 17(b) request for 13 additional witnesses never before disclosed in his two prior Rule 17(b) motions. In his current request, construed from his Witness List as presented on September 2, 2025, Defendant first lists Michael McClay, Defendant's proffered expert witness [ECF Nos. 224, 250]. He also lists the

3

four individuals noted earlier to whom Rule 17(b) subpoenas *were* issued with Court permission [ECF No. 243 pp. 5–8 (Oran Routh, Erick Zuniga, Atwill Milsun, and Marshall Hinshaw)]. Then he lists Drs. Holmes and Buigas—despite the Court's earlier order Denying Defendant's Rule 17(b) Motion to Compel Defense Doctors [ECF No. 249]. And next he includes four of the five individuals noted above as to whom the Court expressly declined to permit Rule 17(b) subpoenas [ECF No. 266-1 (listing John Hatfield, Reid Burton Smith, Tommy Perkins, and Angel Katona)].[5] That leaves 13 new witnesses on Defendant's witness list—all opposed by the United States except for one individual already contained within the United States' Witness List [Tr. 73–82; ECF Nos. 217, 258].

The Court heard argument from the parties on these additional individuals during Calendar Call, during which Defendant claimed to have "mailed a letter with the subpoenas for the rest of these individuals" a "day or two after" the August 8, 2025, Conference [Tr. 74, 76]. Yet neither the Court nor the Clerk's office has received any letter or additional subpoenas to date—despite Defendant's clear and demonstrated ability to send *pro se* mailings to the Clerk's Office [ECF Nos. 194, 198, 202 (received *pro se* filings)] and the existence of standby counsel to assist on procedural/technical matters if called upon by Defendant.[6] The Court thus construes Defendant's request for these additional 13 witnesses to testify at trial as a Third Motion for Rule 17(b) Subpoenas, in accordance with his representation to the Court.

---

[5] The fifth individual from the Character Subpoena Motion is an unnamed "Turkish Owner" of a truck stop in Florida. The Court did not allow Defendant to subpoena this unidentified individual [ECF No. 243 pp. 4–5], who is no longer listed on Defendant's witness list [ECF No. 266-1].

[6] The Court finds no credibility in Defendant's assertion of a purported additional mailed Motion "a day or two" after August 8, 2025. Defendant has had no trouble mailing *pro se* filings, received by the Clerk, or in enlisting the technical assistance of standby counsel [*see* ECF Nos. 221, 231; ECF No. 241 p. 23 (acknowledging standby counsel's assistance with preparing subpoenas); ECF No. 245]. Moreover, the inference to be drawn from Defendant's statements in open Court on September 2, 2025, is that he conceived of additional witnesses after the Court issued its August 20, 2025, Order Granting in Part and Denying in Part Defendant's Rule 17(b) Motion for Character Witnesses [ECF No. 242]. *See* Tr. 74–75 (attempting to justify new witnesses based on deficiencies identified in the Court's August 20, 2025, Order).

## DISCUSSION

Defendant's Third Motion for Rule 17(b) Subpoenas is denied as untimely and insufficient. Even after the expiration of the acknowledged April 7, 2025, deadline for the filing of pre-trial motions, the Court afforded Defendant with two prior opportunities to file Rule 17(b) Motions—and then fully heard and resolved those motions in anticipation of trial. Yet Defendant waited until Calendar Call, mere days before trial, to add an additional slate of 13 witnesses never before disclosed in this case (with the exception of one law enforcement witness previously listed in the United States' Witness List). On that untimeliness basis alone, Defendant's third attempt under Rule 17(b) is denied. But if resort to the merits is required, the obvious fact is that Defendant has not borne his burden under Rule 17(b) to show the relevance and necessity of the requested new witnesses. *See United States v. Muho*, 978 F.3d 1212, 1219 (11th Cir. 2020); Fed. R. Crim. P. 17(b) [*see also* ECF No. 242 p. 2 (detailing Rule 17(b) standard)].

Seven of the thirteen new witnesses are professors, authors, and/or activists purportedly associated with Palestine in some underdeveloped way and have no demonstrated bearing whatsoever on any aspect of this case [ECF No. 266-1 (witnesses 15 through 21)]. These witnesses, according to Defendant, are listed on his Witness List to assist him in asserting a justification defense [Tr. 76–77]. This plainly violates the Court's June 20, 2025, Order, which expressly prohibits any argument or evidence "relevant only to a defense of justification, necessity, [] duress, or any other defense that seeks to excuse his proven criminal conduct" [ECF No. 181 p. 2]. Defendant may not subpoena these seven individuals to testify at trial to support a legally impermissible defense. He has shown neither relevance nor necessity to warrant a Rule 17(b) subpoena to this group of individuals. *See Muho*, 978 F.3d 1212.

The next group of new witnesses consists of four individuals whom Defendant seeks to subpoena as character witnesses to show his asserted peacefulness, gentleness, and nonviolence. The

first of these four is an individual whom Defendant crudely and inappropriately says "wanted [him] to spank/slap ass and [he] refused" during a sexual act [ECF No. 266-1]. This witness is somehow necessary, Defendant claims, because her sexual experience with Defendant evidences his purported peacefulness, gentleness, and nonviolence [Tr. 77]. No. Rule 17(b) is not a farce to bring about obviously ludicrous and absurd results in a court proceeding. The remaining three character witnesses in this group are John Tamura, John Keone Sayles, and Raymond Carrera [ECF No. 266-1 (witnesses 11, 13, and 14)]. According to Defendant, Tamura worked with Defendant for two years in Hawaii; Sayles was Defendant's mechanic and coworker; and Carrera was Defendant's neighbor and co-worker [Tr. 79–80]. Defendant says in sweeping terms—with no supporting argument or factual basis—that these three witnesses know "firsthand [his] personality and gentleness and kindness and nonviolent nature" [Tr. 80]. Yet when pressed on the need for this cumulative character testimony, Defendant offered nothing beyond reiterating that his "whole argument is about intent and gentleness and nonviolence" [Tr. 80]. Upon review of the request in light of Defendant's prior submissions, the Court agrees with the United States that Defendant has not carried his burden to warrant subpoenaing these additional three character witnesses. Their testimony would be clearly cumulative of the other character witnesses already subpoenaed at government expense, *see* Fed. R. Evid. 403, and Defendant's conclusory request otherwise provides no basis to believe their testimony is necessary. *See Muho*, 978 F.3d at 1219; *see also United States v. Rinchack*, 820 F.2d 1557, 1566 (11th Cir. 1987) ("The appellate courts have upheld the refusal of district courts to issue a Rule 17(b) subpoena where the request was untimely, the testimony sought was cumulative, or the defendant failed to make a satisfactory showing of indigency or necessity.").

That leaves two final witnesses on Defendant's witness list to address. The first is "Secret Service Agent R.F." [ECF No. 266-1 (witness 23)], whom the United States is already calling, as

reflected on its witness list [ECF No. 258][7] and as confirmed at Calendar Call [Tr. 79, 97]. The second is the alleged victim of Count 1, now-President Donald Trump [ECF No. 266-1 (witness number 22)], described on Defendant's Witness List with various insults and no pertinent facts. Neither the insults listed on the Witness List nor anything said by Defendant during Calendar Call provides a basis to believe that issuing a Rule 17(b) subpoena to President Trump would be relevant or necessary to prepare an adequate defense. Nor has Defendant offered any reason why he delayed in making this significant request as he has. To the extent Defendant claims without support to have mailed "a letter with the subpoenas" to the Court a day or two after the August 8, 2025 hearing [Tr. 74], no motion has been received, and Defendant's assertion of a purported mailing lacks credibility. *See supra* n.6. For all of these reasons, Defendant has not carried his burden to "articulat[e] specific facts that show the relevancy and necessity of the requested witnesses' testimony" under Rule 17(b). *Muho*, 978 F.3d at 1219. And in any event, to the extent Defendant seeks to call President Trump as a witness to testify as to Defendant's intent, it would be difficult to see the admissibility of any such evidence given the essential elements of Count 1, which focus "on the defendant's intent rather than on the victim." *United States v. Johnson*, 585 F.2d 119, 124 (5th Cir. 1978). In the end, as much as Defendant may want this official proceeding to devolve into a "beatdown session" with one of the alleged victims in this case—as he stated in a recent meritless motion [ECF No. 262]—Rule 17(b) is not a tool for calculated chaos.

---

[7] This witness is actually listed twice on Defendant's Witness List [ECF No. 266-1].

CASE NO. 24-80116-CR-CANNON

## CONCLUSION

Accordingly, it is hereby **ORDERED** and **ADJUDGED** as follows:

1. Defendant's Witness List [ECF No. 266-1], construed as a Third Motion for Issuance of Rule 17(b) Subpoenas, is **DENIED** for the reasons explained in this Order.

2. Nothing in this Order should be construed to limit Defendant's constitutional right to subpoena witnesses outside of Rule 17(b) or to testify on his own behalf consistent with the Federal Rules of Evidence and the Court's prior rulings. *See United States v. Terzado-Madrugo*, 897 F.2d 1099, 1108 (11th Cir. 1990); *Rock v. Arkansas*, 483 U.S. 44, 51–52 (1987).

**ORDERED** in Chambers in Fort Pierce, Florida, this 3rd day of September 2025.

**AILEEN M. CANNON**
**UNITED STATES DISTRICT JUDGE**

cc: counsel of record / standby counsel

Ryan Routh, *pro se* (via standby counsel)