```
 1                    UNITED STATES DISTRICT COURT
                      SOUTHERN DISTRICT OF FLORIDA
 2                     WEST PALM BEACH DIVISION
                      CASE NO. 24-cr-80116-AMC-1
 3
      UNITED STATES OF AMERICA,            Fort Pierce, Florida
 4
                      Plaintiff,           September 2, 2025
 5
               vs.                         11:07 a.m. - 2:56 p.m.
 6
      RYAN WESLEY ROUTH,
 7
                      Defendant.           Pages 1 to 123
 8     _____
                       TRANSCRIPT OF CALENDAR CALL
 9                BEFORE THE HONORABLE AILEEN M. CANNON
                      UNITED STATES DISTRICT JUDGE
10     APPEARANCES:

11     FOR THE GOVERNMENT:
                              UNITED STATES ATTORNEY'S OFFICE
12                            JOHN SHIPLEY, ESQ.
                              MARIA MEDETIS LONG, ESQ.
13                            CHRISTOPHER BROWNE, ESQ.
                              99 NE 4th Street
14                            Miami, Florida 33132

15                            U.S. DEPARTMENT OF JUSTICE
                              JAMES M. DONNELLY, ESQ.
16                            950 Pennsylvania Avenue, NW
                              Washington, DC 20530
17     FOR THE DEFENDANT:

18                            RYAN WESLEY ROUTH, PRO SE
       AS STANDBY COUNSEL:
19                            FEDERAL PUBLIC DEFENDER'S OFFICE
                              KRISTY MILITELLO, ESQ.
20                            RENEE SIHVOLA, ESQ.
                              250 S. Australian Avenue
21                            Suite 400
                              West Palm Beach, Florida 33401
22
       STENOGRAPHICALLY REPORTED BY:
23
                              LAURA E. MELTON, RMR, CRR, FPR
24                            Official Court Reporter to the
                              Honorable Aileen M. Cannon
25                            United States District Court
                              Fort Pierce, Florida
```

1

E X A M I N A T I O N S

2

Witness/Proceedings                                          Page

3
                                    NONE
4
                          E X H I B I T S
5
                    GOVERNMENT FOR IDENTIFICATION
6     Exhibit                                                Page
                                    NONE
7
                     DEFENDANT FOR IDENTIFICATION
8     Exhibit                                                Page
                                    NONE
9

10                    GOVERNMENT ADMITTED EXHIBITS

11    Exhibit                                                Page

12    1-11.................................................    43
      25-32...............................................    43
13    33..................................................    44
      34..................................................    44
14    35..................................................    44
      39A-D...............................................    45
15    41-44...............................................    45
      46..................................................    47
16    101-105.............................................    46
      108-110, 112-113, 116-117...........................    49
17    148A and B..........................................    51
      166.................................................    50
18    167.................................................    50
      175.................................................    50
19    176, 179, 180.......................................    51
      185, 186, 187A, 187B, 188A, 188B, 190...............    51
20    200-100.............................................    57
      200-101.............................................    57
21    200-102, 200-104, 200-106A-G, 300-307...............    57
      200-1A, 200-1B, 200-2...............................    52
22    200-20, 200-21A, 200-21B............................    53
      200-23, 200-24, 200-28..............................    53
23    200-30A and 200-30B.................................    54

24

25

1                    GOVERNMENT ADMITTED EXHIBITS (Cont.)

2   Exhibit                                                      Page
    200-32, 200-33, 200-35, 200-36, 200-38, and 200-41...        54
3   200-44, 200-45, 200-47, 200-50, 200-51, 200-52, .....        55
    200-53, 200-55, 200-57A through E, 200-63, 200-66,
4   200-67
    200-78, 200-80, 200-82...............................        56
5   200-83, 200-85, 200-86...............................        56
    200-87...............................................        56
6   200-88 and 200-90....................................        57
    200-9, 200-17, 200-18, 200-19........................        53
7   310..................................................        58
    317, 320, 322A-B, 323-327, 331.......................        58
8   334A-B, 335, 337, 339, 342, 343, and 347.............        58
    349-351, 352A and 352B, 400, 408, 410 and 414........        59
9   430-432..............................................        59
    441, 444, 445, and 446...............................        60
10  523..................................................        60
    600-1, 600-3.........................................        60
11  600-128..............................................        64
    600-141..............................................        64
12  600-147..............................................        65
    600-155..............................................        65
13  600-161..............................................        65
    600-180A-D...........................................        65
14  600-183 - 600-193, 600-708...........................        66
    600-29...............................................        61
15  600-30, 600-31, 600-32...............................        61
    600-34...............................................        61
16  600-48...............................................        61
    600-49, 600-50, 600-51, 600-52.......................        62
17  600-72...............................................        62
    600-80...............................................        62
18  600-81 and 600-82....................................        63
    600-84...............................................        63
19  600-86...............................................        63
    600-88...............................................        63
20  600-95...............................................        63
    600-96...............................................        64
21  714-720..............................................        66
    721-728..............................................        66
22  730..................................................        67
    733..................................................        67
23  739-741, 743.........................................        67
    745-747..............................................        68

24

25

GOVERNMENT ADMITTED EXHIBITS (Cont.)

Exhibit                                                          Page

753-755.............................................     68
900 and 907.........................................     68
908, 909, and 911...................................     69
915A and B, 916-918, 920-923, 925-927...............     69
941-944.............................................     69
949-950.............................................     69
1100-1106, 1108.....................................     70
1109-1121...........................................     70
1123-1128...........................................     70
1129, 1130, 1132, 1135, 1136, 1138, and 1140.........    71


DEFENDANT ADMITTED EXHIBITS
Exhibit                                                          Page
                          NONE

JOINT EXHIBITS

Exhibit                                                          Page

                          NONE

```
 1          (Call to the Order of the Court.)
 2          THE COURT:  All right.  Good morning.  You may all be
 3   seated unless you are addressing the Court.
 4          COURTROOM DEPUTY:   Calling case United States of
 5   America v. Ryan Wesley Routh, Case Number 24-cr-80116-Cannon.
 6          Counsel, please state your appearances for the record,
 7   starting with the United States.
 8          MR. SHIPLEY:  Thank you.  Good morning, Your Honor.
 9   John Shipley for the United States, along with
10   Christopher Browne, Maria Medetis Long, and Jim Donnelly.
11          THE COURT:  Good morning to all of you.
12          Good morning, Mr. Routh.
13          MR. ROUTH:  Ryan Routh for the defense.
14          THE COURT:  All right.  Mr. Routh, I want to make sure
15   I can hear you.  So please move that --
16          MR. ROUTH:  Okay.  Can you hear me now?
17          THE COURT:  Yes.  Thank you.
18          MR. ROUTH:  Okay.  All right.
19          THE COURT:  Okay.  Ms. Militello and Ms. Sihvola,
20   please make your appearances as standby counsel.
21          MS. MILITELLO:   Good morning, Your Honor.
22   Kristy Militello and Renee Sihvola as standby counsel for
23   Mr. Routh.
24          THE COURT:  All right.  Good morning to both of you.
25          Okay.  This is a calendar call for trial commencing
```

1    this upcoming Monday, September 8th.  We were last in session

2    together on August 8th for a pretrial conference, at which time

3    the defendant filed a series of additional motions.  All of

4    those motions have since been responded to by the United States

5    on an expedited basis and resolved by the Court through a

6    series of orders.

7          These include an order denying in part and granting in

8    part the defendant's motion to subpoena witnesses, with an

9    accompanying supplement under seal which will be provided to

10   the United States today, an order denying the defendant's

11   motion to compel defense doctor expert witnesses; this is

12   docket entry 249, and there is a related order at 248.

13   Additionally, there was an order on the defendant's

14   miscellaneous motion; this was issued yesterday at

15   docket entry 256.

16         There was also a series of other items, including an

17   order on anonymization of jury impartial sequestration.  This

18   was consistent with the discussion at the last hearing, and

19   that is order 233.

20         To continue, there is an order directing additional

21   printer access at 238; an order granting the government's

22   motion for leave to bring physical evidence into the courtroom

23   at 248; an order following the pretrial conference and

24   anticipating today's calendar call at 240.  That order

25   attempted to lay out some general markers for today's hearing.

1      We also have an order granting in part and denying in

2  part the government's motion in limine; that's at

3  docket entry 252.  And then an additional set of miscellaneous

4  items, including an order resolving the defendant's motion for

5  office supplies and other items, plus an order resolving

6  standby counsels' request for accommodations.

7      Then today, prior to this hearing, and in compliance

8  with the Court's orders, the government did go ahead and file

9  its exhibit and witness lists at docket entry 257 and 258.  We

10  will cover those at least in part today.  And those are now

11  publicly available.

12      So we have covered significant ground since our last

13  hearing, with trial, of course, set to begin promptly this

14  upcoming Monday.

15      On that point, Mr. Routh, I do want to remind you and

16  the government to review and be familiar with the Court's order

17  on jury selection procedures.  This was issued on July 12th,

18  and that goes through the step-by-step procedure to be used for

19  jury selection, which ultimately contemplates completion of

20  jury selection on September 10th -- that is Wednesday -- with

21  opening statements starting on the morning of Thursday,

22  September 11th, and then flowing directly into witness

23  testimony.  So that's -- that's the overview since our last

24  hearing.

25      Let me start off today with the government.  Do you

1   have any questions or comments just about the timing of trial

2   or the timing of jury selection?

3           MR. SHIPLEY:  No, Your Honor.  We're all set.

4           THE COURT:  Okay.  Mr. Routh.

5           MR. ROUTH:  No, Your Honor.

6           THE COURT:  Okay.  All right.

7           Now, let's shift to just the length of trial.  There

8   has been, you know, attempts to quantify and project.  Does the

9   United States have a current, more firm understanding of length

10  of trial?

11          MR. SHIPLEY:  Your Honor, I think our prior expectation

12  remains correct.  We may even be a slightly faster pace than we

13  anticipated.  Obviously, that is dependent upon a lot of

14  unexpected variables that may be associated with the pro se

15  defendant.  But we're certainly on track.

16          We're not on track to go longer to the extent we're

17  able to manage what our witnesses are, and, again, I'm hoping

18  that we actually will be able to pick up a day or two in the

19  process.

20          THE COURT:  Okay.  All right.  So you're still looking

21  at, overall, a completion by the end of that third week, if I'm

22  not mistaken?

23          MR. SHIPLEY:  That's correct, Judge, that would be

24  the -- we'll start openings on the 11 -- 12, 19 -- 26th.

25          THE COURT:  Okay.  All right.

1           Mr. Routh, do you have any comments or questions about

2    just the overall length of trial in terms of starting, of

3    course, as we will this upcoming 8th, projecting to be

4    completed the week of September 29th, no later, as I see

5    things, than October 3rd, which is a Friday?

6           MR. ROUTH:  That sounds reasonable.

7           THE COURT:  Okay.  All right, then.

8           Okay.  Then let's discuss jury selection in a bit more

9    detail.  As a reminder, Mr. Routh -- and we already covered

10   this, but there will be no reference in open court to the names

11   or to the personal identifying information of any prospective

12   or chosen jurors.  Do you understand, sir?

13          MR. ROUTH:  Most certainly.

14          THE COURT:  Okay.  So there will be a jury

15   questionnaire.  That is an outstanding item that I will cover

16   in just a moment.  But to be clear, those completed juror

17   questionnaires will be provided to you so you can review them,

18   but they will then be retrieved by the Court at the end of each

19   court day.  Do you understand?

20          MR. ROUTH:  Certainly.  That is perfectly fine.

21          THE COURT:  Okay.  All right.  Again, we are going to

22   be summoning a total of 180 jurors with three groups of 60 as

23   laid out in that prior order.

24          So on the subject of the jury questionnaire, that is

25   still an outstanding item.  I recognize that it will be

1   disseminated to the parties no later than this Thursday.  So

2   please plan on that.

3          Ms. Militello or Ms. Sihvola, to ensure that Mr. Routh

4   gets a copy of this blank questionnaire, I'm going to direct

5   standby counsel to transmit it to him for receipt no later than

6   Friday, either in -- in physical form by delivering it to him

7   at his location, or other means.  But he does need to get that

8   one way or the other no later than this Friday.

9          Any concerns with that, Ms. Militello?

10          MS. MILITELLO:  May I have just one minute?

11          THE COURT:  Yes.

12      (Inaudible discussion amongst counsel.)

13          THE COURT:  All right.

14          MS. MILITELLO:  We're -- we're not exactly sure where

15   Mr. Routh will be housed on Friday.

16          THE COURT:  St. Lucie County Jail.

17          MS. MILITELLO:  Okay.  And as long as he is there, I

18   believe they will let us make a copy at their facility.

19          THE COURT:  You will have to figure this out.  But what

20   I'm directing and ordering is that he get a physical copy of

21   the juror questionnaire.  This doesn't seem like a difficult

22   task.  If there is a particular problem that you encounter,

23   file a motion on Thursday.  But the directive, I think, is

24   clear as can be at this point.

25          All right.  Okay.  Let's discuss now just voir dire.

```
 1          To remind Mr. Routh, of course, there will be no
 2   attorney or party conducting voir dire in this case.  But I
 3   will give you and the government each an opportunity at
 4   appropriate points in jury selection to offer any suggested
 5   additional questions.  Do you understand, sir?
 6          MR. ROUTH:  So additional questions to the jurors?  Or
 7   we present those to you and you present them to the jurors?
 8          THE COURT:  The latter.
 9          So at least once per session, I'll give each side an
10   opportunity to recommend any additional questions, and I'll
11   consider those and determine whether to ask those additional
12   questions.  Do you understand?
13          MR. ROUTH:  Certainly.  Is that per individual or for
14   the entire group?
15          THE COURT:  It could cover a specific prospective
16   juror, in other words, something that you think needs to be
17   covered more specifically for a particular person, or it could
18   be a broader topic.
19          MR. ROUTH:  Okay.
20          THE COURT:  I'm not going to limit that right now.  All
21   I'm saying is that I will be conducting all of the voir dire.
22          MR. ROUTH:  Okay.
23          THE COURT:  I will take consideration, of course, all
24   the questions that have been proposed to me, and then I will
25   give each side, during the course of jury selection, at least
```

1   some opportunity to propose additional follow-up questions.  Do

2   you understand?

3              MR. ROUTH:  Certainly do.  Thank you.

4              THE COURT:  Okay.  All right.

5              All right.  Anything from the United States with

6   respect to jury selection?

7              MR. SHIPLEY:  No, Your Honor.  Sounds fine.

8              THE COURT:  Okay.  All right.  Now, I have had an

9   opportunity to review, at least partially, the proposed jury

10  instructions in this case.  There will be a substantive charge

11  conference to take place, at least an initial one, I anticipate

12  maybe the second week of trial.  But for purposes of my overall

13  preparation and the parties' planning, I did want to ask

14  Mr. Routh, have you had a chance, sir, to review the

15  government's proposed jury instructions?

16             MR. ROUTH:  Yes.

17             THE COURT:  Okay.  And I know you offered a defense

18  additional modification; is that correct?

19             MR. ROUTH:  Yes, I did, yes.

20             THE COURT:  Okay.  Okay.  So just getting into more

21  substance on this point.  I did notice in looking at your

22  proposal and then weighing that against the government's

23  submission -- Mr. Shipley or whoever is knowledgeable about

24  this, can you maybe touch upon the formation of the

25  government's proposal for the pattern instruction on the -- on

1    Count 1?

2         I understand there is no pattern for that specific

3    charge and that it was assembled using the statutory text and

4    the standard attempt instruction.  My question ultimately is

5    whether there is a basis to use the pattern instruction for the

6    1113 offense.

7         MR. SHIPLEY:  Your Honor, I don't have my jury

8    instruction notes in front me, so I will work best from my

9    memory.

10        I don't believe there is.  What we tried to do, as set

11   forth in the long annotation there, was really track the

12   statute in terms of the basic elements and then the pattern

13   Eleventh Circuit instruction on attempt, and sort of make it as

14   simple as can be.

15        THE COURT:  So as far as his proposal, which, as far as

16   I can tell, seeks to maybe more particularly map the intent

17   element onto the substantial step prong, what are your views on

18   that, or have you formulated them?

19        MR. SHIPLEY:  I don't -- I think our position is,

20   Judge, that language is unnecessary.  It's subsumed in the

21   language that is already part of the pattern instruction.

22        The other source material that we provided to the Court

23   was from, really, the one other case that we've been able to

24   identify, where a -- an assassination attempt went to trial.

25        THE COURT:  But that wasn't a 351 charge, was it?

1          MR. SHIPLEY:  It was not because it was President

2     Clinton rather than candidate.  But the statute is -- it's the

3     same language.  It's just there is a separate provision dealing

4     with a president as opposed to our statute, which covers other

5     public federal officials as well as major presidential

6     candidates.

7          So that's the closest we have been able to find.  And

8     there is some language in there that we think would be helpful

9     to this jury in trying to understand what a substantial step

10    would be.

11         So we think his language is both sourced incorrectly

12    because it doesn't track the elements or what would be the

13    Eleventh Circuit pattern, and at best is duplicative of

14    language that will already be in there.

15         THE COURT:  Okay.  Mr. Routh, can you shed some light

16    on, you know, how you came up with that proposal and where it

17    comes from?

18         MR. ROUTH:  Yeah.  It's -- it's from the

19    Eleventh Circuit standard pattern.  I mean, this is the

20    standard template that is used.  So, I mean, we have not

21    deviated from anything.  They just simply omitted that from

22    their standard templates when they put it forth.  So, I mean,

23    I'm using 074, which is just the standard Eleventh Circuit

24    template, you know.  And it plainly states, you know, that,

25    you know, certainly you can kill somebody and not have intent,

1  but you cannot, you know -- not have intent and try to -- and

2  attempt to kill someone.  So, you know, I mean, it's --

3       THE COURT:  I think one of the challenges here is that

4  there is no actual pattern for the particular statute in

5  Count 1.  I think you're drawing from the pattern instruction

6  for Section 1113.  The government is using the standard attempt

7  instruction with the statutory text, and I haven't been

8  presented with a pattern for this particular Count 1 charge.

9  It may not even exist in any circuit.  So we're not going to

10  make any decisions on this issue.  But I do -- I will direct

11  the parties to -- to be prepared to discuss this particular

12  issue so that we can arrive at the best final language for the

13  elements on Count 1.

14       Let's see here.  One other item just instructionally,

15  Mr. Shipley.  I noticed in the pattern for 1113 -- and correct

16  me if I'm wrong, but there is a requirement that the jury agree

17  on the particular substantial step.  That, I did not see in

18  your submission, and I just wanted to know why, if you're

19  prepared to answer that now.

20       MR. SHIPLEY:  Sure.  I can give the Court a brief

21  summary on that.

22       That language, actually, we've dug into that because it

23  doesn't appear in the standard attempt language.  I think,

24  candidly, as it appears in the attempted murder statute is

25  mistaken.  I don't believe there is any case law anywhere

1    requiring the jury to agree on a specific substantial step in

2    the format that would be required, for example, with a directed

3    verdict.  I think that language is saying the jury must agree

4    that there was a substantial step.  And similar to discussions

5    in the case law about the difference between means and

6    elements, the jury would not have to agree on what the

7    substantial step was, but they have to agree -- everybody has

8    to agree that there was one.

9         So we've looked at that, and obviously, I think we put

10   a little bit of case law in the submission we gave, but happy

11   to address that further to Your Honor.

12        So I think that language -- it doesn't appear in the

13   attempt.  And to the extent it appears in the attempted murder

14   pattern, to the extent it's read to say you have to have a

15   directed verdict listing out every substantial step, I think

16   that is mistaken and not consistent with Eleventh Circuit case

17   law.  But happy to address that in whatever way that would be

18   beneficial to the Court.

19        THE COURT:  Okay.  Thank you.

20        I may consider requiring a brief supplemental filing to

21   this end, but I'm not certain that's necessary.  At the very

22   least, though, the parties should be prepared to address these

23   issues in substance for our charge conference.  I suspect we

24   will have at least an initial one on the second week of trial,

25   and then plan for a final one as we get closer to the end.

1       Any questions so far on jury instructions, Mr. Routh?

2           MR. ROUTH:  No, Your Honor.

3           THE COURT:  Mr. Shipley.

4           MR. SHIPLEY:  On the other topic, Your Honor, which we

5   can address next week or at the Court's convenience, we did ask

6   the Court to consider several instructions on the front end

7   regarding the defendant's pro se status.  First Amendment --

8   and I know I had one other one as well.  It's on the cover page

9   of our jury instructions.  Happy to address those next week or

10  whenever is the Court's pleasure --

11          THE COURT:  Let's address those now, please.

12          MR. SHIPLEY:  Sure.

13          And punishment.  So they were punishment, which I know

14  the Court has issued a ruling on, but we think that's

15  imperative at the front end.  It's not actually part of the

16  ordinary preliminary instructions.  We thought it was, but it

17  is not.  So we would ask that that be included.  A pro se

18  instruction.  Again, courts have come at it differently.  If

19  the Court has an approach to this, we will obviously defer to

20  you.  But in other pro se trials, generally the Court has

21  instructed the jury along the lines of what we have included in

22  our package, which is simply to identify the defendant is

23  pro se, he has chosen to do that, that's his right to do that,

24  it should not affect your deliberations in any way.  And you

25  can mention that he has standby counsel as well.

1        And so that would be --

2        THE COURT:  Okay.  So you have -- you have the no

3   reference to punishment; you have the self-representation.

4        Was there a third?

5        MR. SHIPLEY:  The third one related to the First

6   Amendment instruction.  And, again, we've included that

7   language in the pattern.  This is really in anticipation of the

8   issues that were certainly front and center when counsel were

9   involved in the case, and we were discussing these issues about

10  what, particularly, an opening statement is going to be.

11        Some of these topics -- if we allow argument or

12  Mr. Routh's version of argument relating to potential

13  First Amendment freedoms, that is really going to send the jury

14  off track from the very start.

15        I have had at least one trial -- Judge Altonaga gave

16  that instruction in a similar matter involving a pro se

17  defendant.  This was a case involving individuals who had sold

18  a -- a COVID cure that was bleach and had made clear through

19  pretrial proceedings that they wanted to talk about this as

20  their right of both political expression and religious

21  expression.  And Judge Altonaga agreed to give an instruction

22  on the first and -- on the front end of trial about the First

23  Amendment.

24        It would be the same language that the Court could then

25  include at the end.  It's simply saying that everybody has

1    First Amendment rights, but there is no First Amendment defense

2    to the criminal conduct charged in the case.  So that's the

3    language we've included in the pattern.  Those are the three we

4    would ask the Court to consider on the front end.

5           THE COURT:  Okay.  Mr. Routh, do you have there, for

6    your access, the government's proposed jury instructions?  This

7    is docket entry 215.

8           MR. ROUTH:  I do not have access, no.

9           THE COURT:  Well, all of the court filings have been

10   given to you.  So perhaps I misspoke with the word "access."

11   Right now in front of you, do you have a copy of

12   docket entry 215?

13          MR. ROUTH:  No, I do not.

14          THE COURT:  Okay.  Are you familiar with the proposed

15   instructions that Mr. Shipley is referencing?

16          MR. ROUTH:  Vaguely.

17          THE COURT:  All right.  It's going to be incumbent upon

18   you to know these filings well enough.  I'm going to give you

19   an opportunity to chime in and offer any thoughts.  If you are

20   ill-prepared or don't have a view, then I'm going to make my

21   ruling with or without your position.  Do you understand?

22          MR. ROUTH:  Certainly.  The first two items, I don't

23   have a problem with.

24          The third item, you know, First Amendment is First

25   Amendment.  I mean -- so, I mean, certainly we can have

20

1    some -- some general boundaries.  But what -- the first two

2    items is regarding penalties, and that's -- that's not an

3    issue.

4           THE COURT:  Okay.  So I'm going to read out loud the

5    proposed First Amendment permissible use of evidence.  So

6    listen carefully, please, and let me know at this point if you

7    have any issues with this.  And what's being proposed is that I

8    issue this to the jury as part of the preliminary jury

9    instructions right after they are sworn as the jury in this

10   case.

11          So this is what it says:  "The First Amendment to the

12   United States Constitution establishes certain rights which

13   benefit everyone.  The First Amendment provides in part that

14   Congress shall make no law abridging the freedom of speech.  A

15   person is free to express any point of view, but the

16   First Amendment does not protect the kind of criminal activity

17   charged in this case.  So having instructed you concerning the

18   rights of the defendant pursuant to the First Amendment, I also

19   instruct you that the First Amendment is not a defense to the

20   crimes charged in this indictment.  If the government proves

21   all of the elements of those crimes beyond a reasonable doubt,

22   you must return a verdict of guilty regardless of whether the

23   defendant's conduct had some connection to a claim of free

24   speech.

25          "I instruct you as well, that in deciding whether the

1    government has met its burden, you may consider the defendant's

2    statements as -- excuse me -- statements admitted as evidence

3    during the trial and give them whatever weight you decide."

4            Do you have an objection to that language?

5            MR. ROUTH:  No, I do not have an objection.  That's

6    all -- all logical.

7            THE COURT:  Okay.

8            MR. ROUTH:  Certainly.

9            THE COURT:  All right.  Well, we've cleared that up.

10           So I will grant the government's request to add those

11   to the preliminary instructions.

12           Anything further on the preliminary instructions?

13           MR. SHIPLEY:  No, Your Honor.  Thank you.

14           THE COURT:  Okay.  As I indicated in a prior order, we

15   run from 8:30 to 5:30 roughly, with the jury starting at 9:00

16   in the morning or as close to 9:00 as we can.  That means that

17   we, each day, barring something unusual, will have a morning

18   session with just the attorneys, of course Mr. Routh in his

19   pro se status, to address any substantive issues.  I say all of

20   this because I don't want to have last-minute substantive

21   issues that derail the frequency and course of trial.

22           So, Mr. Routh, if you have substantive issues to

23   raise -- and this goes for the government as well -- you should

24   be prepared to address those in the morning session or outside

25   the presence of the jury more generally but not in the presence

1   of the jury or in a way that disrupts the course of trial.  Do

2   you understand?

3            MR. ROUTH:  Most certainly.

4            THE COURT:  Okay.  All right.  We touched upon this

5   last time, and it was just your courtroom professional business

6   attire.  Have you made those arrangements, Mr. Routh?

7            MR. ROUTH:  Yes.  Yes, Your Honor.

8            THE COURT:  Okay.

9            MR. SHIPLEY:  Your Honor, may I be heard briefly on

10  that?

11           THE COURT:  Okay.

12           MR. SHIPLEY:  We have a communication -- as you know,

13  obviously the defendant's communications from jail.  We have

14  been receiving those, producing them as we receive them.

15           Your Honor is crystal clear about the clothing

16  requirements.  But after the Court issued those orders and we

17  had the hearing, we have a communication dated August 22nd,

18  where the defendant is asking his daughter to put labels or

19  slogans on shirts he is wearing.  So I don't know that the

20  Court can be any more clear than you have been, but it's

21  obvious that the messages that you imparted were not taken to

22  heart by the defendant based on this communication.  And that's

23  after the hearing and after Your Honor's order.

24           THE COURT:  Okay.  Mr. Routh, what would you like to

25  say about this?

1    MR. ROUTH:  Yeah.  That's incorrect.

2        So, you know, if -- if my daughter implied that she had

3    already done something, then she had already done something.

4    So, you know, I was like, okay, whatever.  So, you know, so

5    nothing was instigated or promoted or -- and all of that will

6    be deleted and omitted.  But if my daughter had already done

7    something, then I just told her, "Thank you very much.  I

8    appreciate your support."

9        THE COURT:  Let me ask you something.

10       MR. ROUTH:  Yes.

11       THE COURT:  So are you telling me -- of course, you

12   have a duty of candor to the Court in your capacity as your own

13   lawyer.  Are you telling me that there is no truth to the

14   statement that you in any way asked a relative to modify

15   clothing with slogans or statements?

16       MR. ROUTH:  Not after that court hearing, no.  Not --

17   after you stated that we would not do that, I did not.  If

18   my -- my daughter certainly called and said that she had

19   already done that, and I certainly told her, "Okay, thank you

20   very much.  You know, that's wonderful."  You know, whatever.

21   And I'm going to ignore it.  But, you know, I'm still going to

22   be grateful to my daughter for her effort.

23       So, you know, I did not say, "Please do more" or,

24   you know, anything of that nature, so --

25       THE COURT:  Okay.

```
 1            MR. ROUTH:  -- you know, no, I did not -- I did not
 2   promote the situation any further.  So if I said anything --
 3            THE COURT:  Are you fully clear --
 4            MR. ROUTH:  Yes, I'm fully clear.  Yes.
 5            THE COURT:  -- with the Court's requirements regarding
 6   formal business attire, like everybody is subject to in the
 7   courtroom?
 8            MR. ROUTH:  Yes, yes, yes, yes, yes.
 9            THE COURT:  Okay.  So then let me ask Mr. Shipley.  Do
10   you care to comment on this again?
11            MR. SHIPLEY:  Your Honor, it's a -- I don't think we
12   need more than that.  He's -- obviously, I would not have
13   brought that to the Court's attention without a factual basis
14   for it.  But I don't know the Court can do more than you
15   already have, and if it becomes an issue, obviously you have
16   other options at your disposal.
17            THE COURT:  Okay.  Well, with Mr. Routh's, again,
18   reiterated commitment to comport with the formal business
19   attire, again, that everybody is subject to, then we will move
20   past that issue.
21            Okay.  Now let's discuss briefly just placement and
22   seating.  Mr. Routh, you're going to stay where you are right
23   now for purposes of trial.  But if at any point you have issues
24   with visibility or with hearing, you need to alert me to those
25   issues so I could try to address them as best I can in the
```

1   moment.  Do you understand?

2        MR. ROUTH:  Certainly.  That's wonderful.

3        THE COURT:  Okay.  All right.

4        For standby counsel, the chairs are going to be where

5   Ms. Sihvola is seated, and you can arrange yourself there, but

6   you need not be at counsel table unless you wish to be at

7   counsel table.  Any questions about placement?

8        MS. MILITELLO:  No.  Thank you.

9        THE COURT:  Okay.  Mr. Routh, when it's time for you to

10  cross-examine a witness or when it's time for you to present

11  your opening statement, you will be permitted -- and I will

12  excuse the jury for this process each time, but you'll be

13  permitted to go from where you are sitting right now to the

14  lectern.  That lectern will be shifted slightly so that you can

15  address the jury.

16        MR. ROUTH:  Okay.

17        THE COURT:  But you are strictly prohibited from going

18  anywhere else.  So let me just be clear, you go from that

19  chair; you go to the lectern.  You don't approach the jury box.

20  You don't approach the witness box.  You don't approach the

21  bench.  You don't approach the government's table or the

22  gallery.  Do you understand?

23        MR. ROUTH:  Most certainly.  Certainly.  And you can

24  certainly move the lectern over here.  I mean, that's certainly

25  acceptable.

1    THE COURT:  We will leave the lectern where it is.  I

2    just want to be very clear that you don't have free reign over

3    the well of the courtroom and that you are to go from where you

4    are to the lectern and back.

5    If you happen to have a document that you wish to

6    present to a witness, then you should let me know that you want

7    to do that, and we will either have a deputy or court staff

8    provide the document to the witness and vice versa.  Do you

9    understand that mechanism?

10    MR. ROUTH:  Yes.  Yes, Your Honor.

11    THE COURT:  Okay.  Now, for the government, in general,

12    you should stay within the lectern space while delivering your

13    opening or closing.  And if you have a request to approach the

14    witness, then you can do so in the normal course.  But there

15    should be no sort of general walking around during argument.

16    Any questions about that?

17    MR. SHIPLEY:  No problem with that, Your Honor.  Just

18    to clarify, so you would ask that we give jury addresses from

19    the lectern, not using a handheld or a lapel mic?

20    THE COURT:  Correct.  And if you need to take a couple

21    of steps left and right, that's okay.  But in general, you

22    should be in the vicinity of the lectern when presenting

23    arguments to the jury.

24    MR. SHIPLEY:  Okay.  Understood.  Okay.

25    THE COURT:  If there is an issue with the audio, we

1    will, of course, have available the extra microphones for use,

2    and you can make those requests if necessary.

3          Okay.  This goes without saying, Mr. Routh, but if you

4    make any sudden movements or hostile actions or otherwise

5    engage in any inappropriate behavior, the marshals will take

6    decisive and quick action to prevent and respond.  Do you

7    understand, sir?

8          MR. ROUTH:  Yes, most certainly.  Yes.

9          THE COURT:  Okay.  All right.

10          We had talked about this a while ago, and it was

11    whether you might have some relative, Mr. Routh, that wished to

12    be present on a regular basis during trial.  And the idea was

13    maybe we would reserve a couple of seats for that purpose.  Do

14    you still think you will be having regular visitors for trial?

15          MR. ROUTH:  Yes.  Yes.  Yeah, I assumed we would set

16    aside three seats, so I told them three seats.  So we should

17    have three people here.

18          THE COURT:  Three people.  Okay.  All right, then.

19    We're going to make arrangements to keep -- keep those three

20    chairs for you, but if people don't show up, you understand

21    there might be other people in the public that wish to use

22    those chairs.  I won't be able to hold them indefinitely if

23    they're not being used.  Do you understand?

24          MR. ROUTH:  Certainly.  Certainly.  Yes.

25          THE COURT:  Okay.  Okay.  For opening statements, I

1    have allotted 40 minutes.  Please plan accordingly.  Does the

2    government have any anticipated demonstratives, PowerPoints,

3    et cetera, or exhibits they wish to use during opening?

4            MR. SHIPLEY:  I will, Your Honor.  And it segues with

5    the discussion, that the Court may be amenable to having in a

6    moment, about preadmitting certain exhibits.  But to the extent

7    we don't do that or the Court has a different view, I'm happy

8    to make those available in advance.  Those, I would expect to

9    have by Monday, by the start of trial at the latest.

10           THE COURT:  Okay.  Are you prepared today, though, to

11   present argument on any exhibits to be used during opening?

12           MR. SHIPLEY:  We are.  We have a suggestion, and it may

13   not even be argument, but we have a suggestion for how we can

14   proceed on areas that I don't think will be contested.  So if

15   the Court wants me to address that, can I turn to that topic?

16           THE COURT:  All right.  We will do so in just a moment.

17           Another kind of basic housekeeping issue I did want to

18   go over with you, Mr. Routh, is the process for making

19   objections.

20           MR. ROUTH:  Okay.

21           THE COURT:  In general, the way it happens is, a party

22   has an exhibit to propose, they move to admit the exhibit.  And

23   at that point I ask the opposing party whether the opposing

24   party either objects or doesn't object to the proposed exhibit.

25           MR. ROUTH:  All right.

1        THE COURT:  So as an example, let's say there is

2  Government Exhibit 1, the government moves to admit Government

3  Exhibit 1.  I will then turn to you and say, "Mr. Routh, any

4  objection?"  At that point you have to either say, "No

5  objection" or state your objection.  Do you understand that

6  basic format?

7        MR. ROUTH:  Yes, Your Honor.

8        THE COURT:  Okay.  Now, if you do have an objection --

9  and this is important to emphasize -- what I do not allow is

10  lengthy speaking objections.

11        MR. ROUTH:  Right.

12        THE COURT:  So if you have an objection, you need to

13  succinctly state the basis for the objection in one or two

14  words, but then stop.

15        MR. ROUTH:  Okay.

16        THE COURT:  Do you understand?

17        MR. ROUTH:  Yes.

18        THE COURT:  So what I don't want to hear is just

19  lengthy argument or thoughts or stream of consciousness,

20  anything sort of along those lines.  It needs to be a very

21  succinct and targeted statement of the basis for your

22  objection.  Do you understand?

23        MR. ROUTH:  I understand that fact, yes.

24        THE COURT:  Okay.  Now, if there is something more

25  developed or complex that requires consideration, then I might

1   have occasion to excuse the jury and engage in argument with

2   you and with the government.  But as an ordinary matter, that's

3   the simple way of going about things, and you'll be called upon

4   to state your position, like I said, in a succinct way in the

5   moment at each time the exhibit is being offered.  Do you

6   understand?

7          MR. ROUTH:  I understand.

8          THE COURT:  Okay.  So no speaking objections.

9          All right.  Okay.

10         Mr. Shipley, let's get back to this prior proposal.

11         MR. SHIPLEY:  Your Honor, what we tried to do -- we've

12  obviously provided and, again, this morning, our exhibit list.

13  We've tried to identify, based on the stipulations that we have

14  received from Mr. Routh, the 902 submissions that we've made,

15  items that should be -- should not be contested or either have

16  already been addressed or the subject of an order from this

17  Court.

18         So I can describe those categories generally, and I

19  think Ms. Medetis Long has provided to standby and to Mr. Routh

20  a marked-up exhibit list that we can give the Court, which has

21  highlighted the items that we would ask the Court to admit

22  today.  So if I can provide that to your --

23         THE COURT:  Yes, thank you.

24         MR. SHIPLEY:  May I approach, Your Honor?

25         THE COURT:  Yes.

1           MR. SHIPLEY:  (Tendering items.)

2           THE COURT:  Thank you.

3           Does this relate, I think you said, to the

4    stipulations, the additional ones that were given to Mr. Routh

5    last time for his review to discuss today?

6           MR. SHIPLEY:  To some extent, yes.  I

7    could -- Ms. Medetis Long can address that in a moment.  But,

8    yes, we have additional stipulations.  Those have been signed.

9    So that's taken care of.  We do have additional agreement on

10   items.  And we have a copy of that for the Court, if you would

11   like to see it --

12          THE COURT:  Okay.  Are there any leftover stipulations

13   that were presented to Mr. Routh that haven't yet been decided

14   one way or the other?

15          MR. SHIPLEY:  Unless -- if Mr. Routh is open to

16   considering or considering further some of those, then we would

17   be too, but that's -- we've got back from him a handwritten

18   document that identified "yes" to certain things, "no" to other

19   things.  And we have provided him a clean copy this morning,

20   which we have his signature on and I have signed as well.  So

21   that's done.

22          So we're open to stipulations on any reasonable topics,

23   as we have been, or additional ones that we've requested.  But

24   we may have drained as much out of that as we can at this

25   point.

```
1              THE COURT:  Okay.  All right.

2              Mr. Routh, do you have any comments or questions about

3     the stipulations that have been reached so far and executed?

4              MR. ROUTH:  No.  I did execute that earlier.  You know,

5     I think -- I'm not sure if they're moving on to this lengthy

6     list.

7              THE COURT:  Okay.  I think we're on the same page.

8     Okay.  So we're done right now with the stipulation discussion,

9     unless it resurfaces in the course of this exhibit list.

10             So before we get to the government's exhibit list,

11    Mr. Routh, do you have your witness and exhibit lists ready to

12    provide to the United States?

13             MR. ROUTH:  Yes.  Yes, Your Honor.

14             THE COURT:  Okay.  And, just to be clear, what do you

15    have in that Redweld?

16             MR. ROUTH:  All the exhibits.  All of my exhibits.

17             THE COURT:  Okay.  So you have the actual copies of the

18    exhibits?

19             MR. ROUTH:  Yes.

20             THE COURT:  Okay.  Do you have a list of your proposed

21    witnesses?

22             MR. ROUTH:  Yes.

23             THE COURT:  In line with the Court's orders?

24             MR. ROUTH:  Yes.

25             THE COURT:  Okay.  All right.  Well, then, please give
```

1    that over to Ms. Militello who will then give it to the

2    United States.  Thank you.

3            MS. MILITELLO:   The government was provided a copy.

4    What Mr. Routh is holding is the originals that he would

5    provide to the Court --

6            THE COURT:  Oh, okay.

7            MS. MILITELLO:  -- as evidence.

8            THE COURT:  So the government already has these?

9            MS. MILITELLO:  Yes.  I gave them a copy.

10           THE COURT:  Then you should hold on to your originals,

11    sir, because I don't want you to lose those.

12           MR. ROUTH:  Okay.  Okay.  I thought you wanted it.

13           THE COURT:  And that's the only copy you have, and it's

14    your copy, just so I understand?

15           MR. ROUTH:  No.  We have three.  We have several

16    copies.

17           THE COURT:  Okay.  If you have one for the Court that

18    you can provide now without sacrificing your own original set,

19    I will receive that.

20           MR. ROUTH:  Yes.  (Indicating.)

21           THE COURT:  Okay, then, thank you.  We will take that.

22           MS. MILITELLO:  Your Honor, I believe that is the

23    original copy, but Mr. Routh has a copy of those originals.

24           THE COURT:  Okay.  Well, I just want to make sure that

25    Mr. Routh has his original exhibits.  If I take this, will that

1   pose a problem, Ms. Militello?

2          MS. MILITELLO:   It's not a problem.  But those are

3   the -- I think those are the originals from which we made

4   copies for all of the parties, so --

5          THE COURT:  Okay.  Mr. Routh, do you have your own set

6   of copies for these documents in a marked way?

7          MR. ROUTH:  Yes, Your Honor.  Yes.  We have everything

8   here.

9          THE COURT:  Okay.  I can't hear you, sir, when you talk

10  away from the microphone.

11         MR. ROUTH:  We have everything.

12         THE COURT:  Okay.  Thank you.

13         MR. ROUTH:  We have everything.

14         THE COURT:  Okay, Mr. Shipley, you have received all of

15  these items?

16         MR. SHIPLEY:  We have, Your Honor.  We have just taken

17  a preliminary look at them and have some questions, but we can

18  tackle that later if we need to today.  But we have received

19  the witness list, or what purports to be a witness list, and

20  the exhibit list, yes.

21         THE COURT:  Okay.  Thank you.

22         Okay.  So now let me hear from you, Mr. Shipley, on

23  your kind of annotated exhibit list with the highlights for the

24  exhibits that perhaps there is agreement on.

25         MR. SHIPLEY:  Sure.

1           So what we tried to do, Your Honor, is identify a

2    couple of categories of items.  And all of the

3    highlighted-in-yellow entries fall into one of these different

4    buckets.  I will give a broad overview, and then I could tell

5    you specifically what items fall into which, or we can give

6    Mr. Routh an opportunity to comment or take a look.

7           Basically what we have highlighted are either items

8    that were pre-admitted by the Court in your 404(b) ruling or in

9    your motion in limine order; items that -- for which there is a

10   902 business records certification; items that are the subject

11   of an expressed stipulation; items that are from the

12   defendant's primary phone, Government's Exhibit 301, which the

13   defendant has stipulated is his; and physical items from both

14   the sniper hide and from the Xterra.

15          So those are the categories of items that we would ask

16   the Court to admit now.  And where we have had information from

17   Mr. Routh that he objects to certain items, for example, his

18   ownership or relationship to other phones, we are not asking

19   the Court to rule on those now, although, they will be

20   straightforward issues for trial.  But even making a little

21   headway on this, I think, will simplify things.  It will take a

22   little bit of the burden off of your courtroom staff having to

23   publish exhibits first to the witness before we can publish it

24   to the jury and just generally make things go more efficiently,

25   assuming these are not contested topics.  Again, these are --

1    some of these are matters that, you know, would be addressed

2    routinely -- again, the 902s or subjects of the Court's prior

3    orders.

4            THE COURT:  Okay.  And Mr. Routh was given a copy of

5    this annotated stack before this hearing?

6            MR. SHIPLEY:  Yes, Your Honor.  We just gave it to him

7    this morning through Ms. Militello.

8            THE COURT:  Okay.

9            MR. SHIPLEY:  What I can --

10           THE COURT:  One moment.

11           We have available for the government copies of the

12   Rule 17 sealed supplement, along with the initial Rule 17

13   subpoenas that were submitted ex parte.  Those will now be

14   given to the government.  And then what we will do is we will

15   take a recess to allow the parties to evaluate and consider all

16   of these materials, and then come back after the recess today

17   and try to get through any substantive issues that we can with

18   respect to exhibits or witnesses.

19           So I will ask court staff now to please give to the

20   United States those items.

21           COURTROOM DEPUTY:  (Tendering items.)

22           THE COURT:  Okay.  Mr. Routh, have you obtained -- seen

23   this copy with the annotated yellow items?

24           MR. ROUTH:  Yes.  Yes, I have a copy.

25           THE COURT:  Okay.

1          MR. ROUTH:  Yes, I have a copy now.

2          THE COURT:  Okay.  And do you have -- Mr. Shipley, have

3     you given to the defendant the physical copies of these items

4     as well?

5          MR. SHIPLEY:  We have, Your Honor.  And we also have a

6     set available for the Court, also, of the physical exhibits.

7          THE COURT:  Okay.  We will retrieve that at the end of

8     this initial session.

9          Okay.  So what we're going to do, like I said, to allow

10    for at least some deliberation on these items, is to take a

11    break -- it's almost noon at this point -- until 1:00, 1:30.

12    This will double as a lunch break.

13          In addition to the potential uncontested exhibits,

14    please be prepared, Mr. Shipley, or your team, to address any

15    witness issues that you might perceive from the defense

16    materials.  I also want to allot some time for the discussion

17    of any broader topics, including the defendant's character

18    witnesses.  This issue has been addressed in subsequent orders,

19    but I want to be able to flesh that out, if necessary, along

20    with any consequences that those character witnesses may have

21    on previously excluded 404(b) evidence.

22          So, with that, we're going to recess now until 1:30 as

23    noted.

24          Mr. Routh, do you have any questions about how we're

25    going to sequence out today's hearing?

```
 1            MR. ROUTH:  No, no questions.  So you will -- you want
 2    me to determine if these exhibits are acceptable?
 3            THE COURT:  Exactly.  Exactly.  And then what's going
 4    to also happen is the government is going to take a look at
 5    what you have prepared --
 6            MR. ROUTH:  Uh-huh.
 7            THE COURT:  -- and offer any objections or arguments
 8    about those materials.  So we will have an opportunity to
 9    discuss those issues too.
10            MR. ROUTH:  Okay.
11            THE COURT:  And then if there is also a need to discuss
12    your proposed character witnesses in line with the Court's
13    order, we will talk about that as well.  Do you follow?
14            MR. ROUTH:  I follow.
15            THE COURT:  Okay.
16            MR. ROUTH:  Also, I have two motions that -- I don't
17    know if you want those now, so you can review those while over
18    lunch.
19            THE COURT:  All right.  What are your motions?  And I
20    will receive them.  But I do want to say something, Mr. Routh.
21    You are familiar with the obvious fact that the pretrial
22    motions deadline expired many months ago.  Do you understand?
23            MR. ROUTH:  Certainly.
24            THE COURT:  Okay.  And you have committed under oath to
25    respecting those already-expired deadlines; correct?
```

1    MR. ROUTH:  Correct.  But this is one -- they -- they

2    just introduced four new -- four new items of evidence, and I

3    was just contesting what they have submitted in the last week.

4    So I'm just contesting what they've presented in the last week.

5    So, I mean --

6        THE COURT:  Okay.  Well, I will take a look.  I don't

7    know what they consist of.  I will permit you to provide those

8    filings to courtroom staff.  Do you have -- have you provided

9    them to the -- to the government attorneys?

10       MR. ROUTH:  No.  I do not have copies.  I only have one

11   copy.

12       THE COURT:  Okay.  Well, then, we will make copies of

13   these items and provide them to the government, so you can take

14   a look at these as well over the break.  But just as a preview,

15   is this -- is this two motions, sir?

16       MR. ROUTH:  Yeah, two motions.  Yes.

17       THE COURT:  Two motions.  Okay.  There is one that

18   says, "Motion to exclude prosecution's latest evidence and

19   support."  There is some commentary followed by references to

20   accommodations at the St. Lucie County Jail and other

21   apparently relevant items.  And then there is a motion to admit

22   all three letters.  Which specific three letters are you

23   referring to, sir?

24       MR. ROUTH:  The "Dear World," the "for" letter -- and

25   the -- there were two that were found on the golf course and

1    one that was in the box in North Carolina.  So there were three

2    notes.

3             THE COURT:  Okay.  Say that one more time.  There is

4    the "Dear" letter, only a portion of which has been admitted.

5             MR. ROUTH:  Right.  Right.  Right.

6             THE COURT:  Okay.  The rest of it, if offered by you,

7    is hearsay.  What are the other two?

8             MR. ROUTH:  There were two notes that were found in the

9    grass or something by the golf course.

10            THE COURT:  Okay.  All right.  We will make copies of

11   these items.

12            Mr. Shipley or Mr. Browne or Ms. Medetis, you should

13   address those when we return.

14            That's all for now.  Thank you.

15        (A recess was taken from 11:53 a.m. to 1:41 p.m.)

16            THE COURT:  Please be seated unless you are addressing

17   the Court.  Everybody is present.

18            Okay.  We had an earlier session today to discuss more

19   logistical technical issues, and now we're going to endeavor to

20   address some more substantive components, starting first with

21   the potential for preadmission of any uncontested exhibits.

22            So, Mr. Routh, have you had a chance to review the

23   marked-up version of the government's Exhibit list with the

24   various highlighted items?

25            MR. ROUTH:  Yes, Your Honor.

1      THE COURT:  Okay.  Do you need any more time to review
2  those materials?
3      MR. ROUTH:  There is only -- only basically three items
4  I have a problem with.
5      THE COURT:  Okay.  I certainly don't want you to feel
6  rushed in your deliberation or evaluation of these exhibits.
7  So I just want to ask again, do you need any more time to go
8  over this list or the underlying copies themselves?
9      MR. ROUTH:  No.  No, Your Honor.
10      THE COURT:  Okay.  So do you understand, Mr. Routh,
11  that if you agree to admission of these items, they will be
12  deemed admitted into the trial record and there won't be a
13  further opportunity to object to their admission?
14      MR. ROUTH:  Certainly.
15      THE COURT:  Okay.  And you're comfortable doing that
16  right now?
17      MR. ROUTH:  Certainly.
18      THE COURT:  Do you need any more time to discuss this
19  matter with standby counsel if you choose to do so?
20      MR. ROUTH:  No.  That's okay.
21      THE COURT:  All right.  Okay, then.  We are going to go
22  page by page then with this, and I ask that you please follow
23  along so we don't get confused with the various numbers.
24      And let me confirm with Mr. Shipley.  Is this your
25  final list in terms of your final numbering?

1        MR. SHIPLEY:  It is, correct, yes.

2        THE COURT:  All right.  So if we refer to GX1, it's

3    going to stay GX1 for purposes of trial?

4        MR. SHIPLEY:  That's correct.

5        THE COURT:  Same with all of the others?

6        MR. SHIPLEY:  Yes.  We've stuck -- all these numbers

7    will not change.  That's why we have some gaps in numbering,

8    and we tried to make that consistent.

9        THE COURT:  Okay, then.  We are going to do this page

10   by page.  There are a total of 33 pages, and not every page

11   contains highlighted items, although many do.  So we're going

12   to start with the first page.

13       The government is asking for an order preadmitting

14   Government's Exhibits 1 through 11.

15       Do you have any objection to those items, Mr. Routh?

16       MR. ROUTH:  No, Your Honor.

17       THE COURT:  Okay.  So, to be clear, you're agreeing to

18   admission of GX1, 2, 3, 4, 5, 6, 7, 8, 9, 10, and 11?

19       MR. ROUTH:  Yes.  7 is ambiguous, but, you know,

20   whatever.  An unknown individual?  Really?

21       THE COURT:  Okay.  Do you want to take a moment to

22   review GX7 to figure out who the unknown individual is?

23       MR. ROUTH:  Well, it's just a -- it's just -- it's just

24   an ambiguous piece of information.  I mean, you know.

25       THE COURT:  So do you have an objection to GX7, yes or

1    no?

2         MR. ROUTH:  No, I don't have an objection.  I don't

3    care.

4         THE COURT:  All right.  Then Government's Exhibits 1

5    through 11 will be admitted without objection.

6         (Government Exhibits 1-11 were received in evidence.)

7         THE COURT:  All right.  Please turn to page 2,

8    Mr. Routh.

9         Do you have any objection to Government's Exhibits 25,

10   26, 27, 28, 29, 30, 31, or 32?

11        MR. ROUTH:  No.  No.

12        THE COURT:  Okay.  And you're clear about that?

13        MR. ROUTH:  Clear.

14        THE COURT:  Okay.  Then those exhibits will be admitted

15   without objection.  Again, this is Government's 25 through 32.

16        (Government Exhibits 25-32 were received in evidence.)

17        THE COURT:  Okay.  Looking at page 3 of this exhibit

18   list, do you have any objection to admission of

19   Government's 33, 34, 35, 36?

20        MR. ROUTH:  Yes.

21        THE COURT:  It skips to 38.  Then 39A through D, 41,

22   42, 43, 44, 45, 46.  And then it jumps to a 100 series; 100,

23   101, 103, 104, and 105.

24        MR. ROUTH:  Yes.  I object to -- to 36, 38, and 45.  I

25   mean, that's just -- I'm not -- I'm losing confidence in our

1  FBI.  That's just bogus.  It's just not real.  So I'm not sure

2  how to -- how one is supposed to express that in legal terms.

3       THE COURT:  Okay.  Let me ask you this.  Do you have an

4  objection to 33?

5       MR. ROUTH:  No.

6       THE COURT:  33 will be admitted without objection.

7     (Government Exhibit 33 was received in evidence.)

8       THE COURT:  Do you have an objection to 34?

9       MR. ROUTH:  No.

10      THE COURT:  34 will be admitted without objection.

11    (Government Exhibit 34 was received in evidence.)

12      THE COURT:  Do you have an objection to 35?

13      MR. ROUTH:  No.

14      THE COURT:  35 will be admitted without objection.

15    (Government Exhibit 35 was received in evidence.)

16      THE COURT:  We are going to not address further today

17 36 or 38, given what you have indicated, although none of which

18 you have indicated is actually a valid objection, but we will

19 table that discussion for later.

20      MR. ROUTH:  Okay.  And 45 --

21      THE COURT:  Okay.  Do you have an objection to

22 Government's Exhibits 39A through D?

23      MR. ROUTH:  No.

24      THE COURT:  Okay.  Government's 39A through D will be

25 admitted without objection.

 1            (Government Exhibits 39A-D were received in evidence.)

 2            THE COURT:  Do you have any objection to

 3    Government's 41, 42, 43, or 44?

 4            MR. ROUTH:  No, Your Honor.

 5            THE COURT:  Okay.  Those four will be admitted without

 6    objection.

 7            (Government Exhibits 41-44 were received in evidence.)

 8            THE COURT:  You told me earlier you're objecting to 45.

 9    Is that right?

10            MR. ROUTH:  Yes.  45 pertains to 36 and 38.  Same.

11    Same.

12            THE COURT:  Okay.  So 45 will not be admitted at this

13    time.

14            Do you have any objection to Government's 46, 100, 101,

15    103, 104, or 105?

16            MR. ROUTH:  We are still pending on GX100, on the

17    "Dear World" letter as far as how much you are going to allow

18    us to use.  I mean, certainly, we can use the last page.  The

19    last page, you know, I included that in that -- in one of those

20    motions that I submitted today.  But, you know, the last page

21    obviously has -- speaks about Trump's airplane and also says

22    that, you know, the writer of the note is a failure, which

23    speaks to a -- a state of mind, which speaks to intent.  So, I

24    mean, I think the last page of the "Dear World" letter should

25    be seriously considered.

1          THE COURT:  Okay.  This "Dear World" letter has been

2     the subject of an order, and there is now a new motion asking

3     for more of that letter to come in.  So we're not going to do

4     this one right now, although the Court's prior order allowing

5     page 1 only, as brought by the government, still remains in

6     effect.  The only question is whether additional portions of

7     that letter are necessary somehow.  We will take that up later.

8          Do you have any objection to Government's 101

9     through 105, Mr. Routh?  Mr. Routh?

10          MR. ROUTH:  No.  No.

11          THE COURT:  Okay.  Government's 101 through 105 will be

12     admitted without objection.

13          (Government Exhibits 101-105 were received in evidence.)

14          THE COURT:  Mr. Shipley.

15          MR. SHIPLEY:  Just something related to Government

16     Exhibit 100.  We can come back to it later if you'd like.

17          THE COURT:  Okay.  So 100 is not going to be admitted

18     now, but we have admitted 101 through 105.  Is everybody on the

19     same page thus far?

20          MR. SHIPLEY:  Did we do 46, Your Honor?

21          THE COURT:  Madam Reporter, can you check, please.

22          MR. ROUTH:  46 is acceptable.

23          THE COURT:  I think there does need to be an additional

24     ruling on 46.  So let me just confirm.

25          Mr. Routh, are you okay with Government's 46?

```
1              MR. ROUTH:  Yes, Your Honor.

2              THE COURT:  Okay.  46 will be admitted without

3     objection.

4          (Government Exhibit 46 was received in evidence.

5              THE COURT:  Okay.  Other than the remaining items or

6     arguments for Government's 100, Mr. Shipley, anything else to

7     cover on this page?

8              MR. SHIPLEY:  No, Your Honor.

9              THE COURT:  Okay.  All right.  So we're going to go to

10    the fourth page of this.

11             Mr. Routh, first, please, tell me which ones you don't

12    object to that are highlighted.

13             MR. ROUTH:  The only one in question is 118, if we

14    could include all of that text.  We've only got one text,

15    and --

16             THE COURT:  So let's just do this another way.

17             MR. ROUTH:  Okay.

18             THE COURT:  Of the highlighted ones, which one do you

19    agree should be admitted?

20             MR. ROUTH:  All but 118.

21             THE COURT:  Okay.  So 101 [sic], 109, 110, 112, 113,

22    116, and 117 will be admitted without objection.

23             Is that your understanding, Mr. Routh?

24             MR. ROUTH:  Yes, Your Honor.

25             THE COURT:  Okay.  So then let's talk about 118.
```

1        What's your argument on this one, Mr. Routh?

2        MR. ROUTH:  Well, again, we've just extracted just

3    one -- one part of a conversation.  It would be nice to have

4    the rest of the conversation so the jury has the whole context.

5    I just extracted --

6        THE COURT:  Okay.  We're going to table 118.

7        MR. ROUTH:  Okay.

8        THE COURT:  And we will have to see, at trial, if any

9    additional portion of that chain or that message is legally

10   warranted.  Okay.  So let's look at the next page.

11       Do you have any objection to Government's 130,

12   Mr. Routh?

13       MR. ROUTH:  Give me one second.  I dismantled this

14   whole thing.

15       MR. SHIPLEY:  Your Honor, I'm sorry.  Just for clarity,

16   Your Honor may have said 101 instead of 108, but we were

17   talking about 108 on that page.  So I apologize if we missed

18   it.  But just for clarity, it's -- 108 was on the page we just

19   were on.

20       MR. ROUTH:  Okay.  All right.  Go ahead, Your Honor.

21       THE COURT:  Okay.  Then let's do this again because

22   maybe I misstated a number.  Let's go back to page 4 where it

23   has 108, 109, et cetera.  Do you see that page?

24       MR. ROUTH:  Yes, yes.

25       THE COURT:  Okay.  Do you have any objection to

1   Government's 108, 109, 110, 112, 113, 116, or 117?

2          MR. ROUTH:  No, Your Honor.

3          THE COURT:  Okay.  Those exhibits will be admitted

4   without objection.

5       (Government Exhibits 108-110, 112-113, 116-117 were

6       received in evidence.)

7          THE COURT:  Does that clear up any prior confusion,

8   Mr. Shipley?

9          MR. SHIPLEY:  Yes, Your Honor.  Thank you.

10         THE COURT:  Okay.  So 118 is not being ruled upon

11  today.

12         So now we're looking at Government's 130.  Do you have

13  an objection to that?

14         MR. ROUTH:  I don't think that these are valid, but --

15         THE COURT:  Okay.  What about 131?

16         MR. ROUTH:  Yeah, all -- all of those.  131 and 132;

17  they're all the same, which --

18         THE COURT:  Okay.  We're going to then skip these.

19  These will not be addressed today.

20         MR. ROUTH:  Okay.

21         THE COURT:  Let's look at Government's 140.  Do you

22  have an objection to that?

23         MR. ROUTH:  Yes.  140, 143, and 146; same situation.

24  I'm not sure how they -- again, I'm losing confidence in -- in

25  everything, so...

1        THE COURT:  Okay.  So we're not going to rule upon

2    those.

3        Let's look at page 8.  Any objections, sir, to 166, and

4    all of the other highlighted items on that page?

5        MR. ROUTH:  No.  Everything is fine on that page.

6        THE COURT:  Okay.  So let's go through the specific

7    numbers.

8        Do you have any objection to Government's 166?

9        MR. ROUTH:  No.

10       THE COURT:  That exhibit will be admitted without

11   objection.

12       (Government Exhibit 166 was received in evidence.)

13       THE COURT:  Do you have any objection to

14   Government's 167 or 175?

15       MR. ROUTH:  No.

16       THE COURT:  Those two exhibits will be admitted without

17   objection.

18       (Government Exhibit 167 was received in evidence.)

19       (Government Exhibit 175 was received in evidence.)

20       THE COURT:  Do you have any objection to Government's

21   Exhibits 176, 179, or 180?

22       MR. ROUTH:  No.  No problem.

23       THE COURT:  Those three exhibits will be admitted

24   without objection.

25   ///

```
 1            (Government Exhibits 176, 179, 180 were received in
 2        evidence.)
 3            THE COURT:  Now, do you have any objection to
 4   Government's Exhibit 184A and B?
 5            MR. ROUTH:  Not really.  I just got "diapers" on here,
 6   and that is certainly not -- not me.  But no, I don't have a
 7   problem with that.
 8            THE COURT:  So you're agreeing to admission of
 9   Government's 148A and B?
10            MR. ROUTH:  Sure.
11            THE COURT:  Okay.  Government's 148A and B will be
12   admitted without objection.
13            (Government Exhibits 148A and B were received in
14        evidence.)
15            THE COURT:  Now, what is your position on
16   Government's 185 and 186?
17            MR. ROUTH:  The rest of the page is fine.
18            THE COURT:  Okay, then.  Then, to be clear, 185, 186,
19   187A, 187B, 188A, 188B, 190, will all be admitted without
20   objection.
21            (Government Exhibits 185, 186, 187A, 187B, 188A, 188B,
22        190 were received in evidence.)
23            THE COURT:  Mr. Shipley, for 200, is it 200A and 200B,
24   or what's the numbering?
25            MR. SHIPLEY:  It's 200-1A and 200-1B.
```

```
 1                THE COURT:  Okay.
 2                MR. SHIPLEY:  It's the Google Maps.
 3                THE COURT:  All right.  Hearing no objection from
 4    Mr. Routh on those two remaining items on this page of the
 5    exhibit list, Government's 200-1A, Government's 200-1B, and
 6    Government's 200-2 will be admitted without objection.
 7                (Government Exhibits 200-1A, 200-1B, 200-2 were received
 8            in evidence.)
 9                THE COURT:  And I should say 200-2, not "202."  Same
10    for the prior exhibit; it's 200-1A and 200-1B.
11                Okay.  Now, Mr. Routh, please indicate whether you have
12    any objection to the highlighted exhibits on page 8 of this
13    exhibit.  The first one is 200-9.
14                MR. ROUTH:  The only one at issue is GX200-39, which is
15    duplicated on the next page, so...
16                THE COURT:  So you are okay and agreeing to admission
17    of 200-9?
18                MR. ROUTH:  Yes.
19                THE COURT:  200-17?
20                MR. ROUTH:  Yes.
21                THE COURT:  200-18?
22                MR. ROUTH:  Yes.
23                THE COURT:  And 200-19?
24                MR. ROUTH:  Yes.
25                THE COURT:  Okay.  Those four will be admitted without
```

1    objection.

2       (Government Exhibits 200-9, 200-17, 200-18, 200-19 were

3      received in evidence.)

4       THE COURT:  Are you also agreeing to admission of

5    200-20?

6       MR. ROUTH:  Yes.

7       THE COURT:  200-2 -- excuse me -- 200-21A and 200-21B?

8       MR. ROUTH:  Yes.

9       THE COURT:  Okay.  So Government's 200-21A and

10    government 200-21B will be admitted without objection.

11       (Government Exhibits 200-20, 200-21A, 200-21B were

12      received in evidence.)

13       THE COURT:  Do you have any objection to the 200-23,

14    200-24, or 200-28?

15       MR. ROUTH:  No.

16       THE COURT:  Okay.  Those three will be admitted without

17    objection.

18       (Government Exhibits 200-23, 200-24, 200-28 were received

19      in evidence.)

20       THE COURT:  Now, do you have any objection to 200-30A

21    and 200-30B?

22       MR. ROUTH:  No.

23       THE COURT:  Those will be admitted as well without

24    objection.

25    ///

1       (Government Exhibits 200-30A and 200-30B were received in

2       evidence.)

3              THE COURT:  Now, do you have any objection to 200-32,

4  200-33, 200-35, 200-36, 200-38 --

5              MR. ROUTH:  No.

6              THE COURT:  -- 200-39, or 200-41?

7              MR. ROUTH:  200-39, yes.  Again, this flashlight just

8  being thrown out on the golf course is bogus.

9              THE COURT:  So you agree to 200-33?

10             MR. ROUTH:  Yes.  All of them but 39.

11             THE COURT:  Okay.  So 200-33, 200-35, 200-36, 200-38,

12 and 200-41 will be admitted without objection, and we will not

13 have a ruling on 200-39.

14        (Government Exhibits 200-32, 200-33, 200-35, 200-36,

15        200-38, and 200-41 were received in evidence.)

16             THE COURT:  Okay.  Any clarifications so far,

17 Mr. Shipley?

18             MR. SHIPLEY:  No, Your Honor.

19             THE COURT:  First, Mr. Routh, can you just tell me on

20 this page -- we're now on page 9 -- which ones you agree to?

21             MR. ROUTH:  I agree to everything but 200-46, 200-60,

22 and 200-72.

23             THE COURT:  Those are the "200-"?

24             MR. ROUTH:  Yes.

25             THE COURT:  Okay.

55

```
1              MR. ROUTH:  200-46, -60, and -72.

2              THE COURT:  Okay.  All right.  Then 200 -- 200-44,

3    200-45, 200-47, 200-50, 200-51, 200-52, 200-53, 200-55, 200-57A

4    through E, 200-63, 200-66, 200-62 will be admitted without

5    objection.

6         (Government Exhibits 200-44, 200-45, 200-47, 200-50,

7           200-51, 200-52, 200-53, 200-55, 200-57A through E, 200-63,

8           200-66, 200-67 were received in evidence.)

9              MR. SHIPLEY: -67, Your Honor.

10             THE COURT:  Oh, goodness.

11             MR. SHIPLEY:  Or -72.

12             THE COURT:  Yes.  The last one I meant to say is --

13   200-67 will be admitted without objection.  We are not going to

14   be entertaining, for now, 200-72.

15             Anything further, Mr. Shipley?

16             MR. SHIPLEY:  No, Your Honor.  Thank you.

17             THE COURT:  All right.  So looking now at page 10,

18   Mr. Routh.  Same procedure.  Can you just tell me which ones

19   you agree with?  Just the agreements.

20             MR. ROUTH:  I agree with all but 200-98 -- 200-98.

21             THE COURT:  Okay.  Do you agree to 200-78?

22             MR. ROUTH:  Yes.

23             THE COURT:  Do you agree to 200-80?

24             MR. ROUTH:  Yes.

25             THE COURT:  Do you agree to 200-82?
```

```
 1              MR. ROUTH:  Yes.

 2              THE COURT:  Okay.  Those three exhibits will be

 3    admitted without objection.

 4          (Government Exhibits 200-78, 200-80, 200-82 were received

 5          in evidence.)

 6              THE COURT:  Do you agree to 200-83?

 7              MR. ROUTH:  Yes.

 8              THE COURT:  Do you agree to 200-85?

 9              MR. ROUTH:  Yes.

10              THE COURT:  Do you agree to 200-86?

11              MR. ROUTH:  Yes.

12              THE COURT:  Okay.  Those three exhibits will be

13    admitted without objection.

14          (Government Exhibits 200-83, 200-85, 200-86 were received

15          in evidence.)

16              THE COURT:  Do you agree to 200-87?

17              MR. ROUTH:  Yes.

18              THE COURT:  That will be admitted without objection.

19          (Government Exhibit 200-87 was received in evidence.)

20              THE COURT:  Do you agree to 200-88?

21              MR. ROUTH:  Yes.

22              THE COURT:  Do you agree to 200-90?

23              MR. ROUTH:  Yes.

24              THE COURT:  Okay.  Those two exhibits, 200-88 and

25    200-90, will be admitted without objection.
```

1          (Government Exhibits 200-88 and 200-90 were received in

2      evidence.)

3              THE COURT:   Now, what is your position on 200-98?

4              MR. ROUTH:   I object.

5              THE COURT:   Okay.   We will skip that then.

6              What's your position on Government's Exhibit 200-100?

7              MR. ROUTH:   That's fine.

8              THE COURT:   Okay.   So Government's 200-100 will come

9  in.

10         (Government Exhibit 200-100 was received in evidence.)

11             THE COURT:   Do you agree to Government's 200-101?

12             MR. ROUTH:   Yes, Your Honor.

13             THE COURT:   That exhibit will be admitted without

14  objection.

15         (Government Exhibit 200-101 was received in evidence.)

16             THE COURT:   Do you agree to Government's 200-102?

17             MR. ROUTH:   Yeah, this whole page is fine.

18             THE COURT:   All right.   Then I will go ahead and admit,

19  without objection, Government's 200-104, Government's 200-106A

20  through G, Government's 300, 301, 302, 303, 304, 305, 306, and

21  307.

22         (Government Exhibits 200-102, 200-104, 200-106A-G,

23      300-307 were received in evidence.)

24             THE COURT:   Anything further to discuss on that page,

25  Mr. Routh?

1          MR. ROUTH:  No, Your Honor.

2          THE COURT:  All right.  We are now on page 12.

3          MR. ROUTH:  Yes.  Yeah, all of it's good.

4          THE COURT:  All of it is?  Okay.  So you're agreeing to

5   admission of all of these highlighted items without objection;

6   correct?

7          MR. ROUTH:  Yes, Your Honor.

8          THE COURT:  Okay.  Government's 310 will be admitted

9   without objection.

10       (Government Exhibit 310 was received in evidence.)

11         THE COURT:  Government's 317, 320, 322A through B, 323,

12  324, 325, 326, 327, 331, will all be admitted without

13  objection.

14       (Government Exhibits 317, 320, 322A-B, 323-327, 331 were

15         received in evidence.)

16         THE COURT:  Government's 334A-B, 335, 337, 339, 342,

17  343, and 347, will also be admitted without objection.

18       (Government Exhibits 334A-B, 335, 337, 339, 342, 343, and

19         347 were received in evidence.)

20         THE COURT:  Are you on the same page, Mr. Routh?

21         MR. ROUTH:  Yes, Your Honor.

22         THE COURT:  Anything further to discuss from the

23  United States?

24         MR. SHIPLEY:  No, Your Honor.

25         THE COURT:  Okay.  So now we're looking at page 13,

1    Mr. Routh.

2              MR. ROUTH:  Yes.

3              THE COURT:  What is your position on this?

4              MR. ROUTH:  Everything is acceptable.  411 and 413 are

5    retarded, but I don't know, so...

6              But everything is fine.

7              THE COURT:  All right, then.  We will go ahead and

8    admit without objection Government's 349, 350, 351, 352A and

9    352B, 400, 408, 410, and 414 without objection.

10          (Government Exhibits 349-351, 352A and 352B, 400, 408,

11       410 and 414 were received in evidence.)

12             THE COURT:  Okay.  Now we're on page 14, Mr. Routh.

13             MR. ROUTH:  Yeah.  No objections.

14             THE COURT:  All right.  So you're agreeing to admission

15   of Government's 430, 431, and 432?

16             MR. ROUTH:  Yes, Your Honor.

17             THE COURT:  Okay.  Those three exhibits will be

18   admitted without objection.

19          (Government Exhibits 430-432 were received in evidence.)

20             THE COURT:  Are you agreeing to Government's 441, 444,

21   445, and 446?

22             MR. ROUTH:  Yes, Your Honor.

23             THE COURT:  Okay.  Those four exhibits will be admitted

24   without objection.

25   ///

```
 1          (Government Exhibits 441, 444, 445, and 446 were received
 2       in evidence.)
 3               MR. ROUTH:  I do have "diapers" again.
 4               THE COURT:  Okay.  We're going to skip page 15 that has
 5     no yellow highlights, and now we're just looking at page 16.
 6     And there is just one here, and it's Government's 523.  Do you
 7     have an objection to that?
 8               MR. ROUTH:  No.
 9               THE COURT:  Okay.  Government's 523 will be admitted
10     without objection.
11          (Government Exhibit 523 was received in evidence.)
12               THE COURT:  We're going to skip page 18 -- excuse me,
13     page 17.  I'm using, by the way, the page numbers on the bottom
14     of the page.
15               All right.  Now for page 18, Mr. Routh, what is your
16     position on these?
17               MR. ROUTH:  No objection.
18               THE COURT:  So you're okay with and agree to admit
19     Government 600-1?
20               MR. ROUTH:  Yes.
21               THE COURT:  And 600-3?
22               MR. ROUTH:  Yes.
23               THE COURT:  Those two will be admitted without
24     objection.
25          (Government Exhibits 600-1, 600-3 were received in
```

```
 1          evidence.)
 2              THE COURT:  Now there is Government's 600-29?
 3              MR. ROUTH:  Yes.
 4              THE COURT:  Admitted without objection for that one.
 5          (Government Exhibit 600-29 was received in evidence.)
 6              THE COURT:  And then Government's 600-30, -31, and -32.
 7    Do you agree to all three of those?
 8              MR. ROUTH:  Yes.
 9              THE COURT:  Okay.  Those exhibits will be admitted
10    without objection also.
11          (Government Exhibits 600-30, 600-31, 600-32 were received
12          in evidence.)
13              THE COURT:  So now we're looking at page 19.  What is
14    your position on Government's 600-34?
15              MR. ROUTH:  No objection to anything on this page.
16              THE COURT:  So Government's 600-34, you agree to that?
17              MR. ROUTH:  Yes.
18              THE COURT:  That exhibit will be admitted without
19    objection.
20          (Government Exhibit 600-34 was received in evidence.)
21              THE COURT:  Do you agree to Government's 600-48?
22              MR. ROUTH:  Yes.
23              THE COURT:  Okay.  600-48 will be admitted without
24    objection.
25          (Government Exhibit 600-48 was received in evidence.)
```

```
 1              THE COURT:  Do you agree to Government's 600-49 through
 2   -52?
 3              MR.  ROUTH:  Yes, Your Honor.
 4              THE COURT:  Okay.  Those four exhibits will be admitted
 5   without objection.
 6          (Government Exhibits 600-49, 600-50, 600-51, 600-52 were
 7            received in evidence.)
 8              THE COURT:  And then finally on this page, Government's
 9   600-72?
10              MR.  ROUTH:  Yes.
11              THE COURT:  Okay.  600-72 will come in as well without
12   objection.
13          (Government Exhibit 600-72 was received in evidence.)
14              THE COURT:  So now we're looking at page 20.
15              Mr. Routh.
16              MR.  ROUTH:  No objections.
17              THE COURT:  Okay.  Government's 600-80; are you
18   agreeing to that?
19              MR.  ROUTH:  Yes.
20              THE COURT:  Government's 600-80 will be admitted
21   without objection.
22          (Government Exhibit 600-80 was received in evidence.)
23              THE COURT:  Do you also agree, Mr. Routh, to admission
24   of Government's 600-81 and -82?
25              MR.  ROUTH:  Yes.
```

THE COURT:  Okay.  Those two will be admitted without objection.

(Government Exhibits 600-81 and 600-82 were received in evidence.)

THE COURT:  Do you agree, Mr. Routh, to admission of Government's 600-84?

MR. ROUTH:  Yes.

THE COURT:  All right.  That exhibit will be admitted without objection.

(Government Exhibit 600-84 was received in evidence.)

THE COURT:  Do you agree, Mr. Routh, to admission of Government's 600-86?

MR. ROUTH:  Yes.

THE COURT:  Okay.  Same admission without objection.

(Government Exhibit 600-86 was received in evidence.)

THE COURT:  And Government's 600-88?

MR. ROUTH:  Yes.

THE COURT:  Okay.  600-88 will be admitted without objection.

(Government Exhibit 600-88 was received in evidence.)

THE COURT:  Now, do you have an objection to Government's 600-95?

MR. ROUTH:  No.

THE COURT:  That will be admitted without objection.

(Government Exhibit 600-95 was received in evidence.)

1          THE COURT:  Government's 600-96?

2          MR. ROUTH:  Yes.  No problem.

3          THE COURT:  Okay.  Do you have an objection to

4    Government's 600-96?

5          MR. ROUTH:  No objection.  No objection.

6          THE COURT:  Government's 600-96, then, will be admitted

7    without objection.

8       (Government Exhibit 600-96 was received in evidence.)

9          THE COURT:  Okay.  What is your position, Mr. Routh, on

10   Government's 600-128?

11         MR. ROUTH:  No objection.

12         THE COURT:  Okay.  600-128 will be admitted without

13   objection.

14      (Government Exhibit 600-128 was received in evidence.)

15         THE COURT:  We're about two-thirds in.  Let's now look

16   at page 21.  Do you have an objection to Government's 600-141?

17         MR. ROUTH:  No.

18         THE COURT:  Government's 600-141 will be admitted

19   without objection.

20      (Government Exhibit 600-141 was received in evidence.)

21         THE COURT:  Do you have an objection to

22   Government's 600-147?

23         MR. ROUTH:  No.

24         THE COURT:  Government's 600-147 will be admitted

25   without objection.

1           (Government Exhibit 600-147 was received in evidence.)

2               THE COURT:  Do you have an objection, Mr. Routh,

3    turning to the next page, to Government's 600-155?

4               MR. ROUTH:  Not at all.  No objection.

5               THE COURT:  Government's 600-155 will come in without

6    objection.

7           (Government Exhibit 600-155 was received in evidence.)

8               THE COURT:  Do you have an objection, Mr. Routh, to

9    Government's 600-161?

10              MR. ROUTH:  No.

11              THE COURT:  Okay.  Government's 600-161 will be

12   admitted without objection.

13          (Government Exhibit 600-161 was received in evidence.)

14              THE COURT:  Now, do you have an objection to

15   Government's 600-180A through D?

16              MR. ROUTH:  No.  No objection.

17              THE COURT:  Okay.  Those four photographs will come in

18   without objection.

19          (Government Exhibits 600-180A-D were received in

20           evidence.)

21              THE COURT:  Okay.  Page 23 has everything highlighted

22   except for one.  What is your position on these?

23              MR. ROUTH:  Yeah, they're all good.  They're all fine.

24              THE COURT:  So you're agreeing to admission of all of

25   them?

```
 1              MR. ROUTH:  Yes.  Yes, Your Honor.

 2              THE COURT:  Okay.  Do you want me to individually go

 3     through them with you, or you're okay that I admit them in

 4     bulk?

 5              MR. ROUTH:  Admit them in bulk.

 6              THE COURT:  Okay.  Government's 600-183, -184, -185,

 7     -186, -187, -188, -189, -190, -191, -192, -193, and 708, are

 8     all admitted without objection.

 9         (Government Exhibits 600-183 - 600-193, 600-708 were

10           received in evidence.)

11              THE COURT:  All right.  Mr. Routh, same exercise.

12     We're now on page 24.  Everything is highlighted except the

13     first two.

14              MR. ROUTH:  Yeah.  Yeah, go in bulk.  All good.

15              THE COURT:  So you're agreeing to admission to all of

16     the highlighted exhibits on this page 24?

17              MR. ROUTH:  Yes, Your Honor.

18              THE COURT:  Okay.  Government's Exhibits 714

19     through 720 are admitted without objection.

20         (Government Exhibits 714-720 were received in evidence.)

21              THE COURT:  Government's 721, 723, 724, 725, 726, 727,

22     and 728 are also all admitted without objection.

23         (Government Exhibits 721-728 were received in evidence.)

24              THE COURT:  Okay.  Looking at page 25, Mr. Routh.

25              MR. ROUTH:  Everything except for the first one --
```

1        THE COURT:  So --

2        MR. ROUTH:  -- GX729.

3        THE COURT:  Okay.  So we're not going to rule on GX729.

4        Let me ask you, do you agree to GX730?

5        MR. ROUTH:  Yes.

6        THE COURT:  730 will be admitted without objection.

7        (Government Exhibit 730 was received in evidence.)

8        THE COURT:  Do you agree to Government's 733?

9        MR. ROUTH:  Yes.

10        THE COURT:  That exhibit will be admitted without

11   objection.

12        (Government Exhibit 733 was received in evidence.)

13        THE COURT:  Do you agree to Government's 739, 740, 741,

14   and 743?

15        MR. ROUTH:  Yes, Your Honor.

16        THE COURT:  Okay.  Those four will be admitted without

17   objection.

18        (Government Exhibits 739-741, 743 were received in

19      evidence.)

20        THE COURT:  We're now on page 26.  What is your

21   position on this page?

22        MR. ROUTH:  All good.  Everything is fine.

23        THE COURT:  Okay.  Do you agree to admission of

24   Government's 745, 746, and 747?

25        MR. ROUTH:  Yes.

1          THE COURT:  Okay.  All three will be admitted without
2   objection.
3       (Government Exhibits 745-747 were received in evidence.)
4          THE COURT:  Do you agree to Government's 753, 754, and
5   755?
6          MR. ROUTH:  Yes.
7          THE COURT:  Those three will be admitted without
8   objection.
9       (Government Exhibits 753-755 were received in evidence.)
10         THE COURT:  Do you agree to Government's 900?
11         MR. ROUTH:  Yes.
12         THE COURT:  And do you agree to Government's 907?
13         MR. ROUTH:  Yes.
14         THE COURT:  Those two exhibits, 900 and 907, will be
15   admitted without objection.
16      (Government Exhibits 900 and 907 were received in
17       evidence.)
18         THE COURT:  Okay.  Looking at page 27, Mr. Routh.
19         MR. ROUTH:  Yes.  I have no objections to anything else
20   in the entire document.
21         THE COURT:  Do you need more time to consider the
22   remaining pages?
23         MR. ROUTH:  No.
24         THE COURT:  All right.  We will go one by one, but we
25   will try to speed this up.

1      Government's 908, 909, and 911 are admitted without

2  objection.  Is that your desire, Mr. Routh?

3      MR. ROUTH:  Yes, Your Honor.

4      (Government Exhibits 908, 909, and 911 were received in

5      evidence.)

6      THE COURT:  Government's 915A and B, plus 916, 917,

7  918, 920, 921, 922, 923, 925, 926, and 927; do you agree to all

8  of those exhibits?

9      MR. ROUTH:  Yes, Your Honor.

10      THE COURT:  Okay.  They will be admitted without

11  objection.

12      (Government Exhibits 915A and B, 916-918, 920-923,

13      925-927 were received in evidence.)

14      THE COURT:  Do you agree to admission of

15  Government's 941, 942, 943, and 944?

16      MR. ROUTH:  Yes, Your Honor.

17      THE COURT:  Those four will be admitted without

18  objection.

19      (Government Exhibits 941-944 were received in evidence.)

20      THE COURT:  Do you agree to Government's 949 and 950?

21      MR. ROUTH:  Yes.

22      THE COURT:  Those will be admitted without objection.

23      (Government Exhibits 949-950 were received in evidence.)

24      THE COURT:  Do you agree to Government's 1100, 1101,

25  1102, 1103, 1104, 1105, 1106, and 1108?

1          MR. ROUTH:  Yes, Your Honor.

2          THE COURT:  Okay.  All of those will be admitted

3    without objection.

4          (Government Exhibits 1100-1106, 1108 were received in

5          evidence.)

6          THE COURT:  Am I correct, Mr. Routh, that you agree to

7    admission of Government's 1109, all the way through

8    Government's 1121, continuously?

9          MR. ROUTH:  Yes.

10         THE COURT:  Okay.  So 1109, 1110, 1111, 1112, 1113,

11   1114, 1115, 1116, 1117, 1118, 1119, 1120, and -121, all will be

12   admitted without objection.

13         (Government Exhibits 1109-1121 were received in

14         evidence.)

15         THE COURT:  Mr. Routh, do you agree to admission of

16   Government's 1123, 1124, 1125, 1126, 1127, and 1128?

17         MR. ROUTH:  Yes, Your Honor.

18         THE COURT:  Okay.  All of those exhibits will be

19   admitted without objection.

20         (Government Exhibits 1123-1128 were received in

21         evidence.)

22         THE COURT:  We have one more page.  Am I correct,

23   Mr. Routh, that you're agreeing to preadmission of the

24   following exhibits:  Government's 1129, 1130, 1132, 1135, 1136,

25   1138, and 1140?

1          MR. ROUTH:  Yes, Your Honor.

2          THE COURT:  Okay.  Those exhibits will be admitted

3    without objection.

4          (Government Exhibits 1129, 1130, 1132, 1135, 1136, 1138,

5          and 1140 were received in evidence.)

6          THE COURT:  And, finally, there is Government's 1300;

7    do you agree to that exhibit too.

8          MR. ROUTH:  Again, I would like to have the entire

9    conversation.  So if we could get the entire conversation.  I

10   mean, just extracting one sentence --

11         THE COURT:  Okay.  So we're going to table

12   Government's 1300.

13         MR. ROUTH:  Yeah.  You had already excluded the last

14   part of that sentence.  But, you know, the before and after,

15   this is a conversation in Ukraine talking about war.  So,

16   you know...

17         THE COURT:  Okay.  We're not going to address

18   Government's 1300.

19         MR. ROUTH:  All right.

20         THE COURT:  All right.  That concludes the preadmission

21   of uncontested exhibits.  So let's -- let's shift gears to

22   address any other evidentiary items.

23         Mr. Shipley.

24         MR. SHIPLEY:  Your Honor, just for clarity, we're

25   trying to keep our notes here, and apologies if I'm stating

1    something that was indicated on the record.  But just for

2    clarity, Government Exhibits 200-20, 200-32, and 200-102 have

3    no objection from the defense, and were among our request to

4    pre-admit.  So just for clarity, those should also be on the

5    list, according to our notes.  And apologies if the Court said

6    them.  We just may have missed those on the record.

7         THE COURT:  Okay.  Mr. Routh, we have to go back now.

8    This is page 8.

9         MR. ROUTH:  All right.

10        THE COURT:  Do you have an objection to

11   Government's 200-20?  This is "Photo of Hide" entry.

12        MR. ROUTH:  No objection.

13        THE COURT:  Okay.  200-20 will be admitted without

14   objection.

15        (Government Exhibit 200-20 was received in evidence.)

16        THE COURT:  Do you have an objection, Mr. Routh, to

17   200-32?  This is described as "Photo inside of Hide."

18        MR. ROUTH:  No objection.

19        THE COURT:  200-32 will be admitted without objection.

20        (Government Exhibit 200-32 was received in evidence.)

21        THE COURT:  And finally, Mr. Routh, do you have an

22   objection to Government's 200-102?  This is described as "metal

23   Vienna sausage can and lid found in hide."

24        MR. ROUTH:  No objection.

25        THE COURT:  Okay.  Government's 200-102 will be

1    admitted without objection.

2            (Government Exhibit 200-102 was received in evidence.)

3                THE COURT:  Anything further, Mr. Shipley?

4                MR. SHIPLEY:  Your Honor, just for clarity.  On

5    Government Exhibit 1300, the Court already ruled that that's --

6    that portion is admitted, and that's the portion that's on the

7    exhibit list.  That's in Your Honor's ruling.

8                THE COURT:  Okay.  All prior rulings will remain in

9    effect, but I'm not going to be preadmitting any exhibits

10   beyond those I have pre-admitted today.  And you can re-raise

11   the Court's prior order on anything we haven't touched upon

12   today.

13           All right.  Okay.  Any additional evidentiary items,

14   Mr. Shipley, you wish to raise, having reviewed the defense

15   witness list?

16               MR. BROWNE:  Your Honor, if I may address that part of

17   things?

18               THE COURT:  Yes.

19               MR. BROWNE:  Your Honor, I think it makes sense to

20   start -- first and foremost, does the Court have a copy of the

21   defense witness list of two pages that lists 24 different

22   witnesses?

23               THE COURT:  Yes.

24               MR. BROWNE:  Okay.  Perfect.  So I would like to start

25   with docket entry 242.  According to that order, the defendant

1    previously provided nine proposed trial subpoenas to the Court;

2    that's nine subpoenas.  And the Court only authorized four of

3    those witnesses.  And those were Oran Routh, who does appear on

4    the proposed witness list; Rick Zuniga, Atwill -- excuse me,

5    Atwill Milsun, and Marshall Hinshaw.  The Court separately

6    authorized the defendant to call as an expert witness,

7    Michael McClay, at docket entry number 256.

8            So in our view, Judge, those are the only five

9    witnesses that the Court has authorized the defense to call in

10    this case.  What remains on the witness list are, by my count,

11    19 individuals who the defendant --

12            THE COURT:  Well, those are the individuals for which

13    he sought a Rule 17(b) subpoena.  I don't know if that was sort

14    of an ultimate conclusion as to any potential defense witness

15    to be called.  But I take your point that the Rule 17s were

16    limited in the way you say.

17            MR. BROWNE:  That's right.  And Your Honor afforded the

18    defendant, you know, an opportunity to ask for those subpoenas.

19    Your Honor afforded that opportunity months after the deadline

20    had passed.  And more notably is that the Court has ruled that

21    witnesses Reid Burton Smith, John Hatfield Jr., Angel Katona,

22    and Tommy Perkins shall not be subpoenaed.  And they all appear

23    on this witness list.

24            THE COURT:  That's correct.

25            MR. BROWNE:  So if it's not clear if the

1    defendant -- I'm not sure if the defendant knew that the Court

2    had already ruled to exclude that testimony when he put this

3    witness list together, but it's clear that this list is not, as

4    the Court had inquired earlier, in line with Your Honor's

5    rulings.  So I would just note that, again, witnesses 4, 5, 6,

6    and 10 were already precluded from testifying, as were

7    witnesses 2 and 3 --

8           THE COURT:  Okay.

9           MR. BROWNE:  -- Doctors Holmes and Dr. Buigas.

10          And, again, that was an order that Your Honor issued at

11   docket entry 249, which precludes the defendant from calling

12   them or from subpoenaing them or from paying for their travel.

13   So I think that it's very clear that this witness has either

14   disregarded or is in no way in line with what the Court has

15   already ruled.

16          THE COURT:  Okay.  So what about the other folks?

17          MR. BROWNE:  As best we can tell, Your Honor, this is

18   a -- there is about 12 remaining witnesses.  They include what

19   appear to be professors at Harvard and Yale; high-profile

20   pro-Palestinian protesters who have been in the news; authors

21   of books that the defendant has read at some point; an apparent

22   former romantic partner.  And I would draw the Court's

23   attention to witness number 24, and the description

24   specifically for which the defendant intends to call that

25   witness.  And it also includes the President of the

1    United States.

2          THE COURT:  Okay.  All right.  Mr. Routh, do you have a

3    copy of your list?

4          MR. ROUTH:  Not at hand, no, but I'm fully aware.

5          THE COURT:  Ms. Militello, can you provide, please, for

6    him a list of his listed witnesses.

7          All right.  So this is your chance, Mr. Routh, to

8    explain why --

9          MR. ROUTH:  Yes, this --

10         THE COURT:  Well, before you get there -- I'm sorry.

11   Let me just -- let me emphasize the Court's prior rulings.

12         As Mr. Browne has accurately described, you in the past

13   asked for nine character witnesses.

14         MR. ROUTH:  Yes.

15         THE COURT:  I authorized four, subject to any

16   objections.  So of the folks that you listed in that first

17   batch -- and I concluded there was no basis to permit them --

18   you have them here still listed, but you do understand I

19   already made a ruling on those; correct?

20         MR. ROUTH:  Yes, fully -- fully aware.  Yeah.  This was

21   started prior.  So, yes, yes.  This is a -- this is an ongoing

22   list, so...

23         THE COURT:  Okay.  So there won't be any

24   reconsideration of the Court's prior order on that basis.

25         MR. ROUTH:  Yeah.  Yeah.

```
1           THE COURT:  You can keep them here perhaps for

2    preservation purposes, but those folks that have already been

3    deemed entirely irrelevant won't be added into the mix.

4           Okay.

5           MR. ROUTH:  Yes.

6           THE COURT:  Now, as far as the two doctors, there has

7    been a separate order on those, and those won't be permitted

8    either for all the reasons already stated.

9           Okay.  And then you do have your expert, Mr. McClay,

10   who remains a permissible witness, again subject to any

11   objections in line with the Court's prior orders.

12          So getting all of that out of the way, let's just

13   discuss the folks that are entirely new that you've never

14   mentioned before, and these --

15          MR. ROUTH:  Right.  If I could just say --

16          THE COURT:  -- appear to start maybe at number 15.  You

17   have a series of university, Palestinian, political science

18   professors and other -- other academics.

19          MR. ROUTH:  Yes.  I mean, I mailed -- I mailed a letter

20   with the subpoenas for the rest of these individuals.  I'm

21   assuming you didn't receive that.

22          THE COURT:  Correct.

23          MR. ROUTH:  So, okay.  Okay.  So, yeah, the first

24   three, you know, based on our last meeting --

25          THE COURT:  Who are you talking about now?
```

1          MR. ROUTH:  Well, I'm talking about 13, 14, and 15.

2          THE COURT:  Okay.  So this is John Sayles, a

3   mechanic/coworker --

4          MR. ROUTH:  Yeah, yeah.

5          THE COURT:  -- Raymond Carrea, a neighbor and friend;

6   and Sara Roy, Harvard, a political science -- maybe professor?

7          MR. ROUTH:  Well, I -- I misspoke.  But 11 -- 11, 13,

8   and 14.  Though you -- you had indicated that you wanted more

9   current individuals that I had worked with on a daily basis

10  up -- up until the event.  So I included all of my -- all of my

11  workers in Hawaii.  So assuming that was more the thread of

12  where you wanted to go as far as having --

13         THE COURT:  Well, this is not me wanting to go

14  anywhere, to be clear.  I'm just addressing whatever motion you

15  put before me.

16         MR. ROUTH:  Right.

17         THE COURT:  And so for the other folks, you had

18  indicated you wanted them to testify.  I inquired, and I

19  ultimately concluded that the basis provided was insufficient

20  under the rule.

21         MR. ROUTH:  Right.

22         THE COURT:  So I wasn't inviting any more subpoenas,

23  but if you sent them separately --

24         MR. ROUTH:  Yes.

25         THE COURT:  -- I don't know what the basis of those

1   subpoenas are, which is why, now, I'm now trying to inquire --

2        MR. ROUTH:  Right.

3        THE COURT:  -- what is the basis for any of these

4   additional people?  It doesn't appear like they have any -- any

5   basis in fact connected to the -- to this case, except for

6   potentially the alleged victim.

7        MR. ROUTH:  Well, yeah, the alleged victim would be

8   great.  But the three -- my three coworkers.  Again, we get

9   back into the -- your ruling as far as peacefulness and

10  nonviolent and -- and -- and going into that -- that realm that

11  you specified in your ruling to say, you know, the -- to get

12  into the -- to the vital character traits, you know?  So

13  that's -- that's where we were going.  So you wanted people

14  that had worked with me, you know, up to the last minute, that

15  know who I am that can speak to the gentleness and nonviolence

16  and not dangerous.

17        So that was -- that was what I was trying to give you.

18  So, you know, trying to fulfill that need.  So I'm sorry you

19  didn't get the mail.  It's -- I mailed it, you know, a day or

20  two after our last hearing.  So I'm surprised it did not -- it

21  did not get to you.

22        THE COURT:  All right.  Let me ask you something.  What

23  is the proposed testimony you see coming from Sara Roy at

24  Harvard?

25        MR. ROUTH:  Well, I -- I -- I'm unclear on whether

1    you've ruled on justification.  Did you rule on number 5, on

2    motions in limine as far as justification?

3            THE COURT:  There is already -- okay.  We're not -- you

4    have to have an understanding of the Court's orders.  And this

5    isn't a Q and A where you ask me what I have ruled upon.  Let

6    me ask you just straight -- you --

7            MR. ROUTH:  Well, my understanding is that you haven't.

8    You haven't.

9            THE COURT:  No, no, no.  Sir -- sir, what is the basis

10   of Sara Roy?  Why do you think she should testify?

11           MR. ROUTH:  Because justification.  If you are saying

12   justification is allowable, then all these people --

13           THE COURT:  What is she -- who is she, number 1?  And

14   what is she planning on saying, in your mind?

15           MR. ROUTH:  Justification is about justification, of

16   about -- about justifying this act.  So justification is

17   justification; is it not?

18           THE COURT:  Okay.  So you're saying there is a

19   professor at Harvard that's going to say you acted justifiably?

20           MR. ROUTH:  Yes.

21           THE COURT:  All right.  Is that the same logic that

22   you're employing for Mosab Abu Toha at Harvard?

23           MR. ROUTH:  Yes.  All the remaining, until you get down

24   to that guy named Donald J. Trump.

25           THE COURT:  So all the professors, you're telling me

1   today you've listed them here because you want them to help you

2   assert a justification defense?

3          MR. ROUTH:  Yes, Your Honor.

4          THE COURT:  Okay.  What is the basis of your last

5   individual listed here?  It's a female, and there is some

6   fairly profane description here regarding sexual acts.

7          MR. ROUTH:  Again, and in your order where you're

8   speaking about gentleness as far as -- you know, you're saying

9   a pertinent trait.  So, you know, based on what you sent out

10  this week, you were asking about pertinent traits.  The

11  defendant's peacefulness, gentleness, are nonviolent clearly as

12  a pertinent trait.  So, you know, given the fact that you were

13  requesting that I prove gentleness and peacefulness.  I mean,

14  this is --

15         THE COURT:  To be very clear, sir, I'm not requesting

16  that you prove anything.  That's --

17         MR. ROUTH:  Okay.

18         THE COURT:  If you want to present any evidence, you

19  have to make the proffer, and it needs to clear the evidentiary

20  hurdles.  So I'm not asking you for any evidence.

21         MR. ROUTH:  Right.  But I'm -- I'm presenting the

22  evidence which is being demanded by the Court.  So, that is --

23  that is -- that is --

24         THE COURT:  No.  There has been no evidentiary demand

25  by the Court.  I want to be very clear.  I'm not demanding

1   anything.

2          MR. ROUTH:  Well, however you want to slice it, but

3   anyway.  Yes, this is --

4          THE COURT:  Okay.

5          MR. ROUTH:  Yes, this is --

6          THE COURT:  So with Ms. XXXXXXXXXXXXXXX -- no, I

7   speak.

8          Ms. XXXXXXXXXXXXXXX --

9          MR. ROUTH:  Yes.

10         THE COURT:  -- you want to have her come testify, to

11   talk about a sexual romantic incident with you?

12         MR. ROUTH:  Certainly.  You know, this was

13   nonviolent --

14         THE COURT:  Okay.  All right.  That is clearly absurd.

15         MR. ROUTH:  Okay.

16         THE COURT:  And Ms. XXXXXXXXXXXXXXX will not be

17   permitted, nor will any of these professors --

18         MR. ROUTH:  Okay.

19         THE COURT:  -- because they're not relevant to this

20   case, and they clearly exceed the Court's order prohibiting a

21   justification defense which was already ruled upon in a prior

22   written order.

23         So that leaves -- Mr. Browne, can you winnow this down

24   for us?  What is left?

25         MR. BROWNE:  As I read it, the Court has not addressed

83

1   these three character witnesses, Tamura, Sayles, and Carrea,

2   because the defendant has to date provided no basis for their

3   testimony.  But according to -- taking those aside, I believe

4   the only ones remaining are the Secret Service agent, whom I

5   can represent the government intends to call, and the

6   President.

7          And, again, the defendant has, until this morning, made

8   absolutely no efforts to bring those people into court.

9          THE COURT:  Okay.  Let's talk about, Mr. Routh, Tamura,

10  Sayles, and Carrea.  We're going to do this one by one.

11         MR. ROUTH:  Okay.

12         THE COURT:  who is John Tamura, and why do you think he

13  is relevant to this case?

14         MR. ROUTH:  He is my long-term worker.  He worked for

15  me for two years in Hawaii, side by side, every day all day

16  long.  So, you know, he knows me better than -- better than

17  anybody.  So, again, going back to current and recent and,

18  you know, speaking to gentleness and nonviolent and all of

19  that, he is -- we spent 12, 14 hours a day together, so...

20         THE COURT:  Okay.  What about Mr. Sayles?

21         MR. ROUTH:  Same as well.  He is my mechanic and

22  coworker.  And he did not spend every single day, but every --

23  you know, two days a week.  So he knows firsthand my

24  personality and my gentleness and my kindness and nonviolent

25  nature.

1    THE COURT:  Okay.  And then finally --

2    MR. ROUTH:  Raymond?

3    THE COURT:  Raymond Carrea, who is he?

4    MR. ROUTH:  He is my neighbor.  So, again, he and I

5 worked together.  We built the dock at Kahana and put in a

6 swimming pool.  And he is a mechanic also and works on my

7 vehicles and --

8    THE COURT:  Okay.  All right.  So the Court has

9 authorized you to call, or at least, to issue subpoenas for

10 four character witnesses subject to Rule 405(a), of course.  In

11 light of that ruling, why do you need these additional

12 individuals?

13    MR. ROUTH:  Well, you know, again, our whole argument

14 is about intent and the gentleness and the nonviolent.  So,

15 you know, if -- just trying to get a well-rounded picture of

16 the whole situation.  So, you know, trying to give the jury so

17 they can get to the truth.  So that's what we're trying to

18 achieve here, is trying to -- trying to get to the -- to the

19 truth as far as, you know, was there any intent?  So, you know,

20 would this person actually be able to do this?  You know,

21 that's the whole -- the whole crux of the argument is this,

22 whether or not this individual could ever even pull a trigger,

23 so...

24    THE COURT:  Okay.  Mr. Browne, do you have any argument

25 for -- in response to this cumulative request for additional

1   character witnesses?

2           MR. BROWNE:  I think that's precisely it.  This is

3   cumulative and entirely duplicative of the other individuals

4   that this Court has subpoenaed on Mr. Routh's behalf, who,

5   frankly, had apparently known the defendant for a much longer

6   period of time.  And there also seems to be a real

7   misunderstanding as far as what these three witnesses could

8   say, right?  They cannot offer an opinion on intent.  They

9   could not offer any opinion on what the defendant's intent was

10  with respect to this offense.

11          And based on an overview of the case, this defendant

12  was not candid with anybody about why he was in Florida or what

13  he was up to for the month leading up to this crime.  I can

14  assure the Court that they have nothing to say about that

15  because he has not been candid with anyone about this.

16          So to the extent these are additional character

17  witnesses, it doesn't seem necessary in light of the four

18  character witnesses that this defendant already has lined up to

19  say that he is purportedly a peaceful, nonviolent, and gentle

20  person based on his reputation or their opinion of that

21  reputation.

22          THE COURT:  Okay.  I think I have heard enough on the

23  defense witnesses.  I will issue a ruling that comports with

24  what I have said today and also accords with the Court's prior

25  orders.

1          I have not received, Mr. Routh, any additional motions

2     for Rule 17(b) subpoenas, and obviously you had a full

3     opportunity to do so at the last hearing, and I heard you out

4     fully on those issues and then proceeded to issue a lengthy

5     order.  So to the extent you're trying to expand the pool now

6     beyond that set of witnesses, it seems untimely, to say the

7     least.

8          All right.  Let's shift now and discuss the two motions

9     that were filed before we broke for lunch.  The first of these

10    is 262.  This is a motion to exclude -- it's titled "Motion to

11    Exclude Prosecution's Latest Evidence and Support."

12         Mr. Routh, can you explain the basis of this motion?

13         MR. ROUTH:  Well, I haven't even received the document,

14    you know, the -- the four items that they wanted to admit into

15    evidence.  So, you know, it's -- it's so recent that I haven't

16    even received the paperwork.  So -- I had somebody read it to

17    me, so -- but, you know, it's just some -- the video from

18    the gas station and some other -- and three other items.  So

19    they're just brand-new.  I mean, it's been a year.  How -- how

20    are we -- is there not a deadline on producing evidence?

21         THE COURT:  Okay.  So this was addressed.  The Court

22    asked the government to supplement its thirteenth response to

23    the standard discovery order, and they complied with that order

24    and explained that they're not seeking to introduce any of that

25    additional evidence in their case in chief.  They did make

1    mention of some illustrative aids to be admitted for

2    demonstrative purposes only.

3         So, yes, Mr. Routh, there was a deadline of May 23 to

4    disclose any case-in-chief discovery.  But as far as I can tell

5    from the submission by the United States, there has been no

6    violation of that because all of the new items addressed in the

7    thirteenth response are not part of the government's case in

8    chief.  Do you follow what I have indicated?

9         MR. ROUTH:  Sure.

10        THE COURT:  Okay.  So do you still have an objection to

11   what's reflected in that thirteenth response?

12        MR. ROUTH:  So it's not going to be part of their case

13   in chief?

14        THE COURT:  That's what the government has represented.

15        But Mr. Browne or Mr. Shipley, is that still the

16   case -- or Ms. Medetis?

17        MS. MEDETIS:  Your Honor, if I may.  Let me start by

18   saying it's a bit ironic with respect to the defendant's

19   argument that new information has been dropped on him, since he

20   has provided 33 exhibits that have never been previously

21   produced.  I want to lay that record.

22        But the Court is correct, with the exception of those

23   illustrative aids, the government does not intend to introduce

24   in its case in chief any of the materials that were produced

25   most recently.

 1          I do, however, want to correct the record, Your Honor,

 2   and this was an oversight on my part.  In docket entry 253,

 3   where we outlined what was produced in discovery, I did miss

 4   that there were records that were obtained by trial subpoena of

 5   Mr. McClay's personnel file from the -- from PBSO, Palm Beach

 6   Sheriff's Office, but, again, these are not items that we would

 7   be using in our case in chief.  The only items are those

 8   illustrative exhibits that we detailed in our supplement.

 9          THE COURT:  Okay, then.  Based on the current state of

10   affairs, the motion to exclude prosecution's latest evidence

11   will be denied, and I will enter a brief order to that effect.

12          So that leaves one additional motion that you've

13   presented today, Mr. Routh, and that's a motion to introduce

14   three letters.  This is docket entry 261.

15          Let me first ask the United States.  Is there any

16   intent on the part of the government to introduce the two

17   additional letters?  One is called, by Mr. Routh, the, quote,

18   "for" letter," and the other one is described as the "What do

19   we as a world need to fix" letter.

20          MR. SHIPLEY:  Not at present, Your Honor, no.

21          THE COURT:  So what is the government's position on

22   Mr. Routh's request to introduce those two letters?

23          MR. SHIPLEY:  Your Honor, there are a couple of

24   concerns with the motion.  First of all, as the Court has

25   already signalled, it is untimely.  This is an issue that could

1    have and should have been raised either as a pretrial motion in
2    April, or in the motion in limine deadline beginning of July,
3    as we did with respect to the limited portion of the
4    "Dear World" letter.  So there is no basis for a motion on this
5    subject at this time.  If the defense wanted these admitted,
6    the opportunity to raise that was -- was earlier.

7         Secondly, Your Honor, as the Court has already set
8    forth in docket entry 252, which is the ruling on the motion in
9    limine, statements of a defendant, when offered by the
10   defendant, are presumptively hearsay.  It is his burden to
11   articulate an objection under the hearsay rules and under the
12   rules of evidence that would allow that to be admitted.  This
13   motion doesn't do any of that.  It's just a further
14   dissertation on his view of character and how that fits into
15   the case.  So he doesn't meet the standards of your order or
16   the law.

17        In addition, as we signaled in our motion in limine
18   about these -- this topic, generally, of the defendant's
19   statements, most of the contents of these things either fall on
20   the line of the justification arguments, which the Court has
21   rejected, or to victim blaming, which the Court has also
22   rejected in clear orders.  Again, the motion takes no account
23   of any of those rulings that the Court has made.

24        So for all of those reasons, among others, those
25   motions should be denied.

1      THE COURT:  Okay.  Let me just turn to Mr. Routh.

2  We're not going to talk about the "Dear World" letter yet.

3  Now, I'm just interested in your position on these two other

4  letters.  You understand they're hearsay.  Under the Federal

5  Rules of Evidence, I see nothing here that would authorize

6  introduction of those hearsay statements.  So what would be the

7  legal basis under the Federal Rules of Evidence, Mr. Routh, for

8  admitting those two letters?

9      MR. ROUTH:  Well, again, you know, getting back -- I'm

10  not sure if they're -- they had initially said they were going

11  to introduce the envelope and use the envelope but not the

12  contents, is what they initially said.  And obviously, I'm

13  coming in after the deadline.  I had counsel prior.  So I'm --

14  I'm new to this game.

15      But, again, you know, just the -- getting back to this

16  is a -- a recent item that is, you know, like, within hours,

17  and it speaks directly to the peaceful and nonviolent and --

18  and all of these items that we were discussing.  I mean, this

19  is -- I mean, how much -- how much more fresh can you get as

20  far as -- as gentleness and nonviolent as -- as the words that

21  are in this -- in those -- those notes?  So, I mean, I don't

22  know what -- what -- what is more valid?  I mean,

23  what -- what -- I'm not sure how -- how good can it get?  I

24  mean, you want to edit out -- edit out everything?  I mean,

25  you know, I think we pretty much figured out the --

 1          THE COURT:  Okay.  All right.  Thank you.

 2          MR. ROUTH:  -- CBS story where you can't edit

 3   everything.  I mean --

 4          THE COURT:  Okay.  Okay.  Thank you.

 5          And these are letters that you wrote, sir?

 6          MR. ROUTH:  Well, they were -- they are purporting that

 7   I wrote.  So they -- they -- they -- they're purporting that I

 8   did.

 9          THE COURT:  Well, they're not trying to use them, to be

10   clear.

11          MR. ROUTH:  Okay.

12          THE COURT:  So I'm just asking, these two letters that

13   we're talking about now, the "for" letter and the "what do we

14   do as a world need to fix" [sic] letter, did you write those

15   letters?

16          MR. ROUTH:  Yes.  They -- they fall under -- under,

17   yes.

18          THE COURT:  And you're seeking to introduce them in

19   your case?

20          MR. ROUTH:  Yes.

21          THE COURT:  Okay.  All right.  Well, then there has

22   been no exception to the hearsay rule that's been provided.

23   There is a general argument about relevance, but that's not

24   enough to solve the hearsay problem.  So those two letters at

25   this point won't be admitted because they're not being offered

1    by the government.  If something changes on that front, then

2    you're welcome to bring this up again, Mr. Routh.

3            So that leaves just the "Dear World" letter.  We've

4    covered this already, I think, sufficiently.  But it sounds

5    like now you're identifying specific portions of the letter

6    that you think need to be introduced; is that right?

7            MR. ROUTH:  Well, most certainly at page 12 -- I mean,

8    you can't take page 1 and not take page 12, I mean, at bare

9    minimum.  I mean, because they're purporting that this letter

10   pertains to the golf course when it plainly states on the last

11   page that it pertains to the airport and his -- and his

12   airplane.

13           So, I mean, you can't take page 1 and not take page 12,

14   you know.  I mean, that's just ludicrous.  So -- so, I mean,

15   you know, it's -- plainly states --

16           THE COURT:  All right.

17           MR. ROUTH:  -- to shred his airplane.

18           THE COURT:  Okay.  Is there anything on page 12 that

19   must be introduced to make sense of page 1?

20           MR. ROUTH:  Yes, that sentence.  Yes.

21           THE COURT:  So you're saying there is a reference to

22   shredding an airplane and that, in your position, that's

23   necessary to explain the first page?

24           MR. ROUTH:  Exactly.  Exactly.

25           THE COURT:  Okay.

1           MR. ROUTH:  Exactly.  I mean, that's --

2           THE COURT:  Let me hear from the government on this.

3           MR. SHIPLEY:  Your Honor, again, as we've argued, we've

4    only intended to introduce, actually, not the whole first page,

5    which is the one topic we wanted to address with the Court, but

6    the first three sentences of the -- of the "Dear World" letter.

7    It is not at present our intent to introduce anything else.

8           I would appreciate clarity as to what exactly the

9    defendant is both proposing to introduce from page 12 and how

10   that is relevant to any defense that we -- might be put forth

11   here.

12          I take it from what he is saying that he's -- his

13   desire is to present to the jury an argument that this letter

14   admits a prior assassination attempt on Donald Trump by

15   shredding his airplane.  If that's the landscape that we're

16   going forward, we may have to have a discussion on counsel

17   table about how we want to proceed with regard to that last

18   line, if that's what he is talking about, if I'm understanding

19   that correctly.  So that's one piece of the issue.

20          But otherwise, at least before we heard the

21   representation that I take as an acknowledgement of a prior

22   assassination attempt, that was not our intent, to introduce

23   any portion of the letter other than the first three sentences.

24          And on that topic, Your Honor, the Court in its motion

25   in limine order granted our motion and granted our request.

1    And the reasoning of it comports with what our request had

2    been, which was for the first three lines, not for the entirety

3    of page 1.

4          From our side of things, we saw a pretty clear break

5    between those first three sentences and then the victim blaming

6    and the irrelevant material that the Court we think properly

7    identified in the remainder of the letter.

8          THE COURT:  Okay.  So you want -- you want a

9    clarification that your request to admit the "Dear World"

10   letter is limited to the first three lines of page 1?

11         MR. SHIPLEY:  It is.  And maybe we should have aided

12   the Court by giving you not -- we gave you page 1 because that

13   what -- is what had been in the public record.  So apologies on

14   this on my end if I didn't give the Court a copy of the

15   document.  But I have a copy of exactly what we would be

16   seeking to use, which is simply the first three -- excuse me --

17   first three sentences.  I'm sorry.  I've said "sentences."

18   Other times I've said "lines."  Let me be clear -- and I can

19   read that exactly into the record, Judge, if that helps.

20         THE COURT:  It's three sentences?

21         MR. SHIPLEY:  Yes.

22         THE COURT:  Okay.  All right.

23         MR. SHIPLEY:  Lines -- it's not --

24         THE COURT:  Let me ask you, Mr. Routh, can you be

25   precise?  What exactly on page 12 -- just looking at it in

1    full, what portion do you think needs to be admitted?

2         MR. ROUTH:  The fourth line where it says "to shred his

3    airplane."

4         THE COURT:  So just the words "to shred his airplane,"

5    not a full sentence?

6         MR. ROUTH:  I mean, that -- that covers it.  I mean,

7    that -- that -- that's all you need to hear.  So, I mean, you

8    can introduce the whole page.  I mean, the bottom where it says

9    "the failure," I mean, that -- that also speaks to -- to intent

10   and all of the other character issues as well.  So -- but, yes,

11   at least -- at least --

12        THE COURT:  Final argument?  Final argument on this?

13        MR. SHIPLEY:  Your Honor, may we reserve, to the extent

14   the government's position is material to the Court's ruling on

15   this?  We will get back to you within 24 hours on a position on

16   that.  If that is the request, and in light of the defendant's

17   acknowledgement, which is a factual acknowledgement that he

18   wrote that letter -- so if that is the case, if the defendant

19   is stipulating, which he has refused to do up to this point,

20   that he wrote that letter, and he is seeking to admit those

21   four words or the end of that letter, I would ask you to allow

22   the government 24 hours to provide you a response on that

23   issue.

24        THE COURT:  Okay.  Let me just ask Mr. Routh.  I

25   haven't granted that yet.  Let me think about it for a minute.

1    Mr. Routh, other than the reference to shredding

2    airplanes or shredding his airplane, is there anything else in

3    this letter that you're asking to be admitted?

4    MR. ROUTH:  Well, as I mentioned in the motion,

5    you know -- you know, parts of it, again, are speaking to

6    gentleness and the character issue, but if you're not going to

7    go down that avenue -- but, again, just by virtue of saying,

8    "the failure," again, is speaking to, you know, no intent, I

9    mean.  But, you know --

10   THE COURT:  Okay.

11   MR. ROUTH:  -- if these gentlemen want to argue that

12   this pertains to the golf course, that -- those four lines

13   obviously show that this has nothing to do with a golf course.

14   So, you know, this -- this has nothing to do with this case.

15   THE COURT:  Okay.  We're not going to make any rulings

16   on the remainder or portions of the remainder of the

17   "Dear World" letter.

18   Mr. Shipley, if you wish to file any sort of supplement

19   in connection with the "Dear World" letter, you may do so, and

20   that would be due by this Thursday, which is September 4th.

21   Okay.  Anything further to address on the two motions

22   filed today, Mr. Routh?  That's 261 and 262.

23   MR. ROUTH:  No, Your Honor.

24   THE COURT:  Okay.

25   Okay.  Any other substantive areas to address today,

1    Mr. Shipley or Mr. Browne or Ms. Medetis?

2         MR. BROWNE:  Your Honor, just with respect to the

3    witness list.  Again, just because of that one witness that the

4    defendant has purported is some kind of romantic partner, we

5    would ask that that be filed under seal just to preserve

6    decorum.  We have no idea whether this defendant sought that

7    person's permission before making those allegations.  We have

8    no idea if the defendant has spoken to that person about this.

9    It is deeply personal and profane and embarrassing.  So we

10   would just ask that the proposed witness list be filed under

11   seal as opposed to on the docket.

12        THE COURT:  We're not going to be doing the full

13   sealing of this item.  Are you asking for a partial redaction

14   of that one line?

15        MR. BROWNE:  Just the identity of the person,

16   Your Honor.  That would be it.  Just to preserve, you know, her

17   privacy.

18        THE COURT:  Okay.  Given the nature of what you wrote

19   in this docket, Mr. Routh, do you have any objection to

20   redacting the name listed there?

21        MR. ROUTH:  No.  That's wise.  That's -- that -- that's

22   very wise, very -- very thoughtful.

23        THE COURT:  Okay.  All right.  Well, then,

24   Ms. Militello, I'm going to ask that you file this witness list

25   publicly but redacting the name of that last witness.  And

1    please do the -- do that by tomorrow.

2        Okay.  All right.  Final opportunity to raise any

3    substantive issues before we commence on Monday.

4        Mr. Shipley.

5        MR. SHIPLEY:  No, Your Honor.  Before we broke, you

6    indicated maybe having a discussion about character evidence.

7    But candidly, the Court's ruling on that issue in the motion in

8    limine, we have gone back over it.  It is crystal clear.  It

9    will certainly come to a head, I think, even more so having

10   heard these discussions, but I don't know that we need to have

11   more substantive discussion about that unless the Court had

12   something in mind.

13       THE COURT:  Okay.  Mr. Routh, I remind you again that

14   you need to comply with all the court orders, and that

15   includes, of course, the order that very clearly explains the

16   prohibition on specific act evidence through your character

17   witnesses.  So please make sure that you read all of those

18   orders, and keep that in mind as you plan to put on any

19   character-related evidence.  Do you understand, sir?

20       MR. ROUTH:  I will.

21       THE COURT:  Okay.

22       MR. SHIPLEY:  Your Honor, I'm sorry.  I did neglect one

23   thing again that the Court had flagged -- was the potential

24   impact of introducing even the limited type of opinion or

25   reputation evidence that he wants on the 404(b) rulings.

1    Again, I'm happy to take the Court's direction when you want to

2    address that.  Certainly, we will be prepared to identify for

3    the Court those portions of the 404(b) ruling that are --

4    obviously, from our perspective, require completely different

5    ruling, should his character be put in issue that way.  The

6    Rule 404(a) and 405 are completely clear about the ability of

7    the government to both cross-examine any character witnesses

8    about specific instances of conduct in a way the defendant

9    cannot introduce himself, and then also to put on rebuttal

10   witnesses about them.

11        So we're talking here the criminal history, the weapons

12   of mass destruction conviction, weapons of mass destruction

13   arrest, all of the prior gun incidents, a slew of things

14   culminating most recently in a letter that the defendant sent

15   to the International Criminal Court admitting that he is an

16   anti-Semite and asking Iran to drop a nuclear bomb on Israel.

17        This is what we are going to get into if the defendant

18   chooses to go down this path, Your Honor.  So we can tackle

19   that on Monday or next week, if we have time, but that's where

20   we are going with this.

21        THE COURT:  On the prior conviction for possession of a

22   weapon of mass destruction, I think there was some discussion

23   of this in the -- in the 404(b) hearing.  But if you were

24   allowed to introduce that as a rebuttal to any character

25   witness, what would that consist of?  Introduction of just the

1  certified judgment or actual evidence from a person with

2  knowledge?

3          MR. SHIPLEY:  It would, at minimum, be the judgment,

4  but I think our expectation would be that it would be a witness

5  as well.  Again, we sort of tabled this, I think, in our trial

6  preparation in view of the Court's order on this issue, not

7  expecting things to go the direction they had.  But, yes, we

8  would have the opportunity under the rules to call a witness on

9  that topic as well, we believe.

10          THE COURT:  Okay.  Well, if the government wishes to

11  make preparations for a potential witness related to that prior

12  conviction, you are welcome to go ahead, but I won't be making

13  any rulings on that because the extent of the character

14  evidence is still unclear to me at this point.

15          With respect to the gun possession incidents that

16  didn't result in convictions, I don't see a basis at this

17  point, at least yet, to reconsider those rulings.

18          Are there any other pieces of evidence that would be

19  impacted, Mr. Shipley?

20          MR. SHIPLEY:  I think on the -- with regard to the

21  prior gun possession incidents, the one in particular relates

22  to the -- to the SKS.  I mean, that is as violent a weapon as

23  there can be.  And, again, at the time of the 404(b) argument,

24  we didn't have a report confirming from the North Carolina

25  officer that it was indeed an SKS.  So we're happy to present

1    more information to the Court when the time comes about that

2    one in particular.

3         THE COURT:  Okay.  All right.  Well, the same

4    indication.  If you wish to prepare potential introduction of

5    the SKS rifle possession incident and/or the WMD prior

6    conviction incident, then you should go ahead and make those

7    preparations if you think they're warranted.  But, again, I

8    won't be making any final rulings reconsidering a prior order

9    at this point.

10        MR. SHIPLEY:  Of course.  Thank you, Judge.

11        THE COURT:  Okay.  All right.  That concludes our

12   hearing for today.  We will have trial, again, beginning on

13   Monday.

14        Anything further before we close, Mr. Shipley?

15        MR. SHIPLEY:  No, Your Honor.  Thank you.

16        THE COURT:  Mr. Routh?

17        MR. ROUTH:  Yes.  I just -- he had -- I overheard him

18   saying he is going to call the Secret Service agent.  So we

19   will have a chance to speak to him as far as a witness?

20        THE COURT:  That's -- that's what I heard.

21        MR. ROUTH:  Okay.  All right.  So that is correct?

22        THE COURT:  But whatever witness has been listed would

23   presumably be on the government's witness list which you have

24   been provided.  So you should review those items.

25        MR. ROUTH:  Okay.  I will review those items.

1          On the items that we submitted today, our exhibits, how

2    is that handled as far as what will be accepted and not

3    accepted as far as our exhibits?

4          THE COURT:  Okay.  So in the normal course, if there is

5    an exhibit you wish to introduce, you would need to move to

6    introduce it and deal with any objections that arise.  We're

7    not going to do an exhibit-by-exhibit review at this point of

8    your exhibits.  It will have to wait for trial.  But you will

9    have to follow the rules of evidence in presenting any piece of

10   evidence during trial.

11         MR. ROUTH:  Okay.

12         THE COURT:  So you should preemptively think about the

13   Federal Rules of Evidence as they apply to your exhibits and

14   prepare any response to potential objections to those items.

15         MR. ROUTH:  Okay.

16         THE COURT:  Okay.  All right.  Thank you, all.  This

17   concludes our hearing.  Please be on time Monday morning.

18         (These proceedings concluded at 2:56 p.m.)

19

20

21

22

23

24

25

1                      C E R T I F I C A T E

2

3

4    I hereby certify that the foregoing is an accurate

5    transcription of the proceedings in the above-entitled matter.

6

7

8    DATE:   09-02-2025          /s/Laura Melton
                                 LAURA E. MELTON, RMR, CRR, FPR
                                 Official Court Reporter
9                                United States District Court
                                 Southern District of Florida
10                               Fort Pierce, Florida

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

**( )**

**074** [1] – 14:23

**1**

**1** [16] – 13:1, 15:5, 15:8, 15:13, 29:2, 29:3, 42:14, 43:4, 46:5, 80:13, 92:8, 92:13, 92:19, 94:3, 94:10, 94:12
**1-11** [1] – 43:6
**10** [3] – 42:18, 55:17, 75:6
**100** [6] – 43:22, 45:14, 46:16, 46:17, 47:6
**101** [7] – 43:23, 45:14, 46:8, 46:11, 46:18, 47:21, 48:16
**101-105** [1] – 46:13
**103** [2] – 43:23, 45:15
**104** [2] – 43:23, 45:15
**105** [5] – 43:23, 45:15, 46:9, 46:11, 46:18
**108** [5] – 48:16, 48:17, 48:18, 48:23, 49:1
**108-110** [1] – 49:5
**109** [3] – 47:21, 48:23, 49:1
**10th** [1] – 7:20
**11** [6] – 8:24, 42:14, 42:18, 43:5, 78:7
**110** [2] – 47:21, 49:1
**1100** [1] – 69:24
**1100-1106** [1] – 70:4
**1101** [1] – 69:24
**1102** [1] – 69:25
**1103** [1] – 69:25
**1104** [1] – 69:25
**1105** [1] – 69:25
**1106** [1] – 69:25
**1108** [2] – 69:25, 70:4
**1109** [2] – 70:7, 70:10
**1109-1121** [1] – 70:13
**1110** [1] – 70:10
**1111** [1] – 70:10
**1112** [1] – 70:10
**1113** [4] – 13:6, 15:6, 15:15, 70:10

**1114** [1] – 70:11
**1115** [1] – 70:11
**1116** [1] – 70:11
**1117** [1] – 70:11
**1118** [1] – 70:11
**1119** [1] – 70:11
**112** [2] – 47:21, 49:1
**112-113** [1] – 49:5
**1120** [1] – 70:11
**1121** [1] – 70:8
**1123** [1] – 70:16
**1123-1128** [1] – 70:20
**1124** [1] – 70:16
**1125** [1] – 70:16
**1126** [1] – 70:16
**1127** [1] – 70:16
**1128** [1] – 70:16
**1129** [2] – 70:24, 71:4
**113** [2] – 47:21, 49:1
**1130** [2] – 70:24, 71:4
**1132** [2] – 70:24, 71:4
**1135** [2] – 70:24, 71:4
**1136** [2] – 70:24, 71:4
**1138** [2] – 70:25, 71:4
**1140** [2] – 70:25, 71:5
**116** [2] – 47:22, 49:1
**116-117** [1] – 49:5
**117** [2] – 47:22, 49:1
**118** [5] – 47:13, 47:20, 47:25, 48:6, 49:10
**11:53** [1] – 40:15
**11th** [1] – 7:22
**12** [10] – 8:24, 58:2, 75:18, 83:19, 92:7, 92:8, 92:13, 92:18, 93:9, 94:25
**121** [1] – 70:11
**12th** [1] – 7:17
**13** [3] – 58:25, 78:1, 78:7
**130** [2] – 48:11, 49:12
**1300** [4] – 71:6, 71:12, 71:18, 73:5
**131** [2] – 49:15, 49:16
**132** [1] – 49:16
**14** [4] – 59:12, 78:1, 78:8, 83:19
**140** [2] – 49:21, 49:23
**143** [1] – 49:23

**146** [1] – 49:23
**148A** [3] – 51:9, 51:11, 51:13
**15** [3] – 60:4, 77:16, 78:1
**16** [1] – 60:5
**166** [3] – 50:3, 50:8, 50:12
**167** [2] – 50:14, 50:18
**17** [3] – 36:12, 60:13
**17(b** [2] – 74:13, 86:2
**175** [2] – 50:14, 50:19
**176** [2] – 50:21, 51:1
**179** [2] – 50:21, 51:1
**17s** [1] – 74:15
**18** [2] – 60:12, 60:15
**180** [2] – 9:22, 50:21, 51:1
**184** [1] – 66:6
**184A** [1] – 51:4
**185** [4] – 51:16, 51:18, 51:21, 66:6
**186** [4] – 51:16, 51:18, 51:21, 66:7
**187** [1] – 66:7
**187A** [2] – 51:19, 51:21
**187B** [2] – 51:19, 51:21
**188** [1] – 66:7
**188A** [2] – 51:19, 51:21
**188B** [2] – 51:19, 51:21
**189** [1] – 66:7
**19** [3] – 8:24, 61:13, 74:11
**190** [3] – 51:19, 51:22, 66:7
**191** [1] – 66:7
**192** [1] – 66:7
**193** [1] – 66:7
**1:00** [1] – 37:11
**1:30** [2] – 37:11, 37:22
**1:41** [1] – 40:15

**2**

**2** [3] – 42:18, 43:7, 75:7
**20** [1] – 62:14
**200** [3] – 51:23, 54:23, 55:2
**200-100** [3] – 57:6, 57:8

, 57:10
**200-101** [2] – 57:11, 57:15
**200-102** [6] – 57:16, 57:22, 72:2, 72:22, 72:25, 73:2
**200-104** [2] – 57:19, 57:22
**200-106A** [1] – 57:19
**200-106A-G** [1] – 57:22
**200-17** [2] – 52:19, 53:2
**200-18** [2] – 52:21, 53:2
**200-19** [2] – 52:23, 53:2
**200-1A** [4] – 51:25, 52:5, 52:7, 52:10
**200-1B** [4] – 51:25, 52:5, 52:7, 52:10
**200-2** [4] – 52:6, 52:7, 52:9, 53:7
**200-20** [5] – 53:5, 53:11, 72:2, 72:11, 72:13, 72:15
**200-21A** [3] – 53:7, 53:9, 53:11
**200-21B** [3] – 53:7, 53:10, 53:11
**200-23** [2] – 53:13, 53:18
**200-24** [2] – 53:14, 53:18
**200-28** [2] – 53:14, 53:18
**200-30A** [2] – 53:20, 54:1
**200-30B** [2] – 53:21, 54:1
**200-32** [6] – 54:3, 54:14, 72:2, 72:17, 72:19, 72:20
**200-33** [4] – 54:4, 54:9, 54:11, 54:14
**200-35** [3] – 54:4, 54:11, 54:14
**200-36** [3] – 54:4, 54:11, 54:14
**200-38** [3] – 54:4, 54:11, 54:15
**200-39** [3] – 54:6, 54:7, 54:13
**200-41** [3] – 54:6, 54:12, 54:15
**200-44** [2] – 55:2, 55:6
**200-45** [2] – 55:3, 55:6
**200-46** [2] – 54:21, 55:1
**200-47** [2] – 55:3, 55:6
**200-50** [2] – 55:3, 55:6
**200-51** [2] – 55:3, 55:7

**200-52** [2]_ - 55:3, 55:7
**200-53** [2]_ - 55:3, 55:7
**200-55** [2]_ - 55:3, 55:7
**200-57A** [2]_ - 55:3, 55:7
**200-60** [1]_ - 54:21
**200-62** [1]_ - 55:4
**200-63** [2]_ - 55:4, 55:7
**200-66** [2]_ - 55:4_, 55:8
**200-67** [2]_ - 55:8_, 55:13
**200-72** [2]_ - 54:22_, 55:14
**200-78** [2]_ - 55:21, 56:4
**200-80** [2]_ - 55:23, 56:4
**200-82** [2]_ - 55:25, 56:4
**200-83** [2]_ - 56:6, 56:14
**200-85** [2]_ - 56:8, 56:14
**200-86** [2]_ - 56:10, 56:14
**200-87** [2]_ - 56:16_, 56:19
**200-88** [3]_ - 56:20_, 56:24, 57:1
**200-9** [3]_ - 52:13_, 52:17, 53:2
**200-90** [3]_ - 56:22_, 56:25, 57:1
**200-98** [3]_ - 55:20_, 57:3
**200A** [1]_ - 51:23
**200B** [1]_ - 51:23
**202** [1]_ - 52:9
**21** [1]_ - 64:16
**215** [2]_ - 19:7_, 19:12
**22nd** [1]_ - 22:17
**23** [2]_ - 65:21_, 87:3
**233** [1]_ - 6:19
**238** [1]_ - 6:21
**24** [6]_ - 66:12_, 66:16_, 73:21_, 75:23_, 95:15_, 95:22
**24-cr-80116-Cannon**
  [1]_ - 5:5
**240** [1]_ - 6:24
**242** [1]_ - 73:25
**248** [2]_ - 6:12_, 6:23
**249** [2]_ - 6:12_, 75:11
**25** [2]_ - 43:9_, 43:15_, 66:24
**25-32** [1]_ - 43:16
**252** [2]_ - 7:3_, 89:8
**253** [1]_ - 88:2

**256** [2]_ - 6:15_, 74:7
**257** [1]_ - 7:9
**258** [1]_ - 7:9
**26** [2]_ - 43:10_, 67:20
**261** [2]_ - 88:14_, 96:22
**262** [2]_ - 86:10_, 96:22
**26th** [1]_ - 8:24
**27** [2]_ - 43:10_, 68:18
**28** [1]_ - 43:10
**29** [1]_ - 43:10
**29th** [1]_ - 9:4
**2:56** [1]_ - 102:18

**3**

**3** [3]_ - 42:18_, 43:17_, 75:7
**30** [1]_ - 43:10
**300** [1]_ - 57:20
**300-307** [1]_ - 57:23
**301** [2]_ - 35:12_, 57:20
**302** [1]_ - 57:20
**303** [1]_ - 57:20
**304** [1]_ - 57:20
**305** [1]_ - 57:20
**306** [1]_ - 57:20
**307** [1]_ - 57:21
**31** [2]_ - 43:10_, 61:6
**310** [2]_ - 58:8, 58:10
**317** [2]_ - 58:11, 58:14
**32** [3]_ - 43:10_, 43:15_, 61:6
**320** [2]_ - 58:11, 58:14
**322A** [2]_ - 58:11, 58:14
**322A-B** [1]_ - 58:14
**323** [1]_ - 58:11
**323-327** [1]_ - 58:14
**324** [1]_ - 58:12
**325** [1]_ - 58:12
**326** [1]_ - 58:12
**327** [1]_ - 58:12
**33** [6]_ - 42:10_, 43:19_, 44:4_, 44:6_, 44:7_, 87:20
**331** [2]_ - 58:12, 58:14
**334A** [2]_ - 58:16, 58:18
**334A-B** [2]_ - 58:16, 58:18
**335** [2]_ - 58:16, 58:18
**337** [2]_ - 58:16, 58:18
**339** [2]_ - 58:16, 58:18

**34** [4]_ - 43:19_, 44:8_, 44:10_, 44:11
**342** [2]_ - 58:16, 58:18
**343** [2]_ - 58:17, 58:18
**347** [2]_ - 58:17_, 58:19
**349** [1]_ - 59:8
**349-351** [1] - 59:10
**35** [4]_ - 43:19_, 44:12_, 44:14_, 44:15
**350** [1]_ - 59:8
**351** [2]_ - 13:25_, 59:8
**352A** [2]_ - 59:8, 59:10
**352B** [2]_ - 59:9, 59:10
**36** [4]_ - 43:19_, 43:24_, 44:17_, 45:10
**38** [4]_ - 43:21_, 43:24_, 44:17_, 45:10
**39** [1]_ - 54:10
**39A** [4]_ - 43:21_, 44:22_, 44:24_, 45:1
**39A-D** [1]_ - 45:1
**3rd** [1]_ - 9:5

**4**

**4** [3]_ - 42:18_, 48:22_, 75:5
**40** [1]_ - 28:1
**400** [2]_ - 59:9, 59:10
**404(a** [1]_ - 99:6
**404(b** [6]_ - 35:8_, 37:21_, 98:25_, 99:3_, 99:23_, 100:23
**405** [1]_ - 99:6
**405(a** [1]_ - 84:10
**408** [2]_ - 59:9, 59:10
**41** [2]_ - 43:21_, 45:3
**41-44** [1]_ - 45:7
**410** [2]_ - 59:9_, 59:11
**411** [1]_ - 59:4
**413** [1]_ - 59:4
**414** [2]_ - 59:9_, 59:11
**42** [2]_ - 43:22_, 45:3
**43** [2]_ - 43:22_, 45:3
**430** [1]_ - 59:15
**430-432** [1]_ - 59:19
**431** [1]_ - 59:15
**432** [1]_ - 59:15
**44** [2]_ - 43:22_, 45:3
**441** [2]_ - 59:20, 60:1

**444** [2]_ - 59:20, 60:1
**445** [2]_ - 59:21, 60:1
**446** [2]_ - 59:21, 60:1
**45** [6]_ - 43:22_, 43:24_, 44:20_, 45:8_, 45:10_, 45:12
**46** [8]_ - 43:22_, 45:14_, 46:20_, 46:22_, 46:24_, 46:25_, 47:2_, 47:4
**4th** [1]_ - 96:20

**5**

**5** [3]_ - 42:18_, 75:5_, 80:1
**52** [1]_ - 62:2
**523** [3]_ - 60:6_, 60:9_, 60:11
**5:30** [1]_ - 21:15

**6**

**6** [2]_ - 42:18_, 75:5
**60** [2]_ - 9:22_, 55:1
**600-1** [2]_ - 60:19, 60:25
**600-128** [3]_ - 64:10_, 64:12_, 64:14
**600-141** [3]_ - 64:16_, 64:18_, 64:20
**600-147** [3]_ - 64:22_, 64:24_, 65:1
**600-155** [3]_ - 65:3_, 65:5 _, 65:7
**600-161** [3]_ - 65:9_, 65:11_, 65:13
**600-180A** [1]_ - 65:15
**600-180A-D** [1] - 65:19
**600-183** [2]_ - 66:6, 66:9
**600-193** [1] - 66:9
**600-29** [2]_ - 61:2_, 61:5
**600-3** [2]_ - 60:21, 60:25
**600-30** [2]_ - 61:6, 61:11
**600-31** [1] - 61:11
**600-32** [1] - 61:11
**600-34** [3]_ - 61:14_, 61:16_, 61:20
**600-48** [3]_ - 61:21_, 61:23_, 61:25
**600-49** [2]_ - 62:1, 62:6
**600-50** [1] - 62:6
**600-51** [1] - 62:6

**600-52** [1]_ - 62:6
**600-708** [1]_ - 66:9
**600-72** [3]_ - 62:9_, 62:11 _, 62:13
**600-80** [3]_ - 62:17_, 62:20_, 62:22
**600-81** [2]_ - 62:24, 63:3
**600-82** [1]_ - 63:3
**600-84** [2]_ - 63:6, 63:10
**600-86** [2]_ - 63:12_, 63:15
**600-88** [3]_ - 63:16_, 63:18_, 63:20
**600-95** [2]_ - 63:22_, 63:25
**600-96** [4]_ - 64:1_, 64:4_, 64:6_, 64:8
**67** [1]_ - 55:9

### 7

**7** [2]_ - 42:18_, 42:19
**708** [1]_ - 66:7
**714** [1]_ - 66:18
**714-720** [1]_ - 66:20
**72** [2]_ - 55:1_, 55:11
**720** [1]_ - 66:19
**721** [1]_ - 66:21
**721-728** [1]_ - 66:23
**723** [1]_ - 66:21
**724** [1]_ - 66:21
**725** [1]_ - 66:21
**726** [1]_ - 66:21
**727** [1]_ - 66:21
**728** [1]_ - 66:22
**730** [2]_ - 67:6_, 67:7
**733** [2]_ - 67:8_, 67:12
**739** [1]_ - 67:13
**739-741** [1] - 67:18
**740** [1]_ - 67:13
**741** [1]_ - 67:13
**743** [2]_ - 67:14, 67:18
**745** [1]_ - 67:24
**745-747** [1]_ - 68:3
**746** [1]_ - 67:24
**747** [1]_ - 67:24
**753** [1]_ - 68:4
**753-755** [1]_ - 68:9
**754** [1]_ - 68:4

**755** [1]_ - 68:5

### 8

**8** [4]_ - 42:18_, 50:3_, 52:12 _, 72:8
**82** [1]_ - 62:24
**8:30** [1]_ - 21:15
**8th** [3]_ - 6:1_, 6:2_, 9:3

### 9

**9** [2]_ - 42:18_, 54:20
**900** [3]_ - 68:10_, 68:14, 68:16
**902** [2]_ - 30:14_, 35:10
**902s** [1]_ - 36:2
**907** [3]_ - 68:12_, 68:14, 68:16
**908** [2]_ - 69:1, 69:4
**909** [2]_ - 69:1, 69:4
**911** [2]_ - 69:1, 69:4
**915A** [2]_ - 69:6, 69:12
**916** [1]_ - 69:6
**916-918** [1] - 69:12
**917** [1]_ - 69:6
**918** [1]_ - 69:7
**920** [1]_ - 69:7
**920-923** [1] - 69:12
**921** [1]_ - 69:7
**922** [1]_ - 69:7
**923** [1]_ - 69:7
**925** [1]_ - 69:7
**925-927** [1]_ - 69:13
**926** [1]_ - 69:7
**927** [1]_ - 69:7
**941** [1]_ - 69:15
**941-944** [1]_ - 69:19
**942** [1]_ - 69:15
**943** [1]_ - 69:15
**944** [1]_ - 69:15
**949** [1]_ - 69:20
**949-950** [1]_ - 69:23
**950** [1]_ - 69:20
**9:00** [2]_ - 21:15_, 21:16

### A

**a.m** [1]_ - 40:15
**ability** [1]_ - 99:6
**able** [7]_ - 8:17_, 8:18_, 13:23_, 14:7_, 27:22_, 37:19_, 84:20
**abridging** [1]_ - 20:14
**absolutely** [1]_ - 83:8
**absurd** [1]_ - 82:14
**Abu** [1]_ - 80:22
**academics** [1]_ - 77:18
**acceptable** [4]_ - 25:25_, 38:2_, 46:22_, 59:4
**accepted** [2]_ - 102:2_, 102:3
**access** [4]_ - 6:21_, 19:6 _, 19:8_, 19:10
**accommodations** [2]_ - 7:6_, 39:20
**accompanying** [1]_ - 6:9
**according** [3]_ - 72:5_, 73:25_, 83:3
**accordingly** [1]_ - 28:1
**accords** [1]_ - 85:24
**account** [1]_ - 89:22
**accurately** [1]_ - 76:12
**achieve** [1]_ - 84:18
**acknowledgement** [3]_ - 93:21_, 95:17
**act** [2]_ - 80:16_, 98:16
**acted** [1]_ - 80:19
**action** [1]_ - 27:6
**actions** [1]_ - 27:4
**activity** [1]_ - 20:16
**acts** [1]_ - 81:6
**actual** [3]_ - 15:4_, 32:17 _, 100:1
**add** [1]_ - 21:10
**added** [1]_ - 77:3
**addition** [2]_ - 37:13_, 89:17
**additional** [25]_ - 6:3_, 6:20_, 7:3_, 11:5_, 11:6_, 11:10_, 11:11_, 12:1_, 12:18_, 31:4_, 31:8_, 31:9 _, 31:23_, 46:6_, 46:23_, 48:9_, 73:13_, 79:4_, 84:11_, 84:25_, 85:16_, 86:1_, 86:25_, 88:12_,

88:17
**additionally** [1]_ - 6:13
**address** [23]_ - 16:11_, 16:17_, 16:22_, 17:5_, 17:9_, 17:11_, 21:19_, 21:24_, 24:25_, 25:15_, 28:15_, 31:7_, 31:7_, 34:14_, 40:13_, 40:20_, 44:16_, 71:17_, 71:22_, 73:16_, 93:5_, 96:21_, 96:25_, 99:2
**addressed** [7]_ - 30:16_, 36:1_, 37:18_, 49:19_, 82:25_, 86:21_, 87:6
**addresses** [1]_ - 26:18
**addressing** [3]_ - 5:3_, 40:16_, 78:14
**admission** [19]_ - 41:11 _, 41:13_, 42:18_, 43:18_, 51:8_, 52:16_, 53:4_, 58:5 _, 59:14_, 62:23_, 63:5_, 63:11_, 63:14_, 65:24_, 66:15_, 67:23_, 69:14_, 70:7_, 70:15
**admit** [14]_ - 28:22_, 29:2 _, 30:21_, 35:16_, 39:21_, 57:18_, 59:8_, 60:18_, 66:3_, 66:5_, 72:4_, 86:14 _, 94:9_, 95:20
**admits** [1]_ - 93:14
**admitted** [87]_ - 21:2_, 35:8_, 40:4_, 41:12_, 43:5 _, 43:14_, 44:6_, 44:10_, 44:14_, 44:25_, 45:5_, 45:12_, 46:12_, 46:17_, 46:18_, 47:2_, 47:19_, 47:22_, 49:3_, 50:10_, 50:16_, 50:23_, 51:12_, 51:19_, 52:6_, 52:25_, 53:10_, 53:16_, 53:23_, 54:12_, 55:4_, 55:13_, 56:3_, 56:13_, 56:18_, 56:25_, 57:13_, 58:8_, 58:12_, 58:17_, 59:18_, 59:23_, 60:9_, 60:23_, 61:4_, 61:9_, 61:18_, 61:23_, 62:4_, 62:20_, 63:1_, 63:8_, 63:18_, 63:24_, 64:6_, 64:12_, 64:18_, 64:24_, 65:12_, 66:8_, 66:19_, 66:22_, 67:6_, 67:10_, 67:16_, 68:1_, 68:7_, 68:15_, 69:1 _, 69:10_, 69:17_, 69:22_, 70:2_, 70:12_, 70:19_, 71:2_, 72:13_, 72:19_, 73:1_, 73:6_, 73:10_, 87:1 _, 89:5_, 89:12_, 91:25_,

95:1..., 96:3

**admitting** [2]... - 90:8..., 99:15

**advance** [1]... - 28:8

**affairs** [1]... - 88:10

**affect** [1]... - 17:24

**afforded** [2]... - 74:17..., 74:19

**agent** [2]... - 83:4..., 101:18

**ago** [2]... - 27:10..., 38:22

**agree** [46]... - 15:16..., 16:1 ..., 16:3..., 16:6..., 16:7..., 16:8..., 41:11..., 47:19..., 54:9..., 54:20..., 54:21..., 55:19..., 55:20..., 55:21..., 55:23..., 55:25..., 56:6..., 56:8..., 56:10..., 56:16..., 56:20..., 56:22..., 57:11..., 57:16..., 60:18..., 61:7..., 61:16..., 61:21..., 62:1..., 62:23..., 63:5..., 63:11..., 67:4..., 67:8..., 67:13..., 67:23..., 68:4..., 68:10..., 68:12..., 69:7..., 69:14..., 69:20..., 69:24..., 70:6..., 70:15..., 71:7

**agreed** [1]... - 18:21

**agreeing** [11]... - 42:17..., 51:8..., 52:16..., 53:4..., 58:4 ..., 59:14..., 59:20..., 62:18..., 65:24..., 66:15..., 70:23

**agreement** [2]... - 31:9..., 34:24

**agreements** [1]... - 55:19

**ahead** [6]... - 7:8..., 48:20..., 57:18..., 59:7..., 100:12..., 101:6

**aided** [1]... - 94:11

**aids** [2]... - 87:1..., 87:23

**airplane** [8]... - 45:21..., 92:12..., 92:17..., 92:22..., 93:15..., 95:3..., 95:4..., 96:2

**airplanes** [1]... - 96:2

**airport** [1]... - 92:11

**alert** [1]... - 24:24

**allegations** [1]... - 97:7

**alleged** [2]... - 79:6..., 79:7

**allot** [1]... - 37:16

**allotted** [1]... - 28:1

**allow** [7]... - 18:11..., 29:9..., 36:15..., 37:9..., 45:17..., 89:12..., 95:21

**allowable** [1]... - 80:12

**allowed** [1]... - 99:24

**allowing** [1]... - 46:4

**almost** [1]... - 37:11

**already-expired** [1]... - 38:25

**Altonaga** [2]... - 18:15..., 18:21

**ambiguous** [2]... - 42:19 ..., 42:24

**amenable** [1]... - 28:5

**Amendment** [14]... - 17:7 ..., 18:6..., 18:13..., 18:23..., 19:1..., 19:24..., 19:25..., 20:5..., 20:11..., 20:13..., 20:16..., 20:18..., 20:19

**America** [1]... - 5:5

**Angel** [1]... - 74:21

**annotated** [3]... - 34:23..., 36:5..., 36:23

**annotation** [1]... - 13:11

**anonymization** [1]... - 6:17

**answer** [1]... - 15:19

**anti** [1]... - 99:16

**anti-Semite** [1]... - 99:16

**anticipate** [1]... - 12:11

**anticipated** [2]... - 8:13..., 28:2

**anticipating** [1]... - 6:24

**anticipation** [1]... - 18:7

**anyway** [1]... - 82:3

**apologies** [3]... - 71:25..., 72:5..., 94:13

**apologize** [1]... - 48:17

**apparent** [1]... - 75:21

**appear** [7]... - 15:23..., 16:12..., 74:3..., 74:22..., 75:19..., 77:16..., 79:4

**appearances** [2]... - 5:6..., 5:20

**apply** [1]... - 102:13

**appreciate** [2]... - 23:8..., 93:8

**approach** [7]... - 17:19..., 25:19..., 25:20..., 25:21..., 26:13..., 30:24

**appropriate** [1]... - 11:4

**April** [1]... - 89:2

**areas** [2]... - 28:14..., 96:25

**argue** [1]... - 96:11

**argued** [1]... - 93:3

**argument** [17]... - 18:11..., 18:12..., 26:15..., 28:11..., 28:13..., 29:19..., 30:1..., 48:1..., 84:13..., 84:21..., 84:24..., 87:19..., 91:23..., 93:13..., 95:12..., 100:23

**arguments** [4]... - 26:23..., 38:7..., 47:6..., 89:20

**arise** [1]... - 102:6

**arrange** [1]... - 25:5

**arrangements** [2]... - 22:6..., 27:19

**arrest** [1]... - 99:13

**arrive** [1]... - 15:12

**articulate** [1]... - 89:11

**aside** [2]... - 27:16..., 83:3

**assassination** [3]... - 13:24..., 93:14..., 93:22

**assembled** [1]... - 13:3

**assert** [1]... - 81:2

**associated** [1]... - 8:14

**assumed** [1]... - 27:15

**assuming** [3]... - 35:25..., 77:21..., 78:11

**assure** [1]... - 85:14

**attempt** [9]... - 13:4..., 13:13..., 13:24..., 15:2..., 15:6..., 15:23..., 16:13..., 93:14..., 93:22

**attempted** [3]... - 6:25..., 15:24..., 16:13

**attempts** [1]... - 8:8

**attention** [2]... - 24:13..., 75:23

**attire** [3]... - 22:6..., 24:6..., 24:19

**attorney** [1]... - 11:2

**attorneys** [2]... - 21:18..., 39:9

**Atwill** [2]... - 74:4..., 74:5

**audio** [1]... - 26:25

**August** [2]... - 6:2..., 22:17

**authorize** [1]... - 90:5

**authorized** [5]... - 74:2..., 74:6..., 74:9..., 76:15..., 84:9

**authors** [1]... - 75:20

**available** [5]... - 7:11..., 27:1..., 28:8..., 36:11..., 37:6

**avenue** [1]... - 96:7

**aware** [2]... - 76:4..., 76:20

**B**

**bare** [1]... - 92:8

**barring** [1]... - 21:17

**based** [7]... - 22:22..., 30:13 ..., 77:24..., 81:9..., 85:11..., 85:20..., 88:9

**basic** [3]... - 13:12..., 28:17 ..., 29:6

**basis** [20]... - 6:5..., 13:5..., 24:13..., 27:12..., 29:13..., 29:21..., 76:17..., 76:24..., 78:9..., 78:19..., 78:25..., 79:3..., 79:5..., 80:9..., 81:4 ..., 83:2..., 86:12..., 89:4..., 90:7..., 100:16

**batch** [1]... - 76:17

**Beach** [1]... - 88:5

**becomes** [1]... - 24:15

**begin** [1]... - 7:13

**beginning** [2]... - 89:2..., 101:12

**behalf** [1]... - 85:4

**behavior** [1]... - 87:5

**bench** [1]... - 25:21

**beneficial** [1]... - 16:18

**benefit** [1]... - 20:13

**best** [5]... - 13:8..., 14:13..., 15:12..., 24:25..., 75:17

**better** [2]... - 83:16

**between** [2]... - 16:5..., 94:5

**beyond** [3]... - 20:21..., 73:10..., 86:6

**bit** [4]... - 9:8..., 16:10..., 35:22..., 87:18

**blaming** [2]... - 89:21..., 94:5

**blank** [1]... - 10:4

**bleach** [1]... - 18:18

**bogus** [2]... - 44:1..., 54:8

**bomb** [1]... - 99:16

**books** [1]... - 75:21

**bottom** [2]... - 60:13..., 95:8

**boundaries** [1]... - 20:1

**box** [3]... - 25:19..., 25:20..., 40:1

**brand** [1]... - 86:19

**brand-new** [1]... - 86:19

**break** [4]... - 37:11..., 37:12 ..., 39:14..., 94:4

**brief** [3]_ - 15:20_, 16:20_, 88:11

**briefly** [2]_ - 22:9_, 24:21

**bring** [3]_ - 6:22_, 83:8_, 92:2

**broad** [1]_ - 35:4

**broader** [2]_ - 11:18_, 37:17

**broke** [2]_ - 86:9_, 98:5

**brought** [2]_ - 24:13_, 46:5

**BROWNE** [11]_ - 73:16_, 73:19_, 73:24_, 74:17_, 74:25_, 75:9_, 75:17_, 82:25_, 85:2_, 97:2_, 97:15

**Browne** [7]_ - 5:10_, 40:12_, 76:12_, 82:23_, 84:24_, 87:15_, 97:1

**buckets** [1]_ - 35:4

**Buigas** [1]_ - 75:9

**built** [1]_ - 84:5

**bulk** [3]_ - 66:4_, 66:5_, 66:14

**burden** [3]_ - 21:1_, 35:22 _, 89:10

**Burton** [1]_ - 74:21

**business** [4]_ - 22:5_, 24:6_, 24:18_, 35:10

## C

**calendar** [2]_ - 5:25_, 6:24

**candid** [2]_ - 85:12_, 85:15

**candidate** [1]_ - 14:2

**candidates** [1]_ - 14:6

**candidly** [2]_ - 15:24_, 98:7

**candor** [1]_ - 23:12

**cannot** [3]_ - 15:1_, 85:8_, 99:9

**capacity** [1]_ - 23:12

**care** [3]_ - 24:10_, 31:9_, 43:3

**carefully** [1]_ - 20:6

**Carolina** [2]_ - 40:1_, 100:24

**Carrea** [4]_ - 78:5_, 83:1_, 83:10_, 84:3

**case** [29]_ - 5:4_, 11:2_,

12:10_, 13:23_, 15:25_, 16:5_, 16:10_, 16:16_, 18:9_, 18:17_, 19:2_, 20:10_, 20:17_, 74:10_, 79:5_, 82:20_, 83:13_, 85:11_, 86:25_, 87:4_, 87:7_, 87:12_, 87:16_, 87:24_, 88:7_, 89:15_, 91:19_, 95:18_, 96:14

**Case** [1]_ - 5:5

**case-in-chief** [1]_ - 87:4

**categories** [3]_ - 30:18_, 35:2_, 35:15

**CBS** [1]_ - 91:2

**center** [1]_ - 18:8

**certain** [5]_ - 16:21_, 20:12_, 28:6_, 31:18_, 35:17

**certainly** [31]_ - 8:15_, 9:13_, 9:20_, 11:13_, 12:3 _, 14:25_, 18:8_, 19:22_, 19:25_, 21:8_, 22:3_, 23:18_, 23:19_, 25:2_, 25:23_, 25:24_, 27:8_, 27:24_, 38:23_, 41:5_, 41:14_, 41:17_, 45:18_, 51:6_, 82:12_, 92:7_, 98:9 _, 99:2

**certification** [1]_ - 35:10

**certified** [1]_ - 100:1

**cetera** [2]_ - 28:3_, 48:23

**chain** [1]_ - 48:9

**chair** [1]_ - 25:19

**chairs** [3]_ - 25:4_, 27:20 _, 27:22

**challenges** [1]_ - 15:3

**chance** [4]_ - 12:14_, 40:22_, 76:7_, 101:19

**change** [1]_ - 42:7

**changes** [1]_ - 92:1

**character** [20]_ - 37:17_, 37:20_, 38:12_, 76:13_, 79:12_, 83:1_, 84:10_, 85:1_, 85:16_, 85:18_, 89:14_, 95:10_, 96:6_, 98:6_, 98:16_, 98:19_, 99:5_, 99:7_, 99:24_, 100:13

**character-related** [1]_ - 98:19

**charge** [5]_ - 12:10_, 13:3 _, 13:25_, 15:8_, 16:23

**charged** [3]_ - 19:2_, 20:17_, 20:20

**check** [1]_ - 46:21

**chief** [6]_ - 86:25_, 87:4_, 87:8_, 87:13_, 87:24_, 88:7

**chime** [1]_ - 19:19

**choose** [1]_ - 41:19

**chooses** [1]_ - 99:18

**chosen** [2]_ - 9:12_, 17:23

**Christopher** [1]_ - 5:10

**Circuit** [5]_ - 13:13_, 14:13_, 14:19_, 14:23_, 16:16

**circuit** [1]_ - 15:9

**claim** [1]_ - 20:23

**clarification** [1]_ - 94:9

**clarifications** [1]_ - 54:16

**clarify** [1]_ - 26:18

**clarity** [7]_ - 48:15_, 48:18 _, 71:24_, 72:2_, 72:4_, 73:4_, 93:8

**clean** [1]_ - 31:19

**clear** [28]_ - 9:16_, 10:24_, 18:18_, 22:15_, 22:20_, 24:3_, 24:4_, 25:18_, 26:2 _, 32:14_, 42:17_, 43:12_, 43:13_, 49:7_, 51:18_, 74:25_, 75:3_, 75:13_, 78:14_, 81:15_, 81:19_, 81:25_, 89:22_, 91:10_, 94:4_, 94:18_, 98:8_, 99:6

**cleared** [1]_ - 21:9

**clearly** [4]_ - 81:11_, 82:14_, 82:20_, 98:15

**Clinton** [1]_ - 14:2

**close** [2]_ - 21:16_, 101:14

**closer** [1]_ - 16:25

**closest** [1]_ - 14:7

**closing** [1]_ - 26:13

**clothing** [2]_ - 22:15_, 23:15

**comfortable** [1]_ - 41:15

**coming** [2]_ - 79:23_, 90:13

**commence** [1]_ - 98:3

**commencing** [1]_ - 5:25

**comment** [2]_ - 24:10_, 35:6

**commentary** [1]_ - 39:19

**comments** [3]_ - 8:1_,

9:1_, 32:2

**commitment** [1]_ - 24:18

**committed** [1]_ - 38:24

**communication** [3]_ - 22:12_, 22:17_, 22:22

**communications** [1]_ - 22:13

**compel** [1]_ - 6:11

**completed** [2]_ - 9:4_, 9:16

**completely** [2]_ - 99:4_, 99:6

**completion** [2]_ - 7:19_, 8:21

**complex** [1]_ - 29:25

**compliance** [1]_ - 7:7

**complied** [1]_ - 86:23

**comply** [1]_ - 98:14

**components** [1]_ - 40:20

**comport** [1]_ - 24:18

**comports** [2]_ - 85:23_, 94:1

**concerning** [1]_ - 20:17

**concerns** [2]_ - 10:9_, 88:24

**concluded** [3]_ - 76:17_, 78:19_, 102:18

**concludes** [3]_ - 71:20_, 101:11_, 102:17

**conclusion** [1]_ - 74:14

**conduct** [3]_ - 19:2_, 20:23_, 99:8

**conducting** [2]_ - 11:2_, 11:21

**conference** [4]_ - 6:2_, 6:23_, 12:11_, 16:23

**confidence** [2]_ - 43:25 _, 49:24

**confirm** [2]_ - 41:24_, 46:24

**confirming** [1]_ - 100:24

**confused** [1]_ - 41:23

**confusion** [1]_ - 49:7

**Congress** [1]_ - 20:14

**connected** [1]_ - 79:5

**connection** [2]_ - 20:23 _, 96:19

**consciousness** [1]_ - 29:19

**consequences** [1]_ - 37:20

**consider** [7]_ - 11:11_, 16:20_, 17:6_, 19:4_, 21:1 _, 36:15_, 68:21

**consideration** [2]_ - 11:23_, 29:25

**considered** [1]_ - 45:25

**considering** [2]_ - 31:16

**consist** [2]_ - 39:7_, 99:25

**consistent** [3]_ - 6:18_, 16:16_, 42:8

**Constitution** [1]_ - 20:12

**contains** [1]_ - 42:11

**contemplates** [1]_ - 7:19

**contents** [2]_ - 89:19_, 90:12

**contested** [3]_ - 28:14_, 30:15_, 35:25

**contesting** [2]_ - 39:3_, 39:4

**context** [1]_ - 48:4

**continue** [1]_ - 6:20

**continuously** [1]_ - 70:8

**convenience** [1]_ - 17:5

**conversation** [5]_ - 48:3 _, 48:4_, 71:9_, 71:15

**conviction** [4]_ - 99:12_, 99:21_, 100:12_, 101:6

**convictions** [1]_ - 100:16

**copies** [10]_ - 32:17_, 33:16_, 34:4_, 34:6_, 36:11_, 37:3_, 39:10_, 39:12_, 40:10_, 41:8

**copy** [21]_ - 10:4_, 10:18_, 10:20_, 19:11_, 31:10_, 31:19_, 33:3_, 33:9_, 33:13_, 33:14_, 33:23_, 36:4_, 36:23_, 36:24_, 37:1_, 39:11_, 73:20_, 76:3_, 94:14_, 94:15

**correct** [18]_ - 8:12_, 8:23 _, 12:18_, 15:15_, 26:20_, 38:25_, 39:1_, 42:1_, 42:4 _, 58:6_, 70:6_, 70:22_, 74:24_, 76:19_, 77:22_, 87:22_, 88:1_, 101:21

**correctly** [1]_ - 93:19

**Counsel** [1]_ - 5:6

**counsel** [12]_ - 5:20_, 5:22_, 10:5_, 10:12_, 17:25_, 18:8_, 25:4_, 25:6 _, 25:7_, 41:19_, 90:13_, 93:16

**counsels'** [1]_ - 7:6

**count** [1]_ - 74:10

**Count** [4]_ - 13:1_, 15:5_, 15:8_, 15:13

**County** [2]_ - 10:16_, 39:20

**couple** [4]_ - 26:20_, 27:13_, 35:2_, 88:23

**course** [22]_ - 7:13_, 9:3_, 11:1_, 11:23_, 11:25_, 21:18_, 21:21_, 22:1_, 23:11_, 26:14_, 27:1_, 32:9_, 39:25_, 40:9_, 54:8 _, 84:10_, 92:10_, 96:12_, 96:13_, 98:15_, 101:10_, 102:4

**Court** [65]_ - 5:1_, 5:3_, 6:5_, 9:18_, 13:22_, 15:20 _, 16:18_, 17:6_, 17:14_, 17:19_, 17:20_, 18:24_, 19:4_, 22:16_, 22:20_, 23:12_, 24:14_, 28:5_, 28:7_, 28:15_, 30:17_, 30:20_, 30:21_, 31:10_, 33:5_, 33:17_, 35:8_, 35:16_, 35:19_, 37:6_, 40:17_, 72:5_, 73:5_, 73:20_, 74:1_, 74:2_, 74:5 _, 74:9_, 74:20_, 75:1_, 75:4_, 75:14_, 81:22_, 81:25_, 82:25_, 84:8_, 85:4_, 85:14_, 86:21_, 87:22_, 88:24_, 89:7_, 89:20_, 89:21_, 89:23_, 93:5_, 93:24_, 94:6_, 94:12_, 94:14_, 98:11_, 98:23_, 99:3_, 99:15_, 101:1

**court** [8]_ - 9:10_, 9:19_, 19:9_, 23:16_, 26:7_, 36:19_, 83:8_, 98:14

**COURT** [436]_ - 5:2_, 5:11 _, 5:14_, 5:17_, 5:19_, 5:24_, 8:4_, 8:6_, 8:20_, 8:25_, 9:7_, 9:14_, 9:21_, 10:11_, 10:13_, 10:16_, 10:19_, 11:8_, 11:15_, 11:20_, 11:23_, 12:4_, 12:8_, 12:17_, 12:20_, 13:15_, 13:25_, 14:15_, 15:3_, 16:19_, 17:3_, 17:11_, 18:2_, 19:5_, 19:9 _, 19:14_, 19:17_, 20:4_,

21:7_, 21:9_, 21:14_, 22:4 _, 22:8_, 22:11_, 22:24_, 23:9_, 23:11_, 23:25_, 24:3_, 24:5_, 24:9_, 24:17 _, 25:3_, 25:9_, 25:17_, 26:1_, 26:11_, 26:20_, 26:25_, 27:9_, 27:18_, 27:25_, 28:10_, 28:16_, 28:21_, 29:1_, 29:8_, 29:12_, 29:16_, 29:18_, 29:24_, 30:8_, 30:23_, 30:25_, 31:2_, 31:12_, 32:1_, 32:7_, 32:14_, 32:17_, 32:20_, 32:23_, 32:25_, 33:6_, 33:8_, 33:10_, 33:13_, 33:17_, 33:21_, 33:24_, 34:5_, 34:9_, 34:12_, 34:14_, 34:21_, 36:4_, 36:8_, 36:10_, 36:22_, 36:25_, 37:2_, 37:7_, 38:3_, 38:7 _, 38:11_, 38:15_, 38:19_, 38:24_, 39:6_, 39:12_, 39:17_, 40:3_, 40:6_, 40:10_, 40:16_, 41:1_, 41:5_, 41:10_, 41:15_, 41:18_, 41:21_, 42:2_, 42:5_, 42:9_, 42:17_, 42:21_, 42:25_, 43:4_, 43:7_, 43:12_, 43:14_, 43:17_, 43:21_, 44:3_, 44:6_, 44:8_, 44:10_, 44:12_, 44:14_, 44:16_, 44:21_, 44:24_, 45:2_, 45:5_, 45:8_, 45:12_, 46:1 _, 46:11_, 46:14_, 46:17_, 46:21_, 46:23_, 47:2_, 47:5_, 47:9_, 47:16_, 47:18_, 47:21_, 47:25_, 48:6_, 48:8_, 48:21_, 48:25_, 49:3_, 49:7_, 49:10_, 49:15_, 49:18_, 49:21_, 50:1_, 50:6_, 50:10_, 50:13_, 50:16_, 50:20_, 50:23_, 51:3_, 51:8_, 51:11_, 51:15_, 51:18_, 51:23_, 52:1_, 52:3_, 52:9_, 52:16_, 52:19_, 52:21_, 52:23_, 52:25_, 53:4_, 53:7_, 53:9 _, 53:13_, 53:16_, 53:20_, 53:23_, 54:3_, 54:6_, 54:9 _, 54:11_, 54:16_, 54:19_, 54:23, 54:25_, 55:2_, 55:10_, 55:12_, 55:17_, 55:21_, 55:23_, 55:25_, 56:2_, 56:6_, 56:8_, 56:10 _, 56:12_, 56:16_, 56:18_, 56:20_, 56:22_, 56:24_, 57:3_, 57:5_, 57:8_, 57:11 _, 57:13_, 57:16_, 57:18_,

57:24_, 58:2_, 58:4_, 58:8 _, 58:11_, 58:16_, 58:20_, 58:22_, 58:25_, 59:3_, 59:7_, 59:12_, 59:14_, 59:17_, 59:20_, 59:23_, 60:4_, 60:9_, 60:12_, 60:18_, 60:21_, 60:23_, 61:2_, 61:4_, 61:6_, 61:9 _, 61:13_, 61:16_, 61:18_, 61:21_, 61:23_, 62:1_, 62:4_, 62:8_, 62:11_, 62:14_, 62:17_, 62:20_, 62:23_, 63:1_, 63:5_, 63:8 _, 63:11_, 63:14_, 63:16_, 63:18_, 63:21_, 63:24_, 64:1_, 64:3_, 64:6_, 64:9 _, 64:12_, 64:15_, 64:18_, 64:21_, 64:24_, 65:2_, 65:5_, 65:8_, 65:11_, 65:15_, 65:17_, 65:21_, 65:24_, 66:2_, 66:6_, 66:11_, 66:15_, 66:18_, 66:21_, 66:24_, 67:1_, 67:3_, 67:6_, 67:8_, 67:10 _, 67:13_, 67:16_, 67:20_, 67:23_, 68:1_, 68:4_, 68:7 _, 68:10_, 68:12_, 68:14_, 68:18_, 68:21_, 68:24_, 69:6_, 69:10_, 69:14_, 69:17_, 69:20_, 69:22_, 69:24_, 70:2_, 70:6_, 70:10_, 70:15_, 70:18_, 70:22_, 71:2_, 71:6_, 71:11_, 71:17_, 71:20_, 72:7_, 72:10_, 72:13_, 72:16_, 72:19_, 72:21_, 72:25_, 73:3_, 73:8_, 73:18_, 73:23_, 74:12_, 74:24, 75:8_, 75:16_, 76:2 _, 76:5_, 76:10_, 76:15_, 76:23_, 77:1_, 77:6_, 77:16_, 77:22_, 77:25_, 78:2_, 78:5_, 78:13_, 78:17_, 78:22_, 78:25_, 79:3_, 79:22_, 80:3_, 80:9 _, 80:13_, 80:18_, 80:21_, 80:25_, 81:4_, 81:15_, 81:18_, 81:24_, 82:4_, 82:6_, 82:10_, 82:14_, 82:16_, 82:19_, 83:9_, 83:12_, 83:20_, 84:1_, 84:3_, 84:8_, 84:24_, 85:22_, 86:21_, 87:10_, 87:14_, 88:9_, 88:21_, 90:1_, 91:1_, 91:4_, 91:9 _, 91:12_, 91:18_, 91:21_, 92:16_, 92:18_, 92:21_, 92:25_, 93:2_, 94:8_, 94:20_, 94:22_, 94:24_, 95:4_, 95:12_, 95:24_, 96:10_, 96:15_, 96:24_,

97:12_, 97:18_, 97:23_, 98:13_, 98:21_, 99:21_, 100:10_, 101:3_, 101:11_, 101:16_, 101:20_, 101:22 _, 102:4_, 102:12_, 102:16

**Court's** [22]_ - 7:8_, 7:16 _, 17:5_, 17:10_, 24:5_, 24:13_, 32:23_, 36:2_, 38:12_, 46:4_, 73:11_, 75:22_, 76:11_, 76:24_, 77:11_, 80:4_, 82:20_, 85:24_, 95:14_, 98:7_, 99:1_, 100:6

**courtroom** [6]_ - 6:22_, 22:5_, 24:7_, 26:3_, 35:22 _, 39:8

**COURTROOM** [2]_ - 5:4 _, 36:21

**courts** [1]_ - 17:18

**cover** [5]_ - 7:10_, 9:15_, 11:15_, 17:8_, 47:7

**covered** [4]_ - 7:12_, 9:9 _, 11:17_, 92:4

**covers** [2]_ - 14:4_, 95:6

**COVID** [1]_ - 18:18

**coworker** [1]_ - 83:22

**coworkers** [1]_ - 79:8

**crime** [1]_ - 85:13

**crimes** [2]_ - 20:20_, 20:21

**criminal** [3]_ - 19:2_, 20:16_, 99:11

**Criminal** [1]_ - 99:15

**cross** [2]_ - 25:10_, 99:7

**cross-examine** [2]_ - 25:10_, 99:7

**crux** [1]_ - 84:21

**crystal** [2]_ - 22:15_, 98:8

**culminating** [1]_ - 99:14

**cumulative** [2]_ - 84:25_, 85:3

**cure** [1]_ - 18:18

**current** [4]_ - 8:9_, 78:9_, 83:17_, 88:9

---

D

---

**daily** [1]_ - 78:9

**dangerous** [1]_ - 79:16

**date** [1]_ - 83:2

**dated** [1]_ - 22:17

**daughter** [5]_ - 22:18_, 23:2_, 23:6_, 23:18_, 23:22

**days** [1]_ - 83:23

**deadline** [6]_ - 38:22_, 74:19_, 86:20_, 87:3_, 89:2_, 90:13

**deadlines** [1]_ - 38:25

**deal** [1]_ - 102:6

**dealing** [1]_ - 14:3

**Dear** [12]_ - 39:24_, 40:4_, 45:17_, 45:24_, 46:1_, 89:4_, 90:2_, 92:3_, 93:6 _, 94:9_, 96:17_, 96:19

**decide** [1]_ - 21:3

**decided** [1]_ - 31:13

**deciding** [1]_ - 20:25

**decisions** [1]_ - 15:10

**decisive** [1]_ - 27:6

**decorum** [1]_ - 97:6

**deemed** [2]_ - 41:12_, 77:3

**deeply** [1]_ - 97:9

**defendant** [33]_ - 6:3_, 8:15_, 17:22_, 18:17_, 20:18_, 22:18_, 22:22_, 35:13_, 37:3_, 73:25_, 74:6_, 74:11_, 74:18_, 75:1_, 75:11_, 75:21_, 75:24_, 83:2_, 83:7_, 85:5 _, 85:11_, 85:18_, 89:9_, 89:10_, 93:9_, 95:18_, 97:4_, 97:6_, 97:8_, 99:8 _, 99:14_, 99:17

**defendant's** [15]_ - 6:8_, 6:10_, 6:13_, 7:4_, 17:7_, 20:23_, 21:1_, 22:13_, 35:12_, 37:17_, 81:11_, 85:9_, 87:18_, 89:18_, 95:16

**defense** [16]_ - 5:13_, 6:11_, 12:17_, 19:1_, 20:19_, 37:15_, 72:3_, 73:14_, 73:21_, 74:9_, 74:14_, 81:2_, 82:21_, 85:23_, 89:5_, 93:10

**defer** [1]_ - 17:19

**deleted** [1]_ - 23:6

**deliberation** [2]_ - 37:10 _, 41:6

**deliberations** [1]_ - 17:24

**delivering** [2]_ - 10:6_, 26:12

**demand** [1]_ - 81:24

**demanded** [1]_ - 81:22

**demanding** [1]_ - 81:25

**demonstrative** [1]_ - 87:2

**demonstratives** [1]_ - 28:2

**denied** [2]_ - 88:11_, 89:25

**denying** [3]_ - 6:7_, 6:10 _, 7:1

**dependent** [1]_ - 8:13

**deputy** [1]_ - 26:7

**DEPUTY** [2]_ - 5:4_, 36:21

**derail** [1]_ - 21:21

**describe** [1]_ - 30:18

**described** [4]_ - 72:17_, 72:22_, 76:12_, 88:18

**description** [2]_ - 75:23 _, 81:6

**desire** [2]_ - 69:2_, 93:13

**destruction** [3]_ - 99:12 _, 99:22

**detail** [1]_ - 9:9

**detailed** [1]_ - 88:8

**determine** [2]_ - 11:11_, 38:2

**developed** [1]_ - 29:25

**deviated** [1]_ - 14:21

**diapers** [2]_ - 51:5_, 60:3

**difference** [1]_ - 16:5

**different** [4]_ - 28:7_, 35:3_, 73:21_, 99:4

**differently** [1]_ - 17:18

**difficult** [1]_ - 10:21

**dire** [3]_ - 10:25_, 11:2_, 11:21

**direct** [2]_ - 10:4_, 15:10

**directed** [2]_ - 16:2_, 16:15

**directing** [2]_ - 6:20_, 10:20

**direction** [2]_ - 99:1_, 100:7

**directive** [1]_ - 10:23

**directly** [2]_ - 7:22_, 90:17

**disclose** [1]_ - 87:4

**discovery** [3]_ - 86:23_, 87:4_, 88:3

**discuss** [13]_ - 9:8_, 10:25_, 15:11_, 24:21_, 31:5_, 38:9_, 38:11_, 40:18_, 41:18_, 57:24_, 58:22_, 77:13_, 86:8

**discussing** [2]_ - 18:9_, 90:18

**discussion** [10]_ - 6:18_, 10:12_, 28:5_, 32:8_, 37:16_, 44:19_, 93:16_, 98:6_, 98:11_, 99:22

**discussions** [2]_ - 16:4 _, 98:10

**dismantled** [1]_ - 48:13

**disposal** [1]_ - 24:16

**disregarded** [1]_ - 75:14

**disrupts** [1]_ - 22:1

**disseminated** [1]_ - 10:1

**dissertation** [1]_ - 89:14

**dock** [1]_ - 84:5

**docket** [14]_ - 6:12_, 6:15 _, 7:3_, 7:9_, 19:7_, 19:12 _, 73:25_, 74:7_, 75:11_, 88:2_, 88:14_, 89:8_, 97:11_, 97:19

**doctor** [1]_ - 6:11

**Doctors** [1]_ - 75:9

**doctors** [1]_ - 77:6

**document** [6]_ - 26:5_, 26:8_, 31:18_, 68:20_, 86:13_, 94:15

**documents** [1]_ - 34:6

**Donald** [2]_ - 80:24_, 93:14

**done** [6]_ - 23:3_, 23:6_, 23:19_, 31:21_, 32:8

**Donnelly** [1]_ - 5:10

**double** [1]_ - 37:12

**doubt** [1]_ - 20:21

**down** [4]_ - 80:23_, 82:23 _, 96:7_, 99:18

**Dr** [1]_ - 75:9

**drained** [1]_ - 31:24

**draw** [1]_ - 75:22

**drawing** [1]_ - 15:5

**drop** [1]_ - 99:16

**dropped** [1]_ - 87:19

**due** [1]_ - 96:20

**dug** [1]_ - 15:22

**duplicated** [1]_ - 52:15

**duplicative** [2]₋ - 14:13₋, 85:3
**during** [7]₋ - 11:25₋, 21:3 ₋, 26:15₋, 27:12₋, 28:3₋, 28:11₋, 102:10
**duty** [1]₋ - 23:12

**E**

**edit** [3]₋ - 90:24₋, 91:2
**effect** [3]₋ - 46:6₋, 73:9₋, 88:11
**efficiently** [1]₋ - 35:24
**effort** [1]₋ - 23:22
**efforts** [1]₋ - 83:8
**either** [10]₋ - 10:6₋, 26:7₋, 28:24₋, 29:4₋, 30:15₋, 35:7₋, 75:13₋, 77:8₋, 89:1 ₋, 89:19
**element** [1]₋ - 13:17
**elements** [5]₋ - 13:12₋, 14:12₋, 15:13₋, 16:6₋, 20:21
**Eleventh** [5]₋ - 13:13₋, 14:13₋, 14:19₋, 14:23₋, 16:16
**embarrassing** [1]₋ - 97:9
**emphasize** [2]₋ - 29:9₋, 76:11
**employing** [1]₋ - 80:22
**encounter** [1]₋ - 10:22
**end** [12]₋ - 8:21₋, 9:18₋, 16:21₋, 16:25₋, 17:6₋, 17:15₋, 18:22₋, 18:25₋, 19:4₋, 37:7₋, 94:14₋, 95:21
**endeavor** [1]₋ - 40:19
**engage** [2]₋ - 27:5₋, 30:1
**ensure** [1]₋ - 10:3
**enter** [1]₋ - 88:11
**entertaining** [1]₋ - 55:14
**entire** [4]₋ - 11:14₋, 68:20 ₋, 71:8₋, 71:9
**entirely** [3]₋ - 77:3₋, 77:13₋, 85:3
**entirety** [1]₋ - 94:2
**entries** [1]₋ - 35:3
**entry** [13]₋ - 6:12₋, 6:15₋, 7:3₋, 7:9₋, 19:7₋, 19:12₋, 72:11₋, 73:25₋, 74:7₋, 75:11₋, 88:2₋, 88:14₋,

89:8
**envelope** [2]₋ - 90:11
**establishes** [1]₋ - 20:12
**et** [2]₋ - 28:3₋, 48:23
**evaluate** [1]₋ - 36:15
**evaluation** [1]₋ - 41:6
**event** [1]₋ - 78:10
**Evidence** [4]₋ - 86:11₋, 90:5₋, 90:7₋, 102:13
**evidence** [101]₋ - 6:22₋, 20:5₋, 21:2₋, 33:7₋, 37:21 ₋, 39:2₋, 39:18₋, 43:6₋, 43:16₋, 44:7₋, 44:11₋, 44:15₋, 45:1₋, 45:7₋, 46:13₋, 47:4₋, 49:6₋, 50:12, 50:18₋, 50:19₋, 51:2₋, 51:14₋, 51:22₋, 52:8₋, 53:3₋, 53:12₋, 53:19₋, 54:2₋, 54:15₋, 55:8₋, 56:5₋, 56:15₋, 56:19₋, 57:2₋, 57:10₋, 57:15₋, 57:23, 58:10₋, 58:15₋, 58:19₋, 59:11₋, 59:19₋, 60:2₋, 60:11₋, 61:1₋, 61:5₋, 61:12₋, 61:20₋, 61:25₋, 62:7₋, 62:13₋, 62:22₋, 63:4, 63:10₋, 63:15₋, 63:20₋, 63:25₋, 64:8₋, 64:14₋, 64:20₋, 65:1₋, 65:7₋, 65:13₋, 65:20₋, 66:10₋, 66:20₋, 66:23₋, 67:7₋, 67:12₋, 67:19₋, 68:3₋, 68:9₋, 68:17₋, 69:5₋, 69:13₋, 69:19₋, 69:23₋, 70:5₋, 70:14₋, 70:21, 71:5 ₋, 72:15₋, 72:20₋, 73:2₋, 81:18₋, 81:20₋, 81:22₋, 86:15₋, 86:20₋, 86:25₋, 88:10₋, 89:12₋, 98:6₋, 98:16₋, 98:19₋, 98:25₋, 100:1₋, 100:14₋, 100:18₋, 102:9₋, 102:10
**evidentiary** [4]₋ - 71:22₋, 73:13₋, 81:19₋, 81:24
**ex** [1]₋ - 36:13
**exactly** [10]₋ - 10:14₋, 38:3₋, 92:24₋, 93:1₋, 93:8 ₋, 94:15₋, 94:19₋, 94:25
**examine** [2]₋ - 25:10₋, 99:7
**example** [3]₋ - 16:2₋, 29:1₋, 35:17
**exceed** [1]₋ - 82:20
**except** [4]₋ - 65:22₋, 66:12₋, 66:25₋, 79:5

**exception** [2]₋ - 87:22₋, 91:22
**exclude** [4]₋ - 39:18₋, 75:2₋, 86:10₋, 88:10
**Exclude** [1]₋ - 86:11
**excluded** [2]₋ - 37:21₋, 71:13
**excuse** [7]₋ - 21:2₋, 25:12 ₋, 30:1₋, 53:7₋, 60:12₋, 74:4₋, 94:16
**execute** [1]₋ - 32:4
**executed** [1]₋ - 32:3
**exercise** [1]₋ - 66:11
**Exhibit** [40]₋ - 29:2₋, 29:3 ₋, 35:12₋, 40:23₋, 44:7₋, 44:11₋, 44:15₋, 46:16₋, 47:4₋, 50:12, 50:18₋, 50:19₋, 51:4₋, 56:19₋, 57:6₋, 57:10₋, 57:15, 58:10₋, 60:11₋, 61:5₋, 61:20₋, 61:25₋, 62:13₋, 62:22, 63:10₋, 63:15₋, 63:20₋, 63:25₋, 64:8₋, 64:14₋, 64:20₋, 65:1₋, 65:7₋, 65:13₋, 67:7₋, 67:12₋, 72:15₋, 72:20₋, 73:2₋, 73:5
**exhibit** [26]₋ - 7:9₋, 28:22 ₋, 28:24₋, 30:5₋, 30:12₋, 30:20₋, 32:9₋, 32:10₋, 32:11₋, 34:20₋, 34:23₋, 43:17₋, 50:10₋, 52:5₋, 52:10₋, 52:13₋, 57:13₋, 61:18₋, 63:8₋, 67:10₋, 71:7₋, 73:7₋, 102:5₋, 102:7
**exhibit-by-exhibit** [1]₋ - 102:7
**exhibits** [41]₋ - 28:3₋, 28:6₋, 28:11₋, 32:16₋, 32:18₋, 33:25₋, 34:24₋, 35:23₋, 36:18₋, 37:6₋, 37:13₋, 38:2₋, 40:21₋, 41:6₋, 43:14₋, 49:3₋, 50:16₋, 50:23₋, 52:12₋, 56:2₋, 56:12₋, 56:24₋, 59:17₋, 59:23₋, 61:9₋, 62:4₋, 66:16₋, 68:14₋, 69:8₋, 70:18₋, 70:24₋, 71:2₋, 71:21₋, 73:9₋, 87:20₋, 88:8₋, 102:1₋, 102:3₋, 102:8₋, 102:13
**Exhibits** [52]₋ - 42:14₋, 43:4₋, 43:6₋, 43:9₋, 43:16 ₋, 44:22₋, 45:1₋, 45:7₋, 46:13, 49:5₋, 50:21, 51:1, 51:13, 51:21, 52:7, 53:2,

53:11, 53:18, 54:1, 54:14, 55:6, 56:4, 56:14, 57:1, 57:22, 58:14, 58:18, 59:10₋, 59:19, 60:1, 60:25, 61:11, 62:6, 63:3, 65:19, 66:9₋, 66:18₋, 66:20₋, 66:23, 67:18₋, 68:3₋, 68:9, 68:16, 69:4, 69:12₋, 69:19₋, 69:23, 70:4, 70:13, 70:20, 71:4₋, 72:2
**exist** [1]₋ - 15:9
**expand** [1]₋ - 86:5
**expect** [1]₋ - 28:8
**expectation** [2]₋ - 8:11₋, 100:4
**expecting** [1]₋ - 100:7
**expedited** [1]₋ - 6:5
**expert** [3]₋ - 6:11₋, 74:6₋, 77:9
**expired** [2]₋ - 38:22₋, 38:25
**explain** [3]₋ - 76:8₋, 86:12 ₋, 92:23
**explained** [1]₋ - 86:24
**explains** [1]₋ - 98:15
**express** [2]₋ - 20:15₋, 44:2
**expressed** [1]₋ - 35:11
**expression** [2]₋ - 18:20 ₋, 18:21
**extent** [9]₋ - 8:16₋, 16:13 ₋, 16:14₋, 28:6₋, 31:6₋, 85:16₋, 86:5₋, 95:13₋, 100:13
**extra** [1]₋ - 27:1
**extracted** [2]₋ - 48:2₋, 48:5
**extracting** [1]₋ - 71:10

**F**

**facility** [1]₋ - 10:18
**fact** [4]₋ - 29:23₋, 38:21₋, 79:5₋, 81:12
**factual** [2]₋ - 24:13₋, 95:17
**failure** [3]₋ - 45:22₋, 95:9 ₋, 96:8
**fairly** [1]₋ - 81:6
**fall** [4]₋ - 35:3₋, 35:5₋, 89:19₋, 91:16
**familiar** [3]₋ - 7:16₋,

19:14_, 38:21

**far** [19]_ - 13:15_, 17:1_, 32:3_, 45:17_, 46:19_, 54:16_, 77:6_, 78:12_, 79:9_, 80:2_, 81:8_, 84:19 _, 85:7_, 87:4_, 90:20_, 101:19_, 102:2_, 102:3

**faster** [1]_ - 8:12

**FBI** [1]_ - 44:1

**federal** [1]_ - 14:5

**Federal** [3]_ - 90:4_, 90:7 _, 102:13

**female** [1]_ - 81:5

**figure** [2]_ - 10:19_, 42:22

**figured** [1]_ - 90:25

**file** [5]_ - 7:8_, 10:23_, 88:5 _, 96:18_, 97:24

**filed** [5]_ - 6:3_, 86:9_, 96:22_, 97:5_, 97:10

**filing** [1]_ - 16:20

**filings** [3]_ - 19:9_, 19:18 _, 39:8

**final** [8]_ - 15:12_, 16:25_, 41:25_, 95:12_, 98:2_, 101:8

**finally** [4]_ - 62:8_, 71:6_, 72:21_, 84:1

**fine** [9]_ - 9:20_, 12:7_, 50:5_, 51:17_, 57:7_, 57:17_, 59:6_, 65:23_, 67:22

**firm** [1]_ - 8:9

**First** [13]_ - 18:5_, 18:13_, 18:22_, 19:1_, 19:24_, 20:5_, 20:11_, 20:13_, 20:16_, 20:18_, 20:19

**first** [27]_ - 17:7_, 18:22_, 19:22_, 20:1_, 35:23_, 40:20_, 42:12_, 47:11_, 52:13_, 54:19_, 66:13_, 66:25_, 73:20_, 76:16_, 77:23_, 86:9_, 88:15_, 88:24_, 92:23_, 93:4_, 93:6_, 93:23_, 94:2_, 94:5 _, 94:10_, 94:16_, 94:17

**firsthand** [1]_ - 83:23

**fits** [1]_ - 89:14

**five** [1]_ - 74:8

**fix** [2]_ - 88:19_, 91:14

**flagged** [1]_ - 98:23

**flashlight** [1]_ - 54:7

**flesh** [1]_ - 37:19

**Florida** [1]_ - 85:12

**flowing** [1]_ - 7:22

**folks** [5]_ - 75:16_, 76:16_, 77:2_, 77:13_, 78:17

**follow** [6]_ - 12:1_, 38:13 _, 38:14_, 41:22_, 87:8_, 102:9

**follow-up** [1]_ - 12:1

**followed** [1]_ - 39:19

**following** [2]_ - 6:23_, 70:24

**foremost** [1]_ - 73:20

**form** [1]_ - 10:6

**formal** [2]_ - 24:6_, 24:18

**format** [2]_ - 16:2_, 29:6

**formation** [1]_ - 12:24

**former** [1]_ - 75:22

**formulated** [1]_ - 13:18

**forth** [4]_ - 13:11_, 14:22_, 89:8_, 93:10

**forward** [1]_ - 93:16

**four** [16]_ - 39:2_, 45:5_, 52:25_, 59:23_, 62:4_, 65:17_, 67:16_, 69:17_, 74:2_, 76:15_, 84:10_, 85:17_, 86:14_, 95:21_, 96:12

**fourth** [2]_ - 47:10_, 95:2

**frankly** [1]_ - 85:5

**free** [3]_ - 20:15_, 20:23_, 26:2

**freedom** [1]_ - 20:14

**freedoms** [1]_ - 18:13

**frequency** [1]_ - 21:21

**fresh** [1]_ - 90:19

**Friday** [4]_ - 9:5_, 10:6_, 10:8_, 10:15

**friend** [1]_ - 78:5

**front** [8]_ - 13:8_, 17:6_, 17:15_, 18:8_, 18:22_, 19:4_, 19:11_, 92:1

**fulfill** [1]_ - 79:18

**full** [4]_ - 86:2_, 95:1_, 95:5 _, 97:12

**fully** [6]_ - 24:3_, 24:4_, 76:4_, 76:20_, 86:4

**G**

**gallery** [1]_ - 25:22

**game** [1]_ - 90:14

**gaps** [1]_ - 42:7

**gas** [1]_ - 86:18

**gears** [1]_ - 71:21

**general** [7]_ - 6:25_, 20:1 _, 26:11_, 26:15_, 26:21_, 28:21_, 91:23

**generally** [5]_ - 17:20_, 21:25_, 30:18_, 35:24_, 89:18

**gentle** [1]_ - 85:19

**gentlemen** [1]_ - 96:11

**gentleness** [9]_ - 79:15_, 81:8_, 81:11_, 81:13_, 83:18_, 83:24_, 84:14_, 90:20_, 96:6

**given** [8]_ - 19:10_, 31:4_, 36:4_, 36:14_, 37:3_, 44:17_, 81:12_, 97:18

**golf** [6]_ - 39:25_, 40:9_, 54:8_, 92:10_, 96:12_, 96:13

**goodness** [1]_ - 55:10

**Google** [1]_ - 52:2

**government** [32]_ - 7:8_, 7:16_, 7:25_, 11:3_, 15:6 _, 20:20_, 21:1_, 21:23_, 26:11_, 28:2_, 29:2_, 30:2 _, 33:3_, 33:8_, 36:11_, 36:14_, 38:4_, 39:9_, 39:13_, 42:13_, 46:5_, 53:10_, 83:5_, 86:22_, 87:14_, 87:23_, 88:16_, 92:1_, 93:2_, 95:22_, 99:7 _, 100:10

**Government** [83]_ - 29:2 _, 43:6_, 43:16_, 44:7_, 44:11_, 44:15_, 45:1_, 45:7_, 46:13_, 46:15_, 47:4, 49:5_, 50:12, 50:18 _, 50:19, 51:1, 51:13, 51:21, 52:7, 53:2, 53:11, 53:18, 54:1, 54:14, 55:6, 56:4, 56:14_, 56:19, 57:1 _, 57:10_, 57:15, 57:22, 58:10, 58:14, 58:18, 59:10_, 59:19, 60:1_, 60:11_, 60:19, 60:25_, 61:5, 61:11_, 61:20_, 61:25, 62:6_, 62:13_, 62:22, 63:3, 63:10_, 63:15 _, 63:20_, 63:25_, 64:8_, 64:14_, 64:20_, 65:1_, 65:7_, 65:13, 65:19, 66:9 _, 66:20_, 66:23_, 67:7_, 67:12, 67:18_, 68:3_, 68:9, 68:16, 69:4, 69:12_, 69:19_, 69:23, 70:4, 70:13, 70:20, 71:4_, 72:2

_, 72:15_, 72:20_, 73:2_, 73:5

**government's** [15]_ - 6:21_, 7:2_, 12:15_, 12:22 _, 12:25_, 19:6_, 21:10_, 25:21_, 32:10_, 40:23_, 66:18_, 87:7_, 88:21_, 95:14_, 101:23

**Government's** [94]_ - 35:12_, 42:14_, 43:4_, 43:9_, 43:15_, 43:19_, 44:22_, 44:24_, 45:3_, 45:14_, 46:8_, 46:11_, 46:25_, 47:6_, 48:11_, 49:1_, 49:12_, 49:21_, 50:8_, 50:14_, 50:20_, 51:4_, 51:9_, 51:11_, 51:16_, 52:5_, 52:6_, 53:9 _, 57:6_, 57:8_, 57:11_, 57:16_, 57:19_, 57:20_, 58:8_, 58:11_, 58:16_, 59:8_, 59:15_, 59:20_, 60:6_, 60:9_, 61:2_, 61:6 _, 61:14_, 61:16_, 61:21_, 62:1_, 62:8_, 62:17_, 62:20_, 62:24_, 63:6_, 63:12_, 63:16_, 63:22_, 64:1_, 64:4_, 64:6_, 64:10 _, 64:16_, 64:18_, 64:22_, 64:24_, 65:3_, 65:5_, 65:9 _, 65:11_, 65:15_, 66:6_, 66:21_, 67:8_, 67:13_, 67:24_, 68:4_, 68:10_, 68:12_, 69:1_, 69:6_, 69:15_, 69:20_, 69:24_, 70:7_, 70:8_, 70:16_, 70:24_, 71:6_, 71:12_, 71:18_, 72:11_, 72:22_, 72:25

**grant** [1]_ - 21:10

**granted** [3]_ - 93:25_, 95:25

**granting** [3]_ - 6:7_, 6:21 _, 7:1

**grass** [1]_ - 40:9

**grateful** [1]_ - 23:22

**great** [1]_ - 79:8

**ground** [1]_ - 7:12

**group** [1]_ - 11:14

**groups** [1]_ - 9:22

**guilty** [1]_ - 20:22

**gun** [3]_ - 99:13_, 100:15_, 100:21

**guy** [1]_ - 80:24

**GX1** [3]_ - 42:2_, 42:3_, 42:18

**GX100** [1]_ - 45:16
**GX200-39** [1]_ - 52:14
**GX7** [2]_ - 42:22_, 42:25
**GX729** [2]_ - 67:2_, 67:3
**GX730** [1]_ - 67:4

### H

**hand** [1]_ - 76:4
**handheld** [1]_ - 26:19
**handled** [1]_ - 102:2
**handwritten** [1]_ - 31:17
**happy** [6]_ - 16:10_, 16:17 _, 17:9_, 28:7_, 99:1_, 100:25
**Harvard** [5]_ - 75:19_, 78:6_, 79:24_, 80:19_, 80:22
**Hatfield** [1]_ - 74:21
**Hawaii** [2]_ - 78:11_, 83:15
**head** [1]_ - 98:9
**headway** [1]_ - 35:21
**hear** [7]_ - 5:15_, 5:16_, 29:18_, 34:9_, 34:22_, 93:2_, 95:7
**heard** [6]_ - 22:9_, 85:22_, 86:3_, 93:20_, 98:10_, 101:20
**hearing** [17]_ - 6:18_, 6:25_, 7:7_, 7:13_, 7:24_, 22:17_, 22:23_, 23:16_, 24:24_, 36:5_, 37:25_, 52:3_, 79:20_, 86:3_, 99:23_, 101:12_, 102:17
**hearsay** [7]_ - 40:7_, 89:10_, 89:11_, 90:4_, 90:6_, 91:22_, 91:24
**heart** [1]_ - 22:22
**help** [1]_ - 81:1
**helpful** [1]_ - 14:8
**helps** [1]_ - 94:19
**hide** [2]_ - 35:14_, 72:23
**Hide** [2]_ - 72:11_, 72:17
**high** [1]_ - 75:19
**high-profile** [1]_ - 75:19
**highlighted** [13]_ - 30:21 _, 35:3_, 35:7_, 40:24_, 42:11_, 47:12_, 47:18_, 50:4_, 52:12_, 58:5_, 65:21_, 66:12_, 66:16
**highlighted-in-**

**yellow** [1]_ - 35:3
**highlights** [2]_ - 34:23_, 60:5
**himself** [1]_ - 99:9
**Hinshaw** [1]_ - 74:5
**history** [1]_ - 99:11
**hold** [2]_ - 27:22_, 33:10
**holding** [1]_ - 33:4
**Holmes** [1]_ - 75:9
**Honor** [85]_ - 5:8_, 5:21_, 8:3_, 8:5_, 8:11_, 12:7_, 13:7_, 16:11_, 17:2_, 17:4 _, 21:13_, 22:7_, 22:9_, 22:15_, 24:11_, 26:10_, 26:17_, 28:4_, 29:7_, 30:11_, 30:24_, 32:13_, 33:22_, 34:7_, 34:16_, 35:1_, 36:6_, 37:5_, 40:25 _, 41:9_, 42:16_, 45:4_, 46:20_, 47:1_, 47:8_, 47:24_, 48:15_, 48:16_, 48:20_, 49:2_, 49:9_, 54:18_, 55:9_, 55:16_, 57:12_, 58:1_, 58:7_, 58:21_, 58:24_, 59:16_, 59:22_, 62:3_, 66:1_, 66:17_, 67:15_, 69:3_, 69:9_, 69:16_, 70:1_, 70:17_, 71:1_, 71:24_, 73:4_, 73:16_, 73:19_, 74:17_, 74:19_, 75:10_, 75:17_, 81:3_, 87:17_, 88:1_, 88:20_, 88:23_, 89:7_, 93:3_, 93:24_, 95:13_, 96:23_, 97:2_, 97:16_, 98:5_, 98:22_, 99:18_, 101:15
**Honor's** [3]_ - 22:23_, 73:7_, 75:4
**hoping** [1]_ - 8:17
**hostile** [1]_ - 27:4
**hours** [4]_ - 83:19_, 90:16 _, 95:15_, 95:22
**housed** [1]_ - 10:15
**housekeeping** [1]_ - 28:17
**hurdles** [1]_ - 81:20

### I

**idea** [3]_ - 27:12_, 97:6_, 97:8
**identified** [2]_ - 31:18_, 94:7
**identify** [5]_ - 13:24_,

17:22_, 30:13_, 35:1_, 99:2
**identifying** [2]_ - 9:11_, 92:5
**identity** [1]_ - 97:15
**ignore** [1]_ - 23:21
**ill** [1]_ - 19:20
**ill-prepared** [1]_ - 19:20
**illustrative** [3]_ - 87:1_, 87:23_, 88:8
**impact** [1]_ - 98:24
**impacted** [1]_ - 100:19
**imparted** [1]_ - 22:21
**impartial** [1]_ - 6:17
**imperative** [1]_ - 17:15
**implied** [1]_ - 23:2
**important** [1]_ - 29:9
**inappropriate** [1]_ - 27:5
**Inaudible** [1]_ - 10:12
**incident** [3]_ - 82:11_, 101:5_, 101:6
**incidents** [3]_ - 99:13_, 100:15_, 100:21
**include** [4]_ - 6:7_, 18:25 _, 47:14_, 75:18
**included** [6]_ - 17:17_, 17:21_, 18:6_, 19:3_, 45:19_, 78:10
**includes** [2]_ - 75:25_, 98:15
**including** [3]_ - 6:16_, 7:4_, 37:17
**incorrect** [1]_ - 23:1
**incorrectly** [1]_ - 14:11
**incumbent** [1]_ - 19:17
**indeed** [1]_ - 100:25
**indefinitely** [1]_ - 27:22
**indicate** [1]_ - 52:11
**indicated** [8]_ - 21:14_, 44:17_, 44:18_, 72:1_, 78:8_, 78:18_, 87:8_, 98:6
**indicating** [1]_ - 33:20
**indication** [1]_ - 101:4
**indictment** [1]_ - 20:20
**individual** [5]_ - 11:13_, 42:20_, 42:22_, 81:5_, 84:22
**individually** [1]_ - 66:2
**individuals** [7]_ - 18:17_, 74:11_, 74:12_, 77:20_,

78:9_, 84:12_, 85:3
**information** [5]_ - 9:11_, 35:16_, 42:24_, 87:19_, 101:1
**initial** [4]_ - 12:11_, 16:24 _, 36:12_, 37:8
**inquire** [1]_ - 79:1
**inquired** [2]_ - 75:4_, 78:18
**inside** [1]_ - 72:17
**instances** [1]_ - 99:8
**instead** [1]_ - 48:16
**instigated** [1]_ - 23:5
**instruct** [2]_ - 20:19_, 20:25
**instructed** [2]_ - 17:21_, 20:17
**instruction** [12]_ - 12:25 _, 13:4_, 13:5_, 13:8_, 13:13_, 13:21_, 15:5_, 15:7_, 17:18_, 18:6_, 18:16_, 18:21
**instructionally** [1]_ - 15:14
**instructions** [11]_ - 12:10_, 12:15_, 17:1_, 17:6_, 17:9_, 17:16_, 19:6 _, 19:15_, 20:9_, 21:11_, 21:12
**insufficient** [1]_ - 78:19
**intend** [1]_ - 87:23
**intended** [1]_ - 93:4
**intends** [2]_ - 75:24_, 83:5
**intent** [13]_ - 13:16_, 14:25_, 15:1_, 45:23_, 84:14_, 84:19_, 85:8_, 85:9_, 88:16_, 93:7_, 93:22_, 95:9_, 96:8
**interested** [1]_ - 90:3
**International** [1]_ - 99:15
**introduce** [16]_ - 86:24_, 87:23_, 88:13_, 88:16_, 88:22_, 90:11_, 91:18_, 93:4_, 93:7_, 93:9_, 93:22 _, 95:8_, 99:9_, 99:24_, 102:5_, 102:6
**introduced** [3]_ - 39:2_, 92:6_, 92:19
**introducing** [1]_ - 98:24
**introduction** [3]_ - 90:6 _, 99:25_, 101:4
**inviting** [1]_ - 78:22

**involved** [1]‗ - 18:9
**involving** [2]‗ - 18:16‗, 18:17
**Iran** [1]‗ - 99:16
**ironic** [1]‗ - 87:18
**irrelevant** [2]‗ - 77:3‗, 94:6
**Israel** [1]‗ - 99:16
**issue** [20]‗ - 15:10‗, 15:12 ‗, 20:3‗, 20:8‗, 24:15‗, 24:20‗, 26:25‗, 28:17‗, 37:18‗, 52:14‗, 84:9‗, 85:23‗, 86:4‗, 88:25‗, 93:19‗, 95:23‗, 96:6‗, 98:7‗, 99:5‗, 100:6
**issued** [5]‗ - 6:14‗, 7:17‗, 17:14‗, 22:16‗, 75:10
**issues** [17]‗ - 16:23‗, 18:8 ‗, 18:9‗, 20:7‗, 21:19‗, 21:21‗, 21:22‗, 24:23‗, 24:25‗, 35:20‗, 36:17‗, 37:15‗, 38:9‗, 40:19‗, 86:4‗, 95:10‗, 98:3
**item** [6]‗ - 9:15‗, 9:25‗, 15:14‗, 19:24‗, 90:16‗, 97:13
**items** [49]‗ - 6:16‗, 7:4‗, 7:5‗, 19:22‗, 20:2‗, 30:15 ‗, 30:21, 31:1‗, 31:10‗, 34:15‗, 35:2‗, 35:5‗, 35:7 ‗, 35:9‗, 35:10‗, 35:11‗, 35:13‗, 35:15‗, 35:17‗, 36:20‗, 36:21‗, 36:23‗, 37:3‗, 37:10‗, 39:2‗, 39:13‗, 39:21‗, 40:11‗, 40:24‗, 41:3‗, 41:11‗, 42:11‗, 42:15‗, 47:5‗, 50:4‗, 52:4‗, 58:5‗, 71:22 ‗, 73:13‗, 86:14‗, 86:18‗, 87:6‗, 88:6‗, 88:7‗, 90:18 ‗, 101:24‗, 101:25‗, 102:1‗, 102:14

---

**J**

---

**jail** [1]‗ - 22:13
**Jail** [2]‗ - 10:16‗, 39:20
**Jim** [1]‗ - 5:10
**John** [4]‗ - 5:9‗, 74:21‗, 78:2‗, 83:12
**Jr** [1]‗ - 74:21
**Judge** [7]‗ - 8:23‗, 13:20 ‗, 18:15‗, 18:21‗, 74:8‗, 94:19‗, 101:10
**judgment** [2]‗ - 100:1‗,

100:3
**July** [2]‗ - 7:17‗, 89:2
**jumps** [1]‗ - 43:22
**juror** [3]‗ - 9:16‗, 10:21‗, 11:16
**jurors** [4]‗ - 9:12‗, 9:22‗, 11:6‗, 11:7
**jury** [40]‗ - 6:17‗, 7:17‗, 7:19‗, 7:20‗, 8:2‗, 9:8‗, 9:14‗, 9:24‗, 11:4‗, 11:25 ‗, 12:6‗, 12:9‗, 12:15‗, 13:7‗, 14:9‗, 15:16‗, 16:1 ‗, 16:3‗, 16:6‗, 17:1‗, 17:9‗, 17:21‗, 18:13‗, 19:6‗, 20:8‗, 20:9‗, 21:15 ‗, 21:25‗, 22:1‗, 25:12‗, 25:15‗, 25:19‗, 26:18‗, 26:23‗, 30:1‗, 35:24‗, 48:4‗, 84:16‗, 93:13
**justifiably** [1]‗ - 80:19
**justification** [11]‗ - 80:1 ‗, 80:2‗, 80:11‗, 80:12‗, 80:15‗, 80:16‗, 80:17‗, 81:2‗, 82:21‗, 89:20
**justifying** [1]‗ - 80:16

---

**K**

---

**Kahana** [1]‗ - 84:5
**Katona** [1]‗ - 74:21
**keep** [5]‗ - 27:19‗, 71:25‗, 77:1‗, 98:18
**kill** [2]‗ - 14:25‗, 15:2
**kind** [4]‗ - 20:16‗, 28:17‗, 34:23‗, 97:4
**kindness** [1]‗ - 83:24
**know..** [1]‗ - 71:16
**knowledge** [1]‗ - 100:2
**knowledgeable** [1]‗ - 12:23
**known** [1]‗ - 85:5
**knows** [2]‗ - 83:16‗, 83:23
**Kristy** [1]‗ - 5:22

---

**L**

---

**labels** [1]‗ - 22:18
**laid** [1]‗ - 9:23
**landscape** [1]‗ - 93:15
**language** [15]‗ - 13:20‗, 13:21‗, 14:3‗, 14:8‗,

14:11‗, 14:14‗, 15:12‗, 15:22‗, 15:23‗, 16:3‗, 16:12‗, 18:7‗, 18:24‗, 19:3‗, 21:4
**lapel** [1]‗ - 26:19
**last** [23]‗ - 6:1‗, 6:18‗, 7:12‗, 7:23‗, 21:20‗, 22:5 ‗, 31:5‗, 39:3‗, 39:4‗, 45:18‗, 45:19‗, 45:20‗, 45:24‗, 55:12‗, 71:13‗, 77:24‗, 79:14‗, 79:20‗, 81:4‗, 86:3‗, 92:10‗, 93:17‗, 97:25
**last-minute** [1]‗ - 21:20
**Latest** [1]‗ - 86:11
**latest** [3]‗ - 28:9‗, 39:18‗, 88:10
**latter** [1]‗ - 11:8
**law** [6]‗ - 15:25‗, 16:5‗, 16:10‗, 16:17‗, 20:14‗, 89:16
**lawyer** [1]‗ - 23:13
**lay** [2]‗ - 6:25‗, 87:21
**leading** [1]‗ - 85:13
**least** [15]‗ - 7:10‗, 11:9‗, 11:25‗, 12:9‗, 12:11‗, 16:22‗, 16:24‗, 18:15‗, 37:10‗, 84:9‗, 86:7‗, 93:20‗, 95:11‗, 100:17
**leave** [2]‗ - 6:22‗, 26:1
**leaves** [3]‗ - 82:23‗, 88:12‗, 92:3
**lectern** [9]‗ - 25:14‗, 25:19‗, 25:24‗, 26:1‗, 26:4‗, 26:12‗, 26:19‗, 26:22
**left** [2]‗ - 26:21‗, 82:24
**leftover** [1]‗ - 31:12
**legal** [2]‗ - 44:2‗, 90:7
**legally** [1]‗ - 48:9
**length** [3]‗ - 8:7‗, 8:9‗, 9:2
**lengthy** [4]‗ - 29:10‗, 29:19‗, 32:5‗, 86:4
**letter** [29]‗ - 39:24‗, 40:4‗, 45:17‗, 45:24‗, 46:1‗, 46:3‗, 46:7‗, 77:19‗, 88:18‗, 88:19‗, 89:4‗, 90:2‗, 91:13‗, 91:14‗, 92:3‗, 92:5‗, 92:9‗, 93:6 ‗, 93:13‗, 93:23‗, 94:7‗, 94:10‗, 95:18‗, 95:20‗, 95:21‗, 96:3‗, 96:17‗, 96:19‗, 99:14

**letters** [11]‗ - 39:22‗, 88:14‗, 88:17‗, 88:22‗, 90:4‗, 90:8‗, 91:5‗, 91:12 ‗, 91:15‗, 91:24
**lid** [1]‗ - 72:23
**light** [4]‗ - 14:15‗, 84:11‗, 85:17‗, 95:16
**limine** [8]‗ - 7:2‗, 35:9‗, 80:2‗, 89:2‗, 89:9‗, 89:17 ‗, 93:25‗, 98:8
**limit** [1]‗ - 11:20
**limited** [4]‗ - 74:16‗, 89:3 ‗, 94:10‗, 98:24
**line** [9]‗ - 32:23‗, 38:12‗, 75:4‗, 75:14‗, 77:11‗, 89:20‗, 93:18‗, 95:2‗, 97:14
**lined** [1]‗ - 85:18
**lines** [7]‗ - 17:21‗, 29:20‗, 94:2‗, 94:10‗, 94:18‗, 94:23‗, 96:12
**list** [31]‗ - 30:12‗, 30:20‗, 32:6‗, 32:9‗, 32:10‗, 32:20‗, 34:19‗, 34:20‗, 34:23‗, 40:23‗, 41:8‗, 41:25‗, 43:18‗, 52:5‗, 72:5‗, 73:7‗, 73:15‗, 73:21‗, 74:4‗, 74:10‗, 74:23‗, 75:3‗, 76:3‗, 76:6 ‗, 76:22‗, 97:3‗, 97:10‗, 97:24‗, 101:23
**listed** [7]‗ - 76:6‗, 76:16‗, 76:18‗, 81:1‗, 81:5‗, 97:20‗, 101:22
**listen** [1]‗ - 20:6
**listing** [1]‗ - 16:15
**lists** [3]‗ - 7:9‗, 32:11‗, 73:21
**location** [1]‗ - 10:7
**logic** [1]‗ - 80:21
**logical** [1]‗ - 21:6
**logistical** [1]‗ - 40:19
**long-term** [1]‗ - 83:14
**look** [9]‗ - 34:17‗, 35:6‗, 38:4‗, 39:6‗, 39:14‗, 48:10‗, 49:21‗, 50:3‗, 64:15
**looked** [1]‗ - 16:9
**looking** [12]‗ - 8:20‗, 12:21‗, 43:17‗, 49:12‗, 55:17‗, 58:25‗, 60:5‗, 61:13‗, 62:14‗, 66:24‗, 68:18‗, 94:25
**lose** [1]‗ - 33:11

**losing** [2]_ - 43:25_, 49:24
**loud** [1]_ - 20:4
**Lucie** [2]_ - 10:16_, 39:20
**ludicrous** [1]_ - 92:14
**lunch** [3]_ - 37:12_, 38:18 _, 86:9

## M

**madam** [1]_ - 46:21
**mail** [1]_ - 79:19
**mailed** [3]_ - 77:19_, 79:19
**major** [1]_ - 14:5
**manage** [1]_ - 8:17
**map** [1]_ - 13:16
**Maps** [1]_ - 52:2
**Maria** [1]_ - 5:10
**marked** [3]_ - 30:20_, 34:6_, 40:23
**marked-up** [2]_ - 30:20_, 40:23
**markers** [1]_ - 6:25
**Marshall** [1]_ - 74:5
**marshals** [1]_ - 27:5
**mass** [3]_ - 99:12_, 99:22
**material** [3]_ - 13:22_, 94:6_, 95:14
**materials** [5]_ - 36:16_, 37:16_, 38:8_, 41:2_, 87:24
**matter** [3]_ - 18:16_, 30:2 _, 41:19
**matters** [1]_ - 36:1
**McClay** [2]_ - 74:7_, 77:9
**McClay's** [1]_ - 88:5
**mean** [37]_ - 14:19_, 14:20 _, 14:22_, 15:2_, 19:25_, 25:24_, 39:5_, 42:24_, 43:25_, 45:18_, 45:24_, 71:10_, 77:19_, 81:13_, 86:19_, 90:18_, 90:19_, 90:21_, 90:22_, 90:24_, 91:3_, 92:7_, 92:8_, 92:9 _, 92:13_, 92:14_, 93:1_, 95:6_, 95:7_, 95:8_, 95:9 _, 96:9_, 100:22
**means** [3]_ - 10:7_, 16:5_, 21:16
**meant** [1]_ - 55:12
**mechanic** [2]_ - 83:21_, 84:6

**mechanic/coworker** [1]_ - 78:3
**mechanism** [1]_ - 26:9
**MEDETIS** [1]_ - 87:17
**Medetis** [6]_ - 5:10_, 30:19_, 31:7_, 40:12_, 87:16_, 97:1
**meet** [1]_ - 89:15
**meeting** [1]_ - 77:24
**memory** [1]_ - 13:9
**mention** [2]_ - 17:25_, 87:1
**mentioned** [2]_ - 77:14_, 96:4
**message** [1]_ - 48:9
**messages** [1]_ - 22:21
**met** [1]_ - 21:1
**metal** [1]_ - 72:22
**mic** [1]_ - 26:19
**Michael** [1]_ - 74:7
**microphone** [1]_ - 34:10
**microphones** [1]_ - 27:1
**might** [5]_ - 27:11_, 27:21 _, 29:25_, 37:15_, 93:10
**Militello** [9]_ - 5:19_, 5:22 _, 10:3_, 10:9_, 33:1_, 34:1_, 36:7_, 76:5_, 97:24
**MILITELLO** [10]_ - 5:21_, 10:10_, 10:14_, 10:17_, 25:8_, 33:3_, 33:7_, 33:9 _, 33:22_, 34:2
**Milsun** [1]_ - 74:5
**mind** [4]_ - 45:23_, 80:14_, 98:12_, 98:18
**minimum** [2]_ - 92:9_, 100:3
**minute** [4]_ - 10:10_, 21:20_, 79:14_, 95:25
**minutes** [1]_ - 28:1
**miscellaneous** [2]_ - 6:14_, 7:3
**miss** [1]_ - 88:3
**missed** [2]_ - 48:17_, 72:6
**misspoke** [2]_ - 19:10_, 78:7
**misstated** [1]_ - 48:22
**mistaken** [3]_ - 8:22_, 15:25_, 16:16
**misunderstanding** [1] _ - 85:7
**mix** [1]_ - 77:3

**modification** [1]_ - 12:18
**modify** [1]_ - 23:14
**moment** [8]_ - 9:16_, 25:1 _, 28:6_, 28:16_, 30:5_, 31:7_, 36:10_, 42:21
**Monday** [7]_ - 6:1_, 7:14 _, 28:9_, 98:3_, 99:19_, 101:13_, 102:17
**month** [1]_ - 85:13
**months** [2]_ - 38:22_, 74:19
**morning** [15]_ - 5:2_, 5:8 _, 5:11_, 5:12_, 5:21_, 5:24_, 7:21_, 21:16_, 21:17_, 21:24_, 30:12_, 31:19_, 36:7_, 83:7_, 102:17
**Mosab** [1]_ - 80:22
**most** [8]_ - 9:13_, 22:3_, 25:23_, 27:8_, 87:25_, 89:19_, 92:7_, 99:14
**motion** [28]_ - 6:8_, 6:11_, 6:14_, 6:22_, 7:2_, 7:4_, 10:23_, 35:9_, 39:21_, 46:2_, 78:14_, 86:10_, 86:12_, 88:10_, 88:12_, 88:13_, 88:24_, 89:1_, 89:2_, 89:4_, 89:8_, 89:13 _, 89:17_, 89:22_, 93:24_, 93:25_, 96:4_, 98:7
**Motion** [2]_ - 39:18_, 86:10
**motions** [14]_ - 6:3_, 6:4 _, 38:16_, 38:19_, 38:22_, 39:15_, 39:16_, 39:17_, 45:20_, 80:2_, 86:1_, 86:8 _, 89:25_, 96:21
**move** [5]_ - 5:15_, 24:19_, 25:24_, 28:22_, 102:5
**movements** [1]_ - 27:4
**moves** [1]_ - 29:2
**moving** [1]_ - 32:5
**MR** [350]_ - 5:8_, 5:13_, 5:16_, 5:18_, 8:3_, 8:5_, 8:11_, 8:23_, 9:6_, 9:13_, 9:20_, 11:6_, 11:13_, 11:19_, 11:22_, 12:3_, 12:7_, 12:16_, 12:19_, 13:7_, 13:19_, 14:1_, 14:18_, 15:20_, 17:2_, 17:4_, 17:12_, 18:9_, 19:13_, 19:16_, 19:22_, 21:5_, 21:8_, 21:13_, 22:3 _, 22:7_, 22:9_, 22:12_, 23:1_, 23:10_, 23:16_,

24:1_, 24:4_, 24:8_, 24:11 _, 25:2_, 25:16_, 25:23_, 26:10_, 26:17_, 26:24_, 27:8_, 27:15_, 27:24_, 28:4_, 28:12_, 28:20_, 28:25_, 29:7_, 29:11_, 29:15_, 29:17_, 29:23_, 30:7_, 30:11_, 30:24_, 31:1 _, 31:6_, 31:15_, 32:4_, 32:13_, 32:16_, 32:19_, 32:22_, 32:24_, 33:12_, 33:15_, 33:20_, 34:7_, 34:11_, 34:13_, 34:16_, 34:25_, 36:6_, 36:9_, 36:24_, 37:1_, 37:5_, 38:1 _, 38:6_, 38:10_, 38:14_, 38:16_, 38:23_, 39:1_, 39:10_, 39:16_, 39:24_, 40:5_, 40:8_, 40:25_, 41:3 _, 41:9_, 41:14_, 41:17_, 41:20_, 42:1_, 42:4_, 42:6 _, 42:16_, 42:19_, 42:23_, 43:2_, 43:11_, 43:13_, 43:20_, 43:24_, 44:5_, 44:9_, 44:13_, 44:20_, 44:23_, 45:4_, 45:10_, 45:16_, 46:10_, 46:15_, 46:20_, 46:22_, 47:1_, 47:8_, 47:13_, 47:17_, 47:20_, 47:24_, 48:2_, 48:7_, 48:13_, 48:15_, 48:20_, 48:24_, 49:2_, 49:9_, 49:14_, 49:16_, 49:20_, 49:23_, 50:5_, 50:9_, 50:15_, 50:22_, 51:5_, 51:10_, 51:17_, 51:25_, 52:2_, 52:14_, 52:18_, 52:20_, 52:22_, 52:24_, 53:6_, 53:8_, 53:13_, 53:22_, 54:5_, 54:7_, 54:10_, 54:18_, 54:21_, 54:24_, 55:1_, 55:9_, 55:11_, 55:16_, 55:20_, 55:22_, 55:24_, 56:1_, 56:7_, 56:9_, 56:11 _, 56:17_, 56:21_, 56:23_, 57:4_, 57:7_, 57:12_, 57:17_, 58:1_, 58:3_, 58:7 _, 58:21_, 58:24_, 59:2_, 59:4_, 59:13_, 59:16_, 59:22_, 60:3_, 60:8_, 60:17_, 60:20_, 60:22_, 61:3_, 61:8_, 61:15_, 61:17_, 61:22_, 62:3_, 62:10_, 62:16_, 62:19_, 62:25_, 63:7_, 63:13_, 63:17_, 63:23_, 64:2_, 64:5_, 64:11_, 64:17_, 64:23_, 65:4_, 65:10_, 65:16_, 65:23_, 66:1_, 66:5_, 66:14_, 66:17_,

66:25_, 67:2_, 67:5_, 67:9 _, 67:15_, 67:22_, 67:25_, 68:6_, 68:11_, 68:13_, 68:19_, 68:23_, 69:3_, 69:9_, 69:16_, 69:21_, 70:1_, 70:9_, 70:17_, 71:1 _, 71:8_, 71:13_, 71:19_, 71:24_, 72:9_, 72:12_, 72:18_, 72:24_, 73:4_, 73:16_, 73:19_, 73:24_, 74:17_, 74:25_, 75:9_, 75:17_, 76:4_, 76:9_, 76:14_, 76:20_, 76:25_, 77:5_, 77:15_, 77:19_, 77:23_, 78:1_, 78:4_, 78:7, 78:16_, 78:21, 78:24, 79:2_, 79:7_, 79:25 _, 80:7_, 80:11_, 80:15_, 80:20_, 80:23_, 81:3_, 81:7_, 81:17_, 81:21_, 82:2, 82:5, 82:9_, 82:12_, 82:15, 82:18_, 82:25_, 83:11_, 83:14_, 83:21_, 84:2_, 84:4_, 84:13_, 85:2 _, 86:13_, 87:9_, 87:12_, 88:20_, 88:23_, 90:9_, 91:2_, 91:6_, 91:11_, 91:16_, 91:20_, 92:7_, 92:17_, 92:20_, 92:24_, 93:1_, 93:3_, 94:11_, 94:21_, 94:23_, 95:2_, 95:6_, 95:13_, 96:4_, 96:11_, 96:23_, 97:2_, 97:15_, 97:21_, 98:5_, 98:20_, 98:22_, 100:3_, 100:20_, 101:10_, 101:15 _, 101:17_, 101:21_, 101:25_, 102:11_, 102:15

**MS** [11]_ - 5:21_, 10:10_, 10:14_, 10:17_, 25:8_, 33:3_, 33:7_, 33:9_, 33:22 _, 34:2_, 87:17

**murder** [2]_ - 15:24_, 16:13

**must** [3]_ - 16:3_, 20:22_, 92:19

**N**

**name** [2]_ - 97:20_, 97:25

**named** [1]_ - 80:24

**names** [1]_ - 9:10

**nature** [3]_ - 23:24_, 83:25_, 97:18

**necessary** [6]_ - 16:21_, 27:2_, 37:19_, 46:7_, 85:17_, 92:23

**need** [22]_ - 10:7_, 24:12_, 24:24_, 25:6_, 26:20_, 29:12_, 34:18_, 38:11_, 41:1_, 41:7_, 41:18_, 46:23_, 68:21_, 79:18_, 84:11_, 88:19_, 91:14_, 92:6_, 95:7_, 98:10_, 98:14_, 102:5

**needs** [4]_ - 11:16_, 29:20 _, 81:19_, 95:1

**neglect** [1]_ - 98:22

**neighbor** [2]_ - 78:5_, 84:4

**never** [2]_ - 77:13_, 87:20

**new** [8]_ - 39:2_, 46:2_, 77:13_, 86:19_, 87:6_, 87:19_, 90:14

**news** [1]_ - 75:20

**next** [6]_ - 17:5_, 17:9_, 48:10_, 52:15_, 65:3_, 99:19

**nice** [1]_ - 48:3

**nine** [3]_ - 74:1_, 74:2_, 76:13

**none** [1]_ - 44:17

**nonviolence** [1]_ - 79:15

**nonviolent** [9]_ - 79:10_, 81:11_, 82:13_, 83:18_, 83:24_, 84:14_, 85:19_, 90:17_, 90:20

**noon** [1]_ - 37:11

**normal** [2]_ - 26:14_, 102:4

**North** [2]_ - 40:1_, 100:24

**notably** [1]_ - 74:20

**note** [2]_ - 45:22_, 75:5

**noted** [1]_ - 37:23

**notes** [6]_ - 13:8_, 40:2_, 40:8_, 71:25_, 72:5_, 90:21

**nothing** [5]_ - 23:5_, 85:14_, 90:5_, 96:13_, 96:14

**notice** [1]_ - 12:21

**noticed** [1]_ - 15:15

**nuclear** [1]_ - 99:16

**number** [6]_ - 48:22_, 74:7_, 75:23_, 77:16_, 80:1_, 80:13

**Number** [1]_ - 5:5

**numbering** [3]_ - 41:25_, 42:7_, 51:24

**numbers** [4]_ - 41:23_,

42:6_, 50:7_, 60:13

**O**

**oath** [1]_ - 38:24

**object** [5]_ - 28:24_, 41:13 _, 43:24_, 47:12_, 57:4

**objecting** [1]_ - 45:8

**objection** [139]_ - 21:4_, 21:5_, 29:4_, 29:5_, 29:8 _, 29:12_, 29:13_, 29:22_, 42:15_, 42:25_, 43:2_, 43:5_, 43:9_, 43:15_, 43:18_, 44:4_, 44:6_, 44:8 _, 44:10_, 44:12_, 44:14_, 44:18_, 44:21_, 44:25_, 45:2_, 45:6_, 45:14_, 46:8 _, 46:12_, 47:3_, 47:22_, 48:11_, 48:25_, 49:4_, 49:13_, 49:22_, 50:8_, 50:11_, 50:13_, 50:17_, 50:20_, 50:24_, 51:3_, 51:12_, 51:20_, 52:3_, 52:6_, 52:12_, 53:1_, 53:10_, 53:13_, 53:17_, 53:20_, 53:24_, 54:3_, 54:12_, 55:5_, 55:13_, 56:3_, 56:13_, 56:18_, 56:25_, 57:14_, 57:19_, 58:5_, 58:9_, 58:13_, 58:17_, 59:8_, 59:9_, 59:18_, 59:24_, 60:7_, 60:10_, 60:17_, 60:24_, 61:4_, 61:10_, 61:15_, 61:19_, 61:24_, 62:5_, 62:12_, 62:21_, 63:2_, 63:9_, 63:14_, 63:19_, 63:21_, 63:24_, 64:3_, 64:5_, 64:7_, 64:11_, 64:13_, 64:16_, 64:19_, 64:21_, 64:25_, 65:2_, 65:4_, 65:6_, 65:8_, 65:12 _, 65:14_, 65:16_, 65:18_, 66:8_, 66:19_, 66:22_, 67:6_, 67:11_, 67:17_, 68:2_, 68:8_, 68:15_, 69:2 _, 69:11_, 69:18_, 69:22_, 70:3_, 70:12_, 70:19_, 71:3_, 72:3_, 72:10_, 72:12_, 72:14_, 72:16_, 72:18_, 72:19_, 72:22_, 72:24_, 73:1_, 87:10_, 89:11_, 97:19

**objections** [12]_ - 28:19 _, 29:10_, 30:8_, 38:7_, 50:3_, 59:13_, 62:16_, 68:19_, 76:16_, 77:11_, 102:6_, 102:14

**objects** [2]_ - 28:24_, 35:17

**obtained** [2]_ - 36:22_, 88:4

**obvious** [2]_ - 22:21_, 38:21

**obviously** [12]_ - 8:13_, 16:9_, 17:19_, 22:13_, 24:12_, 24:15_, 30:12_, 45:21_, 86:2_, 90:12_, 96:13_, 99:4

**occasion** [1]_ - 30:1

**October** [1]_ - 9:5

**offense** [2]_ - 13:6_, 85:10

**offer** [5]_ - 11:4_, 19:19_, 38:7_, 85:8_, 85:9

**offered** [5]_ - 12:17_, 30:5 _, 40:6_, 89:9_, 91:25

**office** [1]_ - 7:5

**Office** [1]_ - 88:6

**officer** [1]_ - 100:25

**officials** [1]_ - 14:5

**omitted** [2]_ - 14:21_, 23:6

**once** [1]_ - 11:9

**one** [56]_ - 10:8_, 10:10_, 12:11_, 13:23_, 15:3_, 15:14_, 16:8_, 16:24_, 16:25_, 17:8_, 18:5_, 18:15_, 29:13_, 31:14_, 33:17_, 35:3_, 36:10_, 39:1_, 39:10_, 39:17_, 40:1_, 40:3_, 44:2_, 45:19 _, 46:4_, 47:13_, 47:14_, 47:18_, 48:1_, 48:3_, 48:13_, 52:13_, 52:14_, 55:12_, 60:6_, 61:4_, 65:22_, 66:25_, 68:24_, 70:22_, 71:10_, 83:10_, 88:12_, 88:17_, 88:18_, 93:5_, 93:19_, 97:3_, 97:14_, 98:22_, 100:21_, 101:2

**ones** [7]_ - 31:4_, 31:23_, 47:11_, 47:18_, 54:20_, 55:18_, 83:4

**ongoing** [1]_ - 76:21

**open** [3]_ - 9:10_, 31:15_, 31:22

**opening** [7]_ - 7:21_, 18:10_, 25:11_, 26:13_, 27:25_, 28:3_, 28:11

**openings** [1]_ - 8:24

**opinion** [4]_ - 85:8_, 85:9 _, 85:20_, 98:24

**opportunity** [14]_ - 11:3 _, 11:10_, 12:1_, 12:9_, 19:19_, 35:6_, 38:8_, 41:13_, 74:18_, 74:19_, 86:3_, 89:6_, 98:2_, 100:8

**opposed** [2]_ - 14:4_, 97:11

**opposing** [2]_ - 28:23

**options** [1]_ - 24:16

**Oran** [1]_ - 74:3

**order** [40]_ - 6:7_, 6:10_, 6:12_, 6:13_, 6:17_, 6:19 _, 6:20_, 6:21_, 6:23_, 6:24_, 7:1_, 7:4_, 7:5_, 7:16_, 9:23_, 21:14_, 22:23_, 30:16_, 35:9_, 38:13_, 42:13_, 46:2_, 46:4_, 73:11_, 73:25_, 75:10_, 76:24_, 77:7_, 81:7_, 82:20_, 82:22_, 86:5_, 86:23_, 88:11_, 89:15_, 93:25_, 98:15_, 100:6_, 101:8

**Order** [1]_ - 5:1

**ordering** [1]_ - 10:20

**orders** [12]_ - 6:6_, 7:8_, 22:16_, 32:23_, 36:3_, 37:18_, 77:11_, 80:4_, 85:25_, 89:22_, 98:14_, 98:18

**ordinary** [2]_ - 17:16_, 30:2

**original** [3]_ - 33:18_, 33:23_, 33:25

**originals** [4]_ - 33:4_, 33:10_, 33:23_, 34:3

**otherwise** [2]_ - 27:4_, 93:20

**outlined** [1]_ - 88:3

**outside** [1]_ - 21:24

**outstanding** [2]_ - 9:15 _, 9:25

**overall** [3]_ - 8:21_, 9:2_, 12:12

**overheard** [1]_ - 101:17

**oversight** [1]_ - 88:2

**overview** [3]_ - 7:23_, 35:4_, 85:11

**own** [3]_ - 23:12_, 33:18_, 34:5

**ownership** [1]_ - 35:18

## P

**p.m** [2]_ - 40:15_, 102:18

**pace** [1]_ - 8:12

**package** [1]_ - 17:22

**page** [77]_ - 17:8_, 32:7_, 41:22_, 42:9_, 42:10_, 42:12_, 43:7_, 43:17_, 45:18_, 45:19_, 45:20_, 45:24_, 46:5_, 46:19_, 47:7_, 47:10_, 48:10_, 48:17_, 48:18_, 48:22_, 48:23_, 50:3_, 50:4_, 50:5 _, 51:17_, 52:4_, 52:12_, 52:15_, 54:20_, 55:17_, 57:17_, 57:24_, 58:2_, 58:20_, 58:25_, 59:12_, 60:4_, 60:5_, 60:12_, 60:13_, 60:14_, 60:15_, 61:13_, 61:15_, 62:8_, 62:14_, 64:16_, 65:3_, 65:21_, 66:12_, 66:16_, 66:24_, 67:20_, 67:21_, 68:18_, 70:22_, 72:8_, 92:7_, 92:8_, 92:11_, 92:13_, 92:18_, 92:19_, 92:23_, 93:4_, 93:9_, 94:3 _, 94:10_, 94:12_, 94:25_, 95:8

**pages** [3]_ - 42:10_, 68:22 _, 73:21

**Palestinian** [2]_ - 75:20 _, 77:17

**Palm** [1]_ - 88:5

**paperwork** [1]_ - 86:16

**part** [16]_ - 6:7_, 6:8_, 7:1_, 7:2_, 7:10_, 13:21_, 17:15 _, 20:8_, 20:13_, 48:3_, 71:14_, 73:16_, 87:7_, 87:12_, 88:2_, 88:16

**parte** [1]_ - 36:13

**partial** [1]_ - 97:13

**partially** [1]_ - 12:9

**particular** [8]_ - 10:22_, 11:17_, 15:4_, 15:8_, 15:11_, 15:17_, 100:21_, 101:2

**particularly** [2]_ - 13:16 _, 18:10

**parties** [5]_ - 10:1_, 15:11 _, 16:22_, 34:4_, 36:15

**parties'** [1]_ - 12:13

**partner** [2]_ - 75:22_, 97:4

**parts** [1]_ - 96:5

**party** [4]_ - 11:2_, 28:21_, 28:23_, 28:24

**passed** [1]_ - 74:20

**past** [2]_ - 24:20_, 76:12

**path** [1]_ - 99:18

**pattern** [14]_ - 12:25_, 13:2_, 13:5_, 13:12_, 13:21_, 14:13_, 14:19_, 15:4_, 15:5_, 15:8_, 15:15 _, 16:14_, 18:7_, 19:3

**paying** [1]_ - 75:12

**PBSO** [1]_ - 88:5

**peaceful** [2]_ - 85:19_, 90:17

**peacefulness** [3]_ - 79:9_, 81:11_, 81:13

**penalties** [1]_ - 20:2

**pending** [1]_ - 45:16

**people** [8]_ - 27:17_, 27:18_, 27:20_, 27:21_, 79:4_, 79:13_, 80:12_, 83:8

**per** [2]_ - 11:9_, 11:13

**perceive** [1]_ - 37:15

**perfect** [1]_ - 73:24

**perfectly** [1]_ - 9:20

**perhaps** [3]_ - 19:10_, 34:24_, 77:1

**period** [1]_ - 85:6

**Perkins** [1]_ - 74:22

**permissible** [2]_ - 20:5_, 77:10

**permission** [1]_ - 97:7

**permit** [2]_ - 39:7_, 76:17

**permitted** [4]_ - 25:11_, 25:13_, 77:7_, 82:17

**person** [7]_ - 11:17_, 20:15_, 84:20_, 85:20_, 97:8_, 97:15_, 100:1

**person's** [1]_ - 97:7

**personal** [2]_ - 9:11_, 97:9

**personality** [1]_ - 83:24

**personnel** [1]_ - 88:5

**perspective** [1]_ - 99:4

**pertains** [4]_ - 45:10_, 92:10_, 92:11_, 96:12

**pertinent** [2]_ - 81:9_, 81:10_, 81:12

**phone** [1]_ - 35:12

**phones** [1]_ - 35:18

**Photo** [2]_ - 72:11_, 72:17

**photographs** [1]_ - 65:17

**physical** [6]_ - 6:22_, 10:6_, 10:20_, 35:13_, 37:3_, 37:6

**pick** [1]_ - 8:18

**picture** [1]_ - 84:15

**piece** [3]_ - 42:24_, 93:19 _, 102:9

**pieces** [1]_ - 100:18

**place** [1]_ - 12:11

**placement** [2]_ - 24:21_, 25:7

**plainly** [3]_ - 14:24_, 92:10_, 92:15

**plan** [4]_ - 10:2_, 16:25_, 28:1_, 98:18

**planning** [2]_ - 12:13_, 80:14

**pleasure** [1]_ - 17:10

**plus** [2]_ - 7:5_, 69:6

**point** [18]_ - 7:15_, 10:24_, 12:21_, 20:6_, 20:15_, 24:23_, 28:23_, 29:4_, 31:25_, 37:11_, 74:15_, 75:21_, 91:25_, 95:19_, 100:14_, 100:17_, 101:9_, 102:7

**points** [1]_ - 11:4

**political** [3]_ - 18:20_, 77:17_, 78:6

**pool** [2]_ - 84:6_, 86:5

**portion** [7]_ - 40:4_, 48:9 _, 73:6_, 89:3_, 93:23_, 95:1

**portions** [4]_ - 46:6_, 92:5_, 96:16_, 99:3

**pose** [1]_ - 34:1

**position** [17]_ - 13:19_, 19:21_, 30:4_, 51:15_, 57:3_, 57:6_, 59:3_, 60:16 _, 61:14_, 64:9_, 65:22_, 67:21_, 88:21_, 90:3_, 92:22_, 95:14_, 95:15

**possession** [4]_ - 99:21 _, 100:15_, 100:21_, 101:5

**potential** [8]_ - 18:12_, 37:13_, 40:21_, 74:14_, 98:23_, 100:11_, 101:4_, 102:14

**potentially** [1]_ - 79:6

**PowerPoints** [1]_ - 28:2

**pre** [3]_ - 35:8_, 72:4_, 73:10

**pre-admit** [1]_ - 72:4

**pre-admitted** [2]_ - 35:8 _, 73:10

**preadmission** [3]_ - 40:21_, 70:23_, 71:20

**preadmitting** [3]_ - 28:6 _, 42:13_, 73:9

**precise** [1]_ - 94:25

**precisely** [1]_ - 85:2

**precluded** [1]_ - 75:6

**precludes** [1]_ - 75:11

**preemptively** [1]_ - 102:12

**preliminary** [5]_ - 17:16 _, 20:8_, 21:11_, 21:12_, 34:17

**preparation** [2]_ - 12:13 _, 100:6

**preparations** [2]_ - 100:11_, 101:7

**prepare** [2]_ - 101:4_, 102:14

**prepared** [9]_ - 15:11_, 15:19_, 16:22_, 19:20_, 21:24_, 28:10_, 37:14_, 38:5_, 99:2

**presence** [2]_ - 21:25

**present** [12]_ - 11:7_, 25:10_, 26:6_, 27:12_, 28:11_, 40:17_, 81:18_, 88:20_, 93:7_, 93:13_, 100:25

**presented** [4]_ - 15:8_, 31:13_, 39:4_, 88:13

**presenting** [3]_ - 26:22_, 81:21_, 102:9

**preservation** [1]_ - 77:2

**preserve** [2]_ - 97:5_, 97:16

**President** [3]_ - 14:1_, 75:25_, 83:6

**president** [1]_ - 14:4

**presidential** [1]_ - 14:5

**presumably** [1]_ - 101:23

**presumptively** [1]_ - 89:10

**pretrial** [5]_ - 6:2_, 6:23_, 18:19_, 38:21_, 89:1

**pretty** [2]_ - 90:25_, 94:4

**prevent** [1]_ - 27:6

**preview** [1]_ - 39:14

**previously** [3]_ - 37:21_, 74:1_, 87:20

**primary** [1]_ - 35:12

**printer** [1]_ - 6:21

**privacy** [1]_ - 97:17

**pro** [8]_ - 8:14_, 17:7_, 17:17_, 17:20_, 17:23_, 18:16_, 21:19_, 75:20

**pro-Palestinian** [1]_ - 75:20

**problem** [10]_ - 10:22_, 19:23_, 26:17_, 34:1_, 34:2_, 41:4_, 50:22_, 51:7 _, 64:2_, 91:24

**procedure** [2]_ - 7:18_, 55:18

**procedures** [1]_ - 7:17

**proceed** [2]_ - 28:14_, 93:17

**proceeded** [1]_ - 86:4

**proceedings** [2]_ - 18:19_, 102:18

**process** [3]_ - 8:19_, 25:12_, 28:18

**produced** [3]_ - 87:21_, 87:24_, 88:3

**producing** [2]_ - 22:14_, 86:20

**profane** [2]_ - 81:6_, 97:9

**professional** [1]_ - 22:5

**professor** [2]_ - 78:6_, 80:19

**professors** [4]_ - 75:19_, 77:18_, 80:25_, 82:17

**proffer** [1]_ - 81:19

**profile** [1]_ - 75:19

**prohibited** [1]_ - 25:17

**prohibiting** [1]_ - 82:20

**prohibition** [1]_ - 98:16

**project** [1]_ - 8:8

**projecting** [1]_ - 9:3

**promote** [1]_ - 24:2

**promoted** [1]_ - 23:5

**promptly** [1]_ - 7:13

**prong** [1]_ - 13:17

**properly** [1]_ - 94:6

**proposal** [5]_ - 12:22_, 12:25_, 13:15_, 14:16_,

30:10

**propose** [2]_ - 12:1_, 28:22

**proposed** [14]_ - 11:24_, 12:9_, 12:15_, 19:6_, 19:14_, 20:5_, 20:7_, 28:24_, 32:20_, 38:12_, 74:1_, 74:4_, 79:23_, 97:10

**proposing** [1]_ - 93:9

**prosecution's** [2]_ - 39:18_, 88:10

**Prosecution's** [1]_ - 86:11

**prospective** [2]_ - 9:11_, 11:15

**protect** [1]_ - 20:16

**protesters** [1]_ - 75:20

**prove** [2]_ - 81:13_, 81:16

**proves** [1]_ - 20:20

**provide** [9]_ - 26:8_, 30:22_, 32:12_, 33:5_, 33:18_, 39:7_, 39:13_, 76:5_, 95:22

**provided** [14]_ - 6:9_, 9:17_, 13:22_, 30:12_, 30:19_, 31:19_, 33:3_, 39:8_, 74:1_, 78:19_, 83:2 _, 87:20_, 91:22_, 101:24

**provides** [1]_ - 20:13

**provision** [1]_ - 14:3

**public** [3]_ - 14:5_, 27:21 _, 94:13

**publicly** [2]_ - 7:11_, 97:25

**publish** [2]_ - 35:23

**pull** [1]_ - 84:22

**punishment** [3]_ - 17:13 _, 18:3

**purported** [1]_ - 97:4

**purportedly** [1]_ - 85:19

**purporting** [3]_ - 91:6_, 91:7_, 92:9

**purports** [1]_ - 34:19

**purpose** [1]_ - 27:13

**purposes** [5]_ - 12:12_, 24:23_, 42:3_, 77:2_, 87:2

**pursuant** [1]_ - 20:18

**put** [10]_ - 14:22_, 16:9_, 22:18_, 75:2_, 78:15_, 84:5_, 93:10_, 98:18_, 99:5_, 99:9

**Q**

**quantify** [1]_ - 8:8

**questionnaire** [4]_ - 9:15_, 9:24_, 10:4_, 10:21

**questionnaires** [1]_ - 9:17

**questions** [15]_ - 8:1_, 9:1_, 11:5_, 11:6_, 11:10 _, 11:12_, 11:24_, 12:1_, 17:1_, 25:7_, 26:16_, 32:2 _, 34:17_, 37:24_, 38:1

**quick** [1]_ - 27:6

**quote** [1]_ - 88:17

**R**

**raise** [5]_ - 21:23_, 73:10_, 73:14_, 89:6_, 98:2

**raised** [1]_ - 89:1

**rather** [1]_ - 14:2

**Raymond** [3]_ - 78:5_, 84:2_, 84:3

**re** [1]_ - 73:10

**re-raise** [1]_ - 73:10

**reached** [1]_ - 32:3

**read** [7]_ - 16:14_, 20:4_, 75:21_, 82:25_, 86:16_, 94:19_, 98:17

**ready** [1]_ - 32:11

**real** [2]_ - 44:1_, 85:6

**really** [6]_ - 13:11_, 13:23 _, 18:7_, 18:13_, 42:20_, 51:5

**realm** [1]_ - 79:10

**reasonable** [3]_ - 9:6_, 20:21_, 31:22

**reasoning** [1]_ - 94:1

**reasons** [2]_ - 77:8_, 89:24

**rebuttal** [2]_ - 99:9_, 99:24

**receipt** [1]_ - 10:5

**receive** [4]_ - 22:14_, 33:19_, 38:20_, 77:21

**received** [83]_ - 30:14_, 34:14_, 34:18_, 43:6_, 43:16_, 44:7_, 44:11_, 44:15_, 45:1_, 45:7_, 46:13_, 47:4_, 49:6_, 50:12, 50:18_, 50:19, 51:1, 51:13_, 51:22, 52:7

_, 53:3_, 53:12, 53:18, 54:1_, 54:15_, 55:8, 56:4, 56:14_, 56:19, 57:1_, 57:10_, 57:15_, 57:23, 58:10_, 58:15_, 58:19_, 59:11_, 59:19, 60:1_, 60:11, 60:25_, 61:5, 61:11 _, 61:20_, 61:25_, 62:7_, 62:13_, 62:22, 63:3, 63:10 _, 63:15_, 63:20_, 63:25_, 64:8_, 64:14_, 64:20_, 65:1_, 65:7_, 65:13, 65:19 _, 66:10_, 66:20_, 66:23_, 67:7_, 67:12, 67:18_, 68:3 _, 68:9, 68:16, 69:4_, 69:13_, 69:19_, 69:23, 70:4, 70:13, 70:20, 71:5_, 72:15_, 72:20_, 73:2_, 86:1_, 86:13_, 86:16

**receiving** [1]_ - 22:14

**recent** [3]_ - 83:17_, 86:15 _, 90:16

**recently** [2]_ - 87:25_, 99:14

**recess** [4]_ - 36:15_, 36:16_, 37:22_, 40:15

**recognize** [1]_ - 9:25

**recommend** [1]_ - 11:10

**reconsider** [1]_ - 100:17

**reconsideration** [1]_ - 76:24

**reconsidering** [1]_ - 101:8

**record** [8]_ - 5:6_, 41:12_, 72:1_, 72:6_, 87:21_, 88:1 _, 94:13_, 94:19

**records** [2]_ - 35:10_, 88:4

**redacting** [2]_ - 97:20_, 97:25

**redaction** [1]_ - 97:13

**Redweld** [1]_ - 32:15

**refer** [1]_ - 42:2

**reference** [4]_ - 9:10_, 18:3_, 92:21_, 96:1

**references** [1]_ - 39:19

**referencing** [1]_ - 19:15

**referring** [1]_ - 39:23

**reflected** [1]_ - 87:11

**refused** [1]_ - 95:19

**regard** [2]_ - 93:17_, 100:20

**regarding** [4]_ - 17:7_, 20:2_, 24:5_, 81:6

**regardless** [1]_ - 20:22

**regular** [2]_ - 27:12_, 27:14

**Reid** [1]_ - 74:21

**reign** [1]_ - 26:2

**reiterated** [1]_ - 24:18

**rejected** [2]_ - 89:21_, 89:22

**relate** [1]_ - 31:3

**related** [5]_ - 6:12_, 18:5_, 46:15_, 98:19_, 100:11

**relates** [1]_ - 100:21

**relating** [1]_ - 18:12

**relationship** [1]_ - 35:18

**relative** [2]_ - 23:14_, 27:11

**relevance** [1]_ - 91:23

**relevant** [4]_ - 39:21_, 82:19_, 83:13_, 93:10

**religious** [1]_ - 18:20

**remain** [1]_ - 73:8

**remainder** [3]_ - 94:7_, 96:16

**remaining** [6]_ - 47:5_, 52:4_, 68:22_, 75:18_, 80:23_, 83:4

**remains** [4]_ - 8:12_, 46:5 _, 74:10_, 77:10

**remind** [3]_ - 7:15_, 11:1 _, 98:13

**reminder** [1]_ - 9:9

**Renee** [1]_ - 5:22

**report** [1]_ - 100:24

**Reporter** [1]_ - 46:21

**represent** [1]_ - 83:5

**representation** [2]_ - 18:3_, 93:21

**represented** [1]_ - 87:14

**reputation** [3]_ - 85:20_, 85:21_, 98:25

**request** [10]_ - 7:6_, 21:10_, 26:13_, 72:3_, 84:25_, 88:22_, 93:25_, 94:1_, 94:9_, 95:16

**requested** [1]_ - 31:23

**requesting** [2]_ - 81:13_, 81:15

**requests** [1]_ - 27:2

**require** [1]_ - 99:4

**required** [1]_ - 16:2

**requirement** [1]_ - 15:16

**requirements** [2]_ - 22:16_, 24:5

**requires** [1]_ - 29:25

**requiring** [2]_ - 16:1_, 16:20

**reserve** [2]_ - 27:13_, 95:13

**resolved** [1]_ - 6:5

**resolving** [2]_ - 7:4_, 7:5

**respect** [7]_ - 12:6_, 36:18_, 85:10_, 87:18_, 89:3_, 97:2_, 100:15

**respecting** [1]_ - 38:25

**respond** [1]_ - 27:6

**responded** [1]_ - 6:4

**response** [6]_ - 84:25_, 86:22_, 87:7_, 87:11_, 95:22_, 102:14

**rest** [4]_ - 40:6_, 48:4_, 51:17_, 77:20

**result** [1]_ - 100:16

**resurfaces** [1]_ - 32:9

**retarded** [1]_ - 59:5

**retrieve** [1]_ - 37:7

**retrieved** [1]_ - 9:18

**return** [2]_ - 20:22_, 40:13

**review** [12]_ - 7:16_, 9:17 _, 12:9_, 12:14_, 31:5_, 38:17_, 40:22_, 41:1_, 42:22_, 101:24_, 101:25_, 102:7

**reviewed** [1]_ - 73:14

**Rick** [1]_ - 74:4

**rifle** [1]_ - 101:5

**rights** [3]_ - 19:1_, 20:12_, 20:18

**romantic** [3]_ - 75:22_, 82:11_, 97:4

**roughly** [1]_ - 21:15

**rounded** [1]_ - 84:15

**Routh** [99]_ - 5:5_, 5:12_, 5:13_, 5:14_, 5:23_, 7:15 _, 8:4_, 9:1_, 9:9_, 10:3_, 10:15_, 11:1_, 12:14_, 14:15_, 17:1_, 19:5_, 21:18_, 21:22_, 22:6_, 22:24_, 24:22_, 25:9_, 27:3_, 27:11_, 28:18_, 29:3_, 30:14_, 30:19_, 31:4_, 31:13_, 31:15_, 32:2_, 32:11_, 33:4_, 33:23_, 33:25_, 34:5_, 35:6_, 35:17_, 36:4_,

36:22_, 37:24_, 38:20_, 40:22_, 41:10_, 42:15_, 43:8_, 46:9_, 46:25_, 47:11_, 47:23_, 48:1_, 48:12_, 52:4_, 52:11_, 54:19_, 55:18_, 57:25_, 58:20_, 59:1_, 59:12_, 60:15_, 62:15_, 62:23_, 63:5_, 63:11_, 64:9_, 65:2 _, 65:8_, 66:11_, 66:24_, 68:18_, 69:2_, 70:6_, 70:15_, 70:23_, 72:7_, 72:16_, 72:21_, 74:3_, 76:2_, 76:7_, 83:9_, 86:1 _, 86:12_, 87:3_, 88:13_, 88:17_, 90:1_, 90:7_, 92:2 _, 94:24_, 95:24_, 96:1_, 96:22_, 97:19_, 98:13_, 101:16

**ROUTH** [279]_ - 5:13_, 5:16_, 5:18_, 8:5_, 9:6_, 9:13_, 9:20_, 11:6_, 11:13 _, 11:19_, 11:22_, 12:3_, 12:16_, 12:19_, 14:18_, 17:2_, 19:8_, 19:13_, 19:16_, 19:22_, 21:5_, 21:8_, 22:3_, 22:7_, 23:1 _, 23:10_, 23:16_, 24:1_, 24:4_, 24:8_, 25:2_, 25:16 _, 25:23_, 26:10_, 27:8_, 27:15_, 27:24_, 28:20_, 28:25_, 29:7_, 29:11_, 29:15_, 29:17_, 29:23_, 30:7_, 32:4_, 32:13_, 32:16_, 32:19_, 32:22_, 32:24_, 33:12_, 33:15_, 33:20_, 34:7_, 34:11, 34:13_, 36:24_, 37:1_, 38:1_, 38:6_, 38:10_, 38:14_, 38:16_, 38:23_, 39:1_, 39:10_, 39:16_, 39:24_, 40:5_, 40:8_, 40:25_, 41:3_, 41:9_, 41:14_, 41:17_, 41:20_, 42:16_, 42:19_, 42:23_, 43:2_, 43:11_, 43:13_, 43:20_, 43:24_, 44:5_, 44:9_, 44:13_, 44:20_, 44:23_, 45:4_, 45:10_, 45:16_, 46:10_, 46:22_, 47:1_, 47:13_, 47:17_, 47:20_, 47:24_, 48:2_, 48:7_, 48:13_, 48:20_, 48:24_, 49:2_, 49:14_, 49:16_, 49:20_, 49:23_, 50:5_, 50:9_, 50:15_, 50:22_, 51:5_, 51:10_, 51:17_, 52:14_, 52:18_, 52:20_, 52:22_, 52:24_, 53:6_, 53:8_, 53:15_,

53:22_, 54:5_, 54:7_, 54:10_, 54:21_, 54:24_, 55:1_, 55:20_, 55:22_, 55:24_, 56:1_, 56:7_, 56:9 _, 56:11_, 56:17_, 56:21_, 56:23_, 57:4_, 57:7_, 57:12_, 57:17_, 58:1_, 58:3_, 58:7_, 58:21_, 59:2 _, 59:4_, 59:13_, 59:16_, 59:22_, 60:3_, 60:8_, 60:17_, 60:20_, 60:22_, 61:3_, 61:8_, 61:15_, 61:17_, 61:22_, 62:3_, 62:10_, 62:16_, 62:19_, 62:25_, 63:7_, 63:13_, 63:17_, 63:23_, 64:2_, 64:5_, 64:11_, 64:17_, 64:23_, 65:4_, 65:10_, 65:16_, 65:23_, 66:1_, 66:5_, 66:14_, 66:17_, 66:25_, 67:2_, 67:5_, 67:9 _, 67:15_, 67:22_, 67:25_, 68:6_, 68:11_, 68:13_, 68:19_, 68:23_, 69:3_, 69:9_, 69:16_, 69:21_, 70:1_, 70:9_, 70:17_, 71:1 _, 71:8_, 71:13_, 71:19_, 72:9_, 72:12_, 72:18_, 72:24_, 76:4_, 76:9_, 76:14_, 76:20_, 76:25_, 77:5_, 77:15_, 77:19_, 77:23_, 78:1_, 78:4_, 78:7, 78:16_, 78:21, 78:24, 79:2_, 79:7_, 79:25 _, 80:7_, 80:11_, 80:15_, 80:20_, 80:23_, 81:3_, 81:7_, 81:17_, 81:21_, 82:2, 82:5, 82:9_, 82:12_, 82:15, 82:18_, 83:11_, 83:14_, 83:21_, 84:2_, 84:4_, 84:13_, 86:13_, 87:9_, 87:12_, 90:9_, 91:2 _, 91:6_, 91:11_, 91:16_, 91:20_, 92:7_, 92:17_, 92:20_, 92:24_, 93:1_, 95:2_, 95:6_, 96:4_, 96:11 _, 96:23_, 97:21_, 98:20_, 101:17_, 101:21_, 101:25 _, 102:11_, 102:15

**Routh's** [4]_ - 18:12_, 24:17_, 85:4_, 88:22

**routinely** [1]_ - 36:2

**Roy** [3]_ - 78:6_, 79:23_, 80:10

**rule** [6]_ - 35:19_, 50:1_, 67:3_, 78:20_, 80:1_, 91:22

**Rule** [7]_ - 36:12_, 74:13_, 74:15_, 84:10_, 86:2_,

99:6

**ruled** [8]_ - 49:10_, 73:5_, 74:20_, 75:2_, 75:15_, 80:1_, 80:5_, 82:21

**rules** [4]_ - 89:11_, 89:12_, 100:8_, 102:9

**Rules** [3]_ - 90:5_, 90:7_, 102:13

**ruling** [16]_ - 17:14_, 19:21_, 35:8_, 46:24_, 54:13_, 73:7_, 76:19_, 79:9_, 79:11_, 84:11_, 85:23_, 89:8_, 95:14_, 98:7_, 99:3_, 99:5

**rulings** [9]_ - 73:8_, 75:5 _, 76:11_, 89:23_, 96:15_, 98:25_, 100:13_, 100:17_, 101:8

**run** [1]_ - 21:15

**rushed** [1]_ - 41:6

**Ryan** [2]_ - 5:5_, 5:13

## S

**sacrificing** [1]_ - 33:18

**Sara** [3]_ - 78:6_, 79:23_, 80:10

**sausage** [1]_ - 72:23

**saw** [1]_ - 94:4

**Sayles** [4]_ - 78:2_, 83:1_, 83:10_, 83:20

**science** [2]_ - 77:17_, 78:6

**se** [7]_ - 8:14_, 17:7_, 17:17_, 17:20_, 17:23_, 18:16_, 21:19

**seal** [3]_ - 6:9_, 97:5_, 97:11

**sealed** [1]_ - 36:12

**sealing** [1]_ - 97:13

**seated** [3]_ - 5:3_, 25:5_, 40:16

**seating** [1]_ - 24:22

**seats** [3]_ - 27:13_, 27:16

**second** [3]_ - 12:12_, 16:24_, 48:13

**secondly** [1]_ - 89:7

**Secret** [2]_ - 83:4_, 101:18

**Section** [1]_ - 15:6

**see** [9]_ - 9:4_, 15:14_, 15:17_, 31:11_, 48:8_, 48:23_, 79:23_, 90:5_,

100:16

**seeking** [4]_ - 86:24_, 91:18_, 94:16_, 95:20

**seeks** [1]_ - 13:16

**seem** [2]_ - 10:21_, 85:17

**segues** [1]_ - 28:4

**selection** [8]_ - 7:17_, 7:19_, 7:20_, 8:2_, 9:8_, 11:4_, 11:25_, 12:6

**self** [1]_ - 18:3

**self-representation** [1]_ - 18:3

**Semite** [1]_ - 99:16

**send** [1]_ - 18:13

**sense** [2]_ - 73:19_, 92:19

**sent** [3]_ - 78:23_, 81:9_, 99:14

**sentence** [4]_ - 71:10_, 71:14_, 92:20_, 95:5

**sentences** [6]_ - 93:6_, 93:23_, 94:5_, 94:17_, 94:20

**separate** [2]_ - 14:3_, 77:7

**separately** [2]_ - 74:5_, 78:23

**September** [5]_ - 6:1_, 7:20_, 7:22_, 9:4_, 96:20

**sequence** [1]_ - 37:25

**sequestration** [1]_ - 6:17

**series** [5]_ - 6:3_, 6:6_, 6:16_, 43:22_, 77:17

**seriously** [1]_ - 45:25

**Service** [2]_ - 83:4_, 101:18

**session** [6]_ - 6:1_, 11:9_, 21:18_, 21:24_, 37:8_, 40:18

**set** [10]_ - 7:3_, 7:13_, 8:3_, 13:10_, 27:15_, 33:18_, 34:5_, 37:6_, 86:6_, 89:7

**several** [2]_ - 17:6_, 33:15

**sexual** [2]_ - 81:6_, 82:11

**shall** [2]_ - 20:14_, 74:22

**shed** [1]_ - 14:15

**Sheriff's** [1]_ - 88:6

**shift** [3]_ - 8:7_, 71:21_, 86:8

**shifted** [1]_ - 25:14

**SHIPLEY** [60]_ - 5:8_, 8:3 _, 8:11_, 8:23_, 12:7_,

13:7_, 13:19_, 14:1_, 15:20_, 17:4_, 17:12_, 18:5_, 21:13_, 22:9_, 22:12_, 24:11_, 26:17_, 26:24_, 28:4_, 28:12_, 30:11_, 30:24, 31:1_, 31:6 _, 31:15_, 34:16_, 34:25_, 36:6_, 36:9_, 37:5_, 42:1 _, 42:4_, 42:6_, 46:15_, 46:20_, 47:8_, 48:15_, 49:9_, 51:25_, 52:2_, 54:18_, 55:9_, 55:11_, 55:16_, 58:24_, 71:24_, 73:4_, 88:20_, 88:23_, 93:3_, 94:11_, 94:21_, 94:23_, 95:13_, 98:5_, 98:22_, 100:3_, 100:20_, 101:10_, 101:15

**Shipley** [28]_ - 5:9_, 12:23 _, 15:15_, 17:3_, 19:15_, 24:9_, 30:10_, 34:14_, 34:22_, 37:2_, 37:14_, 40:12_, 41:24_, 46:14_, 47:6_, 49:8_, 51:23_, 54:17_, 55:15_, 71:23_, 73:3_, 73:14_, 87:15_, 96:18_, 97:1_, 98:4_, 100:19_, 101:14

**shirts** [1]_ - 22:19

**show** [2]_ - 27:20_, 96:13

**shred** [3]_ - 92:17_, 95:2_, 95:4

**shredding** [4]_ - 92:22_, 93:15_, 96:1_, 96:2

**sic** [2]_ - 47:21_, 91:14

**side** [5]_ - 11:9_, 11:25_, 83:15_, 94:4

**signaled** [1]_ - 89:17

**signalled** [1]_ - 88:25

**signature** [1]_ - 31:20

**signed** [2]_ - 31:8_, 31:20

**significant** [1]_ - 7:12

**Sihvola** [4]_ - 5:19_, 5:22 _, 10:3_, 25:5

**similar** [2]_ - 16:4_, 18:16

**simple** [2]_ - 13:14_, 30:3

**simplify** [1]_ - 35:21

**simply** [4]_ - 14:21_, 17:22_, 18:25_, 94:16

**single** [1]_ - 83:22

**sitting** [1]_ - 25:13

**situation** [3]_ - 24:2_, 49:23_, 84:16

**skip** [4]_ - 49:18_, 57:5_, 60:4_, 60:12

**skips** [1]₋ - 43:21
**SKS** [3]₋ - 100:22₋, 100:25 ₋, 101:5
**slew** [1]₋ - 99:13
**slice** [1]₋ - 82:2
**slightly** [2]₋ - 8:12₋, 25:14
**slogans** [2]₋ - 22:19₋, 23:15
**Smith** [1]₋ - 74:21
**sniper** [1]₋ - 35:14
**so..** [6]₋ - 49:25₋, 52:15₋, 59:5₋, 76:22₋, 83:19₋, 84:23
**sold** [1]₋ - 18:17
**solve** [1]₋ - 91:24
**someone** [1]₋ - 15:2
**sorry** [5]₋ - 48:15₋, 76:10 ₋, 79:18₋, 94:17₋, 98:22
**sort** [6]₋ - 13:13₋, 26:15₋, 29:20₋, 74:13₋, 96:18₋, 100:5
**sought** [2]₋ - 74:13₋, 97:6
**sounds** [3]₋ - 9:6₋, 12:7₋, 92:4
**source** [1]₋ - 13:22
**sourced** [1]₋ - 14:11
**space** [1]₋ - 26:12
**speaking** [4]₋ - 29:10₋, 30:8₋, 81:8₋, 83:18₋, 96:5 ₋, 96:8
**speaks** [5]₋ - 45:21₋, 45:23₋, 90:17₋, 95:9
**specific** [8]₋ - 11:15₋, 13:2₋, 16:1₋, 39:22₋, 50:6 ₋, 92:5₋, 98:16₋, 99:8
**specifically** [3]₋ - 11:17 ₋, 35:5₋, 75:24
**specified** [1]₋ - 79:11
**speech** [2]₋ - 20:14₋, 20:24
**speed** [1]₋ - 68:25
**spend** [1]₋ - 83:22
**spent** [1]₋ - 83:19
**spoken** [1]₋ - 97:8
**St** [2]₋ - 10:16₋, 39:20
**stack** [1]₋ - 36:5
**staff** [4]₋ - 26:7₋, 35:22₋, 36:19₋, 39:8
**standard** [8]₋ - 13:4₋, 14:19₋, 14:20₋, 14:22₋,

14:23₋, 15:6₋, 15:23₋, 86:23
**standards** [1]₋ - 89:15
**standby** [8]₋ - 5:20₋, 5:22 ₋, 7:6₋, 10:5₋, 17:25₋, 25:4₋, 30:19₋, 41:19
**start** [9]₋ - 7:25₋, 8:24₋, 18:14₋, 28:9₋, 42:12₋, 73:20₋, 73:24₋, 77:16₋, 87:17
**started** [1]₋ - 76:21
**starting** [5]₋ - 5:7₋, 7:21₋, 9:2₋, 21:15₋, 40:20
**state** [6]₋ - 5:6₋, 29:5₋, 29:13₋, 30:4₋, 45:23₋, 88:9
**statement** [4]₋ - 18:10₋, 23:14₋, 25:11₋, 29:21
**statements** [7]₋ - 7:21₋, 21:2₋, 23:15₋, 27:25₋, 89:9₋, 89:19₋, 90:6
**states** [3]₋ - 14:24₋, 92:10 ₋, 92:15
**States** [15]₋ - 5:4₋, 5:7₋, 5:9₋, 6:4₋, 6:10₋, 8:9₋, 12:5₋, 20:12₋, 32:12₋, 33:2₋, 36:20₋, 58:23₋, 76:1₋, 87:5₋, 88:15
**stating** [1]₋ - 71:25
**station** [1]₋ - 86:18
**status** [2]₋ - 17:7₋, 21:19
**statute** [5]₋ - 13:12₋, 14:2 ₋, 14:4₋, 15:4₋, 15:24
**statutory** [2]₋ - 13:3₋, 15:7
**stay** [3]₋ - 24:22₋, 26:12₋, 42:3
**step** [9]₋ - 7:18₋, 13:17₋, 14:9₋, 15:17₋, 16:1₋, 16:4 ₋, 16:7₋, 16:15
**step-by-step** [1]₋ - 7:18
**steps** [1]₋ - 26:21
**still** [10]₋ - 8:20₋, 9:25₋, 23:21₋, 27:14₋, 45:16₋, 46:5₋, 76:18₋, 87:10₋, 87:15₋, 100:14
**stipulated** [1]₋ - 35:13
**stipulating** [1]₋ - 95:19
**stipulation** [2]₋ - 32:8₋, 35:11
**stipulations** [6]₋ - 30:13 ₋, 31:4₋, 31:8₋, 31:12₋, 31:22₋, 32:3
**stop** [1]₋ - 29:14

**story** [1]₋ - 91:2
**straight** [1]₋ - 80:6
**straightforward** [1]₋ - 35:20
**stream** [1]₋ - 29:19
**strictly** [1]₋ - 25:17
**stuck** [1]₋ - 42:6
**subject** [10]₋ - 9:24₋, 24:6 ₋, 24:19₋, 30:16₋, 35:10₋, 46:2₋, 76:15₋, 77:10₋, 84:10₋, 89:5
**subjects** [1]₋ - 36:2
**submission** [4]₋ - 12:23 ₋, 15:18₋, 16:10₋, 87:5
**submissions** [1]₋ - 30:14
**submitted** [4]₋ - 36:13₋, 39:3₋, 45:20₋, 102:1
**subpoena** [2]₋ - 6:8₋, 74:13₋, 88:4
**subpoenaed** [2]₋ - 74:22₋, 85:4
**subpoenaing** [1]₋ - 75:12
**subpoenas** [9]₋ - 36:13 ₋, 74:1₋, 74:2₋, 74:18₋, 77:20₋, 78:22₋, 79:1₋, 84:9₋, 86:2
**subsequent** [1]₋ - 37:18
**substance** [2]₋ - 12:21₋, 16:23
**substantial** [7]₋ - 13:17 ₋, 14:9₋, 15:17₋, 16:1₋, 16:4₋, 16:7₋, 16:15
**substantive** [9]₋ - 12:10 ₋, 21:19₋, 21:20₋, 21:22₋, 36:17₋, 40:20₋, 96:25₋, 98:3₋, 98:11
**subsumed** [1]₋ - 13:20
**succinct** [2]₋ - 29:21₋, 30:4
**succinctly** [1]₋ - 29:13
**sudden** [1]₋ - 27:4
**sufficiently** [1]₋ - 92:4
**suggested** [1]₋ - 11:4
**suggestion** [2]₋ - 28:12 ₋, 28:13
**summary** [1]₋ - 15:21
**summoning** [1]₋ - 9:22
**supplement** [5]₋ - 6:9₋, 36:12₋, 86:22₋, 88:8₋, 96:18

**supplemental** [1]₋ - 16:20
**supplies** [1]₋ - 7:5
**Support** [1]₋ - 86:11
**support** [2]₋ - 23:8₋, 39:19
**supposed** [1]₋ - 44:2
**surprised** [1]₋ - 79:20
**suspect** [1]₋ - 16:23
**swimming** [1]₋ - 84:6
**sworn** [1]₋ - 20:9

## T

**table** [7]₋ - 25:6₋, 25:7₋, 25:21₋, 44:19₋, 48:6₋, 71:11₋, 93:17
**tabled** [1]₋ - 100:5
**tackle** [1]₋ - 34:18₋, 99:18
**Tamura** [3]₋ - 83:1₋, 83:9 ₋, 83:12
**targeted** [1]₋ - 29:21
**task** [1]₋ - 10:22
**team** [1]₋ - 37:14
**technical** [1]₋ - 40:19
**template** [1]₋ - 14:20₋, 14:24
**templates** [1]₋ - 14:22
**Tendering** [2]₋ - 31:1₋, 36:21
**term** [1]₋ - 83:14
**terms** [4]₋ - 9:2₋, 13:12₋, 41:25₋, 44:2
**testify** [3]₋ - 78:18₋, 80:10 ₋, 82:10
**testifying** [1]₋ - 75:6
**testimony** [4]₋ - 7:23₋, 75:2₋, 79:23₋, 83:3
**text** [4]₋ - 13:3₋, 15:7₋, 47:14
**THE** [436]₋ - 5:2₋, 5:11₋, 5:14₋, 5:17₋, 5:19₋, 5:24 ₋, 8:4₋, 8:6₋, 8:20₋, 8:25₋, 9:7₋, 9:14₋, 9:21₋, 10:11 ₋, 10:13₋, 10:16₋, 10:19₋, 11:8₋, 11:15₋, 11:20₋, 11:23₋, 12:4₋, 12:8₋, 12:17₋, 12:20₋, 13:15₋, 13:25₋, 14:15₋, 15:3₋, 16:19₋, 17:3₋, 17:11₋, 18:2₋, 19:5₋, 19:9₋, 19:14 ₋, 19:17₋, 20:4₋, 21:7₋,

21:9..., 21:14..., 22:4..., 22:8
..., 22:11..., 22:24..., 23:9...,
23:11..., 23:25..., 24:3...,
24:5..., 24:9..., 24:17..., 25:3
..., 25:9..., 25:17..., 26:1...,
26:11..., 26:20..., 26:25...,
27:9..., 27:18..., 27:25...,
28:10..., 28:16..., 28:21...,
29:1..., 29:8..., 29:12...,
29:16..., 29:18..., 29:24...,
30:8..., 30:23..., 30:25...,
31:2..., 31:12..., 32:1..., 32:7
..., 32:14..., 32:17..., 32:20...,
32:23..., 32:25..., 33:6...,
33:8..., 33:10..., 33:13...,
33:17..., 33:21..., 33:24...,
34:5..., 34:9..., 34:12...,
34:14..., 34:21..., 36:4...,
36:8..., 36:10..., 36:22...,
36:25..., 37:2..., 37:7..., 38:3
..., 38:7..., 38:11..., 38:15...,
38:19..., 38:24..., 39:6...,
39:12..., 39:17..., 40:3...,
40:6..., 40:10..., 40:16...,
41:1..., 41:5..., 41:10...,
41:15..., 41:18..., 41:21...,
42:2..., 42:5..., 42:9..., 42:17
..., 42:21..., 42:25..., 43:4...,
43:7..., 43:12..., 43:14...,
43:17..., 43:21..., 44:3...,
44:6..., 44:8..., 44:10...,
44:12..., 44:14..., 44:16...,
44:21..., 44:24..., 45:2...,
45:5..., 45:8..., 45:12..., 46:1
..., 46:11..., 46:14..., 46:17...,
46:21..., 46:23..., 47:2...,
47:5..., 47:9..., 47:16...,
47:18..., 47:21..., 47:25...,
48:6..., 48:8..., 48:21...,
48:25..., 49:3..., 49:7...,
49:10..., 49:15..., 49:18...,
49:21..., 50:1..., 50:6...,
50:10..., 50:13..., 50:16...,
50:20..., 50:23..., 51:3...,
51:8..., 51:11..., 51:15...,
51:18..., 51:23..., 52:1...,
52:3..., 52:9..., 52:16...,
52:19..., 52:21..., 52:23...,
52:25..., 53:4..., 53:7..., 53:9
..., 53:13..., 53:16..., 53:20...,
53:23..., 54:3..., 54:6..., 54:9
..., 54:11..., 54:16..., 54:19...,
54:23, 54:25..., 55:2...,
55:10..., 55:12..., 55:17...,
55:21..., 55:23..., 55:25...,
56:2..., 56:6..., 56:8..., 56:10
..., 56:12..., 56:16..., 56:18...,
56:20..., 56:22..., 56:24...,
57:3..., 57:5..., 57:8..., 57:11
..., 57:13..., 57:16..., 57:18...,
57:24..., 58:2..., 58:4..., 58:8

..., 58:11..., 58:16..., 58:20...,
58:22..., 58:25..., 59:3...,
59:7..., 59:12..., 59:14...,
59:17..., 59:20..., 59:23...,
60:4..., 60:9..., 60:12...,
60:18..., 60:21..., 60:23...,
61:2..., 61:4..., 61:6..., 61:9
..., 61:13..., 61:16..., 61:18...,
61:21..., 61:23..., 62:1...,
62:4..., 62:8..., 62:11...,
62:14..., 62:17..., 62:20...,
62:23..., 63:1..., 63:5..., 63:8
..., 63:11..., 63:14..., 63:16...,
63:18..., 63:21..., 63:24...,
64:1..., 64:3..., 64:6..., 64:9
..., 64:12..., 64:15..., 64:18...,
64:21..., 64:24..., 65:2...,
65:5..., 65:8..., 65:11...,
65:14..., 65:17..., 65:21...,
65:24..., 66:2..., 66:6...,
66:11..., 66:15..., 66:18...,
66:21..., 66:24..., 67:1...,
67:3..., 67:6..., 67:8..., 67:10
..., 67:13..., 67:16..., 67:20...,
67:23..., 68:1..., 68:4..., 68:7
..., 68:10..., 68:12..., 68:14...,
68:18..., 68:21..., 68:24...,
69:6..., 69:10..., 69:14...,
69:17..., 69:20..., 69:22...,
69:24..., 70:2..., 70:6...,
70:10..., 70:15..., 70:18...,
70:22..., 71:2..., 71:6...,
71:11..., 71:17..., 71:20...,
72:7..., 72:10..., 72:13...,
72:16..., 72:19..., 72:21...,
72:25..., 73:3..., 73:8...,
73:18..., 73:23..., 74:12...,
74:24, 75:8..., 75:16..., 76:2
..., 76:5..., 76:10..., 76:15...,
76:23..., 77:1..., 77:6...,
77:16..., 77:22..., 77:25...,
78:2..., 78:5..., 78:13...,
78:17..., 78:22..., 78:25...,
79:3..., 79:22..., 80:3..., 80:9
..., 80:13..., 80:18..., 80:21...,
80:25..., 81:4..., 81:15...,
81:18..., 81:24..., 82:4...,
82:6..., 82:10..., 82:14...,
82:16..., 82:19..., 83:9...,
83:12..., 83:20..., 84:1...,
84:3..., 84:8..., 84:24...,
85:22..., 86:21..., 87:10...,
87:14..., 88:9..., 88:21...,
90:1..., 91:1..., 91:4..., 91:9
..., 91:12..., 91:18..., 91:21...,
92:16..., 92:18..., 92:21...,
92:25..., 93:2..., 94:8...,
94:20..., 94:22..., 94:24...,
95:4..., 95:12..., 95:24...,
96:10..., 96:15..., 96:24...,
97:12..., 97:18..., 97:23...,

98:13..., 98:21..., 99:21...,
100:10..., 101:3..., 101:11...,
101:16..., 101:20..., 101:22
..., 102:4..., 102:12...,
102:16

**themselves** [1] ... - 41:8

**they've** [1] ... - 39:4

**third** [4] ... - 8:21..., 18:4...,
18:5..., 19:24

**thirds** [1] ... - 64:15

**thirteenth** [3] ... - 86:22...,
87:7..., 87:11

**thoughtful** [1] ... - 97:22

**thoughts** [2] ... - 19:19...,
29:19

**thread** [1] ... - 78:11

**three** [35] ... - 9:22..., 19:3...,
27:16..., 27:17..., 27:18...,
27:19..., 33:15..., 39:22...,
40:1..., 41:3..., 50:23...,
53:16..., 56:2..., 56:12...,
59:17..., 61:7..., 68:1..., 68:7
..., 77:24..., 79:8..., 83:1...,
85:7..., 86:18..., 88:14...,
93:6..., 93:23..., 94:2..., 94:5
..., 94:10..., 94:16..., 94:17...,
94:20

**thrown** [1] ... - 54:8

**Thursday** [4] ... - 7:21...,
10:1..., 10:23..., 96:20

**timing** [2] ... - 8:1..., 8:2

**titled** [1] ... - 86:10

**today** [23] ... - 6:10..., 7:7...,
7:10..., 7:25..., 28:10...,
30:22..., 31:5..., 34:18...,
36:16..., 40:18..., 44:16...,
45:20..., 49:11..., 49:19...,
73:10..., 73:12..., 81:1...,
85:24..., 88:13..., 96:22...,
96:25..., 101:12..., 102:1

**today's** [3] ... - 6:24..., 6:25
..., 37:25

**together** [4] ... - 6:2..., 75:3
..., 83:19..., 84:5

**Toha** [1] ... - 80:22

**Tommy** [1] ... - 74:22

**tomorrow** [1] ... - 98:1

**topic** [7] ... - 11:18..., 17:4...,
28:15..., 89:18..., 93:5...,
93:24..., 100:9

**topics** [4] ... - 18:11..., 31:22
..., 35:25..., 37:17

**total** [2] ... - 9:22..., 42:10

**touch** [1] ... - 12:24

**touched** [2] ... - 22:4...,
73:11

**track** [5] ... - 8:15..., 8:16...,
13:11..., 14:12..., 18:14

**trait** [2] ... - 81:9..., 81:12

**traits** [2] ... - 79:12..., 81:10

**transmit** [1] ... - 10:5

**travel** [1] ... - 75:12

**trial** [28] ... - 5:25..., 7:13...,
8:1..., 8:7..., 8:10..., 9:2...,
12:12..., 13:24..., 16:24...,
18:15..., 18:22..., 21:3...,
21:21..., 22:1..., 24:23...,
27:12..., 27:14..., 28:9...,
35:20..., 41:12..., 42:3...,
48:8..., 74:1..., 88:4..., 100:5
..., 101:12..., 102:8...,
102:10

**trials** [1] ... - 17:20

**tried** [5] ... - 13:10..., 30:11...,
30:13..., 35:1..., 42:8

**trigger** [1] ... - 84:22

**Trump** [2] ... - 80:24...,
93:14

**Trump's** [1] ... - 45:21

**truth** [3] ... - 23:13..., 84:17...,
84:19

**try** [4] ... - 15:1..., 24:25...,
36:17..., 68:25

**trying** [12] ... - 14:9..., 71:25
..., 79:1..., 79:17..., 79:18...,
84:15..., 84:16..., 84:17...,
84:18..., 86:5..., 91:9

**turn** [4] ... - 28:15..., 29:3...,
43:7..., 90:1

**turning** [1] ... - 65:3

**two** [32] ... - 8:18..., 19:22...,
20:1..., 29:13..., 38:16...,
39:15..., 39:16..., 39:17...,
39:25..., 40:7..., 40:8...,
50:16..., 52:4..., 56:24...,
60:23..., 63:1..., 64:15...,
66:13..., 68:14..., 73:21...,
77:6..., 79:20..., 83:15...,
83:23..., 86:8..., 88:16...,
88:22..., 90:3..., 90:8...,
91:12..., 91:24..., 96:21

**two-thirds** [1] ... - 64:15

**type** [1] ... - 98:24

U

**Ukraine** [1] ... - 71:15

**ultimate** [1] ... - 74:14

**ultimately** [3]_ - 7:19_, 13:4_, 78:19

**unclear** [2]_ - 79:25_, 100:14

**uncontested** [3]_ - 37:13_, 40:21_, 71:21

**under** [12]_ - 6:9_, 38:24_, 78:20_, 89:11_, 90:4_, 90:7_, 91:16_, 97:5_, 97:10_, 100:8

**underlying** [1]_ - 41:8

**understood** [1]_ - 26:24

**unexpected** [1]_ - 8:14

**United** [15]_ - 5:4_, 5:7_, 5:9_, 6:4_, 6:10_, 8:9_, 12:5_, 20:12_, 32:12_, 33:2_, 36:20_, 58:23_, 76:1_, 87:5_, 88:15

**university** [1]_ - 77:17

**unknown** [2]_ - 42:20_, 42:22

**unless** [6]_ - 5:3_, 25:6_, 31:15_, 32:9_, 40:16_, 98:11

**unnecessary** [1]_ - 13:20

**untimely** [2]_ - 86:6_, 88:25

**unusual** [1]_ - 21:17

**up** [18]_ - 8:18_, 12:1_, 14:16_, 21:9_, 27:20_, 30:20_, 40:23_, 46:7_, 49:7_, 68:25_, 78:10_, 79:14_, 85:13_, 85:18_, 92:2_, 95:19

**upcoming** [3]_ - 6:1_, 7:14_, 9:3

### V

**vaguely** [1]_ - 19:16

**valid** [3]_ - 44:18_, 49:14_, 90:22

**variables** [1]_ - 8:14

**various** [2]_ - 40:24_, 41:23

**vehicles** [1]_ - 84:7

**verdict** [3]_ - 16:3_, 16:15 _, 20:22

**versa** [1]_ - 26:8

**version** [2]_ - 18:12_, 40:23

**vice** [1]_ - 26:8

**vicinity** [1]_ - 26:22

**victim** [4]_ - 79:6_, 79:7_, 89:21_, 94:5

**video** [1]_ - 86:17

**Vienna** [1]_ - 72:23

**view** [6]_ - 19:20_, 20:15_, 28:7_, 74:8_, 89:14_, 100:6

**views** [1]_ - 13:17

**violation** [1]_ - 87:6

**violent** [1]_ - 100:22

**virtue** [1]_ - 96:7

**visibility** [1]_ - 24:24

**visitors** [1]_ - 27:14

**vital** [1]_ - 79:12

**voir** [3]_ - 10:25_, 11:2_, 11:21

### W

**wait** [1]_ - 102:8

**walking** [1]_ - 26:15

**wants** [2]_ - 28:15_, 98:25

**war** [1]_ - 71:15

**warranted** [2]_ - 48:10_, 101:7

**weapon** [2]_ - 99:22_, 100:22

**weapons** [2]_ - 99:11_, 99:12

**wearing** [1]_ - 22:19

**Wednesday** [1]_ - 7:20

**week** [11]_ - 8:21_, 9:4_, 12:12_, 16:24_, 17:5_, 17:9_, 39:3_, 39:4_, 81:10 _, 83:23_, 99:19

**weighing** [1]_ - 12:22

**weight** [1]_ - 21:3

**welcome** [2]_ - 92:2_, 100:12

**well-rounded** [1]_ - 84:15

**Wesley** [1]_ - 5:5

**whole** [9]_ - 48:4_, 48:14_, 57:17_, 84:13_, 84:16_, 84:21_, 93:4_, 95:8

**winnow** [1]_ - 82:23

**wise** [2]_ - 97:21_, 97:22

**wish** [8]_ - 25:6_, 26:5_, 27:21_, 28:3_, 73:14_, 96:18_, 101:4_, 102:5

**wished** [1]_ - 27:11

**wishes** [1]_ - 100:10

**witness** [36]_ - 7:9_, 7:22 _, 25:10_, 25:20_, 26:6_, 26:8_, 26:14_, 32:11_, 34:19_, 35:23_, 37:15_, 73:15_, 73:21_, 74:4_, 74:6_, 74:10_, 74:14_, 74:23_, 75:3_, 75:13_, 75:23_, 75:25_, 77:10_, 97:3_, 97:10_, 97:24_, 97:25_, 99:25_, 100:4_, 100:8_, 100:11_, 101:19_, 101:22_, 101:23

**witnesses** [28]_ - 6:8_, 6:11_, 8:17_, 32:21_, 36:18_, 37:18_, 37:20_, 38:12_, 73:22_, 74:3_, 74:9_, 74:21_, 75:5_, 75:7 _, 75:18_, 76:6_, 76:13_, 83:1_, 84:10_, 85:1_, 85:7 _, 85:17_, 85:18_, 85:23_, 86:6_, 98:17_, 99:7_, 99:10

**WMD** [1]_ - 101:5

**wonderful** [2]_ - 23:20_, 25:2

**word** [1]_ - 19:10

**words** [5]_ - 11:16_, 29:14 _, 90:20_, 95:4_, 95:21

**worker** [1]_ - 83:14

**workers** [1]_ - 78:11

**works** [1]_ - 84:6

**world** [2]_ - 88:19_, 91:14

**World** [11]_ - 39:24_, 45:17_, 45:24_, 46:1_, 89:4_, 90:2_, 92:3_, 93:6 _, 94:9_, 96:17_, 96:19

**write** [1]_ - 91:14

**writer** [1]_ - 45:22

**written** [1]_ - 82:22

**wrote** [5]_ - 91:5_, 91:7_, 95:18_, 95:20_, 97:18

### X

**Xterra** [1]_ - 35:14

**XXXXXXXXXXXXX XX** [3]_ - 82:6_, 82:8_, 82:16

### Y

**Yale** [1]_ - 75:19

**year** [1]_ - 86:19

**years** [1]_ - 83:15

**yellow** [3]_ - 35:3_, 36:23 _, 60:5

**yesterday** [1]_ - 6:14

**yourself** [1]_ - 25:5

### Z

**Zuniga** [1]_ - 74:4