**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**WEST PALM BEACH DIVISION**

**CASE NO. 24-80116-CR-CANNON**

**UNITED STATES OF AMERICA**,

v.

**RYAN WESLEY ROUTH,**

  Defendant.

_____/

**PRE-CHARGE CONFERENCE JURY INSTRUCTIONS**

Members of the Jury:

  It is my duty to instruct you on the rules of law that you must use in deciding this case. After I have completed these instructions, you will go to the jury room and begin your discussions—what we call your deliberations.

  You must decide whether the Government has proved the specific facts necessary to find the Defendant guilty beyond a reasonable doubt.

**Duty To Follow Instructions and the Presumption of Innocence**

Your decision must be based only on the evidence presented here.  You must not be influenced in any way either by sympathy for or prejudice against the Defendant or the Government.

You must follow the law as I explain it—even if you do not agree with the law—and you must follow all of my instructions as a whole.  You must not single out or disregard any of the Court's instructions on the law.

The indictment or formal charge against a defendant is not evidence of guilt.  The law presumes every defendant is innocent.  The Defendant does not have to prove his innocence or produce any evidence at all.  A defendant does not have to testify, and you cannot consider in any way the fact that the Defendant did not testify.  The Government must prove guilt beyond a reasonable doubt.  If it fails to do so, you must find the Defendant not guilty.

**Definition of "Reasonable Doubt"**

The Government's burden of proof is heavy, but it does not have to prove a defendant's guilt beyond all possible doubt.  The Government's proof only has to exclude any "reasonable doubt" concerning the Defendant's guilt.

A "reasonable doubt" is a real doubt, based on your reason and common sense after you have carefully and impartially considered all of the evidence in the case.

"Proof beyond a reasonable doubt" is proof so convincing that you would be willing to rely and act on it without hesitation in the most important of your own affairs.  If you are convinced that the Defendant has been proved guilty beyond a reasonable doubt, say so.  If you are not convinced, say so.

**Consideration of Direct and Circumstantial Evidence;**
**Argument of Counsel; Comments by the Court**

As I said before, you must consider only the evidence that I have admitted in the case. Evidence includes the testimony of witnesses and the exhibits admitted. But anything the lawyers say, or Mr. Routh acting as his own lawyer says, is not evidence and is not binding on you.

You should not assume from anything I have said that I have any opinion about any factual issue in this case. Except for my instructions to you on the law, you should disregard anything I may have said during the trial in arriving at your own decision about the facts.

Your own recollection and interpretation of the evidence is what matters.

In considering the evidence, you may use reasoning and common sense to make deductions and reach conclusions. You should not be concerned about whether the evidence is direct or circumstantial.

"Direct evidence" is the testimony of a person who asserts that he or she has actual knowledge of a fact, such as an eyewitness.

"Circumstantial evidence" is proof of a chain of facts and circumstances that tend to prove or disprove a fact. There is no legal difference in the weight you may give to either direct or circumstantial evidence.

## Defendant's Self-Representation

The Defendant has decided to represent himself in this trial and not to use the services of a lawyer.  He has a constitutional right to do that.  His decision has no bearing on whether he is guilty or not guilty, and it must not affect your consideration of the case.

Given that the Defendant decided to act as his own lawyer, the Defendant was entitled to speak at various times during the trial.  He was allowed to make opening statements and closing arguments; and ask questions of witnesses, make objections, and argue legal issues to the court.

I want to remind you that if the Defendant spoke in those parts of the trial, he was acting as a lawyer in the case, and his words are not evidence.  The only evidence in this case comes from witnesses who testify under oath on the witness stand and from exhibits that are admitted.

**Credibility of Witnesses**

When I say you must consider all of the evidence, I do not mean that you must accept all the evidence as true or accurate. You should decide whether you believe what each witness had to say, and how important that testimony was. In making that decision, you may believe or disbelieve any witness, in whole or in part. The number of witnesses testifying concerning a particular point doesn't necessarily matter.

To decide whether you believe any witness I suggest that you ask yourself a few questions:

- Did the witness impress you as one who was telling the truth?

- Did the witness have any particular reason not to tell the truth?

- Did the witness have a personal interest in the outcome of the case?

- Did the witness seem to have a good memory?

- Did the witness have the opportunity and ability to accurately observe the things he or she testified about?

- Did the witness appear to understand the questions clearly and answer them directly?

- Did the witness's testimony differ from other testimony or other evidence?

**Impeachment of Witnesses Because of Inconsistent Statements or Felony Conviction**

You should also ask yourself whether there was evidence that a witness testified falsely about an important fact.  And ask whether there was evidence that at some other time a witness said or did something, or did not say or do something, that was different from the testimony the witness gave during this trial.

To decide whether you believe a witness, you may consider the fact that the witness has been convicted of a felony or a crime involving dishonesty or a false statement.  But keep in mind that a simple mistake does not mean a witness was not telling the truth as he or she remembers it.  People naturally tend to forget some things or remember them inaccurately.  So, if a witness misstated something, you must decide whether it was because of an innocent lapse in memory or an intentional deception.  The significance of the misstatement may depend on whether the misstatement was about an important fact or about an unimportant detail.

**Testimony of Witness with Plea Agreement**

You must consider some witnesses' testimony with more caution than others.

In this case, the Government has made a plea agreement with a witness in exchange for his testimony. Such "plea bargaining," as it is called, provides for the possibility of a lesser sentence than the individual would normally face. Plea bargaining is lawful and proper, and the rules of this court expressly provide for it.

But a witness who hopes to gain more favorable treatment may have a reason to make a false statement in order to strike a good bargain with the Government.

So while a witness of that kind may be entirely truthful when testifying, you should consider that testimony with more caution than the testimony of other witnesses.

And the fact that a witness has pleaded guilty to an offense is not evidence of the guilt of any other person.

**Expert Witness**

When scientific, technical or other specialized knowledge might be helpful, a person who has special training or experience in that field is allowed to state an opinion about the matter.

But that does not mean you must accept the witness's opinion. As with any other witness's testimony, you must decide for yourself whether to rely upon the opinion.

**On or About a Particular Date**

You will see that the indictment charges that a crime was committed "on or about" a certain date.  The Government does not have to prove that the offense occurred on an exact date.  The Government only has to prove beyond a reasonable doubt that the crime was committed on a date reasonably close to the date alleged.

**Similar Acts Evidence**

During the trial, you heard evidence of acts allegedly done by the Defendant on other occasions that may be similar to acts with which the Defendant is currently charged.  This evidence is admitted and may be considered by you only for the limited purpose of assisting you in determining whether the Defendant had the state of mind or intent necessary to commit the crime charged in the indictment, the Defendant had a motive or the opportunity to commit the acts charged in the indictment, the Defendant acted according to a plan or in preparation to commit a crime, or the Defendant committed the acts charged in the indictment by accident or mistake.  You may not consider this evidence for any other purpose.

Remember, the Defendant is currently on trial only for the crimes charged in the indictment. You may not convict a person simply because you believe that person may have committed an act in the past that is not charged in the indictment.

**Evidence of Flight**

Intentional flight or concealment by a person during or immediately after a crime has been committed, or after a person is accused of a crime, is not, of course, sufficient in itself to establish the guilt of that person.  But intentional flight or concealment under those circumstances is a fact that, if proved, may be considered by the jury in light of all of the other evidence in the case in determining the guilt or innocence of that person.

Whether or not the Defendant's conduct constituted flight or concealment is exclusively for you to determine.  And if you determine that the Defendant's conduct constituted flight or concealment, whether or not that conduct showed a consciousness of guilt on the Defendant's part is also exclusively for you to determine.

If you find that there was flight or concealment, you should also consider that there may be reasons for this conduct that are fully consistent with innocence.  These may include fear of being apprehended, unwillingness to confront the police, or reluctance to confront the witness.

And may I also suggest to you that a feeling of guilt does not necessarily reflect actual guilt of a crime that you may be considering.

**Stipulations**

The Government and the Defendant have agreed to certain facts in the form of stipulations read to you during this trial.  Since there is no disagreement, there is no need for evidence of these facts apart from the stipulation.  You must therefore treat these facts as having been proved.

### Introduction to Offense Instructions

The indictment charges five separate crimes, called "counts," against the Defendant. Each count has a number. You will be given a copy of the indictment to refer to during your deliberations.

Count 1 charges the Defendant with, on or about September 15, 2024, intentionally attempting to kill a then-major Presidential candidate, Donald J. Trump.

Count 2 charges the Defendant with knowingly possessing a firearm in furtherance of a crime of violence, that is the attempted assassination charged in Count 1. Count 2 further charges that the Defendant brandished the firearm.

Count 3 charges the Defendant with, on or about September 15, 2024, assaulting, opposing, impeding, intimidating, and interfering with an officer and employee of the United States, that is a United States Secret Service Agent.

Count 4 charges the Defendant with, on or about September 15, 2024, knowingly possessing a firearm and ammunition in and affecting interstate and foreign commerce, knowing that he had previously been convicted of a crime punishable by imprisonment for a term exceeding one year.

Count 5 charges the Defendant with, on or about September 15, 2024, knowingly possessing a firearm, which has had the importer's and manufacturer's serial number removed, obliterated, and altered, and had, at any time, been shipped and transported in interstate and foreign commerce.

**Conjunctively Charged Counts**

Where a statute specifies multiple alternative ways in which an offense may be committed, the indictment may allege the multiple ways in the conjunctive, that is, by using the word "and." If only one of the alternatives is proved beyond a reasonable doubt, that is sufficient for conviction, so long as you agree unanimously as to that alternative.

**Count 1: Attempted Assassination of a Major Presidential Candidate**

In some cases, it is a crime to attempt to commit an offense—even if the attempt fails.

In this case, the Defendant is charged in Count 1 with attempting to kill a major Presidential candidate.  It is a federal crime to attempt to kill a major Presidential candidate.  For you to find the Defendant guilty of that offense, the Government must prove each of the following elements beyond a reasonable doubt:

1) The Defendant intended to kill a major Presidential candidate, specifically, Donald J. Trump; and

2) The Defendant's intent was strongly corroborated by his taking a substantial step toward committing the crime.

A major Presidential candidate is a person who was "identified as such by the Secretary of Homeland Security after consultation with an advisory committee consisting of the Speaker of the House of Representatives, the minority leader of the House of Representatives, the majority and minority leaders of the Senate, and one additional member selected by the other members of the committee."  The parties have stipulated that Donald J. Trump was a major Presidential candidate on September 15, 2024, so you should take that fact as proven.  The Government is not required to prove that the Defendant knew that Donald J. Trump had been designated a "major Presidential candidate" as of September 15, 2024.

A "substantial step" is an important action leading up to committing a crime—not just an inconsequential act.  It must be more than preparation.  It must be an act that would normally result in committing the offense.  And, as stated above, the substantial step must strongly corroborate that the Defendant had the intent to kill a major Presidential candidate, specifically, Donald J.

Trump.   But a conviction for attempt does not require that a defendant actually commit the final act required for conviction for the underlying crime.

In determining whether the Defendant took a substantial step toward completing the underlying crime, you must consider all of the evidence admitted in the case.  The focus is on actions already taken to complete the underlying crime—not on acts that remain uncompleted. The Government is not, for example, required to prove that the Defendant actually fired a weapon or that the Defendant engaged in any particular activity or course of conduct.  But, as noted earlier, the Government must prove beyond a reasonable doubt that the Defendant intended to kill a major Presidential candidate, specifically Donald J. Trump, and that Defendant took a substantial step toward killing Donald J. Trump.

If the Government proves all of the elements of Count 1 beyond a reasonable doubt, then he would be guilty of Count 1 even if, at some time after taking a substantial step, the Defendant changed his mind or abandoned his plan.

You are also instructed that "factual impossibility" is not a defense to the crime of attempted assassination charged in Count 1.  Factual impossibility is the idea that some fact not known to the Defendant would have made it impossible for him to actually complete the crime. A classic example is the thief who intends to pickpocket someone thinking there is something in the person's pocket to steal but, in fact, it turns out the pocket is empty.  Applied in this circumstance, it is not a defense to Count 1 that it may have been impossible for the Defendant to actually kill Donald J. Trump on September 15, 2024, at the Trump International Golf Club.

**Count 2: Possessing a Firearm in Furtherance of a Crime of Violence**

It is a separate federal crime to possess a firearm in furtherance of a crime of violence. For you to find the Defendant guilty of Count 2, the Government must prove each of the following elements beyond a reasonable doubt:

1) that the Defendant committed the crime of violence charged in the indictment; and

2) that the Defendant knowingly possessed a firearm in furtherance of that crime, as charged in the indictment.

The applicable federal crime of violence in this case is the attempted killing of a major Presidential candidate, as charged in Count 1.

A "firearm" is any weapon designed to or readily convertible to expel a projectile by the action of an explosive. The term includes the frame or receiver of any such weapon or any firearm muffler or silencer. The parties have stipulated that the Chinese manufactured 7.62 x 38 mm Norinco semi-automatic rifle, Model SKS, introduced into evidence during trial as Government Exhibit 1, is a "firearm."

To "possess" a firearm is to have direct physical control of the firearm or to have knowledge of the firearm's presence and the ability and intent to later exercise control over the firearm.

Possessing a firearm "in furtherance of" a crime means that the firearm helped, promoted, or advanced the crime in some way.

If you find the Defendant guilty of possessing a firearm in furtherance of a crime of violence, you must also determine if the Defendant brandished a firearm during and in relation to a crime of violence.

To "brandish" a firearm means to show all or part of the firearm to another person, or otherwise make another person aware of the firearm, in order to intimidate that person. The firearm need not be directly visible to the other person.

**Count 3: Assaulting a Federal Officer**

It is a federal crime to assault a Federal officer while the officer is performing official duties.

The Defendant can be found guilty of this crime only if all the following facts are proved beyond a reasonable doubt:

1) the Defendant "forcibly assaulted," opposed, impeded, intimidated, or interfered with the person described in the indictment; and

2) the person was a Federal officer performing an official duty;

The Government must prove beyond a reasonable doubt that the victim was a Federal officer performing an official duty. The parties have stipulated in this case that a Special Agent of the United States Secret Service is a Federal officer and has the official duty to protect a major Presidential candidate. It does not matter whether the Defendant knew at the time that the victim was a Federal officer performing an official duty.

A "forcible assault" is an intentional threat or attempt to cause serious bodily injury when the ability to do so is apparent and immediate. It includes any intentional display of force that would cause a reasonable person to expect immediate and serious bodily harm or death. Though a forcible assault requires an intentional threat or attempt to inflict serious bodily injury, the threat or attempt does not have to be carried out and the victim does not have to be injured. The terms opposed, impeded, intimidated, and interfered with have their ordinary meaning.

If you find the Defendant guilty of this offense, you must also answer two questions.

First, did the Defendant's acts involve the intent to commit another felony?

Second, did the Defendant use a deadly or dangerous weapon? A "deadly or dangerous weapon" means any object that can cause death or present a danger of serious bodily injury. A

weapon intended to cause death or present a danger of serious bodily injury but that fails to do so by reason of a defective component, still qualifies as a "deadly or dangerous weapon."  To show that such a weapon was "used," the Government must prove that the Defendant possessed the weapon and intentionally displayed it when he "forcibly assaulted," opposed, impeded, intimidated, or interfered with the person described in the indictment.

**Count 4: Possession of a Firearm or Ammunition by a Convicted Felon**

It is a federal crime for anyone who knows that he or she has been convicted of a felony offense to possess a firearm or ammunition in or affecting interstate of foreign commerce.  The Defendant can be found guilty of this crime only if all the following facts are proven beyond a reasonable doubt:

1) the Defendant knowingly possessed a firearm or ammunition in or affecting interstate or foreign commerce;

2) before possessing the firearm or ammunition, the Defendant had been convicted of a felony—a crime punishable by imprisonment for more than one year; and

3) at the time the Defendant possessed the firearm or ammunition, the Defendant knew he had previously been convicted of a felony.

As I previously explained, a "firearm" is any weapon designed to or readily convertible to expel a projectile by the action of an explosive.  The term includes the frame or receiver of any such weapon or any firearm muffler or silencer.  The parties have stipulated that the Chinese manufactured 7.62 x 38 mm Norinco semi-automatic rifle, Model SKS, introduced into evidence during trial as Government Exhibit 1, is a "firearm."

"Ammunition" means ammunition or cartridge cases, primers, bullets, or propellant powder designed for use in any firearm.  The parties have stipulated that the twenty (20) Russian-manufactured 7.62 x 39 mm Tulammo bullets, introduced into evidence as Government Exhibits 3 and 4, are "ammunition."

The term "interstate or foreign commerce" includes the movement of a firearm or ammunition from one state to another or between the United States and any foreign country.  It is not necessary for the Government to prove that the Defendant knew the firearm or ammunition

had moved from one state to another, only that the firearm or ammunition did, in fact, move from one state to another.  The parties have stipulated that the Chinese-manufactured 7.62 x 39 mm Norinco semi-automatic rifle, Model SKS, was not manufactured in the State of Florida and moved in interstate and foreign commerce.  The parties have also stipulated that the twenty (20) Russian-manufactured 7.62 x 39 mm Tulammo bullets were not manufactured in the State of Florida and moved in interstate or foreign commerce.

### Count 5: Possessing a Firearm with an Obliterated Serial Number

It is a federal crime to possess a firearm that had the serial number removed, obliterated, or altered.  For you to find the Defendant guilty of Count 5, the Government must prove each of the following elements beyond a reasonable doubt:

1) the Defendant knowingly possessed a firearm;

2) the serial number of the firearm in question had been removed, obliterated, or altered;

3) the Defendant knew that the serial number had been removed, obliterated, or altered. However, the Government is not required to prove that the Defendant himself removed, obliterated, or altered the serial number; and

4) the firearm had at some time traveled in interstate commerce.

**Definition of Possession**

The law recognizes several kinds of possession. A person may have actual possession or constructive possession. And, if a person has actual or constructive possession, he or she may have sole possession or joint possession.

"Actual possession" of a thing occurs if a person knowingly has direct physical control of it.

"Constructive possession" of a thing occurs if a person doesn't have actual possession of it but has both the power and the intention to take control over it later.

"Sole possession" of a thing occurs if a person is the only one to possess it.

"Joint possession" of a thing occurs if two or more people share possession of it. The term "possession" includes actual, constructive, sole, and joint possession.

**Definition of Knowingly**

The word "knowingly" means that an act was done voluntarily and intentionally and not because of a mistake or by accident.

**No Defense of "Justification"**

The Government must prove each of the elements of a charged offense beyond a reasonable doubt, including those elements relating to the Defendant's knowledge or intent.  But, if you find that the Defendant had the state of mind necessary to commit the crimes charged in the indictment, then it is not a defense that the Defendant believed that violating the law was religiously, politically, or morally, or otherwise justified, or that ultimate good would result.

**First Amendment/Permissible Use of Evidence**

The First Amendment to the United States Constitution establishes certain rights which benefit everyone.  The First Amendment provides, in part, that Congress shall make no law abridging the freedom of speech.  A person is free to express any point of view, provided the speech does not otherwise violate the law.  But the First Amendment does not protect the kind of criminal activity charged in this case.  If the Government proves all of the elements of any crime charged in this case beyond a reasonable doubt, you must return a verdict of guilty on that count, regardless of whether the Defendant's conduct had some connection to a claim of free speech.  I instruct you as well that, in deciding whether the Government has met its burden, you may consider the Defendant's statements admitted as evidence during the trial and give them whatever weight you decide.

## Taking Notes

You have been permitted to take notes during the trial.  Most of you—perhaps all of you—have taken advantage of that opportunity.

You must use your notes only as a memory aid during deliberations.  You must not give your notes priority over your independent recollection of the evidence.  And you must not allow yourself to be unduly influenced by the notes of other jurors.

I emphasize that notes are not entitled to any greater weight than your memories or impressions about the testimony.

**Caution: Punishment**

Each count of the indictment charges a separate crime.  You must consider each crime and the evidence relating to it separately.

I caution you that the Defendant is on trial only for the specific crimes charged in the indictment.  You are here to determine from the evidence in this case whether the Defendant is guilty or not guilty of those specific crimes.

You must never consider punishment in any way to decide whether the Defendant is guilty or not guilty.  If you find the Defendant guilty, the punishment is for the Judge alone to decide later.

## Duty to Deliberate

Your verdict, whether guilty or not guilty, must be unanimous—in other words, you must all agree.  Your deliberations are secret, and you'll never have to explain your verdict to anyone.

Each of you must decide the case for yourself, but only after fully considering the evidence with the other jurors.  So you must discuss the case with one another and try to reach an agreement.  While you're discussing the case, don't hesitate to reexamine your own opinion and change your mind if you become convinced that you were wrong.  But do not give up your honest beliefs just because others think differently or because you simply want to get the case over with.

Remember that, in a very real way, you are judges—judges of the facts.  Your only interest is to seek the truth from the evidence in the case.

**Verdict**

When you get to the jury room, choose one of your members to act as foreperson.  The foreperson will direct your deliberations and will speak for you in court.

A verdict form has been prepared for your convenience.

[Explain verdict]

Take the verdict form with you to the jury room.  When you have all agreed on the verdict, your foreperson must fill in the form, sign it, date it, and carry it.  Then you'll return it to the courtroom.

If you wish to communicate with me at any time, please write down your message or question and give it to the marshal.  The marshal will bring it to me and I will respond as promptly as possible—either in writing or by talking to you in the courtroom.  But I caution you not to tell me how many jurors have voted one way or the other at that time.