**FEDERAL PUBLIC DEFENDER**
Southern District of Florida
www.fpdsouthflorida.org

**Hector A. Dopico**
**Federal Public Defender**

Location: <u>Fort Pierce</u>

**Helaine B. Batoff**
**Chief Assistant**

<u>Miami:</u>

**Abigail Becker**
**Christian Dunham**
**R. D'Arsey Houlihan**
**Bunmi Lomax**
    **Supervising Attorneys**

Helene Barthelemy
Sowmya Bharathi
Elisabeth Blair
Eboni Blenman
Micki Bloom
Anshu Budhrani
Paul Carson
Michael Caruso
Eric Cohen
Tracy Dreispul
MaeAnn Dunker
Daniel L. Ecarius
Sogol Ghomeshi
Jean-Pierre Gilbert
Alexandra Hoffman
Srilekha Jayanthi
Ashley Kay
Evan Kuhl
Ian McDonald
Kate Mollison
Leticia Olivera
Ta'Ronce Stowes
Marisa Taney
Kate Taylor
Victor Van Dyke

<u>Ft. Lauderdale:</u>

**Robert N. Berube**
    **Branch Supervisor**
**Bernardo Lopez,**
    **Supervising Attorney**

Andrew Adler
Huda Ajlani-Macri
Janice Bergmann
Brenda G. Bryn
Timothy M. Day
Allari Dominguez
Margaret Y. Foldes
Sara Kane
Jan C. Smith
Wesley Wallace

<u>West Palm Beach:</u>

**Peter Birch,**
    **Branch Supervisor**

Robert E. Adler
Lori Barrist
Scott Berry
Caroline McCrae
Kristy Militello

<u>Fort Pierce:</u>

Kafahni Nkrumah
Renee Sihvola

May 30, 2025

John Shipley
Assistant United States Attorney
Southern District of Florida
99 NE 4th Street, Suite 826
Miami, FL 33132

Re:    *United States v. Ryan Routh*
        Case No. 24-cr-80116-AMC

Dear Mr. Shipley,

    Pursuant to Federal Rule of Criminal Procedure 16(b)(1)(C), Southern District of Florida Local Rule 88.10(o)(3), the Court's Order Establishing Pretrial Deadlines (D.E. 91), and the Court's Order regarding the Live Fire Testing (D.E. 128), Mr. Routh provides the following supplemental synopsis of defense expert witness testimony of Michael A. McClay.

    In addition to the Defense March 28, 2025 expert disclosure letter, Mr. McClay would also testify that on May 13, 2025, he conducted an operability test of the Norinco semi-automatic rifle, Model SKS, pursuant to D.E. 128. This testing was conducted at the Miami-Dade Public Safety (MDSO) Training Institute, 9601 NW 58th St., Doral, FL 33178 in the presence of FBI Agents and Defense Investigator Alan Gomez. The MDSO Training Institute provided the ammunition of a sealed box of Federal American Eagle 7.62 x 39mm, 124 grain centerfire rifle cartridges.

    Under the continuous supervision and observation of those FBI evidence custodians, Mr. McClay took possession of the firearm and magazine. To comply with the Court's Order regarding the live fire operability testing only and in an abundance of caution in case the rifle's trigger mechanism were modified, only two of those 7.62 x 39mm

| **Miami** | **Ft. Lauderdale** | **West Palm Beach** | **Ft. Pierce** |
|---|---|---|---|
| 150 West Flagler Street | One East Broward Boulevard | 250 South Australian Avenue | 109 North 2nd Street |
| Suite 1500 | Suite 1100 | Suite 400 | Ft. Pierce, FL 34950 |
| Miami, FL, 33130-1555 | Ft. Lauderdale, FL 33301-1842 | West Palm Beach, FL 33401-5040 | Tel: (772) 489-2123 |
| Tel: (305) 536-6900 | Tel: (954) 356-7436 | Tel: (561) 833-6288 | Fax: (772) 489-3997 |
| Fax: (305) 530-7120 | Fax: (954) 356-7556 | Fax: (561) 247-7094 | |

Page 2

cartridges were filled into the magazine. McClay loaded the magazine into the rifle, placed the weapon onto fire (position), and pulled the trigger. The rifle expelled the projectile into the berm and the bolt extracted the spent casing. As the bolt went forward to cycle the second round from the magazine, the cartridge misfed and jammed at the throat of the chamber. McClay verbally announced a misfeed, rendered the rifle safe, and confirmed the misfeed with the FBI Agent. McClay then removed the magazine and the misfired cartridge from the rifle. Defense then took the cartridge with damage into possession.

After the FBI agent retrieved that same box of ammunition from the table, McClay retrieved two new rounds to repeat the process. The same action occurred with the firing of the first cartridge and the same type of misfeed on the second cartridge. After the firing of the first round, McClay verbally announced a misfeed, rendered the rifle safe, and again confirmed the misfeed with the FBI Agent. McClay then removed the magazine and the second misfed cartridge from the rifle. Defense took this second misfed cartridge into possession. Both cartridges that failed to feed into the rifle chamber appeared to have the bullets compressed further into their casings when compared to the remaining ammunition. The FBI Agents collected the two expended casings.

Per the limitations of the Court's Order regarding the live fire testing of the aforementioned rifle for operability only, Mr. McClay would testify to his opinion that this firearm with the configuration of two cartridges loaded in this magazine would be operational for the first round. A second cartridge would likely continue to fail to feed into the chamber and therefore not be able to be fired. The failure to feed is likely to due to the magazine's ineffectiveness to properly feed the second cartridge into the chamber to complete the rifle manufacturer's designed cycle of action. Adequate magazines require appropriate spring tension for the entire capacity of the magazine, through all cycles of the action. Each round should have equal pressure of the spring so that the firearm is able to adequately chamber a cartridge. Additional testing would be required to rule out any other variables associated with the magazine.

Sincerely,

*Renee Sihvola*
Assistant Federal Public Defender
Ft. Pierce
Southern District of Florida