UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.   24-80116-CR-CANNON

UNITED STATES OF AMERICA,

    Plaintiff,

vs.

RYAN WESLEY ROUTH,

    Defendant.
_____:

## MOTION TO APPOINT CONFLICT-FREE COUNSEL

The Federal Public Defender for the Southern District of Florida, through undersigned counsel, requests this Court appoint conflict-free counsel to represent Ryan Wesley Routh. Mr. Routh requests the reappointment of counsel for sentencing, but his standby counsel should not be reappointed because of a conflict of interest. Per the duties of the Federal Public Defender Office, as outlined in the local CJA Plan, undersigned counsel hereby notifies the Court that it investigated and determined that an actual conflict exists "to facilitate the timely appointment of other counsel. [1] Florida Bar Rule 4-1.16 outlines when a lawyer must decline

---

[1] The CJA Plan, REVISED PLAN FOR FURNISHING REPRESENTATION PURSUANT TO THE CRIMINAL JUSTICE ACT 18 U.S.C. § 3006A, for the United States District Court for the Southern District of Florida provides for the determination of eligibility for CJA representation. United States District Court for the Southern District of Florida, *Criminal Justice Act Plan* (2024), available at https://www.flsd.uscourts.gov/sites/flsd/files/CJA%20PLAN%20-%202024.pdf.

1

representation and prevents undersigned counsel from accepting an appointment where a conflict exists and such representation would violate the rules of professionalism. Counsel submits a conflict exists pursuant to Florida Bar Rule 4-1.7(2) and grounds established in Rule 4-1.16. In this instance, these conflicts prevent the reappointment of the Federal Public Defender's Office. Because Mr. Routh is entitled to counsel at his sentencing hearing, which is a critical stage of proceedings, undersigned counsel now requests this Court appoint conflict-free counsel.

## FACTS AND BACKGROUND

On July 23, 2025, undersigned counsel moved to withdraw as the attorney of record per the Florida Bar Rules of Professional Conduct. In the public written motion, undersigned counsel cited primarily Mr. Routh's refusals to meet or communicate with members of the defense team and their office. DE 203. During a sealed hearing on July 24, 2025, undersigned counsel cited additional reasons to withdraw, которые have not been made public. On July 28, 2025, the Court denied the motion to withdraw and noted that such a request was "moot in light of *pro se* Defendant's request to waive appointed counsel and proceed *pro se*." DE 214 at 1. The Court further found that "to the extent standby counsel is concerned about a potential

---

Adopted by the District Court and approved by the Eleventh Circuit Court of Appeals, the Plan in subsection IV.B.1.c. outlines the Federal Public Defender Office duties to "immediately investigate and determine whether an actual or potential conflict exists" and "promptly notify the court to facilitate the timely appointment of other counsel" for cases where the Defender Office may be appointed with an actual or potential conflict. *Id.*

2

need in the future to resume full appointed status, that concern is speculative at this point. And for the reasons already stated, any claim of an irreconcilable conflict warranting termination is not support by the current record." DE 214 at 3.

From July 24, 2025 and throughout the months of August and September, undersigned counsel fulfilled their court-ordered duties as standby counsel, including continuous standby representation during Mr. Routh's trial. During this time, undersigned counsel received various letters and emails which further renewed their conflict preventing reappointment. Additionally, various events occurred which similarly established grounds for a conflict that would prevent reappointment according to the Florida Bar Rules.

On October 1, 2025, Mr. Routh contacted standby counsel by telephone and requested the appointment of counsel for his presentence investigation interview, for sentencing preparations, and for sentencing.[2] Undersigned counsel advised that the Federal Public Defender for the Southern District of Florida cannot ethically accept reappointment due to an actual conflict of interest. However, standby counsel further advised that we would meet with our supervisor, the Federal Defender of the District, Hector Dopico, and reach a final decision. Undersigned counsel met with Mr. Dopico both before and after this October 1, 2025 phone call to discuss the ongoing ethical

---

[2] Undersigned Counsel contacted Mr. Routh again yesterday, October 3, 2025, to advise of him of their conflict to reappointment and also to inquire his position on our motion for conflict-free counsel. During this meeting, Mr. Routh confirmed that he intended to file a Motion for Counsel for sentencing as soon as possible. Counsel received a copy of said motion last evening. *See* Attachment.

considerations regarding Mr. Routh's case. Mr. Dopico also reviewed various writings and letters from Mr. Routh. After a complete review of the circumstances, including Mr. Routh's October 1, 2025 request for the appointment of counsel, Mr. Dopico advised that our office has a conflict to be reappointed as counsel, and that we should move to appoint conflict-free counsel for Mr. Routh.

## LAW AND ARGUMENT

The Sixth Amendment right to counsel applies to all "critical stage[s]" of a criminal proceeding, including sentencing. *United States v. Davis*, 130 F.4th 1272, 1287 (11th Cir. 2025) quoting *Golden v. Newsome*, 755 F.2d 1478, 1483 (11th Cir. 1985). "Assistance of counsel is the bedrock of a fair criminal justice system. Thus, the Sixth Amendment does more than require the States to appoint counsel for indigent defendants. The effective assistance of counsel demands not only a minimally competent lawyer, but also counsel unburdened by a conflict of interest that impedes zealous representation." *Dallas v. Warden*, 964 F.3d 1285, 1302 (11th Cir. 2020) (internal quotations and citations omitted); *see also Strickland v. Washington,* 466 U.S. 668, 688, (1984) (holding a criminal defendant has a constitutional right to assistance of conflict-free counsel); *Dennis v. State*, 109 So. 3d 680, 697 (Fla. 2012) ("A conflict of interest claim emanates from the Sixth Amendment guarantee that criminal defendants have the right to effective assistance of counsel. This guarantee includes the right to representation free from conflict."). Likewise, Federal Rule of Criminal Procedure 32 provides both the defendant and

counsel meaningful participation at sentencing.

Whether an actual conflict prevents the reappointment of standby counsel as counsel of record is no longer speculative. Mr. Routh has requested counsel, and the Sixth Amendment guarantees conflict-free counsel. While the Court found that the record in July did not support an irreconcilable conflict as standby counsel, undersigned counsel submits that ongoing events and statements from Mr. Routh provide new grounds for a conflict, substantiate our prior concerns, and prevent reappointment.

The Florida Rules of Professionalism Expectations Section One states, "A lawyer should not enter into a lawyer-client relationship when the lawyer cannot provide competent and diligent service to the client throughout the course of the representation."[3] Likewise, the commentary for Rule 4-1.16(b) states: A lawyer *should not accept representation* in a matter unless it can be performed competently, promptly, *without improper conflict of interest*, and to completion. (emphasis added). Florida Bar Rule 4-1.7, titled "CONFLICT OF INTEREST; CURRENT CLIENTS" states, "Except as provided in subdivision (b), *a lawyer must not represent a client if…* (2) there is a substantial risk that the representation of 1 or more clients will be materially limited by the lawyer's responsibilities to another client, a former client or a third person *or by a personal interest of the lawyer*." (emphasis added); *see also*

---

[3] Local Rule 11.1(c) binds members of this District to the Rules Regulating the Florida Bar.

*Mineo Salcedo law Firm, P.A. v. Cesard*, 333 So. 3d 222, 230 (Fla. Dist. Ct. App. 2022) (Taking no issue with a firm's withdrawal when a bar complaint was filed and holding that, "Despite the tendency of courts to apply this rule in the context of multiple client representation, by its own terms Rule 4-1.7 can apply to an attorney's interaction with just one client."). Importantly, this conflict may not be waived by Mr. Routh because undersigned counsel does not "reasonably believe" that they will be "able to provide competent and diligent representation" because of the overwhelming personal conflict of both undersigned counsel. *See* Rule 4-1.7(b)(1).[4]

Counsel makes this important ethical decision after review of our professional responsibilities prescribed in the Florida Bar's Rules of Professional Conduct and in substantive and procedural law. But the rules also dictate that lawyers are "guided by personal conscience." *See* Preamble to Chapter 4 of the Florida Bar Rules of Professional Conduct. Our conscience prevents reappointment where we are called "to exemplify the legal professional's ideals of public service." *See id.* The Florida Supreme Court also holds us to this high standard: "[T]he basic requirement of due process in our adversarial legal system is that a defendant be represented in court, at every level, by an advocate who represents his client zealously within the bounds of the law. Every attorney in Florida has taken an oath to do so and we will not lightly

---

[4] Importantly, Rule 4-1.10 prevents anyone from the Federal Public Defender's Office accepting appointment. Rule 4-1.10 states "While lawyers are associated in a firm, none of them may knowingly represent a client when any 1 of them practicing alone would be prohibited from doing so by rule…"

6

forgive a breach of this professional duty in any case." *Pub. Def. v. State*, 115 So. 3d 261, 271 (Fla. 2013).

While undersigned counsel is not withdrawing, as we are not counsel of record, Florida Bar Rule 4-1.16 governs the ethical considerations of "Declining or Terminating Representation" and therefore governs Counsel's decision not to accept reappointment. Rule 4-1.16(a) and (b) states:

**RULE 4-1.16 DECLINING OR TERMINATING REPRESENTATION**

**(a) When Lawyer Must Decline or Terminate Representation.** Except as stated in subdivision (c), a lawyer shall not represent a client or, where representation has commenced, shall withdraw from the representation of a client if:

(1) the representation will result in violation of the Rules of Professional Conduct or law;

(2) the lawyer's physical or mental condition materially impairs the lawyer's ability to represent the client;

(3) the lawyer is discharged;

(4) the client persists in a course of action involving the lawyer's services that the lawyer reasonably believes is criminal or fraudulent, unless the client agrees to disclose and rectify the crime or fraud; or

(5) the client has used the lawyer's services to perpetrate a crime or fraud, unless the client agrees to disclose and rectify the crime or fraud.

**(b) When Withdrawal Is Allowed.** Except as stated in subdivision (c), a lawyer may withdraw from representing a client if:

(1) withdrawal can be accomplished without material adverse effect on the interests of the client;

(2) the client insists upon taking action that the lawyer considers repugnant, imprudent, or with which the lawyer has a fundamental disagreement;

>(3) the client fails substantially to fulfill an obligation to the lawyer regarding the lawyer's services and has been given reasonable warning that the lawyer will withdraw unless the obligation is fulfilled;
>
>(4) the representation will result in an unreasonable financial burden on the lawyer or has been rendered unreasonably difficult by the client; or
>
>(5) other good cause for withdrawal exists.[5]

Additionally, subsection (c) of Rule 4-1.16 permits an attorney to continue representation, notwithstanding good cause for termination, where ordered by the Court. However, subsection (c) does not address or excuse a lawyer's duty to decline appointment (or reappointment). In short, this rule does not excuse an attorney from failing to decline an appointment when ordered by the Court. Undersigned counsel submits that they "must decline" reappointment pursuant to Rule 4-1.16(a)(1). Such language is mandatory and does not give discretion to counsel. Additionally, withdrawal would be permitted pursuant to Rule 4-1.16(b)(1) and (2), (3), and (5). Pursuant to these Rules, not accepting representation or moving to withdraw is proper if the attorney "can show that the withdrawal will not prejudice the client or that there is good cause, affecting the relationship between the lawyer and the client, for the withdrawal." *Portnoy v. United States*, 811 Fed. Appx. 525, 531 (11th Cir. 2020) (finding that the district court did not abuse its discretion by permitting attorney withdrawal when the Defendant's behavior made it untenable for

---

[5] Southern District of Florida Local Rule 11(d) also outlines procedure from withdrawal but does not address declining representation.

8

representation to continue and engaged in objectionable behavior); *In re Davis*, 258 B.R. 510, 513 (Bankr. M.D. Fla. 2001) (citing *Sands v. Moron*, 339 So. 2d 307, 307 (Fla. Dist. Ct. App. 1976)). Undersigned counsel submits that the prior and subsequent various events and statements from Mr. Routh, which have taken place since the Court's inquiry at the July hearings, qualify as an actual conflict.

Mindful of Florida Bar Rule 4-1.16, undersigned counsel refrains from detailing attorney client privileged or confidential information in this public pleading. Additionally, undersigned counsel's duty of loyalty to Mr. Routh prevents undersigned counsel from detailing specifics with the Court, if it can be avoided. *See e.g.* Florida Bar Rule 4-1.8(b) ("A lawyer is prohibited from using information relating to representation of a client to the disadvantage of the client") and 4-1.9 "A lawyer who has formerly represented a client in a matter must not afterwards…use information relating to the representation to the disadvantage of the former client except as these rules would permit"). Undersigned counsel's ethical duties are particularly pronounced where this Court will soon sentence Mr. Routh in consideration of all factors of 18 U.S.C. § 3553. As such, undersigned counsel implores the Court to accept the following proffered statement from undersigned counsel, which complies with the commentary in Florida Bar Rule 4-1.16(a): "As officers of the Court, we submit that professional considerations prevent reappointment in this case."

Importantly, undersigned counsel submits that conflict-free counsel should be

9

appointed at this time without any material impact or prejudice to Mr. Routh. With more than two months before Mr. Routh's sentencing, conflict-free counsel can meet all sentencing deadlines. The December 18, 2025 sentencing date affords ample time for the newly appointed counsel to meet with Mr. Routh, attend the presentence investigation interview, and prepare for sentencing. Additionally, undersigned counsel has already completed the laborious task of contracting with a mental health expert, Dr. Heather Holmes, for an expert evaluation and report to be used at sentencing. This report and other mitigation has been prepared for months and undersigned counsel would promptly share such information with any newly appointed counsel.

On October 2, 2025, undersigned counsel reached out to the government for their position on this motion. On the morning of October 3, 2025 the government stated their position as follows:

> "Routh is pro se, and as yet we have no motion from him asking for counsel to be appointed. As you recall, the Court denied during closing argument his impromptu request to have counsel advocate for him. Such a motion would have to come from him and then be granted by the Court before anyone addresses whether his counsel should be from your office or the CJA list. Accordingly, any request by you to have CJA counsel appointed for Routh is premature. To the extent you are asking the Court to relieve your Office from further responsibility as standby counsel, or grant any other relief hypothetically in the future to your Office or Routh due to an alleged actual conflict, we oppose that request on the current record, given the Court's earlier ruling on the subject and based upon the information currently available to us."

On the afternoon of October 3, 2025, undersigned counsel consulted with Mr. Routh by video conference regarding his position on this motion. Mr. Routh does not object

to the Office of the Federal Public Defender declining reappointment. As the current standby counsel, he requested our assistance to immediately provide the Court with his Motion for Counsel, which undersigned counsel received yesterday evening. *See* Attachment.

In conclusion, the Federal Public Defender respectfully requests this Court appoint conflict-free counsel to represent Mr. Ryan Wesley Routh for sentencing purposes. Should the Court set a hearing on this matter, undersigned counsel would advise that they are both on annual leave and out of the district on October 10, 2025. Each of the undersigned counsel has other leave scheduled, but no other dates overlap and one of the undersigned counsel should be able to appear.

Respectfully submitted,

HECTOR A. DOPICO
Federal Public Defender

| *s/ Kristy Militello* | *s/Renee M. Sihvola* |
|---|---|
| Kristy Militello | Renee M. Sihvola |
| Assistant Federal Public Defender | Assistant Federal Public Defender |
| Attorney for the Defendant | Attorney for the Defendant |
| Florida Bar No. 0056366 | Florida Bar Number: 116070 |
| 250 South Australian Ave., Suite 400 | 109 N 2nd Ave |
| West Palm Beach, Florida 33401 | Ft. Pierce, Florida 34950 |
| (561) 833-6288 – Telephone | (772) 489-2123 - Telephone |
| Kristy_Militello@fd.org | Renee_Sihvola@fd.org |

CERTIFICATE OF SERVICE

I hereby certify that on October 4, 2025, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

*s/ Renee Sihvola*
Renee Sihvola