UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 24-80116-CR-CANNON/McCabe

UNITED STATES OF AMERICA

vs.

RYAN WESLEY ROUTH,

      Defendant.
      _____/

GOVERNMENT'S RESPONSE TO DEFENDANT'S
MOTION REGARDING COUNSEL (ECF NO. 359-1)

As directed by the Court (ECF No. 361), the United States files this expedited response to the Defendant's motion, filed as an attachment (ECF No. 359-1) to a related motion filed by his standby counsel from the Public Defender's Office (ECF No. 359). In its order, the Court directed the Government to advise of its position "as to whether *pro se* Defendant's motion and related statements set forth good cause to warrant the exercise of discretion to appoint new counsel under the circumstances, both as it relates to sentencing on December 18, 2025 [323] and any future appellate proceedings."

To answer that question directly: The United States does not oppose, in these circumstances, the Court exercising its discretion to (1) allow Routh to proceed via counsel, rather than represent himself, at sentencing, since that appears to be his wish today; and (2) appoint CJA counsel for the Defendant for purposes of sentencing, and in turn relieving the Public Defender's Office of any further role in this matter.[1]

---

[1] Whether counsel should be appointed for appeal and who should be appointed in that role

1

Prior to this motion, the Defendant had been absolutely steadfast in his desire to proceed *pro se*, in paper filings and in open court, despite this Court's repeated inquiry. (*See, e.g.*, ECF No. 208). When the Defendant halfheartedly asked mid-stream during closing argument at trial to have standby counsel share the remainder of his argument time, the Court properly denied that request. (Tr. 9/23/25). The prospect of sentencing now presents a sufficient basis to support a change in course for the Defendant's representation if the Court elects to allow it. We do, however, ask that the Court make three things clear to the Defendant and to new counsel, should the court wish to appoint new counsel:

- One: the appointment of counsel for the Defendant for purposes of sentencing is not, and cannot be seen as, permission to relitigate a trial that the Defendant knowingly and voluntarily chose to conduct *pro se* with standby counsel.[2]

- Two: the appointment of counsel for the Defendant for purposes of sentencing, in the exercise of the Court's discretion as circumstances exist today, does not call into question any of the Court's prior findings, rulings, and orders, including its prior rulings allowing the Defendant to represent himself and denying the Public Defender's earlier motion to be relieved as standby counsel for trial.

---

respectfully seems, to us, premature; that topic seems best addressed at or after the Defendant's sentencing and the entry of judgment, not least because the Defendant has requested that his "less important" appeal be heard in "30 years." (ECF No. 359-1:1).

2   The jury has rendered its verdict, one overwhelmingly supported by the evidence at trial. With or without counsel, a defendant cannot relitigate trial evidence at sentencing. *See United States v. Schlaen*, 300 F.3d 1313, 1318 (11th Cir. 2004) (quoting *United States v. Costales*, 5 F.3d 480, 488 (11th Cir. 1993) ("[A] district court cannot use the post-trial sentencing process to call a jury's verdict into question.")).

2

- <u>Three</u>:  there will be no postponement of the current sentencing date of December 18, 2025 or other deadlines due to the appearance of new counsel.  (Indeed, in its motion, ECF. No. 359, the Public Defender's Office suggests that ruling now on the counsel issue will ensure that any new counsel has ample time to represent Routh competently at the December 18 sentencing.)

The Court's order does not ask the Government to address the Public Defender's related motion (ECF No. 359), but to be clear, while we have no objection to the appointment of CJA counsel for Routh, such an order is not justified by the Public Defender's asserted claim of a conflict of interest – a claim that this Court rejected before trial (ECF No. 214), and about which the United States still lacks sufficient information to accept.  Certainly, during the trial there was no evidence of a lack of effective communication between the Defendant and standby counsel – that communication was constant throughout the trial by all appearances, was very public, and was at times, especially during jury selection *(e.g.*, Tr. 9/10/25), disruptive.  The court need not cast doubt on any of the proceedings thus far, and surely should not do so based on a unpersuasive claim of a conflict that is incomplete, and not even fully shared with the United States.

In summary, subject to our requests above, if the Court elects, in its discretion, to appoint counsel for the Defendant on the current record, based upon the Defendant's stated desire to have a lawyer represent him at sentencing rather than proceeding *pro se*, we have no objection to it granting that request, and appointing counsel for Routh from outside the Public Defender's Office.

        Respectfully submitted,

        JASON A. REDING QUIÑONES
        UNITED STATES ATTORNEY

By:    /s/ *John Shipley*
        John C. Shipley
        Florida Bar No. 69670
        Christopher B. Browne
        Florida Bar No. 91337
        Maria K. Medetis Long
        Florida Bar No. 1012329
        Assistant United States Attorneys

        U.S. Attorney's Office
        Southern District of Florida
        99 Northeast 4th Street, 8th Floor
        Miami, Florida 33132-2111
        Telephone: (305) 961-9111
        E-mail: John.Shipley@usdoj.gov

        JOHN A. EISENBERG
        ASSISTANT ATTORNEY GENERAL FOR THE
        NATIONAL SECURITY DIVISION

By:    */s/ James Donnelly*
        James Donnelly, Trial Attorney
        Court ID No. A5503278
        Department of Justice, National Security Division
        950 Pennsylvania Avenue, NW
        Washington, DC 20530
        Telephone: (202) 514-0849

**CERTIFICATE OF SERVICE**

      I HEREBY CERTIFY that on October 9, 2025, I filed the foregoing response with the Clerk of Court using CM/ECF.  I FURTHER CERTIFY that a copy of the response was mailed, via United States mail to *pro se* Defendant Ryan Wesley Routh at the address below.

      /s/ *John C. Shipley*
      Assistant United States Attorney

Ryan Wesley Routh, *pro se*, Reg. No. 35967-511
Federal Detention Center
Inmate Mail/Parcels
P.O. Box 019120
Miami, Florida 33101