**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**WEST PALM BEACH DIVISION**

**CASE NO. 24-80116-CR-CANNON**

**UNITED STATES OF AMERICA**,

v.

**RYAN WESLEY ROUTH**,

    Defendant.

_____/

**ORDER GRANTING IN PART DEFENDANT'S MOTION TO REVOKE *PRO SE* STATUS AND FOR REAPPOINTMENT OF CJA COUNSEL [ECF No. 359-1]; GRANTING IN PART STANDBY COUNSEL'S REQUEST NOT TO BE REAPPOINTED [ECF No. 359]; AND CONTINUING SENTENCING HEARING**

**THIS CAUSE** comes before the Court upon *pro se* Defendant's Motion to Revoke *Pro Se* Status and Request Legal Counsel for Sentencing and Appeal ("Motion for Counsel") [ECF No. 359-1], along with a separate Motion to Appoint Conflict-Free Counsel filed by Standby Counsel ("Standby Counsel's Motion") [ECF No. 359].  Upon review of the Motion for Counsel [ECF No. 359-1], Standby Counsel's Motion [ECF No. 359], the United States' expedited Response noting no opposition to appointment of counsel for sentencing [ECF No. 362], and the full record, both motions are **GRANTED IN PART** with the qualifications contained herein, and sentencing is continued to permit new counsel's preparation for sentencing.

**RELEVANT BACKGROUND**

In September 2024, a grand jury in this district returned an indictment charging Defendant Ryan Routh with five crimes related to an attempted assassination of then-major presidential candidate Donald J. Trump [ECF No. 21].  In September 2025, following a two-and-a-half week trial, a jury reached a verdict of guilty on all counts [ECF Nos. 325–336 (transcripts);

ECF No. 318]. Defendant proceeded on a *pro se* basis with the assistance of his former appointed attorneys acting as standby counsel, having waived his right to appointed counsel in July 2025 following two lengthy *Faretta* colloquies [ECF Nos. 208, 210–211 (cataloguing Defendant's repeated and unequivocal decision to represent himself)].

The bulk of the trial generally proceeded without major incident—until September 23, 2025, when the jury returned its verdict of guilty [ECF No. 318].[1]  Moments after publication of the verdict and completion of the polling process—and with some jurors still in the courtroom—Defendant attempted to inflict harm on himself by puncturing his neck with a pen before deputy marshals were able to intervene quickly and prevent harm [*see* ECF No. 336 pp. 120–122]. After a brief delay to secure the courtroom and ensure the safety of Defendant—and amidst profane yelling from Defendant's relative coming from the gallery—the Court adjudicated Defendant guilty of all five counts of the indictment pursuant to the jury's verdict (in the presence of Defendant); set sentencing for December 18, 2025; made clear that deadlines for post-trial motions would be governed by the Federal Rules of Criminal Procedure; and provided additional instructions to *pro se* Defendant regarding the Pre-Sentence Investigation process [ECF No. 336 pp. 121–122].

Nearly two weeks elapsed without substantive docket activity [*see* ECF Nos. 325–337 (transcripts); ECF Nos. 339–356 (United States exhibits)] until October 4, 2025, when standby

---

[1] Defendant represented himself through the duration of trial, controlling his defense and exhibiting full awareness of the evidence and the proceeding more generally.  He regularly announced his views on proffered exhibits, filed motions, engaged with standby counsel, cross-examined United States' witnesses, displayed capabilities in questioning and argumentation (when he was willing to do so), and examined three witnesses of his own (after successfully defending against the United States' motion to exclude a defense expert entirely and moving under Rule 17b for government-paid subpoenas and expenses for character witnesses) [*e.g.*, ECF Nos. 228, 229, 231, 242, 250, 261].

counsel filed the instant Motion to Appoint Conflict-Free Counsel [ECF No. 359]. The Motion represents that standby counsel should not be reappointed as counsel because an actual personal conflict now exists under Florida Bar Rule 4-1.7(2) and 4-1.16 [ECF No. 359 p. 2]. The Motion adds that appointment of new counsel at this juncture would not prejudice Defendant because sufficient time remains before sentencing, with significant work already completed in the form of a mental-health expert report solicited by standby counsel prior to *pro se* Defendant's decision to waive counsel [ECF No. 359 p. 10]. Finally, the Motion attaches a *pro se* Motion from Defendant asking to revoke his *pro se* status and for appointment of new appointed counsel for sentencing and also for appellate proceedings [ECF No. 323].

To capture the full scope of Defendant's offered justification for the relief sought, the Court quotes the entire *pro se* motion below:

> With this motion, I Ryan Wesley Routh, would like to revoke my current Pro Se status and kindly ask for appointed counsel to help with the super important sentencing as well as the somewhat important appeals process. I understand that there is some sort of conflict of interest with the Federal Public Defenders office and that they are not allowed to help me moving forward, but if a PSI could be afforded to help me that would be amazing. I have learned that I will have the opportunity to share all of the exhibits that were excluded from the trial, which would be wonderful, but at this moment I do not forsee/foresee any point in wasting any time with witnesses and the cost associated with that. I apologize for the extreme cost and nuisance of the trial on everyone, but I felt ordinary citizens should decide; just a quarter of an inch further back and we all would not have to deal with all of this mess forwards, but I always fail at everything (par for the course). I hate our dictator missed the trial, can my appeal be heard in 30 years when he is gone. All offers still stand if he wishes to take out his frustrations on my face. Perhaps now that I am found guilty, it might make it easier to trade my life for anothers imprisoned unjustly in a foreign country such as a hostage in Gaza, or the Swedish scientist held in Iran or jimmy Wu (?) or any of the 40 pro-democracy voices jailed in China; or anyone that should be free such as a Ukrainian POW. Perhaps some civilian out there can make life useful for once and make countless calls to embassies and make a trade happen; as I will take any deal. My life is done, so please, someone trade it for someone with hopes and dreams. Thanks, Ryan Wesley Routh.

[ECF No. 359-1 pp. 1–2].

Following receipt of the foregoing Motions, the Court directed the United States to respond [ECF No. 323]. The United States complied, indicating no opposition to the discretionary appointment of counsel under the circumstances for sentencing and no opposition to an order discharging standby counsel—but rejecting the submitted claim of a conflict of interest by standby counsel, and offering additional qualifications consistent with the law and the current posture of the case [ECF No. 362].

## LEGAL STANDARDS

"Once a defendant exercises his constitutional right to defend himself and proceed *pro se*, he does not have the absolute right to thereafter withdraw his request for self representation and receive substitute counsel." *United States v. Merchant*, 992 F.2d 1091, 1095 (10th Cir. 1993); *see also United States v. Kerr*, 752 F.3d 206, 220 (2d Cir. 2014) ("[W]hen a defendant who elected to proceed *pro se* later demands an attorney, there is broad consensus that, once waived, the right to counsel is no longer unqualified." (collecting circuit cases)). Thus, once the right to appointed counsel has been properly waived, as is the case here, "consideration of a defendant's post-waiver request for counsel is well within the discretion of the district court." *United States v. Leveto*, 540 F.3d 200, 207 (3d Cir. 2008). In exercising this discretion, courts consider "the degree to which a defendant has shown good cause and the timeliness of the request," among other factors. *Merchant*, 992 F.2d at 1095; *see also Leveto*, 540 F.3d at 207–08 ("[W]e will not find a Sixth Amendment violation in a trial court's denial of a defendant's post-waiver request for counsel unless the district court's good cause determination was clearly erroneous, or the district court made no inquiry into the reason for the defendant's request.").

## DISCUSSION

As a preliminary matter, it is questionable whether *pro se* Defendant's disrespectful charade of a Motion warrants the exercise of discretion in favor of appointment of new counsel. He states, in general terms, that he wants counsel "to help with the super important sentencing as well as the somewhat important appeals process," but then he proceeds to vilify one of the victims of his crimes (then-presidential candidate and now President of the United States), invite a courtroom fight with that victim (as he did in a prior filing [*see* ECF No. 262]), make various inappropriate requests about trading his life in a prisoner swap (as he did in a prior court filing too [*see* ECF No. 194]), and strangely assert that "just a quarter of an inch further back and we all would not have to deal with all of this mess forwards"—evidently referring to his public attempt to inflict self-harm in the courtroom after the verdict [ECF No. 359-1]. This largely unserious request continues Defendant's calculated attempts to make a mockery of this proceeding since he elected to go *pro se*.[2]

Nevertheless, in light of the importance of securing access to counsel, and taking due account of the surrounding circumstances, the Court exercises its discretion to appoint counsel. The United States does not oppose the request for appointment of counsel in anticipation of sentencing [ECF No. 362]. Defendant made the demand sufficiently in advance of sentencing, initially scheduled for December 18, 2025 [ECF No. 359-1 (Oct. 4, 2025)]. And Defendant makes at least a general plea for help with the upcoming sentencing hearing, which undoubtedly is a critical stage in this very serious case [*see* ECF No. 21]. All things considered, therefore, and despite Defendant's deliberate efforts to subvert the proceeding through public displays of

---

[2] [*see, e.g.*, ECF No. 223 p. 25; ECF No. 227; ECF No. 268; ECF No. 262; ECF No. 264; ECF No. 266-1; ECF No. 277 p. 82; ECF No. 272 p. 6; ECF No. 221]

propaganda and disrespect, the Court errs on the side of access to legal representation and finds good cause to warrant appointment of counsel for sentencing. The Court makes no ruling beyond this determination, whether concerning the assertion of a current conflict by standby counsel or the matter of representation in any future appeal. Nor does the Court, by this Order, invite or permit reconsideration of any prior Court ruling, instruction, or deadline.

***

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Defendant's Motion for Counsel is **GRANTED IN PART** in accordance with this Order [ECF No. 359-1].

2. Standby Counsel's Motion to Appoint Conflict-Free Counsel is **GRANTED IN PART** [ECF No. 359] insofar as it seeks the reappointment of new counsel for sentencing and an order relieving standby counsel of further duties in this matter. Any other rationale or position contained in Standby Counsel's Motion is denied and/or denied as moot.

3. Except as indicated below, no deadlines, expired or otherwise, are extended by this Order, whether established in prior Orders or by the Federal Rules of Criminal Procedure.

4. To permit adequate preparation in anticipation of sentencing, sentencing is **HEREBY RESET** from the current date of **December 18, 2025** [ECF No. 323] to **February 4, 2026**, at 11:00 A.M. in the Fort Pierce Division.

5. Objections to the Presentence Investigation remain due within 14 days of receipt in accordance with Rule 32. *See* Fed. R. Crim. P. 32(f).[3]

---

[3] Upon appointment of new counsel as ordered herein, the U.S. Probation shall proceed accordingly with its process toward preparing a timely Pre-Sentencing Investigation Report.

6. Any sentencing memoranda and/or motions for downward or upward variances are due on or before **January 16, 2026**.

7. Standby counsel is relieved of further responsibilities in this matter, except to expeditiously mail a copy of this Order to Defendant; to preserve and timely transmit case files and documentation to new appointed counsel; and to file a Notice of Compliance confirming same.

8. Order Appointing CJA Counsel to follow.

**ORDERED** in Chambers at Fort Pierce, Florida, this 10th day of November 2025.

AILEEN M. CANNON
**UNITED STATES DISTRICT JUDGE**

cc: counsel of record / standby counsel
Ryan Routh, *pro se* (via standby counsel)