Nancy R. Meyers
6317 Blue Aster Trace
Summerfield, NC 27358

January 14, 2026

The Honorable Aileen M. Cannon
Alto Lee Adams, Sr. United States Courthouse
101 South U.S. Highway 1
Chambers 4044
Fort Pierce, Florida 34950

                In re:   Ryan Wesley Routh – Case No. 24-80116-CR

Dear Judge Cannon:

Thank you for your patience in this case. As Ryan's sister, and a 30-year litigation attorney, I appreciate your judiciousness in handling the proceedings. Despite the challenges for the Court, the Court's staff, the security personnel, and the jury, the manner in which you ensured Ryan's ability to be tried by a jury of his peers was commendable. I regret the courtroom outbursts and inappropriate filings in his case.

While recognizing the gravity of his convictions, Ryan's character is one of altruism, not violence: he is the first to help someone in need. He ran to save a screaming neighbor who was being sexually assaulted and was recognized for his heroism. He built a community skate park for children in Greensboro and a boat dock in Hawaii with a local charity. He organized and funded the renovation of a dilapidated home for a disabled tenant.

As his younger sister, Ryan has been kind to me in myriad ways: from protecting me from a bully on the bus, asking a friend to take me to the prom, surprising me with a videographer for my wedding, and buying mace to keep me safe when he visited me in law school, Ryan showed over the years that he cared. He has loved his three children, family, and friends in countless thoughtful ways as well.

Ryan is industrious and mechanically skillful. Through hard work and determination, he started a roofing business, remodeled and built homes, and raised his children with his former wife, Lora. From my experience, I have never known Ryan to hurt anyone and do not believe that he is capable of violence. The events leading to this letter are a complete departure from what we know of Ryan.

When contacted by Dr. Heather Holmes who was completing an analysis of Ryan, I provided a lengthy and detailed discussion of Ryan's childhood and my childhood to her. Our upbringing was difficult, and Ryan was unhoused by our father as a teenager. Although too extensive to detail here, I believed it was important for the process for Dr. Holmes to have a full picture of our family. Dr. Holmes also completed several interviews with people close to Ryan in conjunction with her assessments of him. It is my hope that the Court similarly has comprehensive and detailed information to consider, even beyond what may be provided in the pre-sentence report.

At his request, Ryan may be the only person providing a statement at the sentencing hearing. Although entitled to his autonomy, Ryan's presentation will lack the additional information available from Dr. Holmes and other sources which would be pertinent to the appropriate length of sentence, as well as to other conditions of confinement that will best serve the BOP and Ryan.

As the Court knows well, Ryan is not a typical person, and not a typical inmate. I am concerned regarding Ryan's needs and implore the Court to do all it can to set conditions of confinement that best fit all the available information about Ryan. Although assigned by the BOP, it seems that the FCI Butner Low facility would be the most appropriate for Ryan's needs given the intensive care, counseling, and rehabilitation of mental health needs offered there.

As his family, we are devastated by Ryan's actions and by the resulting sentence that the law requires. We remain hopeful that an opportunity may exist for him to return home to us in the future. For now, we would hope to have more access to him by a prison assignment in this part of the country. Butner, NC is close to our brother Eric's home in Cary and under an hour and a half from my home. A proximity to Ryan would allow us to visit and participate, as allowed, in counseling sessions with him. Notably, our mother is suffering from Alzheimer's disease, and we care for her as well.

Ryan has our support and we are committed to assisting him with his rehabilitative efforts and caring for him following his eventual release. Thank you for your consideration.

With appreciation,

*[signature]*

Nancy R. Meyers